# EXHIBIT F

# Jon Rastegar

| | |
|---|---|
| **From:** | Matt Warren <matt@warrenlex.com> |
| **Sent:** | Friday, June 19, 2020 4:37 PM |
| **To:** | Jon Rastegar; Jeffrey Bragalone |
| **Cc:** | 20-40; 20-78 |
| **Subject:** | Tactus Technologies LLC v. HMD Global Oy, No. 20-40 (E.D. Texas); Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas) |

Dear Jon and Jeffrey,

I write to follow up further on our phone call of last Friday, and our subsequent email discussion.  As you know, we suggested that we should, if possible, avoid burdening the Court with motions that could become moot; toward that end, we suggested an agreement under which your clients withdraw their proofs of service and we withdraw our pending motions to dismiss.  That would return both actions to the status quo before the proofs of service, save the Court from having to resolve the propriety of those proofs, and allow your clients to complete their service under the Hague Convention, thus bringing HMD Global Oy before the Court.

You declined to accept this proposal, and proposed instead that your clients withdraw their proofs of service and HMD Global execute waivers of service in both cases.  You mentioned "a 90-day extension of time to answer or otherwise respond," but I believe you meant only the 90 days running from a waiver of service under Fed. R. Civ. P. 4(d)(3), and not an additional 90 days after that.  You asked for a response by the close of business today, which we are happy to provide.

Having considered the matter, HMD Global Oy does not believe it is appropriate to waive service under these circumstances.  Instead, we hope that your clients will proceed to complete their service under the Hague Convention, thus mooting our motions presently before the Court.  Given the expeditious processing of service requests by the Finnish central authority, it is likely that our Rule 12 response to proper Hague Convention service would fall due sooner than the 90 days you suggested.  While we await completion of service under the Hague Convention, we remain willing to withdraw together our pending motions and your improper proofs of service.  We hope we can, through such an arrangement, spare the resources of the Court.

As always, I am available by telephone if you think it would be better to talk through these issues that way.  Until we speak again, thank you for your continued time and courtesy in this matter, and have a lovely weekend.

Best Regards,
Matt Warren

--

Matt Warren     matt@warrenlex.com     +1 (415) 895-2928