# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

SIMO HOLDINGS INC., SKYROAM,
INC., AND SHENZHEN SKYROAM
TECHNOLOGY CO., LTD.,

        Plaintiffs

      v.

HONG KONG UCLOUDLINK
NETWORK TECHNOLOGY
LIMITED, SHENZHEN
UCLOUDLINK NETWORK
TECHNOLOGY CO. LTD., AND
SHENZHEN UCLOUDLINK NEW
TECHNOLOGY CO. LTD,

        Defendants.

**CIVIL ACTION NO. 2:20-cv-00003**

**JURY TRIAL DEMANDED**

## PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANTS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)

## I.    INTRODUCTION

In March 2020, Plaintiffs SIMO Holdings Inc. ("SIMO"), Skyroam Inc. ("Skyroam") and Shenzhen Skyroam Technology Co., Ltd. ("Skyroam Shenzhen") (collectively referred to as "Plaintiffs") initiated service through the Hague Convention upon Defendants Hong Kong uCloudlink Network Technology Limited ("uCloudlink Hong Kong"), Shenzhen uCloudlink Network Technology Co. Ltd. ("uCloudlink Shenzhen"), and Shenzhen uCloudlink New Technology Co. Ltd. ("uCloudlink New") (collectively referred to as "uCloudlink"). Due to difficulties associated with the COVID-19 Pandemic, Plaintiffs have yet to receive any indication from the Central Authority of Hong Kong or Beijing regarding the timing by which service might be effected on the foreign Defendants in this case.

As the effects of COVID-19 reverberate through the legal world, Plaintiffs submit this motion for alternative service to prevent further delay of this lawsuit against defendants who (either directly or indirectly) are presently availing themselves of various Federal Courts and Federal Agencies in this country. Specifically, Plaintiffs request that the Court allow service of uCloudlink through alternative methods, such as through sending to uCloudlink's U.S. counsel or through service on uCloudlink's U.S. subsidiary uCloudlink (America) Ltd, pursuant to the Federal Rules of Civil Procedure. Such need is particularly acute at this point in time in view of uCloudlink's statement to the Securities and Exchange Commission on May 4, 2020, that:

> In January 2020, from unofficial channels such as SIMO's press release, we learned that they are alleging, once again, the infringement of '689 patent and trade secret misappropriation in the United States District Court for the Eastern District of Texas. As of the date of this prospectus, we have not been served with the complaint.

Ex. 1[1] to the Declaration of Benjamin E. Weed ("Weed Decl.") at 26; *see also id.* at 158, F-47.

---

[1] All exhibits referenced hereinafter are to the Weed Declaration.

Federal Rule of Civil Procedure 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." As the proposed methods of alternative service are not prohibited by international agreement, Plaintiffs submit that alternative service is permitted and warranted under the current circumstances to prevent the inevitable significant delay in the prosecution of this action, should Plaintiffs be required to proceed with service through the Hague Convention and its associated processes.

## II.     FACTUAL BACKGROUND

### A.     Statement of Facts

On January 6, 2020, Plaintiffs initiated the present patent infringement and trade secret misappropriation action against uCloudlink. Dkt. Nos. 1–2. Two days later, Attorney Robert Masters of the law firm Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), counsel for Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd. in their affirmative action against SIMO and Skyroam in the United States District Court for the Northern District of California (the "California Action"), reached out to Plaintiffs' counsel regarding the filing of the complaint in the present action and to see whether Plaintiffs' counsel was "willing to share a courtesy copy of the complaint…so that as counsel [Sheppard Mullin] could review the complaint." Dkt. No. 16-1 at ¶ 2; Dkt. No. 16-2, Ex. A. Later that day, Plaintiffs filed a public version of the Complaint, obviating the need to provide uCloudlink's counsel in the California Action a courtesy copy. Dkt. No. 8.

On February 11, 2020, during a meet-and-confer call in the California Action, Plaintiffs' counsel asked Sheppard Mullin whether it planned to represent uCloudlink in the Eastern District of Texas. Dkt. No. 16-1 at ¶ 3. On the phone, the Sheppard Mullin lawyers stated that they could

not commit to an answer as to uCloudlink's representation in Texas. *Id.* at ¶ 4.[2]  Hearing nothing further, Plaintiffs' counsel again inquired if Sheppard Mullin would represent uCloudlink on February 24, 2020, this time making clear that a failure to respond to the email by February 28, 2020 would be interpreted as though Sheppard Mullin would neither represent uCloudlink in the present action nor accept service on behalf of uCloudlink.  Dkt. No. 16-1 at ¶ 6; Dkt. No. 16-4, Ex. C.  Sheppard Mullin ***never*** responded to the email.  Dkt. No. 16-1 at ¶ 7.

