**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, § § § | Case No. 2:20-cv-00078-JRG | |
| Plaintiff, § § | **JURY TRIAL DEMANDED** | |
| v. § § | | |
| HMD GLOBAL OY, § § | | |
| Defendant. | | |

**JOINT MOTION TO WITHDRAW MOTION TO DISMISS
FOR INSUFFICIENT SERVICE AND FOR EXTENSION OF TIME TO RESPOND**

Plaintiff Cellular Communications Equipment LLC ("CCE") and Defendant HMD Global Oy ("HMD Global") respectfully stipulate and move the Court as follows:

WHEREAS, on March 17, 2020, CCE filed its complaint in this action against HMD Global (Docket No. 1);

WHEREAS, on June 3, 2020, CCE filed an Affidavit of Service of the complaint as of May 20, 2020 (Docket No. 7);

WHEREAS, on June 10, 2020, HMD Global filed a motion to dismiss CCE's complaint under Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) for insufficient process and insufficient service of process (Docket No. 8);

WHEREAS, CCE and HMD Global fully briefed that motion, which remains pending;

WHEREAS, on August 10, 2020, the Finnish central authority completed service under the Hague Convention on HMD Global;

WHEREAS, HMD Global contends that it was not served on May 20, 2020, and thus the Affidavit of Service is improper for the reasons set forth in its papers on the motion to dismiss; CCE contends that it properly effectuated service on HMD Global on May 20, 2020, and thus the Affidavit of Service is proper for the reasons set forth in its papers on the motion to dismiss; but both CCE and HMD Global agree that the Court need not expend time and resources to resolve this dispute, in light of the service under the Hague Convention;

NOW, THEREFORE, CCE and HMD Global hereby stipulate and agree as follows:

1. HMD Global withdraws the motion to dismiss (Docket No. 8).

2. CCE effected service of process on HMD Global via the Finnish central authority under the Hague Convention on August 10, 2020.

3. HMD Global shall respond to the Complaint on or before September 21, 2020.

4. This stipulation shall not affect other deadlines in this action.

IT IS SO STIPULATED.

Dated: August 12, 2020                           Respectfully submitted,

By: */s/ Jerry D. Tice II*                       By: */s/ Deron R. Dacus*
Jerry D. Tice II                                 Deron R. Dacus
Texas Bar No. 24093263                           State Bar No. 00790553
Jeffrey R. Bragalone (lead attorney)             **The Dacus Firm, P.C.**
Texas Bar No. 02855775                           821 ESE Loop 323, Suite 430
Jonathan H. Rastegar                             Tyler, Texas, 75701
Texas Bar No. 24064043                           +1 (903) 705-1117
Hunter S. Palmer                                 +1 (903) 581-2543 facsimile
Texas Bar No. 24080748                           ddacus@dacusfirm.com

**BRAGALONE CONROY PC**                          Matthew S. Warren (California Bar No. 230565)
2200 Ross Avenue                                 Jen Kash (California Bar No. 203679)
Suite 4500W                                      Erika Warren (California Bar No. 295570)
Dallas, TX 75201                                 **Warren Lex LLP**
Tel: (214) 785-6670                              2261 Market Street, No. 606
Fax: (214) 785-6680                              San Francisco, California, 94114

– 3 –

jrastegar@bcpc-law.com  
jtice@bcpc-law.com  
hpalmer@bcpc-law.com  

*Attorneys for Plaintiff Cellular Communications Equipment LLC*

+1 (415) 895-2940  
+1 (415) 895-2964 facsimile  
20-40@cases.warrenlex.com  

*Attorneys for HMD Global Oy*