**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS | § | |
| EQUIPMENT LLC, | § | |
| | § | Case No. 2:20-CV-00078-JRG |
| Plaintiff, | § | |
| | § | JURY TRIAL DEMANDED |
| v | § | |
| | § | |
| HMD GLOBAL OY, | § | |
| | § | |
| Defendant | § | |

**MOTION TO TRANSFER OF HMD GLOBAL OY**
**UNDER 28 U.S.C. § 1404 TO THE SOUTHERN DISTRICT OF FLORIDA**

## <u>TABLE OF CONTENTS</u>

**Pages**

Introduction ................................................................................ 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.    HMD Global Is a Finnish Corporation with No Connection to This District. . . . . . . . . 1

B.    CCE's Sole Connection to This District Is Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . 2

C    Key Non Party Witnesses Are Located in Miami, Florida          4

    1.    HMD America Maintains Its Headquarters in Miami, Florida. . . . . . . . . . . . . . . 4

    2.    Other Non-Party Witnesses and Evidence Are Located in Miami, Florida. . . . . . 4

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I    This Court May Transfer This Action if Another District, Such as the Southern
District of Florida, Is Clearly More Convenient Than This One. . . . . . . . . . . . . . . . . . 5

II    CCE Could Have Brought This Action in the Southern District of Florida         5

III.    The Private Interest Factors Favor Transfer to the Southern District of Florida. . . . . . . 6

    A.    The Relative Ease of Access to Sources of Proof Favors Transfer. . . . . . . . . . . 6

    B.    The Witness Factors Favor Transfer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C    No Practical Problems Weigh Against Transfer         10

IV.    The Public Interest Factors Also Favor Transfer to the Southern District of Florida. . . 12

    A.    Relative Court Congestion Favors Transfer. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    B.    This Dispute Is Local to the Southern District of Florida. . . . . . . . . . . . . . . . . 13

    C    The Remaining Public Interest Factors Are Neutral         15

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

.

## TABLE OF AUTHORITIES

*Cases*                                                                    **Pages**

*ADS Sec  L P  v  Advanced Detection Sec  Servs , Inc ,*
    No. 09-773, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010). . . . . . . . . . . . . . . . . . . . . . . 8

*Alacritech Inc. v. CenturyLink, Inc.,*
    No. 16-693, 2017 WL 4155236 (E.D. Tex. Sept. 19, 2017). . . . . . . . . . . . . . . . . . . . . . .8

*ContentGuard Holdings, Inc  v  Google, Inc ,*
    No. 14-61, 2014 WL 12771431 (E.D. Tex. Apr. 16, 2014) . . . . . . . . . . . . . . . . . . . . . .  10

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,*
    321 F.2d 53 (5th Cir. 1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Intellectual Ventures I LLC v  T Mobile USA, Inc ,*
    No. 17-577, 2018 WL 4175934 (E.D. Tex. June 29, 2018). . . . . . . . . . . . . . . . . . *passim*

*In re Apple, Inc.,*
    581 F. App'x 886 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*In re EMC Corp ,*
    501 F. App'x 973 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*In re Genentech, Inc.,*
    566 F.3d 1338 (Fed. Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*In re Google Inc ,*
    No. 17-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017). . . . . . . . . . . . . . . . . . 9, 10, 12

*In re Hoffman-La Roche Inc.,*
    587 F.3d 1333 (Fed. Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Horseshoe Entm't,*
    337 F.3d 429 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re HP Inc.,*
    No. 18-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018). . . . . . . . . . . . . . . . . . . . . 10

*In re HP Inc ,*
    No. 20-140, 2020 WL 5523561 (Fed. Cir. Sept. 15, 2020). . . . . . . . . . . . . . . . . . *passim*

*In re Morgan Stanley,*
    417 Fed. App'x 947 (Fed. Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10, 12

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*In re Toa Techs., Inc.*,
   543 F. App'x 1006 (Fed. Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 9

