# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, § § § Plaintiff, § § v. § § HMD GLOBAL OY, § § Defendant. § § § | Case No. 2:20-cv-00078-JRG JURY TRIAL DEMANDED |

**MOTION OF NON-PARTY APPLE INC.
FOR SUPPLEMENTAL PROTECTIVE ORDER**

Non-Party Apple hereby moves the Court for a Second Supplemental Protective Order, the form of which is filed concurrently herewith, to govern the production of certain highly-confidential Apple business information (the "Apple Confidential Information") by Plaintiff Cellular Communications Equipment, LLC ("CCE") in this litigation. As a non-party to the litigation, Apple has requested that the parties agree that:

1. To the extent that the parties seek to disclose any Apple Confidential Information to any outside consultant or experts pursuant to Section 5e of the operative Protective Order (Dkt. No. 31), the parties afford Apple the same notice, disclosure, and consent rights as provided to a producing party under the Protective Order;

2. The parties notify Apple should any Apple Confidential Information appear on any party's trial exhibit list; and

3. The parties use reasonable efforts to seal the courtroom and redact any related transcript should the Apple Confidential Information be discussed at hearing or at trial, or provide Apple with reasonable notice before such information is used so that it may intervene.

Absent the parties' agreement to the foregoing requested protections, Apple, as a non-party to the litigation, has no insight into or rights regarding how the parties use or disclose Apple Confidential Information once produced. Therefore, and for the reasons set forth below, good cause exists to enter the attached Second Supplemental Protective Order to govern the production of any Apple Confidential Information in this case.

1. **Factual Background**

    a. *The Present Dispute.*

On or about August 18, 2020, CCE informed Apple that it intended to produce the Apple Confidential Information. On August 19, 2020, Apple objected to this disclosure pending a further understanding of the confidentiality protections in place for non-parties. On August 20, 2020, Apple reiterated its objection, and requested that the parties (i) not disclose the Apple

Confidential Information to in-house counsel as otherwise permitted under the operative Protective Order, and (ii) agree to the three additional safeguards set forth above. CCE responded on September 10, 2020, indicating that the parties had submitted a Supplemental Protective Order. Notably, CCE did not provide the Supplemental Protective Order to Apple nor seek Apple's input before negotiating with HMD or submitting it to the Court.  The Supplemental Protective Order addressed one of the concerns that Apple had raised, namely point addressed in safeguard (i), above, but did not address Apple's other three safeguards. In notifying Apple about the Supplemental Protective Order, CCE further stated that "If [Apple has] no further concerns, we plan on producing this agreement once all notice requirements have been fulfilled." Apple responded the next day reiterating its three additional requested safeguards. Despite additional meet and confers, Apple and CCE were not able to agree to the supplemental protections requested by Apple.

Apple has also conferred with HMD regarding its supplemental safeguards. On September 30, 2020, HMD indicated that it does not oppose these supplemental safeguards. Apple has consented to the production of the Apple Confidential Information pursuant to Local Patent Rule 2-2 while this motion is pending.

> b. ***The Document that CCE Intends to Produce Contains Highly Confidential Business Information of Apple.***

CCE has indicated that it intends to produce Apple Confidential Information in the nature of a settlement and license agreement to which Apple is a party. The Apple Confidential Information contains a confidentiality clause, and the terms of the document may not be disclosed except in very limited circumstances. The terms contained in the Apple Confidential Information are among Apple's most highly sensitive and protected business information, and Apple would be seriously harmed if patent owners, potential licensors, and Apple competitors

had access to this information. Indeed, maintaining control over the confidentiality of Apple's financial and license fee terms is extremely important to Apple because it allows Apple to protect its competitive position in the marketplace. Apple expends significant time and resources to maintain the confidentiality and nonpublic nature of the Apple Confidential Information. Even within Apple, the Apple Confidential Information is not disseminated or accessible except to a small group of Apple employees who maintain its confidentiality. Apple therefore must make every effort to monitor and control who has access to its Confidential Information once produced in litigation.

Moreover, Apple routinely requests and is afforded these protections when its confidential information is produced in litigations to which Apple is not a party. Apple responds to dozens of these requests as a non-party every year, and it is exceedingly rare that Apple is unable to reach an informal agreement with the parties regarding such protections. Indeed, in this case, Defendant HMD has indicated it does not oppose the supplemental protections Apple requests.

### 2. Good Cause Exists because Apple Lacks Any Insight Regarding the Disclosure and Use of Its Confidential Information by the Parties.

Good cause exists for the Court to grant a supplemental protective order requiring the parties to comply with nonparty Apple's three requests. Fed. R. Civ. P. 26(c); *see also Ironclad, L.P. v. Poly-America Inc.,* No. 3:98-cv-2600, 2000 WL 1400762, at *15 (N.D. Tex. July 28, 2000) (court may enter an appropriate protective order upon a showing of good cause that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"). Indeed, through these requests, Apple merely seeks to be treated as a producing party under the existing Protective Order and receive

notification of the parties' use and disclosure of Apple Confidential Information during the course of the litigation. *See United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 160 n.7 (D. Del. 1999) ("The risk of injury to the owner of confidential information is presumably greater where the owner was never in a position to accept or reject the risk of disclosure of confidential information… the nonparty has never undertaken the risks of disclosure.").

