IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 2:20-cv-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § § | |

**PLAINTIFF CCE'S OPPOSED MOTION FOR EXPEDITED VENUE DISCOVERY AND TO EXTEND TIME TO RESPOND TO HMD'S MOTION TO TRANSFER VENUE**

Plaintiff Cellular Communications Equipment LLC ("CCE") moves for expedited venue discovery and to extend the time to respond to Defendant HMD Global Oy's ("HMD") motion to transfer under 28 U.S.C. § 1404. (Dkt. No. 38). Limited venue discovery is necessary for CCE to fully respond to HMD's motion to transfer venue. As such, CCE requests that the Court exercise its broad discretion and allow CCE to conduct such discovery before it responds to HMD's motion to transfer venue.

**I.   Factual Background**

CCE filed the instant lawsuit against HMD on March 17, 2020, alleging infringement of U.S. Patent No. 7,218,923. (Dkt. No. 1). On June 10, 2020, HMD filed its first motion to dismiss, alleging insufficient process and insufficient service. (Dkt. No. 8). CCE opposed HMD's first motion to dismiss, in part because CCE timely began to effect service on HMD pursuant to the Hague Convention, as CCE informed HMD before HMD filed its first motion to dismiss. (Dkt. No. 15 at 1-3). Nevertheless, HMD waited until August 12, 2020—after the motion was fully

1

briefed—to withdraw its meritless first motion to dismiss. (Dkt. No. 30). At that time, HMD stipulated that it would "respond to the Complaint on or before September 21, 2020." (*Id*. at 2). On September 21, 2020, HMD filed its second motion to dismiss, this time for lack of standing. (Dkt. No. 26). Within the motion, HMD requested to stay the case to conduct jurisdictional discovery. (*Id.* at 15).

Most recently, on September 22, 2020, HMD filed a motion to transfer venue, wherein it seeks an order from the Court transferring the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404. (Dkt. No. 38). To support its venue motion, HMD relies heavily upon the factual assertions of four HMD-related declarants:

1. Per Ekman, Chief Commercial Officer of HMD Global Oy;
2. Rex Fryhover, HMD America's Head of Operations;
3. Maurizio Angelone, Vice President and General Manager of HMD America; and
4. Cristina Hoyos, HMD America's Head of Finance.

(*See, e.g.*, Dkt. No. 38 at 8-9; Dkt. No. 38-2).

Moreover, at least one additional, local individual appears to have knowledge related to this case: Barry French. Mr. French is a Director on HMD's Board. Tice Dec'l, ¶ 3. Further, Mr. French is "responsible for Nokia marketing, communications, government relations, [and] industry analyst relations …." *Id*. HMD "is the exclusive licensee of the Nokia brand name for mobile devices, accessories, and tablets" (Dkt. No. 38-2 at ¶ 4), and the Accused Devices are marketed and sold in the United States under the Nokia brand name. Therefore, it is likely that the HMD Director and Nokia marketing employee has knowledge related to the marketing of the Accused Devices.

On September 23, the parties met and conferred regarding expedited venue discovery. However, after follow-up discussions, the parties were unable to reach agreement. In particular, although HMD conceded that venue discovery was appropriate, HMD was amenable to only "two document requests, two interrogatories and four hours of 30(b)(6) deposition testimony." Tice Dec'l, ¶ 5. Further, HMD would only allow CCE to conduct this expedited discovery if HMD could conduct the same amount of discovery to support the venue motion that it already filed. *Id*. HMD's limited offer (1) would not afford CCE sufficient opportunity to conduct discovery to fairly respond to HMD's venue motion and (2) was conditioned on CCE's submission to venue discovery[1] in the absence of any demonstrated need by HMD. To the extent that HMD purports to need discovery from CCE to support its motion, it should have timely requested such venue-related discovery long ago, and well before it filed its motion. As such, CCE was left with no choice but to seek relief from the Court to obtain adequate and expedited venue-related discovery.

Because HMD is unable to fairly respond to HMD's venue motion without first conducting discovery into the issues presented therein, CCE requests focused, expedited venue discovery to test the veracity and completeness of the declarants' statements, Mr. French's personal knowledge to determine if he is a "key" witness for purposes of the § 1404 analysis, and the factual allegations set forth in HMD's motion.

---

[1] To the extent that CCE's response to the motion to transfer raises facts based on CCE's knowledge and on which discovery would be appropriate, CCE expressed that it would be willing to consider in good faith requests for venue-related discovery at that time.

## II.     Argument and Authorities

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978). "[B]ecause the Rules favor broad discovery, jurisdictional discovery should only be denied where it is impossible that the discovery 'could ... add[ ] any significant facts' that might bear on the jurisdictional determination." *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)). "Since evidence of jurisdictional facts is often largely or wholly in the possession of an adverse party, broad jurisdictional discovery also ensures that jurisdictional disputes will be 'fully and fairly' presented and decided." *Id*.

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

### A. CCE Requires Venue Discovery to Fully and Fairly Respond to HMD's Motion to Transfer

Here, discovery is necessary to test the veracity and completeness of the factual allegations presented in HMD's motion. Indeed, venue discovery is the only avenue for CCE to fully respond to HMD's motion. HMD filed its motion and the declarations of each of its four declarants under seal. (Dkt. Nos. 38, 38-1-5). HMD contends that facts contained therein are confidential. As such, CCE is unable to verify the assertions, test the completeness, and gather evidence to respond to the motion through any avenue but discovery. There is an information asymmetry between the parties: without venue-related discovery, CCE can only use publicly-available information to

oppose the motion to transfer venue, whereas HMD has access to both publicly-available and internal confidential (and non-confidential) information to support its motion. As such, CCE's requested venue discovery is required to fully and fairly respond to HMD's venue motion. Allowing venue-related discovery is warranted, as it reduces the parties' information asymmetry. Moreover, because CCE believes that HMD's motion to transfer fails to present a fair and complete recitation of all facts relevant to the Court's venue analysis, CCE should be permitted an opportunity to conduct the "broad jurisdictional discovery" permitted by the case authority. *See, e.g.*, *Blitzsafe Tex. LLC*, 2019 WL 2210686, at *3 (recognizing the need for "broad jurisdictional discovery"). HMD chose to proffer four separate declarants; CCE should not be unfairly constrained by the limits demanded by HMD, which would permit only cursory, superficial examination of its declarants, Rule 30(b)(6) corporate representative deponents, and other local witnesses with ties to HMD, such as Mr. French.

Further, HMD's motion and the declarations cited therein raise more questions than they answer. The declarations generally emphasize favorable facts and minimize or omit unfavorable facts. And CCE is unable to test the completeness and veracity of the declarations outside of discovery. For example, Mr. Ekman's declaration—which cites to no documentation—states that ▇▇▇▇ (Dkt. No. 38-2 at ¶ 5). ▇▇▇▇ HMD's website identifies two locations in the United States and HMD appears to list job postings for positions in the United States. *See* Tice Dec'l at ¶¶ 2, 4. Similarly, Mr. Fryhover's declaration (also citing to no documents) states that HMD America ▇▇▇▇ and has "no offices in the Eastern District of Texas." (Dkt. No. 38-3 at ¶¶ 2, 7). This statement, however, does not go as far to state whether HMD America employs individuals in the Eastern District of Texas. Mr. Angelone declares (again, with no

5

citation to documents) that he ▮▮▮▮ (Dkt. No. 38-4 at ¶ 5). Mr. Angelone provides no indication whether this ▮▮▮▮ is related to the technology at issue in this case or is otherwise relevant. (*See id*.). Likewise, Mr. Angelone provides no information on the location of any person ▮▮▮▮ (*See id*.). Lastly, Christina Hoyos declares (with no citation to documents), for example, that ▮▮▮▮ (Dkt. No. 38-5 at ¶ 4). Ms. Hoyos does not indicate, however, whether ▮▮▮▮ While these examples are not exhaustive, they demonstrate that CCE requires additional, non-public information from each of the four declarants to fully and fairly respond to HMD's motion to transfer venue. Without venue discovery, the declarations are untested by cross-examination and uncorroborated by document production.

### B. CCE Requests Targeted Expedited Venue Discovery.

As shown, discovery is warranted. And the expedited venue discovery that CCE seeks bears specifically on the Court's § 1404 analysis. Particularly, CCE requests the following expedited venue discovery:

1. Depositions limited to 25 total hours on the record. This limited time would allow, for example, for half-day depositions of for the following deponents: each of the four declarants, Barry French, HMD America (each of the foregoing secured through appropriate subpoenas), and a 30(b)(6) deposition to HMD.

2. 8 total interrogatories and 8 document requests directed to HMD.

3. 8 total document requests to HMD America (secured through an appropriate subpoena).

Each of CCE's proposed discovery requests will be directly related to the HMD's venue motion and the Court's § 1404 analysis. CCE seeks discovery to determine who the key witnesses in this matter are, the cost and convenience of those witnesses traveling to the Eastern District of Texas and the Southern District of Florida, the location and format of relevant documents and things, the localized interest of the respective forums. For example, CCE will seek information such as location presence in the United States of HMD, HMD America, and other potentially relevant entities; information related to key witnesses in this matter and their location; the cost and inconvenience of potential key witnesses to travel to the Eastern District of Texas and the Southern District of Florida; and the marketing, use, sale, and importation of the Accused Devices.

CCE proposes that HMD and HMD America respond to and produce documents in response to written discovery requests within <u>fourteen days</u> of service. Further, given that CCE will be required to secure evidence through subpoenas, CCE requests that the Court allow sixty days to complete expedited venue discovery. *See, e.g.*, *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *4 (E.D. Tex. May 22, 2019) (allowing plaintiff to serve third-party subpoenas and ordering venue discovery be completed within sixty days). Lastly, given that the parties negotiated and agreed motion for Discovery Order (Dkt. No. 23) well before HMD injected this new venue issue into the case, CCE requests that its venue-related discovery not count toward the limitations set forth in Paragraph five the Court's Discovery Order (Dkt. No. 24).

### C. CCE's Time to Respond to HMD's Motion to Transfer Venue Should be Extended Pending Venue Discovery.

As stated, above, CCE's proposed venue discovery is necessary to facilitate fair and full adjudication of the parties' venue dispute. As such, CCE respectfully requests the opportunity to complete the expedited venue discovery prior to responding to HMD's venue motion. Specifically, CCE requests that the Court extend the deadline to respond to fourteen days after the close of venue discovery.

Should the Court deny the present motion, CCE alternatively requests that its deadline to respond be extended to seven days after any Court order denying this motion.

### III. Conclusion

For the foregoing reasons, CCE requests that the Court allow expedited venue discovery and extend that period for CCE to respond to HMD's motion to transfer venue (Dkt. No. 38) to fourteen days after the close of venue discovery. In the alternative, should the Court decline to allow expedited venue discovery, CCE respectfully requests that the Court extend the deadline to respond to seven days after any Court order denying this motion.

Dated: September 30, 2020

Respectfully submitted,

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice II
Texas Bar No 24093263
Hunter S. Palmer
Texas Bar No. 24080748

**BRAGALONE CONROY PC**
2200 Ross Avenue

████████████████████████████████████

Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

Attorneys for Plaintiff
**CELLULAR COMMUNICATIONS EQUIPMENT LLC**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on September 23, 2020, all lead and local counsel for CCE and HMD met and conferred on the subject matter of this motion, and continued their discussion via electronic correspondence. Counsel has conferred with opposing counsel in a good faith attempt to resolve the matter without Court intervention, but were unable to each agreement and remain at an impasse. The motion is opposed.

 /s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Docket No.31) entered in this case on August 14, 2020.

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 30, 2020.

 /s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone