IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-0078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § § | |

### DECLARATION OF JERRY D. TICE II

I, Jerry D. Tice II, hereby declare as follows:

1. I am an attorney at the law firm of Bragalone Conroy PC in Dallas, Texas. I am counsel of record for CCE in the above-referenced matter. I am admitted to practice in the State of Texas and the Eastern District of Texas. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2. Shown below is a true and correct copy of an excerpt of the website having an address of hmdglobal.com. This excerpt was taken from the website on September 29, 2020. The border was added to more easily distinguish the excerpt.



3. Shown below is a true and correct copy of an excerpt of the website having an address of https://www.hmdglobal.com/bio/barry-french. This excerpt was taken from the website on September 29, 2020. The border was added to more easily distinguish the excerpt.

## Barry French

**Board Director**

A veteran of the Nokia brand, Barry French joined the board of HMD in November. As Chief Marketing Officer at Nokia, Barry is responsible for Nokia marketing, communications, government relations, industry analyst relations, and corporate responsibility, as well as employee health, safety and security.

Barry started at Nokia in 2006 and played key roles in the creation of Nokia Siemens Networks and its dramatic turnaround starting in 2011. He was also instrumental in the acquisition of Alcatel-Lucent, the revitalization of the Nokia brand, and the development of a high-performance culture and operating model within Nokia.

When he took the reins for the Nokia brand in 2014, Barry drove its transformation into a recognized technology innovation leader. He also serves on the Board of Directors of Nokia Shanghai Bell, Nokia's joint venture company in China.

Barry started his career in political consulting, working with clients in the United States and in more than a dozen other countries who were seeking elected office positions or working to build support for significant policy initiatives.

During his career, he has worked at companies including the Sawyer/Miller Group, Dell, Raytheon, and United Airlines. He has a Master's degree in International Affairs from Columbia University's School of International and Public Affairs, New York.

Barry has been married to his wife Karen for almost 30 years. He enjoys running, hiking in the mountains trying to keep pace with his three young-adult children and two golden retrievers. He and his family have lived in Helsinki, London, and are currently settled down Dallas, Texas.

4.       Shown below is a true and correct copy of an excerpt of the website having an address of https://www.linkedin.com/jobs/view/2011663813/?refId=1617289251601416833989. This excerpt was taken from the website on September 29, 2020. The border was added to more easily distinguish the excerpt.



5. Shown below is a true and correct copy of an excerpt of a September 28, 2020 letter from counsel for HMD to counsel for CCE. The border was added to more easily distinguish the excerpt.

> **2. Potential Expedited Discovery Regarding Transfer**
>
> Your letter misstates our view on expedited discovery regarding our transfer motion, so we will state it again: although HMD Global does not believe that expedited discovery is necessary regarding our motion to transfer, and that the Court can and should grant our motion based on what we have presented so far, in response to CCE's request for expedited discovery regarding our transfer motion, we indicated that we would be willing to avoid burdening the Court with motion practice by agreeing to limited expedited discovery applicable to both CCE and HMD Global. Of course, discovery regarding transfer cannot interfere with discovery regarding standing, which must take precedence as a jurisdictional issue. Although a sensible allocation of resources would put standing discovery ahead of transfer discovery, as a compromise and to avoid motion practice, we are willing to do both of them at the same time.
>
> We stand by our previous offer to avoid motion practice by agreeing to expedited discovery regarding transfer, which each side limited to two document requests, two interrogatories and four hours of 30(b)(6) deposition testimony on the issues raised by the pending motion to transfer and declarations in support thereof. These issues are well defined, and further discovery would appear to be solely for the purpose of adding expense to the litigation. In addition, since you have raised the issue, we should confirm that while we can discuss an agreement including interrogatories and a 30(b)(6) notice to HMD Global, we cannot say the same for HMD America, Inc. CCE chose not to include HMD America as a party to this litigation, and that choice has consequences, among them that CCE cannot serve interrogatories on HMD America, but must seek documents or testimony through a subpoena, as we have done with Acacia Research Corporation.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on September 30, 2020          /s/ Jerry D. Tice II
                                        Jerry D. Tice II