# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

**OPPOSITION BY DEFENDANT HMD GLOBAL OY
TO MOTION FOR EXPEDITED DISCOVERY AND TO EXTEND TIME
<u>TO RESPOND TO MOTION TO TRANSFER VENUE</u>**

# **TABLE OF CONTENTS**

**Pages**

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.     CCE Files Its Complaint; HMD Global Files Its Motion to Transfer Venue . . . . . . . . . . 1

B.     CCE Seeks to Delay Its Opposition, and Declines to Negotiate with HMD Global. . . . . 2

C.     Despite Asking the Court for "Expedited" Discovery, CCE Seeks No Discovery . . . . . 3

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     CCE Fails to Show That It Is Entitled to Expedited Discovery. . . . . . . . . . . . . . . . . . . . . . 3

      A.     CCE Fails to Demonstrate That Its Requested Venue Discovery Will Produce Any Information Relevant to the Issue of Venue. . . . . . . . . . . . . . . . . . . 4

      B.     CCE's Discovery Is Neither Narrowly Drawn nor Properly Tailored. . . . . . . . . . 5

II.     The Court Can Revisit This Issue After Briefing Is Complete. . . . . . . . . . . . . . . . . . . . . . 6

III.     The Court Should Not Allow CCE to Delay Its Own Factual Submission. . . . . . . . . . . . 7

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# **TABLE OF AUTHORITIES**

*Cases*                 **Pages**

*AGIS Software Dev., LLC v. ZTE Corp.*,
    No. 17-517, 2018 WL 4854023 (E.D. Tex. Sept. 28, 2018) . . . . . . . . . . . . . . . . . . . . . 4, 5

*Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp. et al.*,
    No. 17-430, 2019 WL 2210686 (E.D. Tex. July 22, 2019) . . . . . . . . . . . . . . . . . . . . . 5, 6

*In re HP Inc.*,
    No. 19-696, 2020 WL 5523561 (Fed. Cir. Sept. 15, 2020) . . . . . . . . . . . . . . . . . . . . . . . 5

*Kennedy v. Full Tilt Poker*,
    No. 09-7964, 2010 WL 1709842 (C.D. Cal. Apr. 26, 2010) . . . . . . . . . . . . . . . . . . . . . . 4

*Level Sleep LLC v. Dormeo N. Am., LLC*,
    No. 18-120, Docket No. 38 (E.D. Tex. June 26, 2018) . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Luminati Networks Ltd. v. BIScience Inc.*,
    No. 18-483, 2019 WL 2084426 (E.D. Tex. May 13, 2019) . . . . . . . . . . . . . . . . . . . . . . . 7

*SEVEN Networks, LLC v. Google LLC*,
    No. 17-442, Docket No. 107 (E.D. Tex. Dec. 21, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Via Vadis, LLC v. Netgear, Inc.*,
    No. 14-809, 2015 WL 10818675 (W.D. Tex. July 30, 2015) . . . . . . . . . . . . . . . . . . . . . 7

*Rules*

Fed. R. Civ. P. 6(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 30(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 33(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 34(b)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 36(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

# INTRODUCTION

In its motion to transfer venue, HMD Global established that it has no connection to this District at all, that plaintiff CCE has no connection to this District beyond a mail drop, and that the proper forum for this dispute is in Miami, Florida, the headquarters of HMD America, Inc., a non-party to this action but HMD Global's primary distributor in the United States. Desperate to avoid responding to this motion, CCE chose instead a strategy of delay: although CCE can serve discovery at any time, it asked this Court for "expedited" venue discovery and a long delay of its opposition brief, but failed to serve *any actual venue-related discovery* on HMD Global or non-party HMD America. CCE's behavior makes sense only if CCE does not really care about venue discovery, but seeks only to postpone its response. CCE's motion includes only two examples of a connection to this District—a member of HMD Global's board and an HMD America job posting—both of which are from the *Northern* District of Texas, not this one, and are thus irrelevant to the Court's analysis. CCE suggests other possible lines of inquiry, but they will be equally irrelevant and thus cannot justify further postponement of CCE's brief. The Court should not allow delay cloaked as discovery, and should deny this motion.

# BACKGROUND

**A.     CCE Files Its Complaint; HMD Global Files Its Motion to Transfer Venue**

On March 17, 2020, CCE filed its complaint against HMD Global Oy, a Finnish corporation. Docket No. 1. On August 10, 2020, CCE effected service on HMD Global through the Hague Convention. Docket No. 30. On September 21, HMD Global filed a motion to dismiss, Docket No. 36, and on September 22, HMD Global filed a motion to transfer this action to the Southern District of Florida. Docket No. 38. HMD Global's motion to transfer explained that "the only HMD in America is HMD America, and HMD America's operations are in

Miami," and, as a result, "[k]ey non-party witnesses at HMD America are located in Miami, Florida" and "[d]ocuments concerning HMD America's import, sale, and testing in the United States are located in HMD America's offices in Miami." *Id.* at 4, 8; Docket No. 38-4 § 6; *see generally* Docket No. 38 §§ C, III.A-B.  HMD Global also explained that CCE "has no employees in this District and conducts no business here other than litigation," that "CCE has disclosed no witnesses" here, and that "CCE's filings with the Texas Secretary of State show that, since its formation in 2013, CCE's officers have worked in Newport Beach, California, the headquarters of CCE's ultimate corporate parent, Acacia Research Corporation."  Docket No. 38 at 2, 3; *see generally id.* §§ B, III.A.

**B.     CCE Seeks to Delay Its Opposition, and Declines to Negotiate With HMD Global**

In response to HMD Global's motion to transfer, CCE asked for broad venue-related discovery, including "eight interrogatories and eight requests for production each to HMD and HMD America, and 25 total hours of deposition" including depositions of each declarant and "a 30(b)(6) deposition of both HMD and HMD America."  Declaration of Gabriel A. Peixoto ("Peixoto Decl.") ¶ 2.  CCE asked HMD Global to agree "that expedited discovery be complete within forty-five days" and that "the deadline to respond to HMD's venue motion be fourteen days after expedited discovery closes," thus giving CCE at minimum a fifty-nine-day extension of its opposition.  *Id.*  Although HMD Global did not want to delay its motion to transfer, it nonetheless offered to negotiate a reasonable amount of venue discovery.  Docket No. 43-2 ¶ 5.  CCE declined to negotiate and instead filed its motion, seeking *more* discovery and *more* delay than it originally proposed to HMD Global.  Mot. at 6-7.  CCE added one name to its list of deponents, left open the door to adding even more names, and most importantly gave itself fifteen *more* days of delay, asking the Court not for 45 days but for "sixty days to complete

expedited venue discovery," *id.* at 7, plus an additional "fourteen days after the close of venue discovery" to file its opposition brief. *Id.* at 8. CCE thus seeks, for its "expedited" discovery, a leisurely seventy-four days from the Court's order. If the Court granted CCE's motion the day after this opposition, CCE would total an eye-popping *ninety-seven days* to oppose HMD Global's motion to transfer, putting its opposition date on December 28.

C.  **Despite Asking the Court for "Expedited" Discovery, CCE Seeks No Discovery**

Discovery in this action has been open since August 4, *see* Docket No. 24, and CCE could have, and still can, serve discovery on HMD Global at any time. Indeed, HMD Global has recently served discovery requests on CCE and non-party Acacia Research Corporation regarding its motion to dismiss for lack of standing, and CCE has recently served unrelated discovery requests on HMD Global. But CCE has served *none* of the discovery it purports to seek from this Court on an "expedited" basis: not a subpoena to non-party HMD America for documents and depositions, not individual subpoenas on the four declarants, and not interrogatories or deposition subpoenas to defendant HMD Global. In the three weeks since HMD Global moved to transfer, and the four weeks since HMD Global told CCE it would do so, CCE could have obtained responses and objections to a subpoena under Rule 45, and could be close to the same regarding interrogatories to HMD Global, without bothering the Court. But CCE has served none of this discovery on HMD Global or HMD America.

**ARGUMENT**

I.  **CCE Fails to Show That It Is Entitled to Expedited Discovery**

"This Court will entertain motions for venue discovery where the plaintiff demonstrates that discovery could or will be useful in addressing the issue of venue and shows the Court that such discovery is narrowly drawn and properly tailored to open questions unable to be addressed

by publicly available information." *AGIS Software Dev., LLC v. ZTE Corp.*, No. 17-517, 2018 WL 4854023, at *3 n.3 (E.D. Tex. Sept. 28, 2018). CCE meets neither requirement here. "A shorter or longer time for responding may be . . . ordered by the court," Fed. R. Civ. P. 36(a)(3) (for requests for admission); *see also* 33(b)(2) (for interrogatories); 34(b)(2)(A) (for production of documents and things); but, "[t]o obtain an order shortening the response time, a party must show good cause." *Kennedy v. Full Tilt Poker*, No. 09-7964, 2010 WL 1709842, at *1 (C.D. Cal. Apr. 26, 2010) (citations omitted). Similarly, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). CCE has not shown good cause to modify the discovery response or motion response deadlines here.

    A.    **CCE Fails to Demonstrate That Its Requested Venue Discovery Will Produce Any Information Relevant to the Issue of Venue**

To obtain venue discovery, a plaintiff must show that it "could or will be useful in addressing the issue of venue." *AGIS Software*, 2018 WL 4854023, at *3 n.3. CCE fails this test, because it fails to explain how this discovery will make one cent of difference to this Court's venue analysis—and, indeed, its examples confirm that it will not. CCE's poster child for venue discovery is a "local individual" named Barry French, who CCE states "is a Director on HMD's Board" (true) who has relevant "knowledge related to the marketing of the Accused Devices" (false). Mot. at 2. His knowledge does not matter, though, because public information confirms that Mr. French lives in Winnetka Heights, Oak Cliff, Dallas County—which is in the Northern District of Texas, not this one. *See, e.g.*, https://archive.is/e5rau; https://archive.is/EfNeL; https://archive.is/3p9i2. Similarly, CCE makes much of a job posting for HMD America—but that posting refers to Dallas, which is still in the Northern District and not this one, and also states that the role could be out of state. Docket No. 43-2 ¶ 4. While CCE

(based in California) and its counsel (based in Dallas) can mix up Dallas with this District, this Court cannot: as HMD Global explained in its motion to transfer, the "'comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums.'" Docket No. 38 at 7 (quoting *In re HP Inc.*, No. 2020-140, 2020 WL 5523561, at *3 (Fed. Cir. Sept. 15, 2020)).

The rest of CCE's claimed justification for its strategy of delay comes from strained readings of the declarations submitted by HMD Global—the kind of reading only possible from an attorney, motivated by a need to gin up conflict to support a motion. Mot. at 5-6. Although the hairs CCE splits are fine indeed, HMD Global is happy to submit supplemental declarations to clear them up should the Court be so inclined. But CCE's nit-picking—does "no offices in the Eastern District of Texas" mean no employees? (yes, it does)—cannot suffice to justify the massive discovery CCE requests from the Court on an expedited basis (but has not served or attached to the motion).

### B. CCE's Discovery Is Neither Narrowly Drawn nor Properly Tailored

In addition to showing its usefulness, CCE must also show that "discovery is narrowly drawn and properly tailored." *AGIS Software*, 2018 WL 4854023, at *3 n.3. CCE does not even try, because it has neither served the discovery it claims is so urgent, nor even attached it to its motion, as others have done for this Court. *See, e.g.*, *Blitzsafe Texas LLC v. Mitsubishi Elec. Corp.*, No. 17-430, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (granting venue discovery consistent with the "exemplary document requests and deposition notices" attached to the motion); *SEVEN Networks LLC v. Google LLC*, Case No. 17-442, Docket. Nos. 77, 77-6, 77-7, 107 (E.D. Tex.) (same); *see also Level Sleep LLC v. Dormeo N. Am., LLC*, Case No.

18-120, Docket Nos. 31, 31-3 to 31-7, 38 (E.D. Tex.) (same). Having failed to do the work of the plaintiffs in these cases, CCE cannot benefit from their rulings.

Even ignoring CCE's failure to attach exemplary discovery requests, the amount of discovery CCE seeks is wildly overbroad. CCE seeks "eight interrogatories and eight requests for production each to HMD and HMD America, and 25 total hours of deposition" including depositions of each declarant and "a 30(b)(6) deposition of both HMD and HMD America." Peixoto Decl. ¶ 2. CCE's request is far out of proportion to this case, and far beyond what courts have ordered in larger and more complex cases. *See, e.g.*, *Blitzsafe*, 2019 WL 2210686 ("up to ten hours to depose [defendant's] 30(b)(6) witnesses"); *Level Sleep*, Case No. 18-120, Docket Nos. 31, 31-3 to 31-7, 38 (eight requests for production, one request for admission, four interrogatories and two four-hour depositions). CCE appears to be setting a high anchor in the hope that the Court will split the difference by entering an order allowing some discovery, although likely still too much. The Court should not reward this tactic by doing so, but should deny the motion outright.[1]

## II. The Court Can Revisit This Issue After Briefing Is Complete

Denying CCE's motion will not prevent CCE from taking venue discovery. In fact, CCE can take venue discovery *now*, but has failed to do so, revealing its true strategy to be one of delay. *See supra* § B. The Court should allow the briefing cycle to complete, can review the

---

[1] CCE also "requests that its venue-related discovery not count toward the limitations" in the Discovery Order, Mot. at 7, even though the parties agreed to that "[e]ach side may question fact witnesses for a total of 100 hours, including all fact depositions under Rule 30(b)(1) and/or Rule 30(b)(6) as well as all third-party depositions under Rule 45," limits intended to cover all discovery in the case. Docket No. 24 ¶ 5. CCE surely understood that a transfer motion was a possibility when it filed this case, let alone when it negotiated these limits, and its claims of surprise ring hollow. If CCE believed that the discovery limits should be higher to allow for venue discovery, the time to ask was when the parties submitted the discovery order to the Court.

papers in full then, and decide whether it needs additional discovery to make a ruling. *See, e.g.*, *Via Vadis, LLC v. Netgear, Inc.*, No. 14-809, 2015 WL 10818675, at *2 (W.D. Tex. July 30, 2015) (after conclusion of briefing, denying additional discovery "because both the private- and public-interest factors favor transfer."); *Luminati Networks Ltd. v. BIScience Inc.*, No. 18-483, 2019 WL 2084426, at *8 (E.D. Tex. May 13, 2019) ("Accordingly, the motion to transfer is denied. Consequently, Luminati's motion for venue discovery is denied as moot."). HMD Global believes its facts are strong and that CCE's will be weak; CCE evidently believes the same thing, because it is doing everything it can to slow its submission. The Court cannot know, however, whether HMD Global is correct. The only way to know is to complete the briefing and, if necessary, revisit this question then.

**III.     The Court Should Not Allow CCE to Delay Its Own Factual Submission**

Should the Court decide to delay CCE's opposition to allow for discovery, it should do so only for the portion of the brief regarding HMD Global's presence in this District. HMD Global's motion to transfer also explained in detail how CCE has no connection to this District, and is truly based in Newport Beach, California. *See* Docket No. 38 at 2-4; *see generally id.* § B. CCE needs nothing from HMD Global to respond to these points, and should not benefit from further delay. If the Court does decide to delay CCE's opposition to allow discovery, that delay should apply only to CCE's arguments about HMD Global, and not to CCE's arguments about itself. The Court would thus prevent prejudice to HMD Global through further delay of CCE's opposition regarding itself, while imposing no prejudice on CCE.

## CONCLUSION

For the foregoing reasons, HMD Global respectfully requests that the Court deny CCE's motion, Docket No. 43, in its entirety.

Date: October 14, 2020                                      Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas, 75701
+1 (903) 705-1117
+1 (903) 581-2543 facsimile
ddacus@dacusfirm.com

Matthew S. Warren (California Bar No. 230565)
Jen Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-78@cases.warrenlex.com

*Attorneys for HMD Global Oy*

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of October, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Deron R. Dacus*
Deron R. Dacus