# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 2:20-cv-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § | |
| Defendant. | § § | |

**PLAINTIFF CCE'S REPLY IN SUPPORT OF ITS MOTION FOR EXPEDITED VENUE DISCOVERY AND TO EXTEND TIME TO RESPOND TO MOTION TO TRANSFER VENUE**

███████████████████████

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT AND AUTHORITIES .................................................................. 1

    A.   CCE's Requested Discovery is Relevant and Properly Tailored. ........................ 1

    B.   Any Delay is the Result of HMD's Litigation Tactics. ........................................ 3

    C.   Seeking Non-Expedited Venue Discovery Now is Shortsighted. ......................... 4

    D.   HMD's Suggestion of Briefing this Issue Piecemeal and on a Woefully Deficient Factual Record is Inefficient and would Unnecessarily Burden the Court. ............ 4

    E.   CCE's Deadline to Respond to HMD's Transfer Motion Should be Extended Pending Venue Discovery. ....................................................................................... 5

## I. INTRODUCTION

CCE seeks targeted discovery into the venue issues so that it may fully and fairly respond to the highly suspect factual assertions in HMD's motion to transfer. In its response, HMD either ignores or attempts to explain-away and backfill with attorney argument CCE's many non-exhaustive examples of why HMD's motion and declarations necessitate discovery. HMD argues that the publicly available information that CCE uncovered suggests that HMD's presence in Texas is focused on the *Northern* District, rather than the Easter District, all while ignoring the obvious inconsistency with its previous representation that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. No. 38 at 2). Nevertheless, HMD's argument misses the mark: HMD's witnesses in Texas, including those in the Northern District, are highly relevant to the Court's §1404 analysis. HMD's response merely highlights that HMD failed to correctly analyze the §1404(a) factors, further demonstrating CCE's legitimate need for venue discovery. Moreover, after conceding in the parties' conferences that at least some venue discovery was appropriate – and that a commensurate extension of the response date for the motion was also warranted – HMD now attempts to mislead the Court as to the parties' prior positions by submitting a self-serving attorney declaration that selectively excerpts the parties' correspondence instead of simply attaching the actual letters.

## II. ARGUMENT AND AUTHORITIES

**A. CCE's Requested Discovery is Relevant and Properly Tailored.**

HMD represented that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 38 at 2. CCE's motion for venue discovery detailed that this is highly unlikely based on publicly available information. (Dkt. No. 43-2, ¶¶ 2-4). For this reason alone, CCE is entitled to venue discovery to determine HMD's presence in the United States. HMD ignores its

1

irreconcilable representation and states that the limited public information indicates HMD has a presence in *Dallas*, which is, of course, a "next-door neighbor" to this District.[1] Notwithstanding HMD's dissembling attempts at misdirection, CCE is entitled to discovery so that it can present the full picture of HMD's U.S. presence.

Moreover, the location of Texas witnesses (whether in Dallas, Plano, Frisco, or Marshall) is highly relevant. In a §1404 analysis, a court considers, among others, two distinct factors: (1) the cost of attendance for willing witnesses and (2) the availability of compulsory process to secure the attendance of unwilling witnesses. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). For the first factor, the Fifth Circuit[2] established a 100-mile rule: "'when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *Uniloc 2017 LLC v. Google LLC*, No. 2:18-CV-00504-JRG-RSP, 2020 WL 3064460, at *6 (E.D. Tex. June 8, 2020) (quoting *In re Volkswagen AG*, 371 F.3d 201, at 204–05 (5th Cir. 2004)) (analyzing whether witnesses "reside or work in ***or near***" a venue (emphasis added)). Miami is much more than 100 miles from Marshall, and it is more convenient for Dallas witnesses to travel to Marshall than it would be for them to travel to Miami.

Second, under the compulsory process factor, this Court has authority to issue compulsory process to secure the attendance of witnesses living in Texas, including Dallas; a Florida Court does not. *See* Fed. R. Civ. P. FED. R. CIV. P. 45 (a court may command attendance at trial located

---

[1] Unfortunately, this is not the first time that HMD has taken considerable "liberties" with the facts. HMD unequivocally stated in its Response that "CCE has no connection to this District beyond a mail drop." (Dkt. No. 50 at 1). As CCE will demonstrate in its Response to the transfer motion, HMD's statement is unquestionably false.

[2] Fifth Circuit law applies. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009).

within 100 miles of a witness or located within the state of the witness.).

Further, HMD mostly ignores open questions of the declarants or attempts to backfill information with more attorney representations. But CCE is not "nit-picking"; there are many significant open issues. In light of the many issues, CCE's request for deposition time is extremely tailored, given that HMD's own actions require CCE to depose at least six people (four declarants, HMD, and HMD America). Further, HMD's requests for interrogatories is also required to fairly understand HMD's assertions related to, for example: HMD's locations and employees; HMD America's locations and employees; identification and location of sellers and distributors of the Accused Devices; the marketing of the Accused Devices; the location and identification of any testing of the Accused Devices; ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (see Dkt. No. 38-4 at ¶ 5); ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ what, if any, documents exist in Miami (see Dkt. No. 38-5 at ¶ 5, "Any documents . . . are located in HMD America's offices in Miami"); the identification, location, and role of "third parties" that perform marketing (See Dkt. No. 38 at 4); whether the "Nokia-branded devices" are accused products. While CCE should not be required to exhaustively reveal its deposition outline merely to obtain discovery, suffice to note that the list of legitimate topics and areas of inquiry is extensive. These open issues were injected by HMD into this case, and HMD cannot now be heard to argue that CCE is not entitled to a clear factual record.

**B. Any Delay is the Result of HMD's Litigation Tactics.**

CCE filed this case on March 17, 2020 (Dkt. No. 1) and served HMD on May 20, 2020. (see Dkt. No. 15 at 3).[3] After filing two meritless and serial motions to dismiss (Dkt. No. 8, 36)

---

[3] HMD alleged that service was improper in its motion that it later withdrew. (Dkt Nos. 8, 30). Nevertheless, service had no impact on HMD's ability to move to transfer venue earlier.

3

and withdrawing one after briefing (Dkt. No. 30), HMD filed its motion to transfer venue (Dkt. No. 38) over six months after the complaint. Yet HMD now has the audacity to argue that CCE is engaging in "a strategy of delay" merely because it seeks appropriate venue discovery.

As discussed in the motion, CCE's proposed discovery timeline is consistent with what the Court has previously ordered. But CCE is not opposed to expediting the timeline further: If HMD and non-parties are willing to fully respond to written discovery, produce all documents, and thereafter sit for depositions on a more expedited schedule, that would be acceptable to CCE.

### C. Seeking Non-Expedited Venue Discovery Now is Shortsighted.

HMD filed its motion to transfer on September 22, 2020, thereby, for the first time, necessitating venue discovery. (Dkt. No. 38). CCE's deadline to respond was 14 days. (L. R. CV-7(e)). Even if CCE served discovery on HMD and non-parties the very next day, CCE would not have received any information before its response date. Nor would it have received the critical deposition testimony noted above. When HMD refused CCE's reasonable discovery requests, CCE did the sensible, appropriate thing and promptly sought permission from the Court for venue discovery and an extension of time to respond.

### D. HMD's Suggestion of Briefing this Issue Piecemeal and on a Woefully Deficient Factual Record is Inefficient and would Unnecessarily Burden the Court.

HMD suggests two ways to modify the briefing schedule, but both are inefficient and are unlikely to allow the Court to rule on HMD's motion to transfer any faster. First, HMD suggests that the parties continue briefing piecemeal. While HMD offers no specifics, it appears this would require two responses, two replies, and two sur-replies, nearly doubling the number of briefs that the Court would consider. Furthermore, the Court would still likely not rule until all briefing is complete. The only result of this strategy would be additional burdens on the Court as well as the parties in requiring multiple, piecemeal briefs.

4

Next, HMD proposes that the Court take a wait-and-see approach while the parties brief this issue on an incomplete factual record. But the most likely result of this approach would be that (1) the Court would order venue discovery at a later time, further delaying resolution, or (2) (and more likely) the Court would deny HMD's motion on the incomplete factual record.

### E. CCE's Deadline to Respond to HMD's Transfer Motion Should be Extended Pending Venue Discovery.

Because expedited venue discovery is appropriate, CCE should be permitted to complete that discovery before responding to HMD's motion to transfer. With its response, HMD submits an attorney declaration that selectively excerpts only a portion of the parties' correspondence. However, after full review of the parties' correspondence, the Court will note that HMD recognized that expedited discovery was proper and, therefore, that an extended briefing scheduling was appropriate. *See* Exs. A-C. The Court previously extended the deadline for CCE's response brief to October 16, 2020. (Dkt. No. 44). CCE respectfully requests that the Court further extend the deadline to respond to HMD's motion to transfer (Dkt. No. 38) until fourteen days after the close of expedited venue discovery.

Dated: October 15, 2020

Respectfully submitted,

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice II
Texas Bar No 24093263
Hunter S. Palmer
Texas Bar No. 24080748

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W

5

███████████████████████████████████

Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

Attorneys for Plaintiff
**CELLULAR COMMUNICATIONS EQUIPMENT LLC**

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Docket No.31) entered in this case on August 14, 2020.

/s/ *Jerry D. Tice II*
Jerry D. Tice II

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 15, 2020.

/s/ *Jerry D. Tice II*
Jerry D. Tice II