# EXHIBIT A

**WARREN LEX** LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

September 24, 2020

**By Electronic Mail**

Jerry D. Tice II
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
jtice@bcpc-law.com

Re:   Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas)

Dear Jerry:

I write to follow up on yesterday's meet and confer call, and to confirm our understanding of what the parties have agreed to.

█████████████████████████████████████████

As we wrote in our motion, we seek discovery regarding the threshold issue of standing.  As you know, the plaintiff must have standing to maintain its suit and bears the burden of establishing that it has standing.  In addition to our motion to dismiss, as you know ████████████████████████ ████████████████████████████████████████ and we have indicated that we would also like expedited discovery regarding that motion once we have your opposition.  (During our call, you stated that we couldn't know whether we needed discovery until we have read your opposition, but that is not correct; we have established sufficient facts from the public record to seek expedited discovery on this issue.)  As a result, there are three pending requests for expedited discovery between us: our request for discovery on the threshold issue of standing, and both your and our requests for expedited discovery on the issue of transfer.

As you know, discovery is open and both CCE and HMD Global can and presumably will seek the discovery we respectively believe appropriate.  The question thus becomes, with regard to the two motions we filed this week, what *expedited* discovery is appropriate.████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

Jerry D. Tice II
September 24, 2020
Page 2

### 2. Documents Requested from CCE by HMD Global

During our call, HMD Global raised two categories of documents missing from CCE's production. We first requested these documents in my correspondence of August 18, 2020.

First, we requested confirmation that all licenses, settlement agreements and covenants not to sue on the patent in suit and its family have been or will be produced, and by when. You confirmed during our call that you have withheld only one such settlement agreement, between ▇▇▇▇▇▇ which you stated you would produce pending ▇▇▇ consent. Today ▇▇▇ informed us that they consented to production of this agreement under Local Patent Rule 2-2 pending resolution of any issues, and you refused to produce the document on this basis, telling them instead to file a motion. If this is correct, then CCE appears to be withholding this document from production, and counting on ▇▇▇ to file a motion that will delay production further. This would be gravely improper, since your sole grounds for objection is ▇▇▇ objection, and ▇▇▇ has no objection to our receiving the document on an interim basis. We expect you will produce all documentation of ▇▇▇▇▇▇▇▇ tomorrow.

In addition, we have reviewed CCE's production, which contains agreements concerning 14 parties. But CCE has brought more than 30 cases against numerous defendants since 2013, all of which were resolved in advance of trial. Likewise we understand that CCE recently settled litigation with TCL on August 20, 2020. *Cellular Commc'ns Equip. LLC v. TCL Corp.*, Case No. 20-80, Docket No. 23 (E.D. Tex. Aug. 20, 2020). Please confirm that CCE has produced all settlement agreements including the patent at issue here or, if it is withholding any agreements, provide an explanation as to what has been withheld and why.

Second, we asked for any and all documents regarding the valuation, payment for or purchase price of the '923 patent. On our call, you mentioned for the first time that documents falling within this category were slated to be produced, but were pending discussions with third party ▇▇▇. We are surprised to learn that CCE has not addressed any concerns of third parties regarding valuation documents by now. Among other things, CCE was aware at the time of the filing of its complaint that such documents would be relevant and discoverable. Indeed, it defies logic that CCE was not obliged to produce these same documents in prior litigations regarding the asserted patent, which date back to at least June 2013. If you are unable to produce these documents in the next two weeks, please provide a fulsome explanation why you are unable to do so, including whether these documents are somehow different than documents produced in previous litigation on the same patent.

While these two categories are the two categories of documents of immediate concern, we note that we have only received 25 documents in total from CCE to date, and no documents have been produced in response to many of the relevant categories of documents requested by my letter of August 25, 2020.

### 3. Discovery Requested by CCE from HMD Global

On the call, CCE raised three issues with HMD Global's document production and/or interrogatory responses.

First, CCE asked for a date certain when HMD Global would produce source code for the accused devices. Our letter of September 23, 2020 had indicated the end of October but CCE requested we go

Jerry D. Tice II
September 24, 2020
Page 3

back to our client and provide a more specific date, in October, when the source code production would be completed. We are checking with our clients and no later than Monday, September 28, 2020 we will send a letter setting forth our expected date on which the production of source code will be completed.

Second, CCE stated that our reference to documents in response to CCE's Interrogatory No. 1 to HMD Global was insufficient because it did not include software build information for the accused devices. We said we thought you were not correct about this, but agreed to double check and report back no later than Wednesday, September 30. We will do so.

Third, CCE asked us to confirm when we would produce HMD Global sales information. As I mentioned in my letter of yesterday, we will do so no later than next week.

Should you disagree with anything I've set forth above, please let us know as soon as possible. Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

/s
Jennifer A. Kash