# EXHIBIT B



Writer's Direct Dial:  214-785-6693
Writer's Email:  jtice@bcpc-law.com

September 27, 2020

**VIA EMAIL**

Jennifer A. Kash
Warren Lex LLP
2261 Market Street, No. 606
San Francisco, California, 94114
jen@warrenlex.com

      Re:    *Cellular Communications Equipment LLC v. HMD Global Oy*, Case No. 2:20-CV-00078-JRG (E.D. Texas)

Dear Jennifer:

      I write in to follow up on our conference of September 23, 2020 and your letter of September 24, 2020.

      CCE understands that HMD does not oppose expedited discovery related to HMD's motion to transfer venue. Given that the HMD's venue motion relies on information from both HMD and HMD America, CCE will seek discovery from both entities. Thus, your proposal of two requests for production and two interrogatories—i.e., one each to HMD and HMD America—is insufficient. Further, HMD's venue motion relies on the personal knowledge of four declarants. As discussed on the conference, depositions to test the veracity a completeness of each declarant's statements is warranted, as is a 30(b)(6) deposition of both HMD and HMD America. These depositions, of course, cannot be completed in four hours. As such, CCE proposes conducting the following expedited discovery: eight interrogatories and eight requests for production each to HMD and HMD America, and 25 total hours of depositions.

      HMD requests expedited discovery related to the motion to transfer venue that it already filed. On the conference, CCE proposed that HMD await CCE's response to determine if expedited discovery is necessary. This is the same approach that HMD took when CCE requested expedited discovery relating to HMD's then-forthcoming motion to transfer venue. Further, HMD represented to the Court that it had sufficient facts to support its motion. And as HMD's Reply may only "respond[] to the issues raised in [CCE's] response" (L. R. 7(f)), CCE does not believe that expedited discovery is appropriate until such issues, if any, come to light. Finally, discovery has been open since August 12, and HMD did not attempt to secure any facts through discovery before filing its motion and representing to the Court that it had sufficient facts to warrant transfer. If HMD believed discovery was necessary, it could have begun seeking the discovery long ago. Likewise,

Jennifer A. Kash
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Page 2

**bc**
**BRAGALONE CONROY PC**

as detailed on the conference, CCE does not believe expedited discovery related to HMD's motion for standing is warranted for at least substantially the same reasons.

As for timing and scheduling, CCE proposes that all responses to interrogatories and production of documents in response to RFPs be provided within fourteen days after service, and that expedited discovery be complete within forty-five days. CCE proposes that the deadline to respond to HMD's venue motion be fourteen days after expedited discovery closes. Likewise, should the Court determine expedited discovery related to HMD's motion to dismiss is appropriate, CCE proposes that the deadline to respond to the motion be fourteen days after expedited discovery closes. Please confirm that this timing and scheduling is agreeable.

Your letter suggested that the parties should seek to avoid burdening the Court with motion practice; CCE agrees. As the parties both agree that expedited discovery is warranted, CCE proposes filing a single joint motion for expedited discovery. Should the parties continue to disagree on the type or extent of expedited discovery warranted, each side may present its position on any narrow disputes within the joint motion. We believe such a joint motion will minimize any burden on the Court.

### HMD's Productions and Discovery Responses

While HMD agrees to, at some point, make source code available for each of the Accused Devices, CCE maintains that HMD was to make this source code for all Accused Products available on August 31, 2020. There is no dispute that HMD did not do so. Thus, as discussed on the meet and confer with all lead and local counsel present, the parties are at an impasse. You agreed to check with your client to determine if HMD could commit to a date certain for completing production of source code for all Accused Devices, and to provide a response by September 28, 2020. While we are at an impasse regarding the timing of your source code production, CCE will consider your response before seeking relief from the Court.

Similarly, HMD's response to CCE's Interrogatory No. 1 is deficient at least because it does not provide software build identifiers for the Accused Devices. As discussed during the conference, CCE disagrees that HMD provided this information. You agreed to reassess and report back by September 30, 2020. CCE will consider HMD's response before seeking relief from the Court.

### CCE's Productions

Apart from the ▮▮▮▮ agreement, CCE produced all relevant, non-privileged settlement agreements that it located after a reasonable search. Should HMD identify any agreements that it believes are missing, we agree to circle back with CCE. You provided such an example in your letter: a TCL agreement. CCE and TCL recently informed the Court that they were still executing a Settlement and Patent License Agreement (*See* TCL Case, Dkt. No. 24). We will circle back with CCE on this issue. For the avoidance of doubt, CCE is not withholding any settlement agreement with TCL and will promptly produce any agreement if and when it comes into existence (subject to any notice provisions in such agreement).

Jennifer A. Kash

Page 3

**bc**

BRAGALONE CONROY PC

    The summary of ▮ position in your letter of September 24 is incomplete. ▮ demands additional protections that CCE believes are unwarranted and improper, including the authority to object to CCE's experts. CCE and ▮ are at an impasse, and ▮ position is delaying the progression of this case. ▮ consented to production of the Agreement under P. R. 2-2 only if CCE agreed to allow ▮ until November 2, 2020 to file a motion. While CCE is agreeable to producing the Agreement pursuant to P. R. 2-2, CCE cannot agree to allow ▮ to continue to stall progression of this case for an additional month. As such, CCE did not agree to ▮ proposal. Frankly, CCE is surprised HMD would agree to ▮ suggested delay, absent some unbeknownst agreement between ▮ and HMD. CCE informed ▮ that it should file any motion by September 30; otherwise CCE produce the Agreement on October 1.

    As CCE detailed during the meet and confer, CCE is diligently working with ▮ to produce ▮ confidential information. CCE was required to provide notice in advance of production. CCE provided notice promptly after the Court entered the Protective Order and has since diligently been working with ▮ to resolve any confidentiality concerns. At least as early as my letter of September 1, CCE informed HMD that it was working through non-party confidentiality issues with respect to conveyance documents. Therefore, that CCE is working to produce information of ▮ a prior owner of the asserted patent, should not come as a surprise. Further, CCE was unable to receive ▮ permission before "the time of filing the complaint," as that was before the Court entered a Protective Order. And CCE fails to see the relevance of whether CCE provided such information to different parties in different matters with different protective orders. As with the ▮ agreement, CCE has been diligent and has been in substantial contact with ▮ CCE agrees to produce the ▮ information as soon as it is able.

    Regards,

*Jerry Tice II*

Jerry D. Tice II

cc:
20-78@cases.warrenlex.com
ddacus@dacusfirm.com