

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

August 25, 2020

**<u>VIA ELECTRONIC-FILING</u>**

The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

    Re:    *Elm 3DS Innovations, LLC v. Samsung Electronics Co., Ltd. et al.,*
           (C.A. No. 14-1430-LPS); *Elm 3DS Innovations, LLC v. Micron Technology, Inc.,*
           *et al.,* (C.A. No. 14-1431-LPS); *Elm 3DS Innovations, LLC v. SK hynix Inc. et al.*
           (C.A. No. 14-1432-LPS)

Dear Judge Hall:

We write on behalf of non-party Apple Inc. in accordance with the Court's Oral Orders dated
August 13, 2020. Apple opposes production of certain highly-confidential Apple business
information (the "Apple Confidential Information") by defendants in each of the underlying
litigations without being afforded limited and reasonable rights and protections with respect to
the parties' use and disclosure of such information. Specifically, Apple has requested that:

    1.  To the extent that a party seeks to disclose any Apple Confidential Information to any
individual pursuant to Sections I.A.5.b (regarding experts or consultants) or I.A.5.f (regarding
"any other person") of the operative Protective Orders, the parties afford Apple the same notice,
disclosure, and consent rights as provided to a producing party under the Protective Orders;[1]
    2.  The parties notify Apple should any Apple Confidential Information appear on any
party's trial exhibit list; and
    3.  The parties use reasonable efforts to seal the courtroom and redact any related transcript
should the Apple Confidential Information be discussed at hearing or at trial; or provide Apple
with reasonable notice before such information is used so that it may intervene.

Absent the parties' agreement to the foregoing requested protections, Apple — as a non-party to
the litigations—has no insight into or rights regarding how Apple Confidential Information is
used, disclosed, or potentially de-designated by the parties in the litigations. Therefore, and for
the reasons set forth below, good cause exists to condition any Order compelling production of
the Apple Confidential Information on the parties' agreement to Apple's requests above.

---

[1] On an August 24, 2020 meet and confer, counsel for Elm agreed that it would provide Apple
with notice before it disclosed any Apple Confidential Information to experts (pursuant to
Section I.A.5.b. of the Protective Orders) or any other person (pursuant to Section I.A.5.f. of the
Protective Orders). This request is therefore no longer at issue.

The Honorable Jennifer L. Hall
August 25, 2020
Page 2

1. **The Apple Documents Subject to Elm's Motion to Compel Contain Highly Confidential Business Information of Apple.**

Elm has requested – and the Defendants have agreed to produce subject to this dispute – highly confidential documents related to Apple's purchase and use of memory component products. In particular, Elm has sought master purchase agreements between Apple and each Defendant and has also demanded purchase orders issued and sold pursuant to these agreements. These agreements span at least fourteen years, and govern the purchase and use of memory components integrated into Apple products. All of the Apple Confidential Information is among Apple's most highly sensitive and protected business information, and Apple would be seriously harmed if its competitors had access to this information. Apple expends significant time and resources to maintain the confidentiality and nonpublic nature of the Apple Confidential Information. Even within Apple, the Apple Confidential Information is not disseminated or accessible except to a small group of Apple employees who maintain its confidentiality. Apple therefore must make every effort to maintain visibility into and control over who has access to its Confidential Information once produced in litigation.

Moreover, Apple routinely requests and is afforded these protections when its confidential information is produced in litigations to which Apple is not a party. Apple responds to dozens of these requests as a non-party every year, and it is exceedingly rare that Apple is unable to reach an informal agreement with the parties regarding such protections.

2. **Apple Lacks Any Insight Regarding the Disclosure and Use of Its Confidential Information by the Parties.**

In refusing Apple's requests, Elm suggests that Apple is already afforded protections under the Protective Orders as a third-party. In its letter brief, Elm states that "[t] he Court's Protective Orders already provide these third parties protection over confidential documents—the same protection afforded the parties' confidential documents produced in these cases. Forcing Elm to agree to different protections demanded by different third parties will lead to confusion that will make it difficult for Elm and the Defendants to meet each third parties' demands." (D.I. 322 at 3.) But the Protective Orders do not confer any rights to Apple; rather, they cover only "any party to this action and any non-party *producing information or material voluntarily or pursuant to a subpoena or a court order* in connection with this action." (Protective Orders, Section I.A.1 (emphasis added).) *See United States v. Dentsply Int'l, Inc.,* 187 F.R.D. 152, 160 n.7 (D. Del. 1999) ("The risk of injury to the owner of confidential information is presumably greater where the owner was never in a position to accept or reject the risk of disclosure of confidential information… the nonparty has never undertaken the risks of disclosure.")

While Apple appreciates that the Apple Confidential Information itself will be subject to the Protective Order, the rights afforded to Defendants as producing parties are insufficient to protect Apple's interests in its Confidential Information.

Apple's requests are essential to protect Apple as a non-party. Without the parties' cooperation, Apple has no visibility into whether or when its Confidential Information may be de-designated, discussed, or disclosed in open court. Apple's supplemental protections are thus necessary to

The Honorable Jennifer L. Hall
August 25, 2020
Page 3

permit Apple any practical possibility of maintaining the confidentiality of its Confidential
Information at hearing and/or at trial.

**3.   It Is Not Sufficient for Defendants to Unilaterally Agree to Apple's Requests Without Elm's Participation or Consent.**

Elm argues that it should not have to comply with Apple's request because "Micron itself could
meet at least some of Apple's demands without Elm's agreement at all." (D.I. No. 322 at 2.) This
may be true with respect to certain of Apple's requests, provided Defendants were willing to
agree to provide notice to Apple of any party's trial exhibit list (to the extent the list includes
Apple confidential Information). But Defendants have not yet all confirmed that they will
comply with this request, nor is their acceptance of Apple's requests without Elm's participation
or consent sufficient to protect the Apple Confidential Information at least with respect to use of
such information in open court.

Specifically, Apple requests that the parties use reasonable efforts to seal the Courtroom and
redact any transcripts when Apple Confidential Information is presented or discussed at hearing
or trial. Absent agreement by Elm, however, Elm may oppose a Defendant's efforts to seal
and/or redact. In such a case, Apple — who would have the strongest interest in maintaining the
confidentiality of the Apple Confidential Information — would lack any notice of or ability to
participate in the dispute. It is only with all the parties' agreement that Apple can be reasonably
confident that the Court will not resolve a dispute regarding the confidentiality of Apple's
Confidential Information without notice to or participation by Apple.[2]

**4.   Apple's Request is Narrowly Tailored.**

Apple's requests are narrowly tailored to be as minimally burdensome as possible on the parties.
For example, Apple's request that it be provided with notice of the inclusion of Apple
Confidential Information on the party's exhibit lists is intended to be a low-burden proxy for
putting Apple on notice that the Apple Confidential Information may be used during pretrial
hearings or at trial. Similarly, by requesting that the parties use reasonable efforts to seal the
courtroom and redact any related transcript if/when Apple Confidential Information is discussed
in open court, Apple foregoes requesting advance notice of any intended disclosure at a hearing.

***

Apple therefore respectfully requests that the Court require the parties to adhere to Apple's
requests for any Apple Confidential Information produced in these actions.

Respectfully,

*/s/ David E. Moore*

David E. Moore

---

[2] In the alternative, Apple requests that the Court order that the parties provide Apple with notice
and the opportunity to object before any Apple Confidential Information is used in open court at
hearing or at trial.

The Honorable Jennifer L. Hall
August 25, 2020
Page 4

DEM:nmt/6850597/50503

cc:      Counsel of Record (via email)