IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | Case No. 2:20-cv-00078-JRG |
| Plaintiff, | § § | |
| v. | § § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § | |
| Defendant. | § § § | |

**REPLY OF NON-PARTY APPLE INC. IN SUPPORT OF
MOTION FOR A SUPPLEMENTAL PROTECTIVE ORDER**

By its motion, non-party Apple seeks three narrowly-tailored safeguards to govern Plaintiff CCE's production of a ▉▉▉▉▉▉▉▉▉▉▉ between CCE and Apple: (1) that Apple be treated as a producing party under the Protective Order such that it receives notice of and an opportunity to object to outside experts or consultants to whom the parties intend to disclose the Apple ▉▉▉ agreement; (2) that the parties notify Apple should the Apple ▉▉▉ agreement appear on a trial exhibit list; and (3) that the parties use reasonable efforts to seal the courtroom and redact any related transcript should the Apple ▉▉▉ agreement be discussed at hearing or at trial. CCE's opposition misrepresents Apple's requests and Apple's negotiations with CCE regarding the requests, ignores the obvious risk of harm to Apple and the good cause that supports Apple's motion, and overstates the burden that Apple's requests would cause the parties. Apple's motion should be granted.

### I.  Apple Risks Significant And Defined Harm If Its Confidential Agreement Is Not Safeguarded By The Proposed Second Supplemental Protective Order.

CCE has produced a ▉▉▉▉▉▉▉▉▉▉▉ agreement between CCE and Apple (the "Apple Agreement").[1] It is not disputed that the Apple Agreement contains sensitive, confidential information of Apple, and it follows that Apple, should be afforded input to whom it is disclosed in this litigation. Indeed, the terms of the Apple Agreement, which were negotiated by CCE and Apple, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (Declaration of Amy Walters in Support of Non-Party Apple Inc.'s Motion for a Protective Order ("Walters Decl.") ¶ 3.)[2]

---

[1] As set forth in the Motion, Apple used "Apple Confidential Information" as shorthand for the Apple Agreement and any other Apple information concerning or relating to the Agreement (for example, confidential ▉▉▉ communications between Apple and CCE) that may be produced in the future. CCE's reference to this as "unspecified 'Apple Confidential Information'" (Opp. at 7) is misleading.

[2] Through its attorneys, Apple previously explained why the information contained in the Apple ▉▉▉ is sensitive and how the disclosure of such information could harm Apple. The Court is entitled to rely on these representations,

Page 1

Case 2:20-cv-00078-JRG Document 61 Filed 10/27/20 Page 3 of 7 PageID #: 1278



## II. The Supplemental Protections Are Narrowly Tailored, Not Burdensome on the Parties, and Supported By The Terms of the Apple Agreement.

CCE vastly overstates the burden on the parties should the Court enter the Second Supplemental Protective Order.[5] Because the burden to the parties is minimal, the supplemental

---

but to the extent the Court believes further support is needed, Apple respectfully submits the attached declaration of Ms. Walters, discussed herein.

[3] That Apple made similar arguments in responding to another disclosure notice does not discount its arguments here. Notably, in that matter, the court found that Apple showed good cause and that the parties should abide by the supplemental protections sought by Apple. *See, e.g. Elm 3DS Innovations LLC v. Micron Technology Inc. et al.* Case No. 1:14-cv-01431-LPS, Dkt. No. 284.

[4] Without Apple having insight into the dexperts disclosed in this litigation, either party could engage a patent holder, inventor, potential licensor, or Apple competitor as an expert.

[5] CCE also ignores that the reason that Apple had to move the Court is that CCE refused to meaningfully engage

protections are narrowly tailored, and the terms are supported by the terms of the Apple Agreement, the Court should grant the Second Supplemental Protective Order.

*First*, Apple requests notice if any party's trial exhibit list identifies the Apple Agreement (or any subsequently produced Apple Confidential Information, *see*, footnote 1, *supra*) as a potential exhibit at trial. Apple does not request that it receive a copy of the trial exhibit list. This protection is intended to be a low-burden proxy for providing Apple with notice that the Apple Agreement may be used at pretrial hearings or at trial so that Apple can independently monitor such usage and intervene as necessary. CCE's argument that it "would be required to properly designate the list" misunderstands the straightforward nature of Apple's request and is misplaced. Apple only requests that the parties provide notice if the Apple Agreement appears on the exhibit list, which is a minimally invasive ask.

*Second*, CCE concedes that it must take reasonable efforts to seal the courtroom to protect all confidential information in this case, and agrees to do so with respect to the Apple Agreement. (Opp. at 8.) This supplemental request therefore does not appear to be in dispute.

*Third*, CCE misconstrues Apple's request regarding expert notice and disclosure rights as a request to "veto" CCE's experts. To the contrary, Apple merely seeks the same rights that it would be afforded under the Protective Order if Apple, rather than CCE, was the producing party of the Apple Agreement. Upon receipt of the notice contemplated in the Protective Order, Apple would only be able to "veto" disclosure of the Apple Agreement to CCE's expert if there was a legitimate objection, **sustained by the Court** after a motion for a protective order. If such an objection is as unlikely as CCE posits in its Opposition, then the burden to CCE is nonexistent. However, the benefits to Apple of maintaining visibility into who has access to its confidential

---

Apple in negotiating the supplemental protections it requested and then filed the first Supplemental Protective Order without first conferring with Apple about its sufficiency.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ information and clearing potential conflicts is significant given the sensitive nature of the Apple Agreement (*see* Section I, *supra*).

Moreover, CCE's discussion of *Koch Refining Co.* provides far too narrow of a view of when an expert may pose a conflict. *Koch Ref. Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996) ("[i]n disqualification cases *other than those in which the expert clearly switched sides*, lower courts have rejected a 'bright-line' rule") (emphasis added). Indeed, courts have excluded experts where those experts would learn information that may later harm a party in the marketplace. See*, e.g. GPNE Corp. v. Apple Inc.*, Case No. 5:12-cv-2885-LHK, 2014 WL 1027948 (N.D. Cal. 2014) (upholding objection to expert because if that expert had access to the confidential information in the litigation, the owner of that confidential information would "suffer extreme prejudice in the marketplace"). Such a concern is compounded where, as here, it is a non-party seeking protection. While Apple understands that it would need to meet a high standard to sustain an objection to a proposed expert, it should not be barred from receiving this disclosure (and the opportunity to object) where, as here, the risk to Apple is very real and the burden to CCE of providing such disclosures is so minimal.

*Finally*, contrary to CCE's assertion in its Opposition, the language of the Apple Agreement (agreed to by CCE) supports the supplemental protections requested by Apple. The Agreement states ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Under the current Protective Order, where CCE, as a litigating party, produces a document marked as HIGHLY CONFIENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, only CCE is entitled to vet the other side's expert before the document is disclosed to them and receives notice before such document is used in Court or at trial. (Dkt. No. 31.) By its motion, Apple requests the same (and

Page 4

no greater) notice and disclosure rights.

***

In view of the foregoing, Apple therefore respectfully requests that the Court enter the proposed Second Supplemental Protective Order attached as an exhibit to the Motion and require the parties to adhere to Apple's supplemental protections for any Apple Confidential Information produced in this action.

Dated:  October 23, 2020

Respectfully submitted,

/s/ *Hannah L. Cannom*
Hannah L. Cannom (SBN 245635)
(*Pro hac vice* forthcoming)
hcannom@wscllp.com
Bethany M. Stevens (SBM 245672)
(*Pro hac vice* forthcoming)
bstevens@wscllp.com
**Walker Stevens Cannom LLP**
500 Molino Street, #118
Los Angeles, CA 90013
Tel:  (213) 337-9972
Fax:  (213) 403-4906

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:melissa@gillamsmithlaw.com

*Attorneys for Apple Inc*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 23rd day of October, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Melissa R. Smith
　　　　　　　　　　　　　　　　　　　　　　　　Melissa R. Smith