**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § § | |
| **Plaintiff,** | § § | **Case No. 2:20-CV-0078-JRG** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **HMD GLOBAL OY,** | § § | |
| **Defendant.** | § § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO NON-PARTY APPLE INC.'S**
**MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER**

Plaintiff Cellular Communications Equipment LLC ("CCE") files this sur-reply in opposition to non-party Apple Inc.'s ("Apple") Motion for a Supplemental Protective Order (Dkt. No. 45) (the "Motion").

# I.      INTRODUCTION

Apple has not shown good cause to obtain the additional protections it seeks. Apple continues to fail two basic requirements for a protective order: (1) it has not identified a clearly defined and serious injury and (2) it provides no evidence to support its request. Instead, Apple repeats generic and unsupported allusions to nonspecific potential harm, with no actual evidence to support its allegations. This is insufficient to show good cause. The existing protective orders provide sufficient protection for all confidential information, including the ███████

██████ Agreement. Accordingly, Apple's motion should be denied.

# II.      ARGUMENTS AND AUTHORITY

## A.  Apple Failed to Identify a "Clearly Defined and Serious Injury."

The law requires identification of a "clearly defined and serious injury" to show good cause for a protective order. *See Van Stry v. McCrea*, 2019 WL 8017842, *1 (E.D. Tex. 2019) ("[Movant] acknowledges that he bears the burden of establishing good cause for a protective order and, in doing so, showing a specific need for protection." (citing, et. al., *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) ("Good cause is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury") (internal quotation marks omitted))). Apple ignores this requirement, simply repeating the unsubstantiated tale that it "would be seriously harmed if patent holders, potential licensors, and Apple's competitors had access to the information contained in the Agreement." Dkt. No. 45 at 2. In its Motion, Apple did not even attempt to explain how such injury could occur. Now, in its Reply, Apple claims it would be harmed if "patent holders, potential licensors, and Apple's competitors" had access to the agreement. *Id.* But even this belated attempt to show harm falls short.

As an initial matter, the existing protective orders expressly prohibit the circumstance to which Apple alludes. For example, the Protective Order expressly states that DESIGNATED

1

███████████████████

MATERIAL, such as the ██████████████ Agreement, may only be used "in the litigation of this Action and shall not be used for any other purpose." Dkt. No. 31 at ¶ 7. As such, Apple has not identified a "clearly defined and serious injury" that the existing protective order fails to address.

Moreover, Apple still has not explained why the ██████████████ Agreement is so sensitive that it requires the special protections it seeks. CCE has already produced 20 other agreements involving third parties in this matter—and none of these third parties sought the extreme additional restrictions that Apple now demands. It is not enough for Apple to generically allege that the terms of the ██████████████ Agreement are "among Apple's most highly sensitive and protected business information." Dkt. No. 45 at 2. Instead, Apple must explain why this is supposedly the case. Apple's form motion with unsubstantiated, generic allegations is insufficient to show "clearly defined and serious injury."

### B. Apple's Arguments Undermine Its Position and Show the Additional Protections Are Unnecessary

Apple misstates CCE's position regarding sealing the courtroom. *See* Reply at 3. CCE does not "concede" to Apple's request; CCE simply notes that sealing the courtroom is already provided for in the Protective Order. *See* Protective Order, Dkt. No. 31 at 3-4. Apple's burden is to show good cause for entering additional protections; because Apple seeks a redundant protection already granted by the Protective Order, Apple cannot reasonably show good cause.

Apple's reliance on *GPNE Corp. v. Apple Inc.* is misguided. Apple argues that *GPNE* stands for the proposition that courts may exclude experts who "would learn information that may later harm a party in the marketplace." Reply at 4. But the facts of *GPNE* make it far narrower than Apple suggests. First, Apple was a party to the patent infringement suit in *GPNE*. *GPNE Corp. v. Apple Inc.*, Case No. 5:12-cv-2885-LHK, 2014 WL 1027948, *1 (N.D. Cal.

2014). Thus, any experts participating in the case would necessarily see numerous Apple confidential documents demonstrating the interworking technical features of Apple's products in order to "testify about how the inventions at issue function." *Id*. at *1. The *GPNE* court granted Apple's objection to one technical expert who regularly offered consulting in the field because the expert would not be able to "cordon off" the vast amount of confidential information the expert would review. *Id*. at *1. Such a circumstance is simply not at issue here; the information at issue is a single agreement that provides no information about Apple technology. Second, Apple ignores the fact that there were two experts at issue—and the court did *not* uphold the objection to the other expert. *Id*. at *2. The court's decision in *GPNE* was based on the specific nature of each of the proposed experts' jobs as compared to the information provided to them. *Id*. For example, the excluded expert was heavily involved in "claim charts" and "reverse engineering," factors that are inapplicable to the ████████████ Agreement. *See id*. at *1. Apple provides no explanation as to how disclosure of the Agreement could equate to any harm, much less the specific harm the court found in *GPNE*.

### C.  Apple Still Has Not Provided Evidence to Support Its Request.

Attorney argument is not evidence, and Apple's failed attempt to cure its lack of evidence is merely a declaration restating the attorney argument presented in its motion.[1] *Compare* Motion, Dkt. No. 45 at 2-3, with Walters Dec., Dkt. No. 59-1 at ¶ 3-11 (using identical language between attorney argument and later declaration). Declarations should not contain attorney argument. *RetroLED Components, LLC v. Principal Lighting Group, LLC*, 6-18-cv-00055, Text Order Granting Dkt. No. 100 (W.D. Tex. August 1, 2020) (Albright, J.) ("[The] declaration

---

[1] CCE's reference to a declaration in its response was to illustrate the bare minimum evidentiary support Apple could have offered; CCE did not provide Apple with an avenue to turn its non-evidence into evidence.

contains either information that should have been part of [the movant's] brief … and attorney argument. Neither is appropriate for a declaration."). Rather, declarations should contain facts. Instead of facts, Apple simply regurgitates the attorney argument presented in the motion and reply briefs. *See* Reply at 2. Because it is not supported with facts, Apple's motion should fail.

### D. CCE Meaningfully Engaged with Apple Regarding the Supplemental Protective Order.

In its Reply, Apple falsely claims that CCE "refused to meaningfully engage Apple in negotiating the supplemental protections" Apple sought beyond the Protective Order. Reply at 2-3, n.5. CCE sent notice to Apple under the terms of the Agreement on August 18, 2020. *See* Dkt. No. 54-3 (CCE Emails with Apple). Through several email exchanges and phone conversations, CCE and Apple discussed the Supplemental Protective Order and Apple's additional requests. *Id.* CCE explicitly discussed the additional requests with Apple in detail, including assurances that CCE would protect the ███████████████ Agreement as required by the entered protective orders. *See id.* at p. 1.

Further, the Supplemental Protective Order was entered into for more than the benefit of Apple. As laid out in CCE's previous response, CCE worked with numerous (indeed most) handset providers in the cellular industry to produce similar agreements under the Supplemental Protective Order, which protects all the confidential information produced by either side in this case. Apple has shown no reason as to why the agreement to which it is a party should be subject to more stringent protections than those of its competitors—all of whom have found the protections of the Protective Orders acceptable.

### III.    CONCLUSION

For the foregoing reasons, Apple's Motion for a Supplemental Protective order should be denied.

Dated: November 2, 2020

Respectfully submitted,

By: /s/ Jeffrey R. Bragalone
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice II
Texas Bar No. 24093263
Hunter S. Palmer
Texas Bar No. 24080748

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

Attorneys for Plaintiff
**CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 2, 2020.

By: /s/ Hunter S. Palmer
Hunter. S. Palmer

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Docket No.31) entered in this case on August 14, 2020.

By: /s/ Hunter S. Palmer
Hunter S. Palmer