# EXHIBIT A



Writer's Direct Dial:  214-785-6693
Writer's Email:  jtice@bcpc-law.com

November 12, 2020

**VIA EMAIL**

Jennifer A. Kash
Warren Lex LLP
2261 Market Street, No. 606
San Francisco, California, 94114
jen@warrenlex.com

      Re:    *Cellular Communications Equipment LLC v. HMD Global Oy, Case No. 2:20-CV-00078-JRG (E.D. Texas)*

Dear Jennifer:

This letter is in response to your November 3, 2020 letter to Mr. Rastegar.

**ARC Requests that HMD Comply with Local Rule 37-1**

Contrary to the implications in your letter, the request for Matt Warren to attend the meet and confer has nothing to do with gender. During the prior teleconferences, you have stated that Mr. Warren "mak[es] the decisions" for HMD on the subpoena and that you lack the authority to reach any compromises. Thus, in order for the conference to constitute "a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," as required by Local Rule 37-1,[1] we believe it necessary for the relevant decision makers to be on the call. Nevertheless, if you choose to exclude Mr. Warren from the call, we expect whoever handles the call for HMD to have the authority to reach compromises.

---

[1] L.R. 37-1 provides that: Prefiling Conference of Counsel. Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located in the same county, the conference must take place in person at the office of the moving party's counsel unless the parties agree to meet someplace else. If both counsel are not located in the same county, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference. The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.



**HMD's Requests Are Overly Burdensome**

Your correspondence inaccurately characterizes the burden created by HMD's requests. As we have explained to you, ███████████████████████████████████ ███████████████ many, if not all, of the individuals who had first-hand knowledge of ████████████ are no longer employed by ARC or its subsidiaries. Restoring the electronic records of former employees is a significant burden.

Moreover, your expectation that ARC search all emails for responsive documents is unduly burdensome and not proportional to the needs of the case. HMD, a party to the underlying litigation, is only required to search for and produce emails under a specific set of circumstances. Among other things, these circumstances require the requesting party to "identify the proper custodians, proper search terms, and proper time frame." http://www.txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf. During our prior meet and confer, HMD stated that it was unwilling to narrow its subpoena by identifying such items. As a general matter, it is unreasonable to expect a third-party, such as ARC, to undertake a greater discovery burden than the parties to the underlying litigation.

**HMD's Requests Stem from a Theory that Contradicts Binding Authority and, Thus, Are Irrelevant**

It is our understanding that HMD contends ARC has the right the license U.S. Patent No. 7,218,923 (the '923 patent). In other words, HMD contends that ARC has ownership rights (i.e., the right to license) in the '923 patent. But as the Federal Circuit has explained, a written instrument is necessary to obtain such rights. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). ARC has never been party to any agreement that assigned it rights in the '923 patent. Thus, by law, ARC does not have the right to license the '923 patent. Accordingly, even if, as you contend, ███████████████████████████████████████ ████████████ No amount of parole evidence or materials regarding the course of dealing can change the fact that, by law, ARC does not have the right to license the '923 patent. As such, the materials covered by Request Nos. 1-12 are irrelevant and intended merely to harass ARC.

**HMD's Requests Are Generally Overbroad**

While ARC has no rights in the '923 patent, we have offered to produce or identify any responsive documents, excluding emails, in ARC's possession, custody, or control that involve the '923 patent. Unfortunately, HMD refused this offer and continues to seek documents that bear no relation to the issue of whether ARC has the right to license the '923 patent.

Requests Nos. 1-4: Your letter contends that "these requests seek documents, including communications,███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ have no bearing on whether ARC has the right to license the '923 patent. To date, HMD has failed to offer a valid explanation for why such materials are relevant to the issue of whether ARC has the right to license the '923

Jennifer A. Kash
Page 3



patent. Third-party ARC should not be expected to produce confidential agreements ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that have no bearing on whether ARC has the right to license the '923 patent. Nevertheless, we note that ARC *does not believe any such agreements exist*. Moreover, for the reasons detailed above, HMD's demand that ARC search all emails for responsive materials is overly burdensome.



Requests Nos. 5-12: Your letter contends that "these requests seek documents and communications concerning any agreement executed by ARC that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Again, aside from your mischaracterization of  ▮▮▮▮▮▮▮▮▮ in these requests, agreements between ARC and third-parties that do not concern the '923 patent have no bearing on whether ARC has the right to license the '923 patent. To date, HMD has failed to offer a valid explanation for why such materials are relevant to the issue of whether ARC has the right to license the '923 patent.

Requests Nos. 13-15: Your letter contends that "these requests seek documents regarding communications regarding actual or potential agreements concerning the '923 patent, ownership of the '923 patent and valuations of the '923 patent or any portfolio including the '923 patent." As we have previously explained, ARC will produce all responsive materials in its possession, custody, or control relating to the ownership of the '923 patent. Moreover, to the extent ARC has valuations concerning the '923 patent, it will either produce such materials or identify such materials on a privilege log. That said, for the reasons set forth above, ARC will not conduct a search of emails in an attempt to locate responsive information.

Requests Nos. 16-17: Your letter contends that "these requests seek documents, including communications, concerning the relationship between ARC and CCE." If HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents related to these requests.

Requests Nos. 18-23: Your letter contends that "these requests seek documents, including communications, concerning the assignment agreement of the '923 patent by AR Group ("ARG") to CCE, the security interest to Starboard Value Intermediate Fund LP ("Starboard"), and the release of that security interest." Notably, this request refers to an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request. Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents responsive to these requests.

Requests Nos. 24-26: Your letter contends that "these requests seek documents, including communications, concerning this litigation and other litigation concerning the '923 patent." If HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents related to these requests. However, ARC notes that, to the extent that there are discoverable materials related to the '923 patent (other than email), it is ARC's understanding that these documents would have already been produced by CCE in the underlying litigation. These requests also appear to be a direct effort by HMD to circumvent the discovery requirements and limitations of the EDTX action.

Jennifer A. Kash
Page 4



**Deposition Topics**

      To date, HMD has declined to confer with ARC regarding the deposition topics. We do not know what you mean by your statement that "we believe that your offers of testimony track your offers of documents," and as such, cannot agree to this broad, general statement. ARC will provide a witness in response to the subpoena, and the witness will testify subject to ARC's objections. ARC will endeavor to make the witness available within two weeks of completing its document production.

Regards,

Jerry D. Tice II

cc:
20-78@cases.warrenlex.com