# EXHIBIT D



Writer's Direct Dial: 214-785-6671
Writer's Email: jbragalone@bcpc-law.com

November 23, 2020

**VIA EMAIL**

Matthew S. Warren
Warren Lex LLP
2261 Market Street, No. 606
San Francisco, California, 94114
matt@warrenlex.com

      Re:    *Cellular Communications Equipment LLC v. HMD Global Oy*, Case No. 2:20-CV-00078-JRG (E.D. Texas) and *HMD Global Oy v. Acacia Research Corporation*, No. 20-mc-___ (C.D. California)

Dear Matt:

    I write on behalf of both Cellular Communications Equipment LLC ("CCE") and Acacia Research Corporation ("ARC") in response to the letter you served last night, November 22nd.

    Please note that I strongly disagree with your characterizations in the first five pages of your six-page missive. ARC has conferred with HMD on numerous occasions and offered many compromises to avoid burdening the courts with these discovery disputes. Yet HMD has rejected each compromise and offered none. Further, the lack of professional decorum in your letter is disappointing and highly unproductive. In an effort to do what I can to maintain civility and professionalism, ARC and CCE will defer any response to your accusations unless and until it is appropriate to do so in Court filings regarding the discovery dispute.

    CCE is aware of no authority that would change the plain and unambiguous language of Paragraph 5 of the Court's Protective Orders in the EDTX case, and you cite to none. As such, CCE will be filing a motion to enforce the Protective Orders. In response to your suggestions, CCE will do so by Wednesday, November 25, and CCE will submit your November 22 letter as an exhibit to that motion. In your letter, you further demand that CCE "commit in [the] motion that, if [HMD] opposes by Wednesday, December 2, [CCE] will reply by Friday, December 4, or waive [the] reply." However, such a commitment would be inconsistent with the EDTX Court's local rules and procedures. Local Rule CV-7(e)-(f) provides a briefing schedule, and Local Rule CV-7(e) requires a separate motion to modify the schedule. Nevertheless, CCE will file its reply brief by Friday, December 4 if HMD files its response by December 2, and will note its intent to do so in the motion.

    Moreover, as you apparently recognize, CDCA local rules do not authorize HMD to violate the Protective Orders in the EDTX case. Based on the Protective Orders in the EDTX case, ARC cannot authorize HMD to file HMD's portions of the joint stipulation because those portions include non-party highly confidential information that are inappropriate for submission to a court in the CDCA.



    Should HMD continue to reject this sensible proposal, CCE will file its motion to enforce the Protective Orders, as noted above. ARC requests that, within three (3) business days after the Eastern District of Texas Court issues an order enforcing the terms of the Protective Orders, HMD agree to provide ARC with an updated joint stipulation that removes all disclosures of Protected Information from the joint stipulation and its exhibits (to the extent that HMD intends to move forward with filing a joint stipulation in a California District Court following such an order). Similarly, in the event that the Eastern District of Texas Court issues an order that permits HMD to proceed with filing its joint stipulation over CCE's objections, ARC will provide inserts within three (3) business days following such a ruling, albeit without waiver of its position that the dispute should be transferred to the Eastern District of Texas Court under Rule 45(f), and subject to ARC's right to so move.

    As you know, HMD and CCE are required to confer before CCE may file its motion to enforce the Protective Orders. Based on your letter last night, we understand that HMD opposes CCE's motion to enforce. Based on Ms. Kash's November 20, 2020 letter, we understand that HMD is unable to meet and confer today (although I am available at various times later today). If you are now available to confer today, please let me know some available times and we will circulate a dial-in number. I am not available tomorrow due to Thanksgiving travel, but I am available at various times on Wednesday, November 25th. If Wednesday works for you and your local counsel, please send me some proposed times. In either case, I look forward to visiting with you further regarding this matter.

                                                      Very truly yours,

                                                      Jeffrey R. Bragalone

cc:    20-78@cases.warrenlex.com
        ddacus@dacusfirm.com