# EXHIBIT G

**WARREN LEX** LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

November 22, 2020

**By Electronic Mail**

Jeffrey R. Bragalone
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201
jbragalone@bcpc-law.com

Re:   HMD Global Oy v. Acacia Research Corporation, No. 20-mc-___ (C.D. California)
      Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas)

Dear Mr. Bragalone:

I write regarding HMD Global's subpoena for documents to Acacia Research Corporation ("ARC"), and in response to your threatening letters of November 20 on behalf of both ARC and its wholly-owned subsidiary Cellular Communications Equipment LLC ("CCE"). Since HMD Global served its subpoena on ARC, ARC and CCE have worked hand-in-glove to delay ARC's inevitable production in response. ARC first refused to produce any documents on the grounds that CCE would do so, even though the subpoena called for documents in ARC's possession, custody and control, and even though CCE conspicuously produced nothing. ARC next raised the spurious argument that, simply because ARC believes its wholly-owned subsidiary, CCE, will ultimately prevail on the standing issue, then HMD Global is entitled to no discovery regarding that issue. Of course, as we explained in previous letters I will not repeat here, that is not how discovery works.

Finally, and on the last possible day it could do so, ARC and CCE both raised the equally spurious argument that the protective order in *Cellular Communications Equipment v. HMD Global Oy*, Case No. 20-78 (E.D. Texas), bars HMD Global from moving to compel production of documents for use in that same action. It is hard to see your assertion of this argument, and especially its timing, as motivated by anything beyond a desire for delay. In response, I want to make one thing as clear as possible, and I hope you will convey this to your clients as well: these tactics will not work. ARC and CCE's evident and strong desire to hide the documents HMD Global seeks has firmly convinced us that these documents must be truly damning to CCE's claim of standing; were it otherwise, ARC would already have produced them instead of fighting like crazy to avoid its legal obligations. We will persist until we get these documents, which will surely provide more evidence to support our standing claims. If ARC wishes to avoid producing them, it should instruct CCE to dismiss the pending infringement case.

1.    **ARC's Strategy of Delay**

      A.    **The Underlying Action**

On March 17, 2020, Cellular Communications Equipment LLC ("CCE") sued HMD Global for infringement of a single patent, U.S. Patent No. 7,218,923 ("the '923 patent"). *Cellular Communications*

*Equipment LLC v. HMD Global Oy,* Case No. 20-78, Docket No. 1 (E.D. Tex.). On August 10, 2020, CCE effected service on HMD Global through the Hague Convention. *Id.*, Docket No. 30.



    **C.**    **HMD Global's Motion to Dismiss for Lack of Standing**

On September 21, 2020, just four days after CCE produced ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ HMD Global moved to dismiss its infringement action on grounds including CCE's lack of standing to sue. HMD Global argued that a plaintiff such as CCE "lacks standing to sue a party who has the ability to obtain such a license from another party with the right to grant it." *WiAV Sols. LLC v. Motorola Inc.*, 631 F.3d 1257, 1266 (Fed. Cir. 2010); *see also, e.g., Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-453, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017). In its motion and reply, HMD Global explained that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ CCE cannot establish that it has the right to exclude others from practicing the '923 patent, and thus lacks standing to sue for infringement. On October 5, 2020, CCE opposed this motion; on October 13, 2020, HMD Global replied; on October 21, 2020, CCE filed a sur-reply. This motion remains pending. The parties filed redacted copies of their briefs in the public record. Docket Nos. 40, 48, 51, and 60.

    **D.**    **The Security Interest**

Publicly available filings further question CCE's standing. A "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404, granted Starboard a security interest in the '923 patent, and referenced a Security Agreement, which CCE has not produced. The "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489, shows that on June 30, 2020, Starboard rescinded its security interest. These agreements may independently undermine CCE's standing in this case. *See Uniloc USA, Inc. v. Apple Inc.*, 784 Fed. App'x 763, 765, 767-68 (Fed. Cir. 2019).

Jeffrey R. Bragalone
November 22, 2020
Page 3

### E. The Subpoena

On September 25, 2020, HMD Global served ARC with a subpoena for documents and things. The subpoena sought documents regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the security interest, including:

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- documents concerning actual or potential agreements concerning the '923, its ownership, or valuations of the '923 or any portfolio including it;
- documents concerning the relationship between ARC and CCE;
- documents concerning the security interest and its release; and
- documents concerning litigation concerning the '923 patent.

On October 9, 2020, ARC served objections and responses to the subpoena, in which it refused to produce a single document.

### F. HMD Global Attempts to Meet and Confer, While ARC Stalls

On October 16, HMD Global sought to meet and confer on the subpoena. October 26, HMD Global and ARC conferred by telephone, and HMD Global followed up with a letter seeking to continue discussions. Following additional letters, on October 30, the parties conferred again by telephone. On November 3, 2020, HMD Global triggered Central District of California Local Rule 37-1 with a detailed letter. After still more letters, ARC agreed to meet and confer on November 13, the last possible day allowed by Local Rule 37-1. The parties conferred by telephone for a third time, but came to no agreement. Throughout this time, through a blizzard of letters and three full meet-and-confer calls, neither ARC nor CCE raised any issue regarding a protective order.

### G. HMD Global Serves its Portion of the Joint Stipulation

On November 16, 2020, HMD Global served its portion of the Joint Stipulation under Local Rule 37-2. Under that Rule, ARC had until Monday, November 23, to return its portion of the stipulation, together with all declarations and exhibits it planned to offer in support of its position.

HMD Global also followed the Central District's requirement that parties "attempt to eliminate or minimize the need for filing under seal by means of redaction." Local Rule 79-5.2.2(b). Because the claims of confidentiality at issue are not HMD Global's, we did not want to be in the position of guessing what claims of confidentiality ARC or CCE might make, instead we provided notice under Local Rule 79-5.2.2(b) that we would file with our joint stipulation documents over which ARC or CCE might make a claim of confidentiality, sent those documents to your firm, which represents both ARC and CCE, and invited you to redact them according to your claim. We further stated that, absent contrary instruction from you, where you had already prepared public versions of documents we would use the same redactions, and where you had previously told us to keep an entire document confidential we would do that again. We asked you to inform us of any other materials you wanted filed under seal, as Local Rule 79-5.2.2(b) requires.

Jeffrey R. Bragalone
November 22, 2020
Page 4

We did all this on Monday, November 16. During that week—the time allotted under Local Rule 37-2.2 for ARC to prepare its portion of the joint stipulation—neither ARC nor CCE mentioned any possible violation of the protective order, even though we had sent you all the materials we planned to file with the Central District of California, as required by Local Rule 37-2.2.

### H. ARC and CCE Make Last-Minute Claims Regarding the Protective Order

On Friday, November 20, 2020, the last business day of before Local Rule 37-2.2 required ARC to submit its portion of the joint stipulation, you sent a letter on behalf of CCE claiming the "Protective Orders in this matter (Dkt. Nos. 31, 35) do not authorize HMD's counsel to disclose confidential information produced by CCE in this Action to a Central District of California court or its personnel. *See* Dkt. No. 31 at ¶ 5. Further, the Protective Orders prevent HMD from using such confidential information in a different Action. *See id*. at ¶ 7." Later that same day, you sent another letter—this time on behalf of both ARC and CCE—repeating your assertion that "that it would be a protective order violation for HMD to file its proposed stipulation with a Central District of California court."

(Somewhat bizarrely, you also said that "HMD cannot relieve itself of its duty to abide by the Protective Orders by requesting that non-party ARC identify and redact information for HMD," but of course that is precisely what Local Rule 79-5.2.2(b) requires us to do: give you the chance to protect your information by telling us where it is, in the same way that HMD Global and CCE have done for filings in the Eastern District. We are confident that upon sober reflection you will realize that you do want us to take on this task, since we are unlikely to divine correctly what you consider confidential.)

Nearly two months after we served the subpoena, this was the first time that either ARC or CCE indicated any belief that the protective order in CCE's infringement action prevents HMD Global from seeking to compel documents relevant to jurisdictional issues in that same case.

### 2. ARC and CCE's Protective Order Claims Have No Merit, and You Should Withdraw Them

ARC and CCE's spurious claims regarding the protective order are designed to prevent HMD Global from moving to compel documents from ARC. As you know, the Central District requires that, "[i]f the allegations made in a prior filing are relevant, a copy of that prior filing should be attached as an exhibit" to HMD Global's filing. Local Rule 37-2.1. The briefing on HMD Global's motion to dismiss and accompanying exhibits, ████████████████████████████████████████ are not merely relevant to HMD Global's motion to compel; they are integral to it. HMD Global thus must submit these materials to the Central District of California, and thus provided them in advance to ARC under Local Rule 37-2.2. If ARC and CCE are correct in their interpretation of the Eastern District protective order, then there is no way for HMD Global to move to compel the documents it needs, even though HMD Global needs those documents in the same Eastern District action covered by the order.

Of course, ARC and CCE are not just wrong about the Eastern District protective order, but dead wrong. Far from a grave violation of the protective order, as ARC and CCE claim it would be in your letters of November 20, what HMD Global contemplates is a routine practice. Parties litigating in the Eastern District of Texas under similar protective orders have repeatedly filed documents confidential under those orders under seal in ancillary actions, with no one raising any issue about this practice because everyone understood that it was completely okay. Here are some examples:

Jeffrey R. Bragalone
November 22, 2020
Page 5

- In *Mobile Telecommunication Technologies, LLC v. Sprint Nextel Corporation*, Case No. 15-183 (E.D. Texas), the protective order included the same language that you claim prevents HMD Global from proceeding with its motion to compel, permitting disclosure of confidential materials to "the Court and its personnel," and limiting use of confidential materials to "prosecuting, defending, or attempting to settle this litigation." *Id.* Docket No. 43 ¶¶ 6.1, 1. But this language did not bar an ancillary action, *Mobile Telecommunications Technologies v. Samsung Electronics Co., Ltd.*, Case No. 16-80012 (N.D. California)*,* in which the movant and respondent both filed information subject to the Eastern District of Texas protective order under seal in the Northern District of California, following the procedures for sealing confidential documents in that Court. *See, e.g., id.* Docket Nos. 6, 16.

- In *Uniloc 2017 LLC v. Google LLC*, Case No. 18-49 (E.D. Texas), the protective order included the same language that you claim prevents HMD Global from proceeding with its motion to compel, permitting disclosure of confidential materials to "the Court and its personnel," and limiting use of confidential materials to "prosecuting, defending, or attempting to settle this Action." *Id.* Docket No. 57 ¶¶ 5(g), 7. Again, this language did not bar an ancillary action, *Google LLC v. Fortress Investment Group LLC*, Case No. 20-32 (S.D.N.Y.), in which the movant filed information subject to the Eastern District of Texas protective order under seal in the Southern District of New York, following the procedures for sealing confidential documents in that Court. *See, e.g., id.* Docket No. 15.

- In *Nexus Display Technologies LLC v. Dell Inc.*, Case No. 14-762 (E.D. Texas), the protective order included the same language that you claim prevents HMD Global from proceeding with its motion to compel, permitting disclosure of confidential materials to "the Court and its personnel," and limiting use of confidential materials to "the litigation of these Actions." *Id.* Docket No. 57 ¶¶ 5(f), 8. Again, this language did not bar an ancillary action, *Dell Inc. v. Acacia Research Group LLC*, No. 15-25 (C.D. California), in which the movant filed information subject to the Eastern District of Texas protective order under seal in the Central District of California, following the procedures for sealing confidential documents in that Court. *See, e.g., id.* Docket No. 12.

- In *Fractus, S.A. v. AT&T Mobility LLC*, Case No. 18-135 (E.D. Texas), the protective order included the same language that you claim prevents HMD Global from proceeding with its motion to compel, permitting disclosure of confidential materials to "the Court, its personnel and stenographic reporters," and limiting use of confidential materials to "use only for the purposes of this litigation." *Id.* Docket No. 75 ¶¶ 5(f), V(A). But this language did not bar an ancillary action, *SBA Communications v. Fractus, S.A.*, Case No. 19-130 (S.D.N.Y.), in which the movant filed information subject to the Eastern District of Texas protective order under seal in the Southern District of New York, following the procedures for sealing confidential documents in that Court. *See, e.g., id.* Docket No. 23.

- In *Cellular Communications Equipment, LLC v. HTC Corporation*, Case No. 13-507 (E.D. Texas), the protective order included the same language that you claim prevents HMD Global from proceeding with its motion to compel, permitting disclosure of confidential materials to "the Court, its personnel and stenographic reporters," and limiting use of confidential materials to "litigating, defending, or attempting to settle this litigation." *Id.* Docket No. 310 ¶¶ 6.6.1(c), 6.1. But this language did not bar an ancillary action, *Cellular Communications Equipment, LLC v.*

Jeffrey R. Bragalone
November 22, 2020
Page 6

> *HTC Corporation*, Case No. 15-2373 (S.D. California), in which the movant filed information subject to the Eastern District of Texas protective order under seal in the Southern District of California, following the procedures for sealing confidential documents in that Court. *See, e.g., id.* Docket No. 1.

In each of those five examples—including one involving ARC, and another involving both ARC and CCE—everyone involved (including ARC and CCE) understood that the same protections in the applicable protective orders did not bar sealed filings to support ancillary actions necessary to bring motions to compel.

If ARC and CCE's letters of November 20 are correct, each of these five examples represented a grave violation of the Eastern District's protective order, for which an aggrieved party could seek sanctions. And yet, none of these parties complained about the protective order—including, I should mention again, ARC twice and CCE once—and none of them sought sanctions, because they all knew that a protective order cannot bar an ancillary action required to compel documents for use in the main action, and it would be profoundly unjust to claim otherwise.

And these are only the examples we have found in the two weekend days since your letters of November 20, and only for cases originating in the Eastern District of Texas.  There are surely many more.  You guys are experienced litigators, and your clients are companies dedicated to litigation.  You know that your eleventh-hour objection is intended not to succeed, but to delay.  I hope that you will see reason and withdraw it.

**3.      Prompt Resolution**

Your letters of November 20 ask HMD Global to confirm that we will not proceed in the Central District until resolution of this issue.  We will not proceed this week.  We will not proceed until resolution of this issue if you meet the following conditions.  First, you file your motion seeking resolution of this issue by Wednesday, November 25.  Second, you include this letter in full as an exhibit to your motion, so the Court understands that we have notified you of its infirmity.  And third, you commit in your motion that, if we oppose by Wednesday, December 2, you will reply by Friday, December 4, or waive your reply.

*     *     *     *     *

We look forward to the prompt resolution of this matter, so that HMD Global can obtain the discovery necessary to test CCE's claim of standing to claim infringement.

Very Truly Yours,

Matthew S. Warren