FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# Exhibit E

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**WARREN LEX** LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

October 26, 2020

**By Electronic Mail**

Jonathan H. Rastegar
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201
jrastegar@bcpc-law.com

Re:   Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas),
      Subpoenas to Acacia Research Corporation

Dear Mr. Rastegar:

I write regarding the subpoenas from HMD Global Oy to Acacia Research Corporation ("ARC"), which we discussed on our phone call this morning. As we ran out of time, we agreed to speak again on Wednesday; I look forward to continuing our discussion then.

**1.    Requests for Production**

You asked us how we expected ARC to handle documents responsive to the subpoena but that CCE has already produced. If ARC has a document responsive to our subpoena that CCE has already produced in the underlying case, ARC can meet its obligation to produce that document by serving an amended response to the subpoena listing CCE's Bates numbers for each request to which the document is responsive.

   **a.    Request Nos. 1-4**

HMD Global's Requests No. 1-4 seek documents, including communications, concerning any agreement between persons including ▬▬▬▬▬▬▬▬▬▬ that include any patent license or any agreement executed concurrently therewith.

You agreed to produce all documents responsive to these categories that also related to the '923 patent and CCE, including all communications between ▬▬▬▬▬ regarding the agreement CCE produced at Bates numbers CCE_HMD_001012 through CCE_HMD_001027, any agreements executed concurrently with that agreement, and any communications regarding those agreements as well.

You indicated that these requests were otherwise overbroad. We explained that other responsive documents in this category are also relevant to our standing claims, which relate to the rights that ARC exercises on behalf of its subsidiaries, including but not limited to CCE. You agreed to confirm with your client whether you would produce all documents responsive to these requests.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Jonathan H. Rastegar
October 26, 2020
Page 2

  **b.**  **Request Nos. 5-12**

HMD Global's Request Nos. 5-12 seek documents, including communications, concerning any agreement executed by ARC that, like the agreement CCE produced at Bates numbers CCE_HMD_001012 through CCE_HMD_001027, includes a license to a patent owned by an ARC affiliate or to which an ARC affiliate has rights.

You agreed to produce all documents responsive to these categories that also related to the '923 patent and CCE, but indicated that these requests were otherwise overbroad. During this discussion, you indicated that a response would "bury" us in documents, which may mean you misunderstand the requests. These requests do not seek documents concerning all agreements or even all patent licenses executed by any ARC subsidiary; they seek documents concerning all agreements executed by ARC that include a license to a patent owned by an ARC affiliate or to which an ARC affiliate has rights.

For reasons I'm sure you can understand from our pending motion to dismiss, documents concerning each such agreement is relevant to our standing claims, whether the agreement CCE produced at Bates numbers CCE_HMD_001012 through CCE_HMD_001027 is the only one, or whether the volume of those agreements would, in your view, "bury" us. You agreed to confirm with your client whether you would produce all documents responsive to these requests.

  **c.**  **Request Nos. 13-26**

We explained that the remainder of our document requests are already quite narrow, and that it should not be difficult to produce documents responsive to such requests. You agreed to attempt to locate documents concerning the Starboard agreement, and to confirm with your client whether you would produce all documents responsive to these requests.

**2.**  **Deposition Scheduling**

Additionally, you agreed that ARC would produce a witness to provide testimony within a short period of time after ARC agreed to produce documents. We would like to schedule this deposition on or before November 20, 2020 to avoid conflict with the holiday season and to prevent unnecessary delay in completing this threshold jurisdictional discovery.

**3.**  **Next Call**

We discussed having our next call this Wednesday, October 28. Please confirm that you are available at 10:00 a.m. CT. The dial in number is +1 (415) 854 6661. No PIN is necessary. If you prefer a different time, please email me with your proposal. I look forward to speaking again with you then.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Jonathan H. Rastegar
October 26, 2020
Page 3


During this call, we will confirm ARC's position on each of our document requests, and whether ARC can agree to produce responsive documents by a date certain. We believe it is reasonable for ARC to complete its document production in response by Friday, November 13, 2020.

Thank you for your time and courtesy in this matter.

Very Truly Yours,

Jennifer A. Kash