# Exhibit F

October 27, 2020

**VIA EMAIL**

Jennifer A. Kash
Warren Lex LLP
2261 Market Street, No. 606
San Francisco, California, 94114
jen@warrenlex.com

      Re:    *Cellular Communications Equipment LLC v. HMD Global Oy, Case No. 2:20-CV-00078-JRG (E.D. Texas)*

Dear Jennifer:

      I write in response to your correspondence sent at 11:54 PM on October 26, 2020. As an initial matter, I was very disappointed with the dishonesty in your letter. The purpose of a meet and confer is for both parties to substantively discuss the dispute and work towards resolution. Sending an inaccurate summary twelve hours after the conference is contrary to this purpose. Moreover, since you stated on the call that Matt Warren was "making the decisions" for HMD on the subpoena, CCE requests that he be on the call as well. It is not a valid conference under L.R. 7-3 if the parties to the call do not have the ability to reach compromise.

      Acacia Research Corporation ("ARC") neither made the agreements nor accepted the characterizations that your letter alleges. That said, we did discuss several threshold issues that were omitted from your letter:

**E-Mail Discovery**

      At the outset of the call, I asked whether HMD's requests covered ARC's email correspondence. You took the position that the subpoena does, in fact, cover ARC's email correspondence. I explained that the parties to *Cellular Communications Equipment LLC v. HMD Global Oy*, Case No. 2:20-cv-00078, Eastern District of Texas (the "underlying litigation") have agreed to a specific procedure for email discovery. Under these procedures, HMD would be required to "identify the proper custodians, proper search terms, and proper time frame for e-mail production requests." Despite this, HMD seeks to have third-party ARC broadly search for, gather, and produce emails without providing any of the information required in the underlying litigation. As I explained on the call, such a discovery request is unduly burdensome. HMD cannot expect third-parties like ARC to engage in more burdensome efforts to respond to discovery than the level of effort and burden that the parties to the litigation have determined is reasonable.

**Overly Broad Requests**

It is my understanding that HMD contends ARC has the right to license U.S. Patent No. 7,218,923 (the "'923 patent") and is therefore a necessary party to the underlying litigation. While ARC disagrees with HMD's premise, it nonetheless understands that agreements involving CCE or the '923 patent could be relevant to the underlying litigation. To that end, ARC agreed to produce or identify any agreements involving itself and CCE or the '923 patent.

Beyond the above limitation, HMD's requests are overly broad, unduly burdensome, not proportionate to the needs of the case, and designed primarily to harass non-party ARC. For example, HMD seeks any agreements between ARC and third parties involving any and all patents. Such materials are irrelevant to the issue of whether ARC has rights in the '923 patent. Absent an explanation of how the requested materials relate to the issue of whether ARC has the right to license the '923 patent, an explanation that HMD has to-date failed to provide, these requests are not proportional to the needs of the case and intended to harass ARC.

**HMD's Threat of Rolling Subpoenas and Deposition Timing**

During the call I stated that ARC intended to produce a witness in response to HMD's subpoena. But I explained that the timing of such deposition was dependent on whether HMD intended to serve additional subpoenas on ARC. Put simply, ARC intends to make a witness available for deposition only once in this matter. As such, we do not think it makes sense to set the date for deposition until after ARC's production is complete.

**Next Call**

As explained above, Matt Warren will need to attend. ARC is available at various times this Friday, October 30. Please let us know if you and Mr. Warren are available then and, if so, when.

Please let us know what time works for you.

                 Regards,

                 Jonathan H. Rastegar

cc:
20-78@cases.warrenlex.com