FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# Exhibit G

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**WARREN LEX** LLP

2261 MARKET STREET NO. 606　　TEL +1 (415) 895 2940
SAN FRANCISCO CA 94114　　　　FAX +1 (415) 895 2964

October 28, 2020

**By Electronic Mail**

Jonathan H. Rastegar
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201
jrastegar@bcpc-law.com

Re:　Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas), Subpoenas to Acacia Research Corporation

Dear Mr. Rastegar:

I write in response to your letter of October 27, 2020.

1.　**Document Requests**

First and foremost, my letter was not dishonest. I thought we made some helpful progress during that call and wanted to document that progress. Evidently one of us misunderstood our conversation. Whether it was you or me does not really matter, and fighting over who is right will not help anyone. You have now confirmed that ARC agrees only to produce "any agreements involving itself and CCE or the '923 patent," and that we are otherwise at an impasse regarding request nos. 1-12. (Do any such agreements exist? Please let us know.)

I do want to take one more crack at avoiding a needless impasse. It appears from your letter that you are misreading request nos. 5-12 of the document subpoena. These requests do not concern all licenses between any ARC affiliate and any third party, or even all licences between ARC and third parties. They concern only licenses, ███████████████████████ that CCE produced in the underlying litigation, between ARC and another party *that include a license to a patent owned by an ARC affiliate*. As I said on our call, we do not want all ARC affiliate licenses or even all ARC licenses. We want only licenses in this category, which I hope you can agree is quite relevant to our standing claim. Please let us know if this further explanation changes ARC's view.

2.　**Email Search**

Second, you appear to be overcomplicating the search for emails. As I'm sure you know, negotiations regarding agreements such as those we have requested are typically done by a small number of people, and companies such as ARC generally keep excellent records of those negotiations. You worry that the subpoena would require a broad search, but you do not explain how you have confirmed that it would require a broad search. Our experience is that in similar cases compliance requires only a narrow search

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Jonathan H. Rastegar
October 28, 2020
Page 2

of those responsible for specific agreements. If that is incorrect in ARC's case, please explain why it is incorrect and how you would propose to effect compliance with the subpoena.

**3.     Deposition**

I am not certain what the disagreement is here other than ARC's concern about a future subpoena that has not yet come to pass. You made clear on the call that you would provide a witness in response to the subpoena, and we both agreed that would occur after ARC had produced its documents. I am not aware of any case law that states that a party can avoid a deposition pursuant to a valid subpoena because of its concern that there might be another deposition in the future. We request an agreement that ARC will produce a witness for deposition within ten days after ARC has completed its document production in response to the subpoena. We can then discuss the timing of the document production without needless discussion about the deposition schedule that flows therefrom.

**4.     Next Call**

We are prepared to meet and confer further regarding these issues, as well as request nos. 13-26 of the subpoenas, which, as you know, we ran out of time before covering in detail. Your letter demands the attendance of my partner Matt Warren, but this demand is improper and untethered to the applicable rules. I am proceeding with this issue, and did not say on our previous call that anyone else was "making the decisions" on it. ARC cannot choose counsel for HMD Global any more than the reverse.

Your letter stated that "ARC is available at various times this Friday, October 30," but did not propose a specific time. We are available at 11 a.m. CT; please confirm that you are as well or propose another on that same date. The dial in number is +1 (415) 854 6661. No PIN is necessary. I look forward to speaking again with you then. Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Jennifer A. Kash