# Exhibit K

**WARREN LEX** LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

November 9, 2020

**By Electronic Mail**

Jonathan H. Rastegar
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201
jrastegar@bcpc-law.com

Re:   Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas),
      Subpoenas to Acacia Research Corporation

Dear Mr. Rastegar:

I write to follow up on our continued efforts to meet and confer regarding HMD Global's subpoenas to Acacia Research Corporation ("ARC"), including our Rule 37.1 letter of November 3, 2020, and your email of November 6, 2020..  Although we remain hopeful that HMD Global and ARC can continue to engage in meaningful discussions, we are disappointed in the needlessly combative nature of your email, which seems intended to avoid agreement, rather than reach it.

This is the second time you have accused us of dishonesty, without providing any specifics to back up your claim.  If there are specific areas in which one of us misunderstood our conversation, we welcome correction.  Beyond that, we will focus on the substance of any differences between us, rather than slinging mud.  Toward that end, you have indicated that "ARC intends to respond in writing" to our Rule 37-1 letter.  We welcome your response, which we agree will help frame the issue for our meet-and-confer call, and look forward to reviewing it.  Please include your proposed compromises, if any, as well as your responses to our arguments.  To ensure that we have sufficient time to study your proposals, please send us your letter at least 24 hours before we meet and confer.

You state that our "letter raises arguments and cites cases that were never discussed on our call," as if doing so is somehow a transgression.  To the contrary, the local rules of the enforcement jurisdiction require us to explain "each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought," Loc. R. 37-1, before having a final meet-and-confer call under Loc. R. 37-1.  The rules don't require us to have a series of calls and letters with you before writing our Rule 37-1 letter, but we did so in an attempt to narrow the issues between us.  There is nothing wrong with us doing that, and we are confident the Court would appreciate it.  But there is also nothing wrong with us following Rule 37-1, and of course the Court requires that.

This is also the second time that you have requested to meet and confer with a male partner of this firm rather than a female one.  We will continue to make our own staffing decisions, and in meeting and

Jonathan H. Rastegar
November 9, 2020
Page 2

conferring we will honor Local Rule 37-1, which does not permit opposing counsel to demand the presence of a particular attorney.  If you make this request again, we will not dignify it with a response.

As you know, you declined our offer to meet and confer on Thursday, November 5.  As you also know, the Court requires that "counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference."  Loc. R. 37-1.  Please provide times that you are available to meet and confer on or before Friday, November 13.

Finally, we do not agree that it is appropriate to record any call between us.  In our experience, recorded meet-and-confer calls quickly degenerate into lawyers deposing each other, and do not advance the cause of compromise.  Recording would not serve your stated purpose of avoiding misstatement of your views, since you have already said you will send your arguments and positions in writing before the call, and would only work to prevent agreement between us.

We will continue to meet and confer with you cooperatively, and hope to narrow or eliminate the issues between us.  We look forward to receiving your letter and to speaking with you this week.  Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Jennifer A. Kash