While Plaintiffs had hoped to avoid the expense and time-consuming endeavor of completing service through the Hague Convention, Sheppard Mullin's silence left Plaintiffs no choice.  Accordingly, due to the multiple failed attempts to confirm who would represent uCloudlink in this matter, Plaintiffs initiated service through the Hague Convention on March 5, 2020 by sending the Complaint, Summons, and supporting documents for translation.  *Id.* at ¶¶ 8–9.  The translations of the documents were completed on March 11, 2020 at a cost of $5,022.19, and on March 12, 2020, the Hague Convention service applications were sent to the Central Authorities in Hong Kong and Beijing.  *Id.* at ¶¶ 10–11.  On March 15, 2020, counsel for Plaintiffs reached out to the Coordinator at the International Legal Cooperation Center (the "ILCC"), but did not receive an immediate response."  *Id.* at ¶ 12.  On March 16, 2020, the service application for uCloudlink Hong Kong was successfully delivered to the Central Authority in Hong Kong.  *Id.* at ¶ 13.

On March 30, 2020, counsel for Plaintiffs sent an email to the Coordinator to determine if the ILCC was operational.  *Id.* at ¶ 14.  This same day, personnel from the K&L Gates Hong Kong

---

[2] The parties to the California Action subsequently filed a Joint Status Report, noting for Judge Edward Chen—the presiding judge over the California Action—that Plaintiffs had filed the Complaint for patent infringement and trade secret misappropriation against uCloudlink in the Eastern District of Texas.  *Id.* at ¶ 5; Dkt. No. 16-3, Ex. B.

office attempted contacting the ILCC by phone. *Id.* K&L Gates Hong Kong was not able to reach anyone at the ILCC. *Id.* at ¶ 15. However, K&L Gates Hong Kong was able to reach someone at the Ministry of Justice, who confirmed that the address and phone number Plaintiffs attempted to contact for service through the ILCC were correct. *Id.* On March 31, 2020, counsel for Plaintiffs received an email from the Coordinator at the ILCC informing them that the staff at the ILCC were working on staggered shifts and that the ILCC Coordinator would only be in the office on Mondays, Tuesdays, and Thursdays. *Id.* at ¶ 16. Accordingly, on March 31, 2020, counsel for Plaintiffs contacted UPS (the carrier through which process was to be served) and advised UPS of the ILCC's amended hours of operation, in light of the current public health situation. *Id.* at ¶ 17.

After being informed that the service application for uCloudlink Shenzhen and uCloudlink New had been delayed due to the COVID-19 Pandemic, Plaintiffs submitted a motion on April 6, 2020, requesting an extension of time to complete service. Dkt. No. 16. Plaintiffs subsequently sent courtesy copies of the motion requesting an extension of time to complete service (Dkt. No. 16) to both law firms known to Plaintiffs at the time to be representing uCloudlink in its U.S.-based litigations: Sheppard Mullin and Fish & Richardson P.C. ("Fish & Richardson"). Weed Decl. at ¶ 3; Ex. 2. On April 7, 2020, this District granted Plaintiffs' motion, permitting an additional 45 days to effectuate service. Dkt. No. 17.

To date, K&L Gates has received no indication as to when Plaintiffs' Hague submissions will be reviewed for compliance and finalized or ultimately served on Defendants. Weed Decl. at ¶ 4.

On May 1, 2020, Jonathan Lamberson of Fish & Richardson contacted Plaintiffs' counsel regarding a declaratory judgment action filed by uCloudlink Hong Kong and uCloudlink America in the Southern District of New York ("Declaratory Judgment Action"). *Id.* at ¶ 5; Ex. 3. The

Declaratory Judgment Action not only references the present action, but also seeks declaratory judgment of non-infringement for the very devices which are the subject of the patent infringement allegations in the present action.[3]  *See* Ex. 4, *Hong Kong uCloudlink Network Tech., et al. v. SIMO Hldgs., Inc.*, No. 1:20-cv-03399-ALC, Dkt. No. 1 at ¶¶ 1–3 (S.D.N.Y. May, 1, 2020) (Complaint). Fish & Richardson has represented uCloudlink in the Southern District of New York (Case No. 18-cv-5427) ("S.D.N.Y. Action") and the appeal of the S.D.N.Y. Action since at least July of 2019. *See, e.g.*, Ex. 5.  Fish & Richardson also filed a request for an *ex parte* reexamination of the patent at issue in this action (and in the S.D.N.Y. Action and the Declaratory Judgment Action Fish & Richardson filed on May 1, 2020) on August 22, 2019, in reexamination number 90/014,392. Weed Decl. at ¶ 8.

### B.      uCloudlink's U.S. Counsel

Based on the facts presented above, it is highly probable that either Sheppard Mullin or Fish & Richardson will represent uCloudlink in the present action—to the extent they are not already engaged to do so.  Sheppard Mullin currently represents uCloudlink in the California Action against SIMO and Skyroam.  *See, e.g.*, Ex. 6.  Sheppard Mullin also contacted Plaintiffs' counsel and requested a copy of the Complaint from the present action.  Dkt. No. 16-2, Ex. A. In addition, Fish & Richardson may represent uCloudlink in the present action, as they currently do in the S.D.N.Y. Action, the Federal Circuit, and the United States Patent and Trademark Office. As evident by the Declaratory Judgment Action filed by Fish & Richardson on uCloudlink's

---

[3] It appears that uCloudlink's Declaratory Judgment Action is an attempt to improperly strip this Court of at least the patent infringement claims presently before it.

behalf, both uCloudlink and Fish & Richardson are aware of (and seem to have reviewed at length) the allegations against the uCloudlink entities in the instant case.  Ex. 4.[4]

Plaintiffs request this court allow service on both Sheppard Mullin and Fish & Richardson to effect formal service of a case both firms are unquestionably aware is proceeding against their client.

### C.    uCloudlink's U.S. Subsidiary

uCloudlink (America), Ltd. is a wholly-owned subsidiary of uCloudlink located in the United States.  *See* Ex. 1 at 157 (identifying uCloudlink (America), Ltd. as a "wholly-owned subsidiar[y]").  uCloudlink (America), Ltd. is incorporated under the laws of New York, with a principal place of business at 205 East 42nd Street, 20th Floor, New York, NY 10017.  Ex. 4 at ¶ 5.  According to uCloudlink's public filings, uCloudlink (America), Ltd. is principally responsible for "marketing and sales" of data connectivity services and sales of Wi-Fi terminals and data related products to enable personal and enterprise users to access mobile internet in more than 100 countries and areas.  Ex. 1 at 8.  uCloudlink (America), Ltd. has been a party to previous actions between uCloudlink entities and SIMO and/or Skyroam.[5]  uCloudlink's public filings also reflect that "[i]n August 2018, *we* filed a complaint *in the name of* HONGKONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED and Ucloudlink (America), Ltd. against SIMO and its affiliate Skyroam Inc."  Ex. 1 at 158 (emphasis added).

---

[4] In addition, the global law firms of Skadden, Arps, Slate, Meagher & Flom LLP and Kirkland & Ellis International LLP, which both have associated offices in Texas, represent uCloudlink in the filing of its F-1 application as part of an Initial Public Offering process. *See* Ex. 1.  While the F-1 lists "Kirkland & Ellis International LLP," the website www.kirkland.com/offices includes the Hong Kong office along with the Houston and Dallas offices on the same page.

[5] uCloudlink (America), Ltd. was a defendant in the action brought by SIMO in the Southern District of New York (Case No. 1:18-cv-5427).  uCloudlink (America), Ltd. is currently a plaintiff in the California Action (Case No. 3:18-cv-5031) against SIMO and Skyroam.

As such, Plaintiffs request this court permit service upon uCloudlink (America), Ltd. in accordance with the Federal Rules of Civil Procedure, particularly since UCLOUDLINK GROUP INC. represents that it takes certain acts *in the name of* uCloudlink (America), Ltd.

## III.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide guidance regarding service of foreign corporations, such as the Defendants. Rule 4(h)(2) states that a foreign corporation may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(1) permits service through internationally agreed upon means, "such as those authorized by the Hague Convention" for a foreign corporation. Fed. R. Civ. P. 4(f)(1). However, Rule 4(f)(3) provide that a court may allow service through "other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). A court can order *any* method of service so long as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Indeed, courts have sanctioned service on domestic counsel as an alternative means of service under Rule 4(f)(3) without requiring specific authorization by the defendant for the recipient to accept service on its behalf." *Maxell, Ltd. v. ZTE Corp.*, 2018 U.S. Dist. LEXIS 227608, at *5 (E.D. Tex. June 15, 2018).

## IV.    ARGUMENT

### A.    Alternative Service Is Warranted Pursuant to Fed. R. Civ. P. 4(f)(3)

Plaintiffs request this Court's authorization to serve the Defendants in this Action by emailing a copy of the complaint and summons to uCloudlink's U.S. counsel, or alternatively (or in addition), by formally serving uCloudlink's U.S. subsidiary uCloudlink (America), Ltd. pursuant to the Federal Rules of Civil Procedure. Neither method of service is prohibited by

international agreement and both comport with due process. Indeed, the Federal Circuit has expressly stated that Rule 4(f)(3) "plainly permits service on [foreign] Defendants' domestic subsidiaries or domestic counsel." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010); *see also* Ex. 7, *Ultravision Techs., LLC v. GoVision, LLC*, No. 2:18-cv-00100-JRG-RSP, Dkt. No. 224 (E.D. Tex. Mar. 16, 2020); *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. 13-cv-369, 2014 WL 11342502, at *4 (W.D. Tex. July 2, 2014); *Canal Indem. Co. v. Castillo*, No. 09-cv-43-AM-CW, 2011 WL 13234740, at *2 (W.D. Tex. Mar. 30, 2011); *Knit With v. Knitting Fever, Inc.*, Nos. 08-cv-4221, 2010 WL 4977944, at *4 (E.D. Pa. Dec. 7, 2010); *RSM Prod. Corp. v. Fridman*, No. 06-cv-11512, 2007 WL 2295907, at *4–5 (S.D.N.Y. Aug. 10, 2007). Moreover, alternative service is warranted in the interests of judicial economy to mitigate any additional delay in the prosecution of this action that would result in waiting for the Central Authorities to effectuate service through the Hague Convention, particularly because of already-apparent and further-anticipated delays in view of COVID-19.

### 1. Alternative Service Is Not Prohibited by the Hague Convention or Other International Agreements

An Order permitting the alternative means of service on Defendants proposed by the Plaintiffs does not violate the Federal Rules of Civil Procedure or the Hague Convention because such means do not implicate international agreement, and thus, do not violate it. This Court has endorsed the Central District of California's view that "alternative service of a defendant's United States counsel [is] not prohibited by the Hague Convention because service [is] effectuated in the United States, meaning that the Hague Convention [is] not implicated." Ex. 7, *Ultravision*, No. 2:18-cv-00100-JRG-RSP at 3 (citing *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012)). Indeed, as this Court has noted, according to the Supreme Court, "[i]f valid

service occurs in the United States . . . the Convention is not implicated regardless of the location of the party." *Id.* (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the [Hague] Convention has no further implications."); *see also Hatami v. Kia Motors Am., Inc.*, Case No. 08-cv-226, 2008 WL 4748233, at *3 (C.D. Cal. Oct. 29, 2008) ("[T]he Hague Convention only applies when service must be effectuated abroad."). The 5th Circuit is also in agreement, stating "[t]he only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service." *Lisson v. ING Groep Naamloze Vennootschap*, 262 F. App'x 567, 570 (5th Cir. 2007). In other words, service that occurs in the United States does not violate the Hague Convention. *Id.* As the proposed alternative methods include domestic service upon uCloudlink's U.S. counsel or its U.S. subsidiary uCloudlink (America), Ltd., the Hague Convention is not implicated.

Even if the Hague Convention were implicated, "when the signatory state [is] dilatory or refused to cooperate for substantive reasons . . . resort may be had to the provision set forth in subdivision (f)(3)." Ex. 7, *Ultravision*, No. 2:18-cv-00100-JRG-RSP at 3–4. Indeed, other district courts have granted motions for alternative service pursuant to Federal Rule of Civil Procedure (4)(f)(3) in situations where plaintiffs move for alternative service less than six months after initiating Hague service and counsel and/or defendants have been on notice of plaintiffs' claims for some time. *See, e.g.*, *Juicero, Inc. v. ITaste Co.*, Case No. 17-cv-01921-BLF, 2017 WL 3996196, at *1 (N.D. Cal. June 5, 2017); *Fundamental Innov. Sys. Int'l LLC v. ZTE Corp.*, Case No. 3:17-cv-01827, 2018 WL 3330022, at *1 (N.D. Tex. Mar. 16, 2018). Such cases are analogous in that uCloudlink's counsel has indisputably been on notice of the present Action since the beginning of January. However, this case presents even more of a need for immediate court

intervention, where service through the Hague Convention (which can take over a year in ordinary circumstances) has already proven to be substantially delayed due to the current global health pandemic.

### 2. The Alternative Methods of Service Are Reasonably Calculated

Plaintiffs' proposed methods of service also satisfy due process requirements. In order to comport with due process, Plaintiffs must demonstrate "that the alternative means of service sought are 'reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Nabulsi v. Sheikh Issa Bin Zayed Al Nahyan*, No. CIV.A. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Plaintiffs' counsel has engaged in previous discussions with Sheppard Mullin through email regarding the present action. *See, e.g.*, Dkt. No. 16-1 at ¶¶ 2–7. As Sheppard Mullin currently represents uCloudlink entities in the Northern District of California against SIMO and Skyroam, Plaintiffs' counsel is capable of contacting Sheppard Mullin through email to provide notice to uCloudlink. *See, e.g.*, Exs. 2, 6.

Additionally, Plaintiffs propose serving Fish & Richardson, uCloudlink's U.S. counsel in the SDNY Action and Declaratory Judgment Action, by email in order to properly ensure service to uCloudlink. Fish & Richardson has acknowledged and cited in depth to the present action in their Declaratory Judgment Action against SIMO. Ex. 4 at ¶¶ 1–3. In fact, Plaintiffs believe that Fish & Richardson has filed the Declaratory Judgment Action in the Southern District of New York as an improper means of attempting to collaterally attack Plaintiffs' choice of venue, and to transfer the present action to the Southern District of New York.[6] At the very least, the Declaratory

---

[6] The Federal Circuit has made clear that Fish & Richardson's filing of a declaratory judgment action covering, in part, the same subject matter presently before this Court is procedurally

Judgment Action filed by Fish & Richardson on behalf of uCloudlink demonstrates that Fish & Richardson is uCloudlink's counsel in defense of the infringement allegations regarding certain uCloudlink products which are the subject of Plaintiffs' infringement claim of the present action.

This Court has already found that serving uCloudlink's U.S. counsel through email is reasonably calculated such that counsel would receive a copy of the complaint and summons, properly effectuating service. Ex. 7, *Ultravision*, No. 2:18-cv-00100-JRG-RSP, at 6–8 (citing *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *4 (W.D. Tex. July 2, 2014) (finding that service upon counsel or a subsidiary satisfies due process)). Moreover, as "service on a party's counsel erases any material doubt that a defendant will be provided notice of [the] suit," serving both Sheppard Mullin and Fish & Richardson is reasonably calculated to provide notice to uCloudlink, since both firms represent uCloudlink in other cases that include SIMO and Skyroam. *WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393, 2018 WL 6523306 (E.D. Tex. Dec. 2, 2018) (internal quotations omitted). This doubt is particularly minimal here, where uCloudlink has represented in SEC filings that it is aware of the pendency of the instant action. *See, e.g.*, Ex. 1 at 26, 158, F-47.

Further, serving uCloudlink's U.S. subsidiary uCloudlink (America), Ltd. satisfies due process. uCloudlink (America), Ltd. is currently a party to the California Action and the S.D.N.Y. Action along with other uCloudlink entities and SIMO. *See Hong Kong uCloudlink Network Tech.,* No. 3:18-cv-05031-EMC; *see also SIMO Hldgs., Inc.*, No. 1:18-cv-05427-JSR. As a co-party to multiple lawsuits with related uCloudlink entities, uCloudlink (America), Ltd. is in

---

improper, stating "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, **the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action**. *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (emphasis added). Plaintiffs intend to seek this precise relief after service is complete.

constant contact with the Defendants of the present action. This Court has sanctioned service on a wholly-owned United States subsidiary, under similar circumstances. Ex. 7, *Ultravision*, No. 2:18-cv-00100-JRG-RSP, at 6–8 (citing *Affinity Labs*, 2014 WL 11342502, at *4 (stating "service through [its subsidiary] or its outside counsel[] is reasonably certain to result in [Defendants] receiving notice of the suit.")). Thus, serving uCloudlink (America), Ltd. would provide notice to uCloudlink due to the close relationship between uCloudlink and its U.S. subsidiary. *Affinity Labs*, 2014 WL 11342502, at *4.

### B. Alternative Service is Warranted under the Current Circumstances

Under the present circumstances, uCloudlink is effectively permitted to avail itself of the domestic judicial system on the plaintiff side, to avail itself the ability to attempt to publicly offer stock for sale on a domestic exchange, and to lean all the while on the inconveniences associated with effecting international service during a global pandemic to dodge responsibility as defendants domestically. The delays associated with service through the Hague Convention are only further compounded at this time by the current COVID-19 pandemic, as outlined above. In the interests of judicial economy and to prevent further delay in the prosecution of this case, court intervention permitting alternative service is required.

At the time of the filing of the instant Motion, uCloudlink's domestic counsel has been on notice Complaint for more than four (4) months. Dkt. No. 16-1 at ¶¶ 2–8. Plaintiffs began the process of service through the Hague Convention in March. *Id.* at ¶ 8. As Plaintiffs have yet to hear back from the Central Authority of Hong Kong or Beijing regarding a time by which Plaintiffs should expect uCloudlink to be served, alternative service is warranted to prevent time, expenses, and resources from being wasted. Weed Decl. at ¶ 4.

As this Court has acknowledged:

> Courts routinely direct service on an international defendant's counsel under Rule 4(f)(3). After all, the federal rules are to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). And service on a party's counsel erases any "material doubt that [a defendant] will be pro-vided notice of this suit," *see RPost Holdings*, 2012 WL 194388, at *2–*3, while avoiding the unnecessary time and expense ordinarily needed to effectuate service on parties based thousands of miles away, *see Affinity Labs of Tex., LLC v. Nissan N. America, Inc*., No. WA:13-CV-369, 2014 WL 11342502, at *2–*4 (W.D. Tex. July 2, 2014) (permitting service on defendant's counsel for this reason). Alternative service through these means is especially appropriate here because defendants have actual notice of and are actively participating in this action. *See [In re Chinese-Manufactured Drywall Prod. Liab. Litig*., No. CV 09-02047,] 2015 WL 13387769, at *7 [(E.D. La. Nov. 9, 2015)].

Ex. 7, *Ultravision*, No. 2:18-cv-00100-JRG-RSP, at 5 (citing *WorldVentures Hldgs., LLC v. Mavie*, No. 4:18-cv-393, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018)).

The purpose of service is to give appropriate notice to allow parties to properly present their substantive arguments and not to create considerable procedural hurdles to delay an action. *Id.* Plaintiffs have corresponded at length with uCloudlink's domestic counsel, and uCloudlink's domestic counsel has demonstrated its detailed knowledge of the instant action in several court filings. Not to mention, uCloudlink's wholly-owned domestic subsidiary is paired with uCloudlink Hong Kong as a plaintiff in the domestic judicial system. And last, uCloudlink's ultimate parent is presently seeking to make an Initial Public Offering, and is working with global law firms having domestic offices to correspond with the United States Securities and Exchange Commission regarding the same. Ex. 1.

For these reasons, alternative service is appropriate here.

## V. CONCLUSION

Therefore, Plaintiffs respectfully request the Court grant its Motion for Alternative Service, permitting Plaintiffs' counsel to serve uCloudlink via e-mail to both of its U.S. counsel, Sheppard

Mullin and Fish & Richardson, or, in the alternative, via service pursuant to the Federal Rules of Civil Procedure to its U.S. subsidiary uCloudlink (America), Ltd.

Date: May 11, 2020                                    /s/ *Benjamin E. Weed*

Benjamin E. Weed (admitted pro hac vice)
benjamin.weed@klates.com
K&L GATES LLP
70 W. Madison St. Suite 3100
Chicago, IL 60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Gina A. Johnson (admitted pro hac vice)
Farris S. Matariyeh (admitted pro hac vice)
gina.johnson@klgates.com
farris.matariyeh@klgates.com
K&L GATES LLP
70 W. Madison St. Suite 3100
Chicago, IL 60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Jeffrey C. Johnson (admitted pro hac vice)
jeff.johnson@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: +1 206 3708338
Facsimile: +1 206 623 7022

Melissa Smith (Texas Bar No. 24001351)
Gillam & Smith LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Attorneys for Plaintiffs
SIMO Holdings Inc., Skyroam, Inc., and
Shenzhen Skyroam Technology Co., Ltd

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, May 11, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*