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 12

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 9

*In re Volkswagen AG*,
   371 F.3d 201, 203 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Largan Precision Co. v. Ability Opto-Elecs. Tech. Co.*,
   No. 19-696, 2020 WL 3078042 (E.D. Tex. June 10, 2020). . . . . . . . . . . . . . . . . . . . .7

*Mohamed v. Mazda Motor Corp.*,
   90 F. Supp. 2d 757 (E.D. Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
   425 F. Supp. 2d 325 (E.D.N.Y. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Orica Explosives Tech., Pty., Ltd. v. Austin Powder Co.*,
   No. 06-450, 2007 WL 1115238 (E.D. Tex. Apr. 13, 2007) . . . . . . . . . . . . . . . . . . . . .7, 8

*RPost Holdings, Inc. v. StrongMail Sys., Inc.*,
   No. 12-515, 2013 WL 4495119 (E.D. Tex. Aug. 19, 2013). . . . . . . . . . . . . . . . . . . .6, 12

*Seven Networks, LLC v. Google LLC*,
   No. 17-441, 2018 WL 4026760 (E.D. Tex. Aug. 15, 2018) . . . . . . . . . . . . . . . . . . . . 15

*Shoemake v. Union Pac. R.R. Co.*,
   233 F. Supp. 2d 828 (E.D. Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*,
   No. 17-671, 2018 WL 8014281 (E.D. Tex. Sept. 5, 2018) . . . . . . . . . . . . . . . . . . . . 13

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

## **<u>TABLE OF AUTHORITIES</u>**

*Statutes and Rules*                                        **Pages**

28 U S C  § 1391(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

28 U.S.C. § 1404(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

## INTRODUCTION

The only connection between this action and this district is litigation.  The law says that litigation is not enough, and so this Court should transfer this action to a district with a real connection to this case, the Southern District of Florida   Neither the plaintiff nor the defendant has any connection to this District.  In its complaint, plaintiff Cellular Communications Equipment claims an address in Plano, but its documents claim a different address in Frisco. Neither address amounts to anything, however, which presumably explains why CCE couldn't tell them apart   CCE's true place of business is in Newport Beach, California, home to its ultimate corporate parent, Acacia Research Corporation.  CCE has no employees in this District. Similarly, defendant HMD Global Oy has no employees in this District and no connection to it.

In contrast, the Southern District of Florida is home to HMD America—a Florida corporation with headquarters and employees in Miami    whose actions and evidence will be essential to CCE's claims and HMD Global's defenses.  HMD America is responsible for importing, testing, and selling accused devices, as well as developing and maintaining relationships ███████████████████████████████████
███████████████ CCE chose not to sue HMD America, but that choice *increased* the importance of HMD America to the transfer analysis, which favors non-party over party witnesses.  The Southern District of Florida thus holds witnesses, evidence, and a local interest in the case.  It is clearly more convenient, and the Court should send this case there.

## BACKGROUND

### A.    HMD Global Is a Finnish Corporation with No Connection to This District

On March 17, 2020, plaintiff Cellular Communications Equipment LLC ("CCE") filed its complaint, naming HMD Global as the sole defendant   Compl  ¶ 2   CCE alleges that

"Defendant is a Finish [sic] corporation with places of business at Karaportti 2, FIN-02610, Espoo, Finland and Level 4, 4 Kingdom Street, Paddington Central, London W26BD." *Id.*  The complaint does not allege that HMD Global has a place of business in this District, or anywhere else in the United States   *Id*   HMD Global is indeed a Finnish company with headquarters in Espoo, Finland.  Declaration of Per Ekman ("Ekman Decl.") ¶ 3.  Since 2016, HMD Global has been the exclusive licensee of the Nokia brand for mobile devices and accessories.  *Id.* ¶ 4.

HMD Global develops, manufactures, and markets Nokia-branded mobile devices.  *Id.*

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████

**B.     CCE's Sole Connection to This District Is Litigation**

Although CCE is incorporated in Texas, it has no employees in this District and conducts no business here other than litigation   Instead, CCE's officers and records are in Newport Beach, California, at the headquarters of its ultimate parent, Acacia Research Corporation.  As filings at the Texas Secretary of State confirm, CCE is a wholly owned subsidiary of Acacia Research Group LLC, which in turn is a wholly owned subsidiary of Acacia Research Corporation.  Declaration of Gabriel A  Peixoto ("Peixoto Decl "), Exs  A, B   Acacia and CCE do not try to hide their relationship; to the contrary, they have confirmed it publicly in press releases referring to CCE as an "Acacia Subsidiary." *E.g.*, Peixoto Decl., Exs. C, D.  In its initial disclosures in this action, CCE identified only one person as "knowledgeable regarding CCE's corporate matters, including the acquisition, technology, and licensing of the patents in suit   Eric Lucas,"

and listed his address in care of CCE's litigation counsel, at their offices in Texas but outside this District.  Peixoto Decl., Ex. E.  Mr. Lucas works in Newport Beach, California, where since 2012 he has been a Senior Vice President at Acacia Research.  Peixoto Decl., Ex. F.

In recent litigation involving CCE, Mr Lucas signed a declaration stating that he was also "the President" of CCE, and averring that "CCE's principal place of business is located in Frisco, Texas."  *TCT Mobile (US) Inc. v. Cellular Commc'ns Equip. LLC*, No. 20-702, Docket No. 31 ¶ 4 (C.D. Cal. July 20, 2020).  Mr. Lucas' declaration stated that "CCE's principal place of business" and "CCE's address is 6136 Frisco Square Blvd, Ste 400, Frisco, Texas," *id* , a Regus co-working space (*see* Peixoto Decl., Ex. G) that CCE shares with at least 14 other Acacia subsidiaries.  Peixoto Decl., Ex. H.  Puzzlingly, CCE's complaint in this action, filed just a few months before Mr. Lucas' declaration and well after CCE started using the Frisco mailing address, claims that "CCE is a Texas limited liability company with its principal place of business in Plano, Texas."  *Compare* Compl. ¶ 1 *with TCT Mobile*, Docket No. 31 ¶ 4 *and with* Peixoto Decl., Ex. A at 8.  It ultimately does not matter whether CCE claims a mailing address in Frisco or Plano, since neither CCE nor Mr. Lucas claimed that any employees work at either location  For good reason  CCE's filings with the Texas Secretary of State show that, since its formation in 2013, CCE's officers have worked in Newport Beach, California, the headquarters of CCE's ultimate corporate parent, Acacia Research Corporation.  *See* Peixoto Decl., Exs. A, B.  Various CCE corporate documents refer to various officers, including Mark Booth, Robert Harris, Clayton Haynes, Kirsten Hoover, Marvin Key, and Robert Stewart  but in each case, these officers listed their business address at Acacia Research Corporation's offices at Newport Center Drive, Newport Beach, California.  *See* Peixoto Decl., Exs. A*,* B.

In short, the only conceivable connection that CCE has to this District is its litigation counsel, which is "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  Even if litigation counsel counted, CCE's litigation counsel keep their offices in Dallas, in the Northern District

## C.      Key Non-Party Witnesses Are Located in Miami, Florida

### 1.      HMD America Maintains Its Headquarters in Miami, Florida

Like many international companies, HMD Global relies upon regional subsidiaries to transact business at a local level.  One such regional subsidiary is non-party HMD America, Inc., a Florida corporation, which handles Nokia-branded business in the United States.  HMD America has its headquarters at 1200 Brickell Avenue, Suite 510, Miami, Florida.  Declaration of Rex Fryhover ("Fryhover Decl ")  ¶ 2   HMD America imports and sells mobile devices in the United States, ██████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████        In short, the only HMD in America is HMD America, and HMD America's operations are in Miami.

### 2.      Other Non-Party Witnesses and Evidence Are Located in Miami, Florida

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████

## ARGUMENT

I.   **This Court May Transfer This Action if Another District, Such as the Southern District of Florida, Is Clearly More Convenient Than This One**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  When a movant "demonstrates that the transferee venue is clearly more convenient," it has "shown good cause and the district court should therefore grant the transfer."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir 2008) (en banc); *see also, e g , In re Genentech, Inc , 566 F 3d 1338, 1342 (Fed. Cir. 2009).*  A "'motion to transfer venue *should be granted* if "the movant demonstrates that the transferee venue is clearly more convenient."'"  *In re Toa Techs., Inc.*, 543 F. App'x 1006, 1008 (Fed. Cir. 2013) (alteration in original) (quoting *In re Radmax, Ltd.*, 720 F 3d 285, 288 (5th Cir 2013)) (citing *In re Nintendo Co , Ltd , 589 F 3d 1194, 1197 (Fed Cir 2009)).*  "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)."  *In re Volkswagen of Am., Inc.*, 545 F.3d at 313.  For this reason, "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis."  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d at 314 n.10).

II.   **CCE Could Have Brought This Action in the Southern District of Florida**

"The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.'"  *Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 17-577, 2018

WL 4175934, at *1 (E.D. Tex. June 29, 2018) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203

(5th Cir. 2004)).  As CCE acknowledges in its complaint, HMD Global "is a foreign entity and

may be sued in any judicial district under 28 U.S.C. § 1391(c)(3)."  Compl. ¶ 5.  CCE thus could

have brought this action in the Southern District of Florida

### III.    The Private Interest Factors Favor Transfer to the Southern District of Florida

"Once the initial threshold of proving the proposed transferee district is one where the

suit might have properly been brought is met, courts analyze both public and private factors

relating to the convenience of parties and witnesses as well as the interests of particular venues in

hearing the case." *Intellectual Ventures I*, 2018 WL 4175934, at *1 (citing *Humble Oil & Ref.*

*Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963), *In re Nintendo Co., Ltd.*, 589 F.3d

at 1198   "The private factors are  (1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case

easy, expeditious, and inexpensive." *Intellectual Ventures I*, 2018 WL 4175934, at *1 (citing

*In re Volkswagen AG*, 371 F 3d at 203)   Three factors favor transfer; one is neutral

#### A.    The Relative Ease of Access to Sources of Proof Favors Transfer

"In considering the relative ease of access to proof, a court looks to where documentary

evidence, such as documents and physical evidence, is stored " *Intellectual Ventures I*, 2018 WL

4175934, at *2 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d at 316).  "Despite technological

advances in transportation of electronic documents, physical accessibility to sources of proof

continues to be an important private interest factor." *RPost Holdings, Inc. v. StrongMail Sys.,*

*Inc* , No  12 515, 2013 WL 4495119, at *2 (E D  Tex  Aug  19, 2013) (citing *In re Volkswagen of*

*Am., Inc.*, 545 F.3d at 316; *In re TS Tech USA Corp.*, 551 F.3d at 1321).  "'In patent infringement

cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.'" *In re Genentech, Inc.*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp  2d 325, 330 (E D N Y 2006))   In this action, "the bulk of the relevant evidence" will come not only "from the accused infringer," HMD Global in Europe, but also from HMD America, ██████████████████████████████████████████████████████ *See supra* § C.1.  These documents are in HMD America's offices in Miami, as are documents regarding any testing of the accused devices in the United States   Angelone Decl  ¶ 6

Although CCE has documents in Orange County and HMD Global has documents in Finland, the Court's "comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." *In re HP Inc.*, No  2020 140, 2020 WL 5523561, at *3 (Fed  Cir  Sept  15, 2020) (quoting *Largan Precision Co. v. Ability Opto-Elecs. Tech. Co.*, No. 19-696, 2020 WL 3078042, at *5 n.2 (E.D. Tex. June 10, 2020); *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)).  What matters is that "documents relating to the design, development, marketing, and sales of the accused products were also in the transferee district and elsewhere, but not in the Eastern District of Texas " *In re HP Inc.*, 2020 WL 5523561, at *1.  Thus, this factor favors transfer.

### B.     The Witness Factors Favor Transfer

"Generally, in a venue transfer analysis, the most important factor considered is whether 'key fact witnesses' will be substantially inconvenienced if the court should deny transfer." *Orica Explosives Tech., Pty., Ltd. v. Austin Powder Co.*, No. 06-450, 2007 WL 1115238, at *3 (E.D. Tex. Apr. 13, 2007) (citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774 (E.D. Tex  2000))   This analysis includes two factors   first, "the availability of compulsory process to

secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order," *Intellectual Ventures I*, 2018 WL 4175934, at *4 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d at 316) and "the cost of attendance for willing witnesses," including "all potential material and relevant witnesses " *Intellectual Ventures I*, 2018 WL 4175934, at *4 (citing *Alacritech Inc. v. CenturyLink, Inc.*, No. 16-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017)).  In undertaking this analysis, "the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses." *Orica Explosives*, 2007 WL 1115238, at *3 (citing *Shoemake v  Union Pac  R R  Co* , 233 F Supp. 2d 828, 832 (E.D. Tex. 2002)), and "[t]his factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue."  *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech, Inc.*, 566 F 3d at 1345))   Indeed, "the convenience of party witnesses is given little weight " *Intellectual Ventures I*, 2018 WL 4175934, at *4 (citing *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. 09-773, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010)).

In this case, both witness factors firmly support transfer.  Key non-party witnesses at HMD America are located in Miami, Florida

- Rex Fryhover, HMD America's Head of Operations, ███████████████████ ████████████████████████████████████████████████████████ Mr. Fryhover works at HMD America's only offices, in Miami.  *Id*. ¶ 9.

- Maurizio Angelone, the Vice President and General Manager of HMD America, Inc. from its incorporation in December 2016 until July 2020, ███████████ ████████████████████████████████████████████████████████ ████████████████████████████████

●   Cristina Hoyos, HMD America's Head of Finance, ███████████
█████████████████████████████████████████████████████████████
█████████████████████████████████  Ms. Hoyos also works at HMD America
in Miami.  *Id.* ¶ 6.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████  ; Peixoto Decl., Exs. I, J.  The location of these offices too

favors transfer.  *See In re HP Inc.*, 2020 WL 5523561, at *1.  Where third-party "information

would likely be in the transferee venue" and "only the transferee venue can compel those

companies to provide documentary evidence and trial and deposition testimony without requiring

any travel," there is "no basis to discount these entities just because individual employees were

not identified."  *Id.* at *3 (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir.

2009)); *see also, e g , In re Toa Techs , Inc* , 543 F App'x at 1009 ("transfer ensures that"

witnesses in transferee jurisdiction "could be compelled to appear for both deposition and trial").

In contrast, CCE has disclosed no witnesses in the Eastern District of Texas, *see* Peixoto

Decl., Ex. E, and when given the opportunity to do so in other litigation, has identified no

employees here   *See supra* § B   This factor would favor transfer even under circumstances more

favorable to CCE.  *See, e.g., In re Toyota Motor Corp.*, 747 F.3d at 1340 (transferring where

"[n]o non-party witnesses have been identified as being within the Eastern District of Texas," but

"a number of witnesses in the Eastern District of Michigan have knowledge potentially relevant

to infringement and validity issues, even if it is not possible at present to specify further just how

material their testimony might be to the yet-undeveloped issues in the case"); *In re Google Inc.*,

No. 17-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017) (transferring when plaintiff had "a

single employee currently residing in the Eastern District of Texas").  Again, although CCE has witnesses in Orange County and HMD Global has witnesses in Finland and elsewhere in Europe, the Court's "comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums " *In re HP Inc* , 2020 WL 5523561, at *3; *see also, e.g.*, *In re HP Inc.*, 2018 WL 4692486, at *3.  Again, what matters is that "no employee responsible for such activity works in the Eastern District of Texas." *In re HP Inc.*, 2020 WL 5523561, at *1; *see also, e.g.*, *In re HP Inc*., 2018 WL 4692486, at *1-*3 (no employees with relevant knowledge in Eastern District, but several third parties in transferee district "were identified as having potentially relevant information, while no party identified a third party witness in the Eastern District of Texas.").

"The convenience of the witnesses is probably the single most important factor in a transfer analysis " *In re Google Inc* , 2017 WL 977038, at *3 (quoting *In re Genentech, Inc* , 566 F.3d at 1343).  "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d at 1198 (collecting cases). This is just such a case   The witness factors heavily favor transfer

## C.    No Practical Problems Weigh Against Transfer

"Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer " *ContentGuard Holdings, Inc. v. Google, Inc.*, No. 14-61, 2014 WL 12771431, at *5 (E.D. Tex. Apr. 16, 2014) (internal quotation marks and citation omitted).  "But judicial economy is just one relevant consideration in determining how administration of the court system would best be served in

deciding a transfer motion." *In re Apple, Inc.*, 581 F. App'x at 889 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 626-27 (1964)).  "'The proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation '"  *In re Apple, Inc* , 581 F  App'x at 889 (quoting *In re Morgan Stanley*, 417 Fed App'x 947, 949 (Fed. Cir. 2011)).

This action has only just begun.[1]  Although CCE sued a number of defendants in this District in 2014, none of those actions concerned claims 1-4 or 8, which CCE asserts in this action   In the prior actions, CCE not only asserted different claims, but also leveled a different theory of infringement against different defendants.  For example, in *Cellular Commc'ns Equip. LLC v. HTC Corp.*, CCE alleged that the "Android OS contains a diverting unit (e.g. the Telephony Manager) that is part of the Application Framework of the operating system."  No. 13 507, Docket No  437 4 at 2 3 (E D  Tex  July 13, 2015)   In its infringement contentions against HMD Global, however, CCE takes a different tack, asserting that "the sendRawPdU() method" performs the "diverting" of "a message of the messages to a controlling entity residing in the communication terminal" of the asserted claims.  Peixoto Decl., Ex. K at 12.

Likewise, although other Courts in this District have presided over previous actions regarding not-presently-asserted claims of the '923 patent, this Court had only brief occasion to consider them:  of the 15 actions CCE previously filed in this District on the '923 patent, 6 were

---

[1] CCE served HMD Global with its complaint on August 10, and HMD Global moved yesterday to dismiss CCE's complaint.  The issues in HMD Global's motion are not unique to this Court and the Southern District of Florida can resolve them   CCE served infringement contentions under Loc. Pat. R. 3.1 & 3.2, and HMD Global served invalidity contentions under Loc. Pat. R. 3.3 & 3.4, but again these issues are not unique to this Court, and the parties must exchange these views no matter where they appear.  In any event, "motions to transfer venue are to be decided based on the situation which existed when suit was instituted," *In re HP Inc* , 2020 WL 5523561, at *3 (quoting *In re EMC Corp.*, 501 F  App'x 973, 976 (Fed. Cir. 2013)) (alterations and internal quotation marks omitted).

transferred to this Court's docket for several months, during which time this Court had only two opportunities to make substantive rulings; in both cases, it adopted Magistrate Judge Mitchell's report and recommendations in full.  *See* Case No. 14-759, Docket Nos. 93, 110; Case No. 13 507, Docket Nos  413, 454   Any knowledge of the patent on the part of other judicial officers in the District is irrelevant to the transfer analysis.  *See In re Google Inc*., 2017 WL 977038, at *2 (finding "untenable" any reliance on "'institutional knowledge' gained through previous, related litigation" in the same District but before a different Court).

CCE chose to assert new claims against HMD Global, and level a new theory of infringement.  In making this choice, CCE also made it unlikely that any experience in this Court or this District would provide judicial economy in resolving this action.  This factor is neutral, as no practical problems weigh against transfer.

## IV.     The Public Interest Factors Also Favor Transfer to the Southern District of Florida

"The public interest factors include: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'"  *RPost Holdings*, 2013 WL 4495119, at *2 (quoting *In re Nintendo Co., Ltd.*, 589 F.3d at 1198; citing *In re Genentech, Inc.*, 566 F.3d at 1342; *In re TS Tech USA Corp*., 551 F.3d at 1319; *In re Volkswagen of Am , Inc* , 545 F 3d at 315)   The first two factors favor transfer; the second two are neutral

### A.     Relative Court Congestion Favors Transfer

"In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved "  *RPost Holdings*, 2013 WL 4495119, at *5 (citing *In re Genentech, Inc* , 566 F.3d at 1347).  Courts routinely rely on the Civil Statistical Tables For The Federal Judiciary in

comparing times to trial.  *See, e.g.*, *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, No. 17-671, 2018 WL 8014281, at *4 (E.D. Tex. Sept. 5, 2018).  Here, these statistics favor transfer: this District takes an average of 17.7 months from filing to trial, while the Southern District takes only 16 0 months   *Compare* Peixoto Decl , Ex  L, Administrative Office, United States Courts, *U.S. District Courts, Combined Civil and Criminal Federal Court Management Statistics* (June 30, 2020) at 1 (Eastern District of Texas), and 2 (Southern District of Florida).

**B.     This Dispute Is Local to the Southern District of Florida**

"There can be little doubt that" a district court "has a local interest in the disposition of any case involving a resident corporate party."  *Intellectual Ventures I*, 2018 WL 4175934, at *9. Here, that district court is the Southern District of Florida, home to HMD America, a Florida corporation with its headquarters in Miami, ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████  The local interest in this case is therefore in Miami, with HMD America

CCE further alleges that HMD Global "markets smartphones that include the Android Messaging app."  Compl. ¶ 6. ████████████████████████████████████ ████████████████████████████████████████  CCE likewise alleges that HMD Global "sells and offers to sell products and services throughout Texas, including in this judicial district."  Compl. ¶ 2. ████████████████████████████ ████████████████████████████████████████████████ ██████████████  For these reasons as well, the local interest in this case is in Miami.

– 13 –

Finally, CCE's conduct confirms the importance of HMD America to the case.  In May 2020, CCE attempted to serve HMD Global in the United States by delivering papers to an HMD America employee in HMD America's only offices, located in Miami.  Docket No. 7.[2]

---

[2] CCE's conduct in prior litigations further confirms its own belief that United States subsidiaries have relevant information in patent infringement suits.  For years, CCE routinely joined as defendants the roughly equivalent U.S. subsidiaries of groups it targeted with infringement suits.  *E.g., Cellular Commc'ns Equip. LLC v. Kyocera Corp., et al.*, Case No. 15 49, Docket No  1, (E D  Tex  Jan  15, 2015) (designating Kyocera Corporation, a Japanese company, and two of its United States subsidiaries, collectively, "Kyocera."); *Cellular Commc'ns Equip. LLC v. Pantech Co., Ltd. et al.*, Case No. 15-853, Docket No. 2, (E.D. Tex. Sept. 14, 2015) (designating Pantech Co., Ltd., a South Korean company, and its United States subsidiary, collectively, "Pantech"); *Cellular Commc'ns Equip  LLC v  LG Elecs , Inc  et al* , Case No. 14-982, Docket No. 1, (E.D. Tex. Dec. 19, 2014) (designating LG Electronics, Inc. a South Korean company, and its United States subsidiaries, collectively, "LG").  *Cellular Commc'ns Equip. LLC v. Samsung Elecs. Co., Ltd. et al*., Case No. 14-759, Docket No. 1 (E.D. Tex  Sept  15, 2014) (designating Samsung Electronics Co , Ltd  a South Korean company, and two of its United States subsidiaries, collectively, "Samsung"); *Cellular Commc'ns Equip. LLC v. ZTE Corp. et al*., Case No. 16-375, Docket No. 2 (E.D. Tex. Apr. 20, 2016) (designating ZTE Corporation, a Chinese company, and two of its United States subsidiaries, collectively, "ZTE"); *Cellular Commc'ns Equip  LLC v  ZTE Corp  et al* , Case No  16 476, Docket No  1 (E D  Tex  May 31, 2016) (designating ZTE Corporation, a Chinese company, and two of its United States subsidiaries, collectively, "ZTE"); *Cellular Commc'ns Equip. LLC v. HTC Corp. et al*., Case No. 16-475, Docket No. 1 (E.D. Tex. May 31, 2016) (designating HTC Corporation, a Taiwanese company, and its United States subsidiary, collectively, "HTC"); *Cellular Commc'ns Equip  LLC v. HTC Corp. et al*., Case No, 17-78, Docket No. 1 (E.D. Tex. Jan. 25, 2017) (designating HTC Corporation, a Taiwanese company, and its United States subsidiary, collectively, "HTC"); *Cellular Commc'ns Equip. LLC v. ZTE Corp. et al*., Case No. 17-2805, Docket No. 1 (E.D. Tex. Oct  12, 2017) (designating ZTE Corporation, a Chinese company, and its United States subsidiary collectively, "ZTE").  In these cases, CCE argued that United States subsidiary companies participated in the alleged infringement, and were properly joined because "[q]uestions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, ZTE mobile devices " *Cellular Commc'ns Equip  LLC v ZTE Corp. et al*., Case No. 16-476, Docket No. 1 ¶ 70; *see also Cellular Commc'ns Equip. LLC v. Samsung Elecs. Co, Ltd. et al*., Case No. 14-759, Docket No. 1 ¶ 82 (E.D. Tex. Sept. 15, 2014) ("The alleged infringements set forth in Counts I through V arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the design, development, testing, making, using, offering for sale, selling, and/or importing of the Samsung mobile devices made the subject of Counts I through V.").

## C.      The Remaining Public Interest Factors Are Neutral

As this Court has recognized in previous infringement cases, there are no conflict-of-law issues, and both courts are equally familiar with patent law  *See, e g , Seven Networks, LLC v Google LLC*, No. 17-441, 2018 WL 4026760, at *14 (E.D. Tex. Aug. 15, 2018); *Intellectual Ventures I LLC*, 2018 WL 4175934, at *9.  Thus, the remaining public interest factors are neutral.

## **CONCLUSION**

"Fifth Circuit law requires that when a movant clearly demonstrates that a transfer is for the convenience of parties and witnesses, and in the interest of justice, the district court should grant transfer." *In re HP Inc.*, 2020 WL 5523561, at *2 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d at 315) (alterations and internal quotation marks omitted).  In this action, three of the four private factors, including the critical witness factors, favor transfer to the Southern District of Florida.  The fourth private factor is neutral.  Two of the public interest factors favor transfer, while two are neutral.  In total, five factors favor transfer, and three are neutral.  HMD Global has "clearly demonstrate[d] that a transfer is for the convenience of parties and witnesses, and in the interest of justice " *In re HP Inc ,* 2020 WL 5523561, at *2   The Court should grant HMD Global's motion and transfer this action to the Southern District of Florida.

Date:   September 22, 2020                  Respectfully submitted,

*/s/ Deron R  Dacus*
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas, 75701
+1 (903) 705-1117
+1 (903) 581-2543 facsimile
ddacus@dacusfirm com

Matthew S. Warren (California Bar No. 230565)
Jen Kash (California Bar No. 203679)

Patrick Fitch (California Bar No. 321493)
Erika Warren (California Bar No 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895 2940
+1 (415) 895-2964 facsimile
20-78@cases.warrenlex.com

*Attorneys for HMD Global Oy*

## CERTIFICATE OF CONFERENCE

Under Local Rule CV-7, I certify that I conferred telephonically with plaintiff's attorneys of record on September 17, 2020, regarding the Motion to Transfer of HMD Global Oy Under 28 U.S.C. § 1404 to the Southern District of Florida.  Plaintiff's attorneys indicated that they would oppose the motion

*/s/ Shannon M. Dacus*
Shannon M. Dacus

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV 5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Docket No. 31) entered in this case on August 14, 2020

*/s/ Deron R. Dacus*
Deron R. Dacus

## CERTIFICATE OF SERVICE

I certify that on September 22, 2020, I filed the foregoing document under Local Rule CV-5(a)(7) and served the foregoing document on plaintiff's attorneys of record through the

Court's electronic filing system.

_/s/ Deron R. Dacus_
Deron R. Dacus