> **a. *Apple's Proposed Safeguards Are Narrowly Tailored to Protect Itself as a Non-Party to the Litigation.***

As a non-party, Apple's proposed safeguards are the most efficient and least burdensome means for Apple to gain insight into the parties' use and disclosure of its confidential information. While Apple appreciates that the Apple Confidential Information itself will be subject to the Protective Order, the rights afforded to Plaintiff CCE as the producing party are insufficient to protect Apple's interests in its Confidential Information.

First, Apple requests that, to the extent a party intends to disclose Apple Confidential Information to an outside expert or consultant, that party affords Apple the same notice, disclosure, and consent rights as provided to a producing party under the Protective Order. Apple maintains a strong interest in knowing who has access to its Confidential Information and in objecting in cases where disclosure may pose a conflict. And Apple has a well-founded concern about disclosure of its Confidential Information to expert witnesses. *See, e.g. MobileMedia Ideas LLC v. Apple Inc.*, C.A. No. 10-cv-258-SLR, 2012 WL 5379056 (D. Del. Oct. 31, 2012) (granting motion for sanctions regarding violation of a protective order and improper use of Apple source code information by Plaintiff's expert). Without supplemental protection, Apple would have no way of knowing the experts to whom Apple Confidential Information is disclosed, and no rights in the event an expert disclosure would pose a conflict. Further, Apple cannot reasonably be expected to rely on the parties' vetting of one another's experts in lieu of

Apple's own conflict analysis, especially where the parties' interests may not be aligned with those of Apple in terms of the disclosure and protection of Apple Confidential Information. This supplemental protection is therefore necessary to protect Apple's interests in its Confidential Information. Finally, should CCE find it too burdensome to provide Apple with notice of the specific experts to whom it will disclose the Apple Confidential Information, Apple is willing to receive notice of all experts and vet them regardless of what confidential information they will receive.

Apple's additional safeguards are also narrowly tailored to be as minimally burdensome as possible on the parties. For example, Apple's requested safeguard that it be provided with notice of the inclusion of Apple Confidential Information on the party's exhibit lists is intended to be a low-burden proxy for putting Apple on notice that the Apple Confidential Information may be used during pretrial hearings or at trial. Similarly, by requesting that the parties use reasonable efforts to seal the courtroom and redact any related transcript if/when Apple Confidential Information is discussed in open court, Apple foregoes requesting advance notice of any intended disclosure at a hearing.

### b. *Apple Routinely Requests and Is Provided these Supplemental Protections In Litigations Where It Is a Non-Party.*

Apple routinely requests and is afforded these protections when its confidential information is produced in litigations to which Apple is not a party. Apple responds to dozens of these requests for production as a non-party every year, and it is exceedingly rare that Apple is unable to reach an informal agreement with the parties regarding such protections. In the exceptional instances in which Apple is unable to obtain the parties' consent, Apple has successfully moved the Court for these supplemental protections. *See, e.g. Elm 3DS Innovations LLC v. Micron Technology Inc. et al.* Case No. 1:14-cv-01431-LPS, Dkt. No. 284 (granting non-

party Apple Inc.'s letter requesting the supplemental protections sought herein).

### c. It Is Not Sufficient for HMD to Unilaterally Agree to Apple's Requests Without CCE's Participation or Consent.

HMD does not oppose this motion, and is able to unilaterally comply with certain of Apple's requests. But CCE's participation or consent is required to effectively protect the Apple Confidential Information at least with respect to providing notice to Apple before CCE discloses the Apple Confidential Information to experts and agreeing to seek sealing of the courtroom and redaction of the Apple Confidential Information in any transcripts.

For example, Apple requests that the parties use reasonable efforts to seal the courtroom and redact any transcripts when Apple Confidential Information is presented or discussed at hearing or trial. Absent agreement by CCE, however, CCE may oppose Defendant's efforts to seal and/or redact. In such a case, Apple — who would have the strongest interest in maintaining the confidentiality of the Apple Confidential Information — would lack any notice of or ability to participate in the dispute. It is only with all the parties' agreement that Apple can be reasonably confident that the Court will not resolve a dispute regarding the confidentiality of Apple's Confidential Information without notice to or participation by Apple. In view of the foregoing, good cause exists to grant Apple's request for the Second Supplemental Protective Order.

***

Apple therefore respectfully requests that the Court enter the attached proposed Second Supplemental Protective Order and require the parties to adhere to Apple's requests for any Apple Confidential Information produced in this action.

Dated:  October 2, 2019 

Respectfully submitted,

/s/ *Hannah L. Cannom*
Hannah L. Cannom (SBN 245635)
(*Pro hac vice* forthcoming)
hcannom@wscllp.com
Bethany M. Stevens (SBM 245672)
(*Pro hac vice* forthcoming)
bstevens@wscllp.com
**Walker Stevens Cannom LLP**
500 Molino Street, #118
Los Angeles, CA 90013
Tel:  (213) 337-9972
Fax:  (213) 403-4906

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:melissa@gillamsmithlaw.com

*Attorneys for Apple Inc*

## CERTIFICATE OF CONFERENCE

Under Local Rule CV-7, I certify that I conferred telephonically with plaintiff's attorneys of record on September 29, 2020, regarding the Motion of Non-Party Apple Inc. for a Supplemental Protective Order. Plaintiff's attorneys indicated that they would oppose the motion. I further certify that on September 22, 2020, I conferred telephonically with defendant's attorneys of record regarding the Motion of Non-Parry Apple Inc. for a Supplemental Protective Order. Defendant's attorney indicated that does not oppose the relief requested.

*/s/ Hannah L. Cannom*
Hannah L. Cannom

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 2nd day of October, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith