FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# Exhibit N

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**WARREN LEX** LLP

2261 MARKET STREET NO. 606        TEL  +1 (415) 895 2940
SAN FRANCISCO CA 94114        FAX  +1 (415) 895 2964

November 16, 2020

**By Electronic Mail**

Jeffrey R. Bragalone
Jonathan H. Rastegar
Jerry D. Tice II
Hunter S. Palmer
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

**Re:      HMD Global Oy v. Acacia Research Corporation, No. 20-mc-___ (C.D. California)**

Dear Messrs. Bragalone, Rastegar, Tice, and Palmer:

HMD Global Oy serves its portion of our joint stipulation under Local Rule 37-2, as well as the declarations and exhibits HMD Global will file with the joint stipulation.  Because some of these documents contain information designed confidential, we have encrypted this production using VeraCrypt, free encryption software that you can download from https://www.veracrypt.fr/.  Please access these documents as follows:



To decrypt this transmission, please use password no. █ from Ashley Shultz's letter to Jerry Tice of September 4, 2020.  If you encounter any difficulty in decrypting this transmission, please call Ms. Shultz at +1 (415) 895-2990.  Unless we hear otherwise from you, we will take the FTP site down in a week.

As you know, you must return to your portion of the stipulation, together with all declarations and exhibits you will offer in support of your position, one week from today, November 23, 2020.  Loc. R. 37-2.  Please don't forget to include your signature block for the joint stipulation.  We will combine your portion of the stipulation with ours and return it for your signature; you must return the signed document to us by the end of the next business day after you receive it.  *Id.*

We also provide notice under Local Rule 79-5.2.2(b) that we will file with our joint stipulation documents marked as "Highly Confidential—Attorneys' Eyes Only" and "Highly Confidential—Outside Attorneys' Eyes Only" under the protective order in *Cellular Communications Equipment LLC v. HMD Global Oy*

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Jeffrey R. Bragalone, Jonathan H. Rastegar, Jerry D. Tice, and Hunter S. Palmer
November 16
Page 2


("*CCE v. HMD Global*").  We will file, with the same redactions as in *CCE v. HMD Global*, briefing on the motion to dismiss in that action (docket nos. 36, 47, 49, and 58).  Since you have previously instructed us to file █████████████████████████████████████████████████ entirely under seal, we will do so again here unless you tell us otherwise.

Other than these materials, if there is anything that will appear in our stipulation or accompanying materials (including of course the stipulation itself) over which you claim confidentiality and request redaction, please provide your requested redactions as soon as possible, but no later than your responsive portions of the joint stipulation under Loc. R. 37-2.  We will file those redacted versions and the Application For Leave to File Under Seal under Local Rule 79-5.2.2.  Since none of the sealed information is confidential to HMD Global, you must file the appropriate declaration in support of sealing under Local Rule 79-5.2.2(b)(i).

Finally, as we discussed in separate letters, we will take your proposal of earlier today to our client this evening, and expect to get back to you tomorrow after we have been able to communicate with them.  If that proposal results in an agreement, that agreement will presumably include withdrawal of this joint stipulation.  We did not want those discussions to delay our motion any further, however, and will therefore proceed with them during the week provided by the Local Rules.

Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Jennifer A. Kash

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

Matthew S. Warren (Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika H. Warren (Bar No. 295570)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-78@cases.warrenlex.com

*Attorneys for HMD Global Oy*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HMD GLOBAL OY, | ) Case No. [TBD] |
| | ) |
| Movant, | ) **JOINT STIPULATION** |
| | ) **REGARDING MOTION BY HMD** |
| v. | ) **GLOBAL OY TO COMPEL** |
| | ) **PRODUCTION OF DOCUMENTS** |
| ACACIA RESEARCH CORPORATION, | ) **FROM ACACIA RESEARCH** |
| | ) **CORPORATION** |
| Respondent. | ) |
| | ) Judge:  [TBD] |
| | ) Date:  [TBD] |
| | ) Time:  [TBD] |
| | ) Place:  [TBD] |

Under Federal Rule of Civil Procedure 45 and Local Rules 45 and 37-2, movant HMD Global Oy ("HMD Global") and respondent Acacia Research Corporation ("ARC") submit this Joint Stipulation Regarding Motion by HMD Global Oy to Compel Production of Documents from Acacia Research Corporation.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## I.     HMD Global's Introductory Statement

Although this stipulation and its accompanying materials are voluminous, the key question for this Court is simple:  should ARC produce documents regarding ██████ ███████████████████████████████████████████████████████████ ██████ to the patent now asserted by ARC's subsidiary CCE against HMD Global, thus (in HMD Global's view) destroying CCE's standing to bring the underlying case?  ARC dearly wants the answer to be "no," and has gone so far as to argue that the ████████ ██████████████████████████████████████████████████ █████████████████████████████████████████████ ARC has not produced a single document in response to the subpoena, instead committing to a strategy of obstruction and delay.  When the Court wades through this stipulation and its accompanying materials, it will see that ARC's excuses lack merit.  HMD Global thus respectfully submits that the Court should order compliance with the subpoena.

### A.     The Underlying Action

On March 17, 2020, Cellular Communications Equipment LLC ("CCE") sued HMD Global for infringement of a single patent, U.S. Patent No. 7,218,923 ("the '923 patent"). *Cellular Communications Equipment LLC v. HMD Global Oy*, Case No. 20-78, Docket No. 1 (E.D. Tex. March 17, 2020).  On August 10, 2020, CCE effected service on HMD Global through the Hague Convention.  *Id.*, Docket No. 30 (E.D. Tex. Aug. 10, 2020).

### B.     The License and Covenant Not to Sue Agreement

On September 17, 2020, CCE produced in the underlying action licenses covering the '923 patent including the ████████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ █████████████████████████████████████████ ████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11     **C.**    **HMD Global's Motion to Dismiss for Lack of Standing**

12     On September 21, 2020, just four days after CCE produced ▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ HMD Global moved to dismiss this action on grounds

14 including CCE's lack of standing to sue.  Chouraki Decl., Ex. A.  HMD Global argued that

15 a plaintiff such as CCE "lacks standing to sue a party who has the ability to obtain such a

16 license from another party with the right to grant it."  *WiAV Sols. LLC v. Motorola Inc.*,

17 631 F.3d 1257, 1266 (Fed. Cir. 2010); *see also, e.g., Acceleration Bay LLC v. Activision

18 *Blizzard, Inc.*, No. 16-453, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017).  HMD

19 Global explained that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 CCE cannot establish that it has the right to exclude others from practicing the '923 patent,

21 and thus lacks standing to sue for infringement.  Chouraki Decl., Ex. A at 2-4, 7-11; Ex. C

22 at  1-8; Ex. Q.  On October 5, 2020, CCE opposed this motion, Chouraki Decl., Ex. B; on

23 October 13, 2020, HMD Global replied,*id.*, Ex. C; on October 21, 2020, CCE filed a

24 sur-reply. *id.*, Ex. D.  This motion remains pending in the underlying action.

25     **D.**    **The Security Interest**

26     Publicly available filings further question CCE's standing.  A "Patent Security

27 Agreement" filed with the United States Patent and Trademark Office at Patent Reel

28 052853, Frame 0153 to 0404, granted Starboard a security interest in the '923 patent, and

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

referenced a Security Agreement, which CCE has not produced.  The "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489, shows that on June 30, 2020, Starboard rescinded its security interest.  These agreements may independently undermine CCE's standing in this case. *See Uniloc USA, Inc. v. Apple Inc.*, 784 Fed. App'x 763, 765, 767-68 (Fed. Cir. 2019).

### E.    The Subpoena

On September 25, 2020, HMD Global served ARC with a subpoena for documents and things.  Chouraki Decl., Ex. E.  The subpoena sought documents regarding the ███████████████████████████████████ and the security interest, including:

- documents concerning the ██████████████████████████████ and other similar agreements in which ARC granted a license for its subsidiaries;
- documents concerning actual or potential agreements concerning the '923, its ownership, or valuations of the '923 or any portfolio including it;
- documents concerning the relationship between ARC and CCE;
- documents concerning the security interest and its release; and
- documents concerning litigation concerning the '923 patent.

On October 9, 2020, ARC served objections and responses to the subpoena, in which it refused to produce a single document.  *Id.*, Ex. F.

### F.    HMD Global Attempts to Narrow the Dispute

On October 16, HMD Global sought to meet and confer on the subpoena.  Chouraki Decl., Ex. G.  October 26, HMD Global and ARC conferred by telephone, and HMD Global followed up with a letter seeking to continue discussions.  *Id.*, Ex. H.  Following additional letters (*id.*, Exs. I and J), on October 30, the parties conferred again by telephone.  *Id.,* Ex. K.  On November 3, 2020, HMD Global triggered Local Rule 37-1 with a detailed letter.  Chouraki Decl., Ex. K.  After still more letters (*id.*, Exs. S, L, M), ARC agreed to meet and confer on November 13.  *Id.* Ex. N, P.  The parties conferred by telephone for a third time, but came to no agreement.  Because ARC offered no reasonable compromises, HMD Global must move on all of its requests before this Court.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## II.    ARC's Introductory Statement

[ARC's Introductory Statement]

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## THE PARTIES' POSITIONS

**Request for Production No. 1**

   **Request**:  All documents concerning any agreement between persons including
████ and ████████████ that includes any patent license.

   **Response**:  ARC incorporates by reference each of the foregoing General
Objections as if fully set forth herein.  ARC objects to the phrase "any patent license" to
the extent that it characterizes any agreements between ████ and ██ as conferring a
relevant patent license from ████ to ██ Defendant has no factual basis for such a
characterization.  ARC objects to this request to the extent that it seeks discovery of email.
ARC understands that the parties to the Action agreed to a procedure for handling email
discovery.  It is improper and unduly burdensome to seek to circumvent these limits by
seeking email discovery from third-party ARC.  Further, this request does not comply with
the requirements for an email discovery request.  ARC further objects to this request to the
extent that it seeks privileged information, documents, or communications; internal
communications regarding patent licenses, should they exist, are protected from disclosure
by attorney-client privilege and/or the work product doctrine.  ARC objects to this request
as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of
the case to the extent that the request seeks information not relevant to a claim or defense
asserted in this litigation.  ARC further objects to this request as vague, ambiguous,
overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.
Specifically, this request, as written in light of Defendant's instructions, includes all
agreements made by either ████ or ████████████ Defendant's Subpoena
instructs that the word "and" is both conjunctive and disjunctive; as applied to this request,
it creates a construction in which information responsive to the request includes any
agreement about any patent license made by ████ or ██ at any time with any other party.
Further, even if the request were understood to be limited to only agreements between
████ and ██ such a construction would include agreements outside the relevant time
frame and scope of the current litigation, including agreements about patent licenses that

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  are irrelevant to the current litigation.  The only patent license that would be relevant to the

2  current litigation would be a license to the '923 patent – which ARC has never given.

3  Additionally, ARC objects to this request to the extent that it asks for things not in ARC's

4  possession, custody, or control.  For example, the request as written includes all █████

5  agreements regarding patent licenses that do not involve ARC.

6        Subject to and without waiving the foregoing General and Specific Objections, ARC

7  responds that to the extent the documents reasonably relate to the patent-in-suit and any

8  such documents exist, they have been provided to or are in the possession, custody, or

9  control of CCE and that, on information and belief, CCE is complying or has complied

10  with its discovery obligations in the Action.

11       **A.**     **HMD Global's Position**

12        HMD Global's Request No. 1 seeks documents concerning ███████████

13  ███████████████████████████████████████████████████

14  ████████████████████     In its letter of November 12, ARC does not address the core of

15  this request—documents concerning ███████████████████████ at

16  the core of HMD Global's standing motion—but states instead that "agreements between

17  ████ and ████ that do not concern the '923 patent have no bearing on whether ARC has the

18  right to license the '923 patent," although "ARC does not believe any such agreements

19  exist."  Finally, ARC argues that HMD Global's "demand that ARC search all emails for

20  responsive materials is overly burdensome."  Chouraki Decl., Ex. P.

21       **1.**     **Legal Standard**

22        Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant

23  to any party's claim or defense" so long as it is "proportional to the needs of the case."  "A

24  'relevant matter' under Rule 26(b)(1) is any matter that 'bears on, or that reasonably could

25  lead to other matters that could bear on, any issue that is or may be in the case.'  Relevancy

26  should be 'construed "liberally and with common sense" and discovery should be allowed

27  unless the information sought has no conceivable bearing on the case.'"  *Dale Evans*

28  *Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co.*, Case No. 15-979, 2016 WL 7486606,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1   at *3 (C.D. Cal. Oct. 27, 2016) (citations omitted).  "Under the general relevance

2   requirements set forth in Rule 26(b), [a] subpoena may command the production of

3   documents that are 'nonprivileged' and are 'relevant to any party's claim or defense.'"  *Id.*

4   (quoting Fed. R. Civ. P. 26(b)(1)).

## 2.      ARC's Overall Objections

6           ARC first argues that all or nearly all of HMD Global's requested discovery is

7   irrelevant because, in ARC's view, HMD Global will eventually lose the legal issue which

8   those documents might inform.  Specifically, in its letter of November 12, ARC states:

> ARC has never been party to any agreement that assigned it rights in the '923
> patent.  Thus, by law, ████ does not have the right to license the '923 patent.
> Accordingly, even if, as you contend, ██████████████████████████████████
> ██████████████ is not in itself a written instrument that
> conveys to ARC any rights in the '923 patent.  No amount of parole evidence or
> materials regarding the course of dealing can change the fact that, by law, ARC does
> not have the right to license the '923 patent.  As such, the materials covered by
> Request Nos. 1-12 are irrelevant and intended merely to harass ARC.

15  Chouraki Decl., Ex. P.  In other words, ARC argues that because it believes it will

16  eventually win the underlying dispute, it would be "irrelevant and intended merely to

17  harass ARC" for HMD Global to obtain discovery that might show that ARC should lose

18  the underlying dispute.

19          Even setting aside the factual problems with this argument—which depends on the

20  contention that the ████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████

22  ██████████████████████████—that is not how discovery works.  "The obvious and overall

23  purpose of discovery under the Federal Rules of Civil Procedure is to require disclosure of

24  all relevant information, so that the ultimate resolution of disputed issues is based on a full

25  and accurate understanding of the facts and therefore embodies a fair and just result."

26  *Inland Concrete Enters., Inc. v. Kraft Ams., L.P.*, Case No. 10-1776, 2011 WL 13209258,

27  at *2 (C.D. Cal. May 12, 2011) (citing *United States v. Procter & Gamble Co.*, 356 U.S.

28  677, 682 (1958)).  If a target of discovery could escape its obligations to produce

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

documents by claiming that its side would ultimately win the underlying dispute, there would be no discovery.  *Castelan-Gutierrez v. Bodega Latina Corp.*, Case No. 17-1877, 2018 WL 4050493, at *2 (D. Nev. Mar. 30, 2018) ("The mere fact that a party may articulate some legal argument that may allow it to prevail on a particular claim, even when presented in a currently-pending dispositive motion, is simply insufficient to justify denying discovery to its opponent.").

Indeed, the "Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending," *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 312 (C.D. Cal. 2020) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)), and discovery will proceed unless the "party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied."  *Soundgarden v. UMG Recordings, Inc.*, Case No. 19-5449, 2019 WL 10093965, at *6 (C.D. Cal. Dec. 2, 2019) (quoting *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995)); *see also Las Vegas Sun, Inc. v. Adelson*, Case No. 19-1667, 2020 WL 2114352, at *5 (D. Nev. May 4, 2020) ("Generally, there must be no question in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort.") (quoting *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013)).

Although HMD Global has asserted lack of standing through a motion to dismiss, because standing is a "threshold jurisdictional issue," Chouraki Decl., Ex. C at 7-8, which even CCE acknowledges "may be raised at anytime," *id.* Ex. B at 11, HMD Global can present facts beyond the pleadings to support its claim, has no time limit to make this claim, and can take discovery and use that discovery to support a renewed motion.  *See Uniloc USA, Inc. v. Apple Inc.*, No. 18-358, Docket No. 165 (N.D. Cal. Oct. 22, 2020) (renewing motion to dismiss for lack of standing based on new evidence obtained through discovery); *see also Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 17-430, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) ("[J]urisdictional discovery should only be denied where it is *impossible* that the discovery 'could . . . add[] any significant facts' that

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  might bear on the jurisdictional determination.") (alteration and emphasis in original)

2  (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)).  For at

3  least these reasons, ARC cannot prevent HMD Global from taking discovery on a disputed

4  issue because ARC claims it will ultimately win the dispute.

5        **2.**    **ARC's Specific Objections**

6      Documents concerning ███████████████████████████ are at the

7  center of HMD Global's standing claim.  These documents would include for example

8  ████████████████████████████████████████████████████

9  ██████████████████████████████████████████████████████

10 ███████████████████████████████████████████████

11 ██████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████

15 █████████████████  Documents that would be responsive to this request would include,

16 for example:

17 ●    A prior draft of ████████████████████████████████████

18 ███████████████████████████████████████████

19 ●    An email from ███████████████████████████████████████

20 █████████████████████████████████████████████████████████

21 █████████████; or

22 ●    An email from ARC to CCE stating that ARC has licensed the '923 patent and CCE

23        must drop the pending litigation against ████

24 HMD Global has no idea whether these documents exist, of course, but that is precisely the

25 problem.  ARC refuses to search for any documents concerning ██████████████████

26 █████████████ at all.

27     This request also seeks documents concerning any prior patent licenses between

28 █████████████████████████████████████████████████████

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

██████████████████████████████████████████████████

████████████████████████ *Faulkner v. Nat'l Geographic Soc.*, 452 F. Supp. 2d

369, 381 (S.D.N.Y. 2006) (explaining that "the parties' course of dealing throughout the

life of a contract is highly relevant to determining the meaning of the terms of the

agreement") (citations omitted); *see also Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360,

364-65 (S.D.N.Y. 2010) (holding that "anything that might further the interpretation" of

the disputed contract provision "is relevant and subject to discovery") (collecting cases).

ARC must produce these documents.  *See Trilegiant Corp.*, 272 F.R.D. at 364-65 (ordering

plaintiff to produce documents concerning disputed contract provisions and "the drafting

and use of such contract language" in order to aid in the interpretation of those provisions).

### 3.    ARC's Burden Objection

"The party who resists discovery has the burden to show discovery should not be

allowed, and has the burden of clarifying, explaining, and supporting its objections." *Keith*

*H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. May 18, 2005)

(citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *see also, e.g., In re*

*Citimortgage, Inc., Home Affordable Modification Program ("HAMP") Litig.*, Case No.

11-2274, 2012 WL 10450139, at *4 (C.D. Cal. June 7, 2012) ("Generalized objections that

a discovery request is burdensome without resort to specific reasons is . . . insufficient to

justify a refusal to respond.") (quoting *Davidson v. Goord*, 215 F.R.D. 73 (W.D.N.Y. 2003)

(alterations in original)).  ARC has failed to meet this burden; it has not come close.

ARC makes the same objections to searching emails across all 26 of HMD Global's

requests.  In its letter of November 12, ARC states that:

> As we have explained to you, ████████████████████████████
> ██████████████████████████ many, if not all, of the individuals
> who had first-hand knowledge of the agreement are no longer employed by ARC or
> its subsidiaries.  Restoring the electronic records of former employees is a
> significant burden.

Chouraki Decl., Ex. P.  ARC's arguments are remarkable more for what they do not say

than for what they do.  Although ARC claims that "many, if not all, of the individuals who

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1    had first-hand knowledge of the agreement are no longer employed by ARC," it does not

2    say who they are, or when they left, or what happened to their records.  It conspicuously

3    does *not* say that *all* "individuals who had first-hand knowledge of the agreement" have

4    left ARC, and surely would have if it could have.  Indeed, if most "individuals who had

5    first-hand knowledge of the agreement" have left the company, ARC's search may be

6    easier than if they had stayed, because those individuals may have transferred their records

7    to new custodians, making a search simpler for ARC.  ARC states that "[r]estoring the

8    electronic records of former employees is a significant burden," but provides no specifics

9    to back up this claim, let alone evidence rather than attorney argument.  And ARC does

10   not address any other possible repositories for records beyond individual stores, such as

11   shared drives or mailing lists, which would survive any individual departures.

12       Instead, ARC tries to shift the burden onto HMD Global, arguing that because HMD

13   Global could not identify custodians and search terms, ARC need not search at all.  But

14   ARC asks HMD Global to provide information it *does not know*.  HMD Global does not

15   know who at ARC negotiated ███████████████████████████████████████████████

16   and thus cannot provide custodians to search.  HMD Global does not know whether ARC

17   has entered into any other agreements that, ███████████████████████████████

18   ████████ contain patent licenses, and thus cannot provide search terms.  ARC's attempt

19   to push the burden onto HMD Global serves no purpose except to avoid discovery.

20   Conversely, the burden on ARC of searching for documents would be minimal.  Public

21   records show that ARC has fewer than 20 employees.  Chouraki Decl., Ex. R.  ARC can

22   easily find out who on its staff worked on these agreements and search their emails for

23   relevant documents, and can consult its central repositories as well.  A core part of ARC's

24   business is negotiating and executing license agreements, and ARC surely has a procedure

25   for storing documents regarding those core functions.  Finally, ARC claims that it "does

26   not believe any" documents in certain categories exist.  Surely they know this more surely

27   and can make a more definite statement, but in any event if no such agreements exist, it

28   will not be hard to confirm that they do not.  Otherwise, ARC can lose its cake and have it

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

too, by claiming it is too hard to search for documents because they might not exist, while depriving HMD Global over the evidentiary value of learning that documents do not exist.

ARC also claims that it should be subject to special consideration as a non-party to the underlying litigation.  But ARC is not a non-party to the underlying action in any reasonable sense.  ARC owns all of CCE (through an intermediary which it also owns), has the same lawyers as CCE, and communicates on the same channels and in the same letters as CCE.  Indeed, ████████████████████████████████████████████████ ████████████████████████████████████████████ and support HMD Global's standing motion in the underlying action.  Nor can ARC benefit from any agreement between CCE and HMD Global regarding the conduct of the underlying action, having chosen not to be a plaintiff in that action and thus to avoid the obligations concomitant with that status.

Courts routinely order searching of emails, *In re Citimortgage, Inc.*, 2012 WL 10450139, at *5 ("Defendant must search all of its email servers and produce all emails to/from/relating to the named plaintiffs, including defendant's internal communications concerning those emails"); *Aquastar Pool Prods., Inc. v. Color Match Pool Fittings, Inc.*, Case No. 18-mc-94, 2019 WL 856860, at *4 (C.D. Cal. Jan. 23, 2019) ("With these additions to the list, defendant must search for and produce emails responsive to RFP Nos. 12-14 as narrowed."), even to third-party subpoena respondents contesting enforcement. *See also Liqwd, Inc. v. L'Oreal USA, Inc.*, Case No. 19-15, Docket. No. 33 (C.D. Cal. Feb. 28, 2019).  ARC fails to articulate the specific burden it would suffer, and so it must produce documents responsive to this request.

### 4.    Conclusion

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1    set forth above in HMD Global's Introductory Statement, § F, but could reach no

2    agreements.  Accordingly, HMD Global respectfully submits that the Court should order

3    ARC to produce all documents responsive to this request.

4        **B.      ARC's Position**

5        [ARC's Position]

6    **Request for Production No. 2**

7        **Request**:  All documents concerning any agreement executed concurrently with any

8    agreement between persons including ████ and ████████████ that includes any

9    patent license.

10   **Response**:  In addition to the foregoing General Objections, ARC incorporates by

11   reference each of its specific objections and responses to each of the preceding requests as

12   if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it

13   characterizes any agreements between ████ and ██ as conferring a relevant patent license

14   from ████ to ██  Defendant has no factual basis for such a characterization.  ARC objects

15   to this request to the extent that it seeks discovery of email.  ARC understands that the

16   parties to the Action agreed to a procedure for handling email discovery.  It is improper

17   and unduly burdensome to seek to circumvent these limits by seeking email discovery

18   from third-party ARC.  ARC further objects to this request to the extent that it seeks

19   privileged information, documents, or communications; internal communications

20   regarding patent licenses, should they exist, are protected from disclosure by

21   attorney-client privilege and/or the work product doctrine.  Further, this request does not

22   comply with the requirements for an email discovery request.  ARC objects to this request

23   as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of

24   the case to the extent that the request seeks information not relevant to a claim or defense

25   asserted in this litigation.  ARC further objects to this request as vague, ambiguous,

26   overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.

27   Specifically, this request includes the same overbroad and vague structure seen in Request

28   1; ARC therefore incorporates the same objections here.  Further, this request includes

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1    additional agreements other than patent licensing agreements, as long as they were

2    "executed concurrently."  This provides an even broader and more vague scope to the

3    request and makes it even more likely that agreements responsive to the request would be

4    irrelevant to the current patent infringement litigation.

5          Subject to and without waiving the foregoing General and Specific Objections, ARC

6    responds that to the extent the documents reasonably relate to the patent-in-suit and any

7    such documents exist, they have been provided to or are in the possession, custody, or

8    control of CCE and that, on information and belief, CCE is complying or has complied

9    with its discovery obligations in the Action.

10       **A.**    **HMD Global's Position**

11          HMD Global's Request No. 2 seeks documents concerning any agreement executed

12    concurrently with any agreement described in Request No. 1.  In its letter of November 12,

13    ARC takes the same position as it did regarding Request No. 1, and declines to produce

14    any documents.  Chouraki Decl., Ex. P.

15          The legal standard governing discovery is set forth above in Request No. 1, § A.1.

16    ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

17          If

18

19

20

21

22

23          Without the documents HMD Global seeks, it

24    cannot know if any concurrent agreements have provisions relevant to the dispute.  ARC

25    must produce these documents.  *See Trilegiant Corp.*, 272 F.R.D. at 364-65 (ordering

26    plaintiff to produce documents concerning disputed contract provisions and "the drafting

27    and use of such contract language" in order to aid in the interpretation of those provisions).

28

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1   ARC has not shown that producing documents responsive to this request is unduly
2   burdensome for the reasons set forth above in Request No. 1, § A.3.

3   As demonstrated, documents that are responsive to this request concern
4   nonprivileged matter that is relevant to HMD Global's standing claim, and this request is
5   within the scope of discovery, not overly broad, unduly burdensome, disproportionate to
6   the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these
7   disputes through a series of letters and by meeting and conferring three times with ARC, as
8   set forth above in HMD Global's Introductory Statement, § F, but could reach no
9   agreements.  Accordingly, HMD Global respectfully submits that the Court should order
10  ARC to produce all documents responsive to this request.

11  **B.     ARC's Position**

12  [ARC's Position]

13  **Request for Production No. 3**

14  **Request**:  All documents concerning communications concerning any agreement
15  between persons including ███ and ██████████ that includes any patent license,
16  or any agreement executed concurrently with any agreement between persons including
17  ███ and ██████████ that includes any patent license.

18  **Response**:  In addition to the foregoing General Objections, ARC incorporates by
19  reference each of its specific objections and responses to each of the preceding requests as
20  if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it
21  characterizes any agreements between ███ and ██ as conferring a relevant patent license
22  from ███ to ██  Defendant has no factual basis for such a characterization.  ARC objects
23  to this request to the extent that it seeks discovery of email.  ARC understands that the
24  parties to the Action agreed to a procedure for handling email discovery.  It is improper
25  and unduly burdensome to seek to circumvent these limits by seeking email discovery
26  from third-party ARC.  Further, this request does not comply with the requirements for an
27  email discovery request.  ARC further objects to this request to the extent that it seeks
28  privileged information, documents, or communications; internal communications

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  regarding patent licenses, should they exist, are protected from disclosure by
2  attorney-client privilege and/or the work product doctrine.  ARC objects to this request as
3  overbroad and unduly burdensome, and neither relevant nor proportional to the needs of
4  the case to the extent that the request seeks information not relevant to a claim or defense
5  asserted in this litigation.  ARC further objects to this request as vague, ambiguous,
6  overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.
7  Specifically, this request includes the same overbroad and vague structure seen in Requests
8  1 and 2; ARC therefore incorporates the same objections here.  Adding "communications"
9  about the already vague and overbroad universe of potential agreements covered by
10  Requests 1 and 2 to the request further broadens the scope of the request to include
11  communications and correspondence that may be irrelevant to the current litigation.

12  Subject to and without waiving the foregoing General and Specific Objections, ARC
13  responds that to the extent the documents reasonably relate to the patent-in-suit and any
14  such documents exist, they have been provided to or are in the possession, custody, or
15  control of CCE and that, on information and belief, CCE is complying or has complied
16  with its discovery obligations in the Action.

A.  **HMD Global's Position**

17  HMD Global's Request No. 3 seeks communications concerning any agreement in
18  Request Nos. 1 or 2.  In its letter of November 12, ARC takes the same position as it did
19  regarding Request Nos. 1 and 2, and declines to produce any documents.  Chouraki Decl.,
20  Ex. P.

22  The legal standard governing discovery is set forth above in Request No. 1, § A.1.
23  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

24  Many categories of communications are directly relevant here.  The negotiation
25  history of a contract is highly relevant to understanding its meaning. *67 Wall St. Co. v.*
26  *Franklin Nat'l Bank*, 37 N.Y.2d 245, 248-49 (1975) (recognizing that the court can look to
27  the "surrounding facts and circumstances to determine the intent of the parties," including
28  "evidence of conversations, negotiations and agreements made prior to or

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  contemporaneous with the execution" in order to explain ambiguities in a written

2  agreement).  (The "License and Covenant Not to Sue Agreement" specifies New York law,

3  *see* Chouraki Decl., Ex. Q ¶ 6.15.)

4    Second, communications between ▮▮▮ and ▮▮ after execution of any agreements

5  are also highly relevant, as course of performance sheds light on the meaning of a contract.

6  *See Fed. Ins. Co. v. Americas Ins. Co.*, 258 A.D.2d 39, 44 (1999) ("the parties' course of

7  performance under the contract is considered to be the most persuasive evidence of the

8  agreed intention of the parties") (internal quotation marks and citation omitted); *Credit*

9  *Suisse Sec. (USA) LLC v. Grand Circle LLC*, Case No. 11-232, 2013 WL 5312511, at *11

10  (S.D.N.Y. Sept. 23, 2013) ("The parties' objective manifestations of their intent—namely,

11  their words to each other and their deeds—are significantly more probative than

12  uncommunicated subjective intent.") (internal quotation marks and citation omitted).

13    Third, communications within ARC can shed light on how ARC interpreted any

14  agreements.  *See Dataflow, Inc. v. Peerless Ins. Co.*, Case No. 11-1127, 2014 WL 148685,

15  at *4 (S.D.N.Y. Jan. 13, 2014) (finding that defendant's internal communications showing

16  its interpretation of a written agreement are relevant to its interpretation of the agreement).

17  All of these communications are highly relevant to HMD Global's claims about the

18  meaning of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See 67 Wall St.*, 37 N.Y.2d

19  at 248-49 (recognizing that "evidence of conversations, negotiations and agreements made

20  prior to or contemporaneous with the execution" may be used to explain ambiguities in a

21  written agreement).

22    Fourth, communications between ARC and CCE are highly relevant.  In opposing

23  HMD Global's motion to dismiss, CCE claimed that ▮▮▮▮▮▮▮▮▮

24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28  ▮▮▮▮▮▮▮▮▮▮▮▮  *Id.* Ex. D at

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

4 (*citing Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, Case No. 17-715, 2019 WL 1399927, at *3 (E.D. Tex. Mar. 28, 2019); *Id.* Ex. B at 6.  HMD Global is entitled to test those claims by probing the communications that actually occurred. Suppose, for example, that ARC sent a note to CCE saying, "we have executed a license to your portfolio, so you must drop your case with ▮▮▮  If that occurred, HMD Global is entitled to that evidence.

Fifth and finally, communications between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See 67 Wall St.*, 37 N.Y.2d at 248-49.  All of these communications are highly relevant HMD Global's claims about the meaning of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court

2  should order ARC to produce all documents responsive to this request.

3      **B.**    **ARC's Position**

4      [ARC's Position]

5  **Request for Production No. 4**

6      **Request**:  All documents concerning communications concerning negotiations

7  leading to any agreement between persons including ▇▇ and ▇▇▇▇▇▇▇▇ that

8  includes any patent license, or any agreement executed concurrently with any agreement

9  between persons including ▇▇ and ▇▇▇▇▇▇ that includes any patent license.

10      **Response**:  In addition to the foregoing General Objections, ARC incorporates by

11  reference each of its specific objections and responses to each of the preceding requests as

12  if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it

13  characterizes any agreements between ▇▇ and ▇▇ as conferring a relevant patent license

14  from ▇▇ to ▇▇  Defendant has no factual basis for such a characterization.  ARC objects

15  to this request to the extent that it seeks discovery of email.  ARC understands that the

16  parties to the Action agreed to a procedure for handling email discovery.  It is improper

17  and unduly burdensome to seek to circumvent these limits by seeking email discovery

18  from third-party ARC.  Further, this request does not comply with the requirements for an

19  email discovery request.  ARC further objects to this request to the extent that it seeks

20  privileged information, documents, or communications; internal communications

21  regarding patent licenses, should they exist, are protected from disclosure by

22  attorney-client privilege and/or the work product doctrine.  ARC objects to this request as

23  overbroad and unduly burdensome, and neither relevant nor proportional to the needs of

24  the case to the extent that the request seeks information not relevant to a claim or defense

25  asserted in this litigation.  ARC further objects to this request as vague, ambiguous,

26  overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.

27  Specifically, this request includes the same overbroad and vague structure seen in Requests

28  1, 2, and 3; ARC therefore incorporates the same objections here.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

HMD Global's Request No. 4 seeks documents, including communications, concerning any negotiations leading to any agreement in Request Nos. 1 or 2.  In its letter of November 12, ARC takes the same position as it did regarding Request Nos. 1, 2 and 3, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The negotiation history of a contract is highly relevant to understanding its meaning. 67 *Wall St. Co.*, 37 N.Y.2d at 248-49 (1975) (recognizing that the court can look to the "surrounding facts and circumstances to determine the intent of the parties," including "evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execution" in order to explain ambiguities in a written agreement).

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.    ARC's Position**

[ARC's Position]

**Request for Production No. 5**

**Request**:  All documents concerning any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  Specifically, the request includes patents and agreements that are irrelevant to the current litigation:  as written, the request includes any agreements made by ARC or any of its subsidiaries including any patent licenses.  There is only one patent at issue, and it is wholly owned by CCE.  This request seeks information on all other patents owned by

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1    ARC and any of its subsidiaries, which includes at least two other companies that are not

2    involved in this litigation.

3           Subject to and without waiving the foregoing General and Specific Objections, ARC

4    responds that to the extent the documents reasonably relate to the patent-in-suit and any

5    such documents exist, they have been provided to or are in the possession, custody, or

6    control of CCE and that, on information and belief, CCE is complying or has complied

7    with its discovery obligations in the Action.

8    **A.    HMD Global's Position**

9           HMD Global's Request No. 5 seeks documents concerning any agreement that, like

10   ████████████████████████████████████████████ includes a license to a patent owned

11   by an ARC affiliate or to which an ARC affiliate has rights.  In its letter of November 12,

12   ARC states that "agreements between ARC and third-parties that do not concern the '923

13   patent have no bearing on whether ARC has the right to license the '923 patent," and

14   refuses to provide any documents.  Chouraki Decl., Ex. P.

15          The legal standard governing discovery is set forth above in Request No. 1, § A.1.

16   ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

17          HMD Global's standing motion rests on the argument that ARC can and does hold,

18   as the ultimate corporate parent of CCE and other subsidiaries, the right to license patents

19   held by its subsidiaries directly by ARC, rather than through the subsidiaries themselves.

20   If HMD Global is correct, then ARC's subsidiaries (such as CCE) either lack standing to

21   sue entirely, or lack standing to sue without ARC's participation as a plaintiff in the case.

22   This request asks a simple question:  has ARC done it before?

23          If ARC has executed other agreements like ██████████████████████████████

24   ██████████████████████████████████████████████ those agreements

25   and ARC's practice of entering into them would be relevant to the interpretation of the

26   ████████████████████████████████████ and may also provide other bases to

27   undercut CCE's standing in this case.  *See Trilegiant Corp.*, 272 F.R.D. at 364-65 (ordering

28   plaintiff to produce documents concerning disputed contract provisions and "the drafting

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1 and use of such contract language" in order to aid in the interpretation of those provisions).

2 Conversely, if ARC has never executed an agreement similar to ███████████████

3 ██████████████████ that is relevant as well and ARC should confirm that no such

4 documents exist.

5     ARC has not shown that producing documents responsive to this request is unduly

6 burdensome for the reasons set forth above in Request No. 1, § A.3.

7     In a good faith effort to narrow this request, HMD Global clarified that this request

8 does not concern all licenses between any ARC affiliate and any third party, or even all

9 licences between ARC and third parties.  Rather, it concerns only licenses, like the license

10 from ███ to ███ that CCE produced in the underlying litigation, between ARC and

11 another party that include a license to a patent owned by an ARC affiliate.

12     As demonstrated, documents that are responsive to this request concern

13 nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

14 within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

15 the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

16 disputes through a series of letters and by meeting and conferring three times with ARC, as

17 set forth above in HMD Global's Introductory Statement, § F, but could reach no

18 agreements.  Accordingly, HMD Global respectfully submits that the Court should order

19 ARC to produce all documents responsive to this request.

20     **B.    ARC's Position**

21     [ARC's Position]

22 **Request for Production No. 6**

23     **Request**:  All documents concerning any agreement executed concurrently with any

24 agreement between ARC and any other person or persons that includes any patent license

25 including a patent owned in whole or part by one or more Acacia Entities.

26     **Response**:  In addition to the foregoing General Objections, ARC incorporates by

27 reference each of its specific objections and responses to each of the preceding requests as

28 if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1   characterizes any agreements involving ARC as conferring a relevant patent license from
2   ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC
3   objects to this request to the extent that it seeks discovery of email.  ARC understands that
4   the parties to the Action agreed to a procedure for handling email discovery.  It is improper
5   and unduly burdensome to seek to circumvent these limits by seeking email discovery
6   from third-party ARC.  Further, this request does not comply with the requirements for an
7   email discovery request.  ARC further objects to this request to the extent that it seeks
8   privileged information, documents, or communications; internal communications
9   regarding patent licenses, should they exist, are protected from disclosure by
10  attorney-client privilege and/or the work product doctrine.  ARC objects to this request as
11  overbroad and unduly burdensome, and neither relevant nor proportional to the needs of
12  the case to the extent that the request seeks information not relevant to a claim or defense
13  asserted in this litigation.  ARC further objects to this request as vague, ambiguous,
14  overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.
15  Specifically, this request includes the same overbroad and vague structure seen in Request
16  5; ARC therefore incorporates the same objections here.  Further, this request includes
17  additional agreements other than patent licensing agreements, as long as they were
18  "executed concurrently."  This provides an even broader and more vague scope to the
19  request and makes it even more likely that agreements responsive to the request would be
20  irrelevant to the current patent infringement litigation.

21      Subject to and without waiving the foregoing General and Specific Objections, ARC
22  responds that to the extent the documents reasonably relate to the patent-in-suit and any
23  such documents exist, they have been provided to or are in the possession, custody, or
24  control of CCE and that, on information and belief, CCE is complying or has complied
25  with its discovery obligations in the Action.

26      A.    **HMD Global's Position**

27      Similar to Request No. 2, HMD Global's Request No. 6 seeks documents
28  concerning any agreement executed concurrently with any agreement described in Request

Case 2:20-cv-00078-JRG   Document 71-16   Filed 12/04/20   Page 29 of 73 PageID #: 1941

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

No. 5.  In its letter of November 12, ARC takes the same position as it did regarding Request No. 5, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No. 5 are relevant for the reasons set forth there; the concurrent agreements of Request No. 6 are relevant for the same reasons as the concurrent agreements of Request No. 2.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.    ARC's Position**

[ARC's Position]

**Request for Production No. 7**

**Request**:  All documents concerning communications concerning any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  Specifically, this request includes the same overbroad and vague structure seen in Requests 5 and 6; ARC therefore incorporates the same objections here. Adding "communications" about the already vague and overbroad universe of potential agreements covered by Requests 5 and 6 to the request further broadens the scope of the request to include communications and correspondence that may be irrelevant to the current litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### A.     HMD Global's Position

Similar to Request No. 3, HMD Global's Request No. 7 seeks documents concerning communications concerning any agreement described in Request No. 5.  In its letter of November 12, ARC takes the same position as it did regarding Request Nos. 5 and 6, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No. 5 are relevant for the reasons set forth there; the communications of Request No. 7 are relevant for the same reasons as the communications of Request No. 3.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

### B.     ARC's Position

[ARC's Position]

### Request for Production No. 8

**Request**:  All documents concerning communications concerning negotiations leading to any agreement between ARC and any other person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities or any agreement executed concurrently with any agreement between ARC and any other

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

person or persons that includes any patent license including a patent owned in whole or part by one or more Acacia Entities.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  Specifically, this request includes the same overbroad and vague structure seen in Requests 5, 6, and 7; ARC therefore incorporates the same objections here.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### A.      HMD Global's Position

Similar to Request No. 4, HMD Global's Request No. 8 seeks documents concerning communications concerning negotiations concerning any agreement described in Request No. 5.  In its letter of November 12, ARC takes the same position as it did regarding Request Nos. 5, 6, and 7, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No. 5 are relevant for the reasons set forth there; the communications of Request No. 8 are relevant for the same reasons as the communications agreements of Request No. 4.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

### B.      ARC's Position

[ARC's Position]

### Request for Production No. 9

**Request**:  All documents concerning any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC further objects to this request as vague, ambiguous, and unduly burdensome to the extent that it is unlimited in scope.  Specifically, this request includes all patents owned by ARC and any of its subsidiaries, including patents that are unrelated to the single patent at issue in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

HMD Global's Request No. 9 seeks documents concerning any agreement that, like ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ includes a license to a patent to which an ARC affiliate has rights.  In its letter of November 12, ARC states that "agreements

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1 between ARC and third-parties that do not concern the '923 patent have no bearing on
2 whether ARC has the right to license the '923 patent," and refuses to provide any
3 documents.  Chouraki Decl., Ex. P.
4     The legal standard governing discovery is set forth above in Request No. 1, § A.1.
5 ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.
6     HMD Global's standing motion rests on the argument that ARC can and does hold,
7 as the ultimate corporate parent of CCE and other subsidiaries, the right to license patents
8 held by its subsidiaries directly by ARC, rather than through the subsidiaries themselves.
9 If HMD Global is correct, then ARC's subsidiaries (such as CCE) either lack standing to
10 sue entirely, or lack standing to sue without ARC's participation as a plaintiff in the case.
11 This request asks a simple question:  has ARC done it before?
12     If ARC has executed other agreements like ██████████████████
13 ███████████████████████████████████████████████
14 ████████████████████████████████
15 ███████████████████████████ and may also provide
16 other bases to undercut CCE's standing in this case.  *See Trilegiant Corp.*, 272 F.R.D. at
17 364-65 (ordering plaintiff to produce documents concerning disputed contract provisions
18 and "the drafting and use of such contract language" in order to aid in the interpretation of
19 those provisions).  Conversely, if ARC has never executed an agreement similar to the
20 ████████████████████ that is relevant as well and ARC should
21 confirm that no such documents exist.
22     ARC has not shown that producing documents responsive to this request is unduly
23 burdensome for the reasons set forth above in Request No. 1, § A.3.
24     In a good faith effort to narrow this request, HMD Global clarified that this request
25 does not concern all licenses between any ARC affiliate and any third party, or even all
26 licences between ARC and third parties.  Rather, it concerns only licenses, like the license
27 from ███ to ██ that CCE produced in the underlying litigation, between ARC and
28 another party that include a license to a patent owned by an ARC affiliate.

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

1      As demonstrated, documents that are responsive to this request concern

2 nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

3 within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

4 the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

5 disputes through a series of letters and by meeting and conferring three times with ARC, as

6 set forth above in HMD Global's Introductory Statement, § F, but could reach no

7 agreements.  Accordingly, HMD Global respectfully submits that the Court should order

8 ARC to produce all documents responsive to this request.

9      **B.    ARC's Position**

10      [ARC's Position]

11 **Request for Production No. 10**

12      **Request**:  All documents concerning any agreement executed concurrently with any

13 agreement between ARC and any other person or persons that includes any patent license

14 including a patent that one or more Acacia Entities has authority to license.

15      **Response**:  In addition to the foregoing General Objections, ARC incorporates by

16 reference each of its specific objections and responses to each of the preceding requests as

17 if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it

18 characterizes any agreements involving ARC as conferring a relevant patent license from

19 ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC

20 objects to this request as overbroad and unduly burdensome, and neither relevant nor

21 proportional to the needs of the case to the extent that the request seeks information not

22 relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the

23 extent that it seeks discovery of email.  ARC understands that the parties to the Action

24 agreed to a procedure for handling email discovery. It is improper and unduly burdensome

25 to seek to circumvent these limits by seeking email discovery from third-party ARC.

26 Further, this request does not comply with the requirements for an email discovery request.

27 ARC further objects to this request to the extent that it seeks privileged information,

28 documents, or communications; internal communications regarding patent licenses, should

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Request 9; ARC therefore incorporates the same objections here.  Further, this request includes additional agreements other than patent licensing agreements, as long as they were "executed concurrently."  This provides an even broader and more vague scope to the request and makes it even more likely that agreements responsive to the request would be irrelevant to the current patent infringement litigation.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.   HMD Global's Position

Similar to Request Nos. 2 and 6, HMD Global's Request No. 10 seeks documents concerning any agreement executed concurrently with any agreement described in Request No. 9.  In its letter of November 12, ARC takes the same position as it did regarding Request No. 9, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No. 9 are relevant for the reasons set forth there; the concurrent agreements of Request No. 10 are relevant for the same reasons as the concurrent agreements of Request Nos. 2 and 6.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

### B.   ARC's Position

[ARC's Position]

**Request for Production No. 11**

**Request**:  All documents concerning communications concerning any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request. ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as vague, ambiguous, overbroad, and unduly

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  burdensome to the extent that it is unlimited in time and scope.  Specifically, this request

2  includes the same overbroad and vague structure seen in Requests 9 and 10; ARC

3  therefore incorporates the same objections here.  Adding "communications" about the

4  already vague and overbroad universe of potential agreements covered by Requests 9 and

5  10 to the request further broadens the scope of the request to include communications and

6  correspondence that may be irrelevant to the current litigation.

7  　　　Subject to and without waiving the foregoing General and Specific Objections, ARC

8  responds that to the extent the documents reasonably relate to the patent-in-suit and any

9  such documents exist, they have been provided to or are in the possession, custody, or

10  control of CCE and that, on information and belief, CCE is complying or has complied

11  with its discovery obligations in the Action.

12  　　　**A.　　HMD Global's Position**

13  　　　Similar to Request Nos. 3 and 7, HMD Global's Request No. 11 seeks documents

14  concerning communications concerning any agreement described in Request No. 9.  In its

15  letter of November 12, ARC takes the same position as it did regarding Request Nos. 9 and

16  10, and declines to produce any documents.  Chouraki Decl., Ex. P.

17  　　　The legal standard governing discovery is set forth above in Request No. 1, § A.1.

18  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

19  　　　The agreements in Request No. 9 are relevant for the reasons set forth there; the

20  communications of Request No. 11 are relevant for the same reasons as the

21  communications of Request Nos. 3 and 7.

22  　　　ARC has not shown that producing documents responsive to this request is unduly

23  burdensome for the reasons set forth above in Request No. 1, § A.3.

24  　　　As demonstrated, documents and communications that are responsive to this request

25  concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

26  request is within the scope of discovery, not overly broad, unduly burdensome,

27  disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought

28  to resolve these disputes through a series of letters and by meeting and conferring three

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 12**

**Request**:  All documents concerning communications concerning negotiations leading to any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license or any agreement executed concurrently with any agreement between ARC and any other person or persons that includes any patent license including a patent that one or more Acacia Entities has authority to license.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to the phrase "any patent license" to the extent that it characterizes any agreements involving ARC as conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this request includes the same overbroad and vague structure seen in Requests 9, 10, and 11; ARC therefore incorporates the same objections here.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

Similar to Request Nos. 4 and 8, HMD Global's Request No. 12 seeks documents concerning communications concerning negotiations concerning any agreement described in Request No. 9.  In its letter of November 12, ARC takes the same position as it did regarding Request Nos. 9 and 10, and declines to produce any documents.  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

The agreements in Request No. 9 are relevant for the reasons set forth there; the communications of Request No. 12 are relevant for the same reasons as the communications of Request Nos. 4 and 8.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.    ARC's Position**

[ARC's Position]

**Request for Production No. 13**

**Request**:  All documents concerning all communications, including any proposals to license, negotiations, discussions, offers to license, presentations, or any other communications, regarding any potential agreement concerning the '923 patent, including any potential license including the '923 patent.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it characterizes any communications or agreements involving ARC as proposing, offering, or conferring a relevant patent license from ARC to any other entity; Defendant has no factual basis for such a characterization.  ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC. Further, this request does not comply with the requirements for an email discovery request.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time.  Further, ARC objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney-client privilege, attorney work product doctrine, and common interest privilege.  Specifically, this request includes information about prior lawsuits and licensing efforts that, in addition to being protected from disclosure by attorney-client privilege and/or attorney work product doctrine, may be

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1   irrelevant and unrelated to this litigation.  Additionally, this request asks about licenses and

2   potential licenses in general, which includes any licenses procured as a result of litigation,

3   as well as any licenses procured as a result of other business deals.

4          Subject to and without waiving the foregoing General and Specific Objections, ARC

5   responds that to the extent the documents reasonably relate to the patent-in-suit and any

6   such documents exist, they have been provided to or are in the possession, custody, or

7   control of CCE and that, on information and belief, CCE is complying or has complied

8   with its discovery obligations in the Action.

9          **A.     HMD Global's Position**

10         HMD Global's Request No. 13 seeks documents, including communications,

11  including any proposals to license, negotiations, discussions, offers to license,

12  presentations, or any other communications, regarding any potential agreement concerning

13  the '923 patent, including any potential license including the '923 patent.  In its letter of

14  November 12, ARC states that it "will produce all responsive materials in its possession,

15  custody, or control relating to the ownership of the '923 patent.  Moreover, to the extent

16  ARC has valuations concerning the '923 patent, it will either produce such materials or

17  identify such materials on a privilege log."  ARC does not commit to searching for

18  documents regarding "any proposals to license, negotiations, discussions, offers to license,

19  presentations, or any other communications, regarding any potential agreement concerning

20  the '923 patent, including any potential license including the '923 patent," Chouraki Decl.,

21  Ex. E, and "will not conduct a search of emails in an attempt to locate responsive

22  information." *Id*. Ex. P.

23         The legal standard governing discovery is set forth above in Request No. 1, § A.1.

24  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

25         This request seeks documents concerning communications concerning any actual or

26  potential agreements regarding the '923 patent.  If ARC sent a series of proposals to

27  license a portfolio including the '923 patent to ▮ or any other party, those

28  communications would be highly relevant HMD Global's motion to dismiss.  Similarly,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  communications with ███████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ██████████████████████████████████████████████████████

7  ██████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████

9  ██████████████████████████████████████████████████

10  ████████████████████████████████  *See 67 Wall St.*, 37 N.Y.2d at 248-49.

11  All of these communications are highly relevant to HMD Global's claims about the

12  meaning of ███████████████████████████████████

13      ARC has not shown that producing documents responsive to this request is unduly

14  burdensome for the reasons set forth above in Request No. 1, § A.3.

15      As demonstrated, documents and communications that are responsive to this request

16  concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

17  request is within the scope of discovery, not overly broad, unduly burdensome,

18  disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought

19  to resolve these disputes through a series of letters and by meeting and conferring three

20  times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

21  could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court

22  should order ARC to produce all documents responsive to this request.

23      **B.    ARC's Position**

24      [ARC's Position]

25  **Request for Production No. 14**

26      **Request**:  All documents concerning any right, title, or interest in the '923 patent.

27      **Response**:  In addition to the foregoing General Objections, ARC incorporates by

28  reference each of its specific objections and responses to each of the preceding requests as

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

if fully set forth herein.  ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is not limited in time.  ARC objects to this request as unduly burdensome to the extent that it seeks information that ARC cannot provide. ARC has never possessed any right, title, or interest in the '923 patent; this request should instead be directed at parties that do have interest in the '923 patent.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

HMD Global's Request No. 14 seeks documents concerning any right, title, or interest in the '923 patent.  In its letter of November 12, ARC stated that it would "produce all responsive materials in its possession, custody, or control relating to the ownership of the '923 patent," but does not commit to produce all documents regarding "any right, title, or interest in the '923 patent," Chouraki Decl., Ex. Chouraki Decl., Ex. E, thus enabling it to withhold documents concerning the key issue in HMD Global's standing claim: ARC's right to license the '923 patent.  ARC also refused to "conduct a search of emails in an attempt to locate responsive information."  *Id.* Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

Documents responsive to this request bear directly on HMD Global's Motion to Dismiss.  In opposing HMD Global's motion to dismiss, CCE claimed "that all rights to the '923 patent belong to CCE."  Chouraki Decl., Ex. B.  HMD Global is entitled to test this assertion through discovery.  It is also entitled to test its assertion that ARC exercised ownership rights to the '923 patent by licensing it through ███████████████████ █████████████████████████████████  If ARC has documents relating to their

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

ownership of the '923 patent, they bear directly on the core arguments of HMD Global's motion to dismiss and ARC must produce them.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.      ARC's Position**

[ARC's Position]

**Request for Production No. 15**

**Request**:  All documents concerning any valuations or attempts to value the '923 patent or any portfolio containing the '923 patent.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC further objects to this request to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent valuations, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.  ARC objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1   not limited in time.  ARC further objects to this request to the extent that it seeks

2   information not in ARC's possession, custody, or control.  For example, ARC does not

3   own the '923 patent and there are third parties who owned the rights to the '923 patent

4   prior to CCE; as written, the request includes information that is more likely to be in those

5   parties' possession.

6        Subject to and without waiving the foregoing General and Specific Objections, ARC

7   responds that to the extent the documents reasonably relate to the patent-in-suit and any

8   such documents exist, they have been provided to or are in the possession, custody, or

9   control of CCE and that, on information and belief, CCE is complying or has complied

10   with its discovery obligations in the Action.

11       **A.**    **HMD Global's Position**

12        HMD Global's Request No. 15 seeks documents concerning any valuations or

13   attempts to value the '923 patent or any portfolio containing the '923 patent.  In its letter of

14   November 12, ARC states that, "to the extent ARC has valuations concerning the '923

15   patent, it will either produce such materials or identify such materials on a privilege log,"

16   but will not "conduct a search of emails in an attempt to locate responsive information."

17   Chouraki Decl., Ex. P.  The question before the Court is thus whether ARC has shown that

18   an email search would be overly burdensome.  It has not.

19        The legal standard governing discovery is set forth above in Request No. 1, § A.1.

20   ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

21        ARC has not shown that producing documents responsive to this request is unduly

22   burdensome for the reasons set forth above in Request No. 1, § A.3.  ARC's objection is

23   particularly inappropriate here, where it admits the subject matter is relevant, but appears

24   to agree to a scope of production calculated to yield few, if any, documents.  Modern

25   business occurs largely over email, and the exception to ARC's purported willingness to

26   produce documents almost certainly swallows the rule.  The Court should not allow ARC

27   to provide a hollowed-out production without a full search of all documents.

28

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.    ARC's Position**

[ARC's Position]

**Request for Production No. 16**

**Request**:  All documents concerning the relationship between ARC and CCE.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  Specifically, this request provides no limitation or context for the information it seeks regarding the "relationship" between ARC and CCE.  As written, the request asks for an overly broad spectrum of any facts that could potentially relate to the relationship discussed.  ARC further objects to this request as unduly burdensome to the extent that it

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  seeks information that could more easily be obtained from CCE, who is a party to this

2  Action.

3      Subject to and without waiving the foregoing General and Specific Objections, ARC

4  responds that to the extent the documents reasonably relate to the patent-in-suit and any

5  such documents exist, they have been provided to or are in the possession, custody, or

6  control of CCE and that, on information and belief, CCE is complying or has complied

7  with its discovery obligations in the Action.

8      **A.    HMD Global's Position**

9      HMD Global's Request No. 16 seeks documents concerning the relationship

10  between ARC and CCE.  In its letter of November 12, ARC stated that, if HMD Global

11  "agrees to exclude emails from its request, ARC is willing to search for non-public,

12  responsive documents related to these requests."  Chouraki Decl., Ex. P.  ARC thus admits

13  the relevance of these documents, but refuses to search for them unless HMD Global

14  agrees to exclude emails from its search.

15      The legal standard governing discovery is set forth above in Request No. 1, § A.1.

16  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

17      These documents address CCE's main argument in opposition to HMD's motion to

18  dismiss.  In their opposition CCE claimed that ███████████████████████

19  █████████████████████████████████████████████

20  ██████████████████████████████████████████████

21  ██████████████████████████████████████████████

22  ████████████████████████████████████████

23  ██████████████████████████████████████ Sur-reply at

24  4 (citing *Polaris*, 2019 WL 1399927, at *3; Opp. at 6.  CCE hinges their argument that

25  they own the '923 patent on this interpretation of ███████████ HMD Global is entitled

26  to test these statements by understanding the full scope of the relationship between ARC

27  and CCE.

28

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1    ARC has not shown that producing documents responsive to this request is unduly

2    burdensome for the reasons set forth above in Request No. 1, § A.3.

3    As demonstrated, documents that are responsive to this request concern

4    nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

5    within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

6    the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

7    disputes through a series of letters and by meeting and conferring three times with ARC, as

8    set forth above in HMD Global's Introductory Statement, § F, but could reach no

9    agreements.  Accordingly, HMD Global respectfully submits that the Court should order

10    ARC to produce all documents responsive to this request.

11    **B.**     **ARC's Position**

12    [ARC's Position]

13    **Request for Production No. 17**

14    **Request**:  All communications concerning the relationship between ARC and CCE.

15    **Response**:  In addition to the foregoing General Objections, ARC incorporates by

16    reference each of its specific objections and responses to each of the preceding requests as

17    if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of

18    email.  ARC understands that the parties to the Action agreed to a procedure for handling

19    email discovery.  It is improper and unduly burdensome to seek to circumvent these limits

20    by seeking email discovery from third-party ARC.  Further, this request does not comply

21    with the requirements for an email discovery request.  ARC objects to this request as

22    overbroad and unduly burdensome, and neither relevant nor proportional to the needs of

23    the case to the extent that the request seeks information not relevant to a claim or defense

24    asserted in this litigation.  ARC further objects to this request as vague, ambiguous,

25    overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  For

26    example, ARC objects to the term "communications" as not being limited in time or scope.

27    Specifically, this request provides no limitation or context for the information it seeks

28    regarding the "relationship" between CCE and ARC.  As written, the request asks for an

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  overly broad spectrum of any facts that could potentially relate to the relationship

2  discussed.  ARC further objects to this request as unduly burdensome to the extent that it

3  seeks information that could more easily be obtained from CCE, who is a party to this

4  Action.

5       Subject to and without waiving the foregoing General and Specific Objections, ARC

6  responds that to the extent the documents reasonably relate to the patent-in-suit and any

7  such documents exist, they have been provided to or are in the possession, custody, or

8  control of CCE and that, on information and belief, CCE is complying or has complied

9  with its discovery obligations in the Action.

10      **A.    HMD Global's Position**

11      HMD Global's Request No. 16 seeks communications concerning the relationship

12  between ARC and CCE.  In its letter of November 12, ARC stated that, if HMD Global

13  "agrees to exclude emails from its request, ARC is willing to search for non-public,

14  responsive documents related to these requests."  Chouraki Decl., Ex. P.  ARC thus admits

15  the relevance of these documents, but refuses to search for them unless HMD Global

16  agrees to exclude emails from its search.

17      The legal standard governing discovery is set forth above in Request No. 1, § A.1.

18  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

19      These documents are relevant for the same reasons as those responsive to Request

20  No. 16.

21      ARC has not shown that producing documents responsive to this request is unduly

22  burdensome for the reasons set forth above in Request No. 1, § A.3.

23      As demonstrated, documents and communications that are responsive to this request

24  concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

25  request is within the scope of discovery, not overly broad, unduly burdensome,

26  disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought

27  to resolve these disputes through a series of letters and by meeting and conferring three

28  times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1   could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court

2   should order ARC to produce all documents responsive to this request.

3   **B.     ARC's Position**

4   [ARC's Position]

5   **Request for Production No. 18**

6   **Request**:  All documents concerning the "Assignment and Assumption Agreement"

7   filed with the United States Patent and Trademark Office at Patent Reel 033405, Frame

8   0104 to 0106.

9   **Response**:  In addition to the foregoing General Objections, ARC incorporates by

10  reference each of its specific objections and responses to each of the preceding requests as

11  if fully set forth herein.  ARC objects to this request as overbroad and unduly burdensome,

12  and neither relevant nor proportional to the needs of the case to the extent that the request

13  seeks information not relevant to a claim or defense asserted in this litigation.  ARC

14  further objects to the term "concerning" as vague and ambiguous to the extent that it is

15  unlimited in scope.  Specifically, this request provides no context or information regarding

16  what information Defendant seeks regarding the referenced agreement. ARC further

17  objects to this request as unduly burdensome, as it seeks information about a document not

18  filed by ARC.  This request is presumably more properly directed to CCE, who is a party

19  to this Action and has an ownership interest in the '923 patent.

20  Subject to and without waiving the foregoing General and Specific Objections, ARC

21  responds that to the extent the documents reasonably relate to the patent-in-suit and any

22  such documents exist, they have been provided to or are in the possession, custody, or

23  control of CCE and that, on information and belief, CCE is complying or has complied

24  with its discovery obligations in the Action.

25  **A.     HMD Global's Position**

26  HMD Global's Request No. 18 seeks documents concerning the "Assignment and

27  Assumption Agreement" filed with the United States Patent and Trademark Office at

28  Patent Reel 033405, Frame 0104 to 0106, an agreement between Acacia Research Group

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1    LLC ("ARG"), an ARC affiliate entity, and Nokia Siemens Networks Oy regarding the

2    '923 patent.  In its letter of November 12, ARC states that "this request refers to an

3    assignment made by ARG, not ARC, and ARC does not believe that it has documents

4    responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its

5    request, ARC is willing to search for non-public, responsive documents responsive to these

6    requests."  Chouraki Decl., Ex. P.

7         The legal standard governing discovery is set forth above in Request No. 1, § A.1.

8    ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

9         Documents responsive to this request concern the chain of title of the '923 patent.

10   In opposing HMD Global's motion to dismiss, CCE claimed "that all rights to the '923

11   patent belong to CCE."  Chouraki Decl., Ex. B.  HMD Global is entitled to test this

12   assertion through discovery.  Request No. 18 concerns the agreement CCE contends

13   ███████████████████████████████████████████████████ Opp.

14   at 2.  Suppose, for example, that contemporaneous documents exist that explain the

15   purpose of this assignment and how the assignment affects any rights ARC or ARG may

16   have concerning CCE or the '923 patent.  Such responsive documents would be highly

17   relevant to the ownership of  the '923 patent and the authority to license it.

18        ARC has not shown that producing documents responsive to this request is unduly

19   burdensome for the reasons set forth above in Request No. 1, § A.3.

20        As demonstrated, documents that are responsive to this request concern

21   nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

22   within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

23   the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

24   disputes through a series of letters and by meeting and conferring three times with ARC, as

25   set forth above in HMD Global's Introductory Statement, § F, but could reach no

26   agreements.  Accordingly, HMD Global respectfully submits that the Court should order

27   ARC to produce all documents responsive to this request.

28

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## B.     ARC's Position

[ARC's Position]

**Request for Production No. 19**

**Request**:  All documents concerning the "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague and ambiguous to the extent that it is unlimited in scope.  Specifically, this request relates to an agreement that involves numerous patents and parties that are not at issue and have no relevance to this litigation.  The request provides no context or information regarding what information Defendant seeks relating to this agreement.  Further, ARC objects to this request to the extent that it asks for things not in ARC's possession, custody, or control.  ARC further objects to this request as unduly burdensome, as it seeks information about a document not filed by ARC.  This request is presumably more properly directed to CCE, who is a party to this Action and has an ownership interest in the '923 patent.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

## A.     HMD Global's Position

HMD Global's Request No. 19 seeks documents concerning the "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404, an agreement between ARG, an ARC affiliate entity, and

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Starboard Value Intermediate Fund LP ("Starboard") regarding the '923 patent.  In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents responsive to these requests."  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

This request specifically concerns the security interest ARC provided to Starboard. The "Patent Security Agreement" filed with the United States Patent and Trademark Office at Patent Reel 052853, Frame 0153 to 0404, granted Starboard a security interest in the '923 patent, and referenced a Security Agreement, which CCE has not produced.  The "Release of Security Interest in Patents" filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame 0254 to 0489, shows that on June 30, 2020, Starboard rescinded its security interest in the '923 patent.  These agreements and documents related to them may independently undermine CCE's standing in this case and raise numerous issues which are highly relevant to HMD Global's standing claims.  *See Uniloc USA, Inc. v. Apple Inc.*, 784 Fed. App'x at 765, 767-68 (order of United States Court of Appeals for the Federal Circuit remanding to the district court to "supplement the record, determine whether Uniloc has standing in the first instance, and, if appropriate, cure any jurisdictional defects" after Apple learned on appeal of patent licenses and assignments which threatened Uniloc's standing to sue).  These agreements raise at least the following issues:  what are the terms of the Security Agreement, including when does an Event of Default occur and what is the Collateral; whether Starboard at any point in time after execution of the Patent Security Agreement had any right in the asserted patent; whether CCE lost or shared in any right to the asserted patent with Starboard; whether CCE defaulted under the Security Agreement after execution of the Patent Security Agreement;

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  and why Starboard released the security interest.  This request seeks to probe these issues,

2  which go directly to HMD's argument that CCE does not have standing to sue in this case.

3      ARC has not shown that producing documents responsive to this request is unduly

4  burdensome for the reasons set forth above in Request No. 1, § A.3.

5      As demonstrated, documents that are responsive to this request concern

6  nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

7  within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

8  the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

9  disputes through a series of letters and by meeting and conferring three times with ARC, as

10  set forth above in HMD Global's Introductory Statement, § F, but could reach no

11  agreements.  Accordingly, HMD Global respectfully submits that the Court should order

12  ARC to produce all documents responsive to this request.

13      **B.**    **ARC's Position**

14      [ARC's Position]

15  **Request for Production No. 20**

16      **Request**:  All documents concerning the "Release of Security Interest in Patents"

17  filed with the United States Patent and Trademark Office at Patent Reel 053654, Frame

18  0254 to 0489.

19      **Response**:  In addition to the foregoing General Objections, ARC incorporates by

20  reference each of its specific objections and responses to each of the preceding requests as

21  if fully set forth herein.  ARC objects to this request as overbroad and unduly burdensome,

22  and neither relevant nor proportional to the needs of the case to the extent that the request

23  seeks information not relevant to a claim or defense asserted in this litigation.  ARC

24  further objects to this request as vague and ambiguous to the extent that it is unlimited in

25  scope.  Specifically, this request relates to an agreement that involves numerous patents

26  and parties that are not at issue and have no relevance to this litigation.  The request

27  provides no context or information regarding what information Defendant seeks relating to

28  this agreement.  Additionally, ARC objects to this request to the extent that it asks for

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1    things not in ARC's possession, custody, or control.  ARC further objects to this request as

2    unduly burdensome, as it seeks information about a document not filed by ARC.  This

3    request is presumably more properly directed to CCE, who is a party to this Action and has

4    an ownership interest in the '923 patent.

5         Subject to and without waiving the foregoing General and Specific Objections, ARC

6    responds that to the extent the documents reasonably relate to the patent-in-suit and any

7    such documents exist, they have been provided to or are in the possession, custody, or

8    control of CCE and that, on information and belief, CCE is complying or has complied

9    with its discovery obligations in the Action.

10        **A.    HMD Global's Position**

11        HMD Global's Request No. 20 seeks documents concerning the "Release of

12   Security Interest in Patents" filed with the United States Patent and Trademark Office at

13   Patent Reel 053654, Frame 0254 to 0489, an agreement between ARG, an ARC affiliate

14   entity, and Starboard regarding the '923 patent.  In its letter of November 12, ARC states

15   that "this request refers to an assignment made by ARG, not ARC, and ARC does not

16   believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to

17   exclude emails from its request, ARC is willing to search for non-public, responsive

18   documents responsive to these requests."  Chouraki Decl., Ex. P.

19        The legal standard governing discovery is set forth above in Request No. 1, § A.1.

20   ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

21        This request specifically concerns the security interest ARC provided to Starboard.

22   The "Patent Security Agreement" filed with the United States Patent and Trademark Office

23   at Patent Reel 052853, Frame 0153 to 0404, granted Starboard a security interest in the

24   '923 patent, and referenced a Security Agreement, which CCE has not produced.  The

25   "Release of Security Interest in Patents" filed with the United States Patent and Trademark

26   Office at Patent Reel 053654, Frame 0254 to 0489, shows that on June 30, 2020, Starboard

27   rescinded its security interest in the '923 patent.  These agreements and documents related

28   to them may independently undermine CCE's standing in this case and raise numerous

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1   issues which are highly relevant to HMD Global's standing claims.  *See Uniloc USA, Inc.*

2   *v. Apple Inc.*, 784 Fed. App'x at 765, 767-68 (order of United States Court of Appeals for

3   the Federal Circuit remanding to the district court to "supplement the record, determine

4   whether Uniloc has standing in the first instance, and, if appropriate, cure any

5   jurisdictional defects" after Apple learned on appeal of patent licenses and assignments

6   which threatened Uniloc's standing to sue).  These agreements raise at least the following

7   issues:  what are the terms of the Security Agreement, including when does an Event of

8   Default occur and what is the Collateral; whether Starboard at any point in time after

9   execution of the Patent Security Agreement had any right in the asserted patent; whether

10   CCE lost or shared in any right to the asserted patent with Starboard; whether CCE

11   defaulted under the Security Agreement after execution of the Patent Security Agreement;

12   and why Starboard released the security interest.  This request seeks to probe these issues,

13   which go directly to HMD's argument that CCE does not have standing to sue in this case.

14         ARC has not shown that producing documents responsive to this request is unduly

15   burdensome for the reasons set forth above in Request No. 1, § A.3.

16         As demonstrated, documents that are responsive to this request concern

17   nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

18   within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

19   the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

20   disputes through a series of letters and by meeting and conferring three times with ARC, as

21   set forth above in HMD Global's Introductory Statement, § F, but could reach no

22   agreements.  Accordingly, HMD Global respectfully submits that the Court should order

23   ARC to produce all documents responsive to this request.

24         **B.**    **ARC's Position**

25         [ARC's Position]

26

27

28

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**Request for Production No. 21**

**Request**:  All documents concerning communications concerning the "Assignment and Assumption Agreement," "Patent Security Agreement," or "Release of Security Interest in Patents" described in the three preceding paragraphs.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request. ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague and ambiguous to the extent that it is unlimited in scope.  Specifically, this request involves the same agreements mentioned in Requests 18-20; ARC therefore incorporates the same objections here.  Additionally, ARC objects to the term "communications" as not being limited in time or scope.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**A.     HMD Global's Position**

HMD Global's Request No. 21 seeks documents concerning communications concerning the "Assignment and Assumption Agreement," "Patent Security Agreement," or "Release of Security Interest in Patents" described in Requests Nos. 18-20.    In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1   ARC, and ARC does not believe that it has documents responsive to this request.

2   Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search

3   for non-public, responsive documents responsive to these requests."  Chouraki Decl., Ex.

4   P.

5          The legal standard governing discovery is set forth above in Request No. 1, § A.1.

6   ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

7          The subject matter of the "Assignment and Assumption Agreement," "Patent

8   Security Agreement," or "Release of Security Interest in Patents" described in Requests

9   Nos. 18-20 is relevant for the reasons set forth there.  Communications regarding such

10  agreements are also highly relevant.  The negotiation history of a contract is key to

11  understanding its meaning.  *67 Wall St. Co. v. Franklin Nat'l Bank*, 37 N.Y.2d 245, 248-49

12  (1975) (recognizing that the court can look to the "surrounding facts and circumstances to

13  determine the intent of the parties," including "evidence of conversations, negotiations and

14  agreements made prior to or contemporaneous with the execution" in order to explain

15  ambiguities in a written agreement).  Second, communications between ARC and

16  Starboard after execution of any agreements are also highly relevant, as course of

17  performance also sheds light on the meaning of a contract.  *See Fed. Ins. Co.*, 258 A.D.2d

18  at 44 ("the parties' course of performance under the contract is considered to be the most

19  persuasive evidence of the agreed intention of the parties") (internal quotation marks and

20  citation omitted); *Credit Suisse Sec. (USA) LLC*, 2013 WL 5312511, at *11 ("The parties'

21  objective manifestations of their intent—namely, their words to each other and their

22  deeds—are significantly more probative than uncommunicated subjective intent.")

23  (internal quotation marks and citation omitted).  Third, communications within ARC can

24  shed light on how ARC interpreted any agreements.  *See Dataflow, Inc. v. Peerless Ins.*

25  *Co.*, Case No. 11-1127, 2014 WL 148685, at *4 (S.D.N.Y. Jan. 13, 2014) (finding that

26  defendant's internal communications showing its interpretation of a written agreement are

27  relevant to its interpretation of the agreement).  All of these communications provide

28  additional context for the interpretation of the agreement between ARC and Starboard.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Thus, they are highly relevant to HMD Global's argument that CCE does not have ownership of the '923 patent.  *See 67 Wall St.*, 37 N.Y.2d at 248-49 (recognizing that "evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execution" may be used to explain ambiguities in a written agreement).

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

## B.    ARC's Position

[ARC's Position]

**Request for Production No. 22**

**Request**:  All documents concerning any relationship between ARC and Starboard.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email. ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC objects to this request as

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  Specifically, this request seeks information about a relationship (to the extent one may exist) that has no bearing on any claim or defense in this litigation.  ARC has no interest in the '923 patent and is not a party to the agreements discussed in Requests 19 and 20, which involve Starboard.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and subject matter.  Specifically, this request provides no limitation or context for the information it seeks regarding the "relationship" between ARC and Starboard.  As written, the request asks for an overly broad spectrum of any facts that could potentially relate to the relationship discussed.  Additionally, ARC objects to this request to the extent that it asks for things not in ARC's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

HMD Global's Request No. 22 seeks documents concerning any relationship between ARC and Starboard, an entity which ARC separately entered an agreement with regarding the '923 patent.  In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents responsive to these requests."  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1    Documents that are responsive to this request, which include documents that

2    concern any security interest Starboard may have in the '923 patent and may

3    independently undermine CCE's standing in this case, are relevant to HMD Global's

4    standing claims raised in its motion to dismiss, which relate to the rights that ARC

5    exercises on behalf of its subsidiaries, including but not limited to CCE.

6    ARC has not shown that producing documents responsive to this request is unduly

7    burdensome for the reasons set forth above in Request No. 1, § A.3.

8    As demonstrated, documents that are responsive to this request concern

9    nonprivileged matter that is relevant to HMD Global's standing claim, and this request is

10   within the scope of discovery, not overly broad, unduly burdensome, disproportionate to

11   the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these

12   disputes through a series of letters and by meeting and conferring three times with ARC, as

13   set forth above in HMD Global's Introductory Statement, § F, but could reach no

14   agreements.  Accordingly, HMD Global respectfully submits that the Court should order

15   ARC to produce all documents responsive to this request.

16   **B.    ARC's Position**

17   [ARC's Position]

18   **Request for Production No. 23**

19   **Request**:  All communications concerning any relationship between ARC and

20   Starboard.

21   **Response**:  In addition to the foregoing General Objections, ARC incorporates by

22   reference each of its specific objections and responses to each of the preceding requests as

23   if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of

24   email.  ARC understands that the parties to the Action agreed to a procedure for handling

25   email discovery.  It is improper and unduly burdensome to seek to circumvent these limits

26   by seeking email discovery from third-party ARC.  Further, this request does not comply

27   with the requirements for an email discovery request.  ARC objects to this request as

28   overboard and unduly burdensome, and neither relevant nor proportional to the needs of

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  Specifically, this request contains the same language used in Request 22 regarding the "relationship" between ARC and Starboard; ARC therefore incorporates the same objections here.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope.  For example, ARC objects to the term "communications" as not being limited in time or scope.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

**A.  HMD Global's Position**

HMD Global's Request No. 23 seeks communications concerning any relationship between ARC and Starboard, an entity which ARC separately entered into an agreement with regarding the '923 patent.  In its letter of November 12, ARC states that "this request refers to an assignment made by ARG, not ARC, and ARC does not believe that it has documents responsive to this request.  Nevertheless, if HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents responsive to these requests."  Chouraki Decl., Ex. P.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

Documents that are responsive to this request, which include documents that concern any security interest Starboard may have in the '923 patent and may independently undermine CCE's standing in this case, are relevant to HMD Global's standing claims raised in its motion to dismiss, which relate to the rights that ARC exercises on behalf of its subsidiaries, including but not limited to CCE.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Communications regarding the relationship between ARC and Starboard are highly relevant to the issues raised by HMD Global's motion to dismiss.  Understanding the nature of the relationship between ARC and Starboard will shed light on the meaning of their agreements.  *67 Wall St. Co.*, at 248-49 (recognizing that the court can look to the "surrounding facts and circumstances to determine the intent of the parties," including "evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execution" in order to explain ambiguities in a written agreement).  Second, communications between ARC and Starboard after execution of any agreements are also highly relevant, as course of performance also sheds light on the meaning of a contract.  *See Fed. Ins. Co.*, 258 A.D.2d at 44 ("the parties' course of performance under the contract is considered to be the most persuasive evidence of the agreed intention of the parties") (internal quotation marks and citation omitted); *Credit Suisse Sec. (USA) LLC*, 2013 WL 5312511, at *11("The parties' objective manifestations of their intent—namely, their words to each other and their deeds—are significantly more probative than uncommunicated subjective intent.") (internal quotation marks and citation omitted).  Third, communications within ARC can shed light on how ARC interpreted any agreements.  *See Dataflow, Inc.*, 2014 WL 148685, at *4 (finding that defendant's internal communications showing its interpretation of a written agreement are relevant to its interpretation of the agreement).  All of these communications provide additional context for the interpretation of the agreement between ARC and Starboard.  Thus, they are highly relevant to HMD Global's claims about the meaning of that agreement.  *See 67 Wall St.*, 37 N.Y.2d at 248-49 (recognizing that "evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execution" may be used to explain ambiguities in a written agreement).

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1  request is within the scope of discovery, not overly broad, unduly burdensome,

2  disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought

3  to resolve these disputes through a series of letters and by meeting and conferring three

4  times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but

5  could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court

6  should order ARC to produce all documents responsive to this request.

7       **B.     ARC's Position**

8       [ARC's Position]

9  **Request for Production No. 24**

10      **Request**:  All documents concerning this litigation or other CCE litigation.

11      **Response**:  In addition to the foregoing General Objections, ARC incorporates by

12  reference each of its specific objections and responses to each of the preceding requests as

13  if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of

14  email.  ARC understands that the parties to the Action agreed to a procedure for handling

15  email discovery.  It is improper and unduly burdensome to seek to circumvent these limits

16  by seeking email discovery from third-party ARC.  Further, this request does not comply

17  with the requirements for an email discovery request.  ARC objects to this request as

18  overbroad and unduly burdensome, and not proportional to the needs of the case to the

19  extent that the request seeks information not relevant to a claim or defense asserted in this

20  litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly

21  burdensome to the extent that it is unlimited in scope and time.  Specifically, this request

22  asks for communications "concerning" this and other litigations; the phrase "concerning"

23  is vague and not limited in scope and therefore includes irrelevant information.  Further,

24  ARC objects to this request to the extent that it seeks information, documents, and

25  communications protected from disclosure under attorney-client privilege, attorney work

26  product doctrine, and common interest privilege.  ARC further objects to this request as

27  unduly burdensome; any information that ARC has that is not privileged or attorney work

28  product is in the possession, custody, or control of CCE, who is a party to this Action.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

### A.    HMD Global's Position

HMD Global's Request No. 24 seeks documents concerning this litigation or other CCE litigation.  In its letter of November 12, ARC states that "If HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents related to these requests.  However, ARC notes that, to the extent that there are discoverable materials related to the '923 patent (other than email), it is ARC's understanding that these documents would have already been produced by CCE in the underlying litigation."  Chouraki Decl., Ex. P.  ARC thus offers to search only for documents that it contends its subsidiary has already produced.

The legal standard governing discovery is set forth above in Request No. 1, § A.1.  ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

Documents that are responsive to this request, which include documents concerning this litigation and other litigation concerning the '923 patent, are relevant to HMD Global's standing claims raised in its motion to dismiss.  Responsive documents, which might include documents discussing issues related to the ownership of or ability to license the '923 patent in view of this litigation or potential litigation could, among other things, illustrate ARC and CCE's understanding of the standing issue central to HMD Global's motion to dismiss.  Additionally, responsive documents concerning ARC's control over CCE and the '923 patent may also show the relationship between ARC and CCE and the '923 patent and thus would also be highly relevant to the claims raised in HMD Global's motion to dismiss.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

### B.    ARC's Position

[ARC's Position]

### Request for Production No. 25

**Request**:  All documents concerning communications between ARC and CCE concerning this litigation or other CCE litigation.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply with the requirements for an email discovery request.  ARC objects to this request as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the request seeks information not relevant to a claim or defense asserted in this litigation.  ARC further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in scope and time.  ARC further objects to this request to the extent that it seeks information, documents, and communications protected from disclosure under attorney-client privilege, attorney work product doctrine, and common interest privilege.  Specifically, this request asks for communications regarding the same information discussed in Request 24; ARC therefore

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

incorporates the same objections here.  Additionally, ARC objects to the term "communications" as not being limited in time or scope. ARC further objects to this request as unduly burdensome; any information that ARC has that is not privileged or attorney work product is in the possession, custody, or control of CCE, who is a party to this Action.

Subject to and without waiving the foregoing General and Specific Objections, ARC responds that to the extent the documents reasonably relate to the patent-in-suit and any such documents exist, they have been provided to or are in the possession, custody, or control of CCE and that, on information and belief, CCE is complying or has complied with its discovery obligations in the Action.

A.    **HMD Global's Position**

HMD Global's Request No. 25 seeks communications between ARC and CCE concerning this litigation or other CCE litigation.  HMD Global's Request No. 24 seeks documents concerning this litigation or other CCE litigation.  In its letter of November 12, ARC states that "If HMD agrees to exclude emails from its request, ARC is willing to search for non-public, responsive documents related to these requests.  However, ARC notes that, to the extent that there are discoverable materials related to the '923 patent (other than email), it is ARC's understanding that these documents would have already been produced by CCE in the underlying litigation."  Chouraki Decl., Ex. P.  ARC thus offers to search only for documents that it contends its subsidiary has already produced.

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

Documents that are responsive to this request, which include communications concerning this litigation and other litigation concerning the '923 patent, are relevant to HMD Global's standing claims raised in its motion to dismiss, which relate to the rights that ARC exercises on behalf of its subsidiaries, including but not limited to CCE.

Documents that are responsive to this request, which include communications concerning this litigation and other litigation concerning CCE, are relevant to HMD

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Global's standing claims raised in its motion to dismiss.  Communications regarding this litigation and other CCE litigation may shed light on the nature of the relationship between ARC and CCE.  Understanding the nature of the relationship between ARC and CCE will help HMD Global and the court in the underlying action understand the meaning of their agreements.  Responsive documents concerning ARC's control over CCE and the '923 patent may also show the relationship between ARC and CCE and the '923 patent and thus would also be highly relevant to the claims raised in HMD Global's motion to dismiss.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

**Request for Production No. 26**

**Request**:  All documents concerning communications between ARC and CCE concerning any actual or potential litigation concerning the '923 patent.

**Response**:  In addition to the foregoing General Objections, ARC incorporates by reference each of its specific objections and responses to each of the preceding requests as if fully set forth herein.  ARC objects to this request to the extent that it seeks discovery of email.  ARC understands that the parties to the Action agreed to a procedure for handling email discovery.  It is improper and unduly burdensome to seek to circumvent these limits by seeking email discovery from third-party ARC.  Further, this request does not comply

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

1   with the requirements for an email discovery request.  ARC objects to this request as

2   overbroad and unduly burdensome, and not proportional to the needs of the case to the

3   extent that the request seeks information not relevant to a claim or defense asserted in this

4   litigation.  ARC objects to this request as vague, ambiguous, overbroad, and unduly

5   burdensome to the extent that it is unlimited in scope and time.  Specifically, the phrase

6   "potential litigation" is vague and ambiguous.  Additionally, ARC objects to the term

7   "communications" as not being limited in time or scope.  Further, ARC objects to this

8   request to the extent that it seeks information, documents, and communications protected

9   from disclosure under attorney-client privilege, attorney work product doctrine, and

10   common interest privilege.  ARC further objects to this request as unduly burdensome; any

11   information that ARC has that is not privileged or attorney work product is in the

12   possession, custody, or control of CCE, who is a party to this Action.  Subject to and

13   without waiving the foregoing General and Specific Objections, ARC responds that to the

14   extent the documents reasonably relate to the patent-in-suit and any such documents exist,

15   they have been provided to or are in the possession, custody, or control of CCE and that,

16   on information and belief, CCE is complying or has complied with its discovery

17   obligations in the Action.

        ## A.      HMD Global's Position

19           HMD Global's Request No. 26 seeks communications between ARC and CCE

20   concerning any actual or potential litigation concerning the '923 patent.  In its letter of

21   November 12, ARC states that "If HMD agrees to exclude emails from its request, ARC is

22   willing to search for non-public, responsive documents related to these requests.  However,

23   ARC notes that, to the extent that there are discoverable materials related to the '923

24   patent (other than email), it is ARC's understanding that these documents would have

25   already been produced by CCE in the underlying litigation."  Chouraki Decl., Ex. P.  ARC

26   thus offers to search only for documents that it contends its subsidiary has already

27   produced.

28

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

The legal standard governing discovery is set forth above in Request No. 1, § A.1. ARC's overall objection fails for the reasons set forth above in Request No. 1, § A.2.

Documents that are responsive to this request, which include communications concerning this litigation and other litigation concerning the '923 patent, are relevant to HMD Global's standing claims raised in its motion to dismiss.  Responsive documents, which might include documents discussing issues related to the ownership of or ability to license the '923 patent in view of this litigation or potential litigation could, among other things, illustrate ARC and CCE's understanding of the standing issue central to HMD Global's motion to dismiss.  Additionally, responsive documents concerning ARC's control over CCE and the '923 patent may also show the relationship between ARC and CCE and the '923 patent and thus would also be highly relevant to the claims raised in HMD Global's motion to dismiss.

ARC has not shown that producing documents responsive to this request is unduly burdensome for the reasons set forth above in Request No. 1, § A.3.

As demonstrated, documents and communications that are responsive to this request concern nonprivileged matter that is relevant to HMD Global's standing claim, and this request is within the scope of discovery, not overly broad, unduly burdensome, disproportionate to the needs of the case, or designed to harass ARC.  HMD Global sought to resolve these disputes through a series of letters and by meeting and conferring three times with ARC, as set forth above in HMD Global's Introductory Statement, § F, but could reach no agreements.  Accordingly, HMD Global respectfully submits that the Court should order ARC to produce all documents responsive to this request.

**B.     ARC's Position**

[ARC's Position]

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1

## <u>CONCLUSION</u>

2
**HMD Global's Conclusion**

3
     For the foregoing reasons, HMD Global respectfully requests that the Court grant

4
HMD Global's motion to compel production of documents responsive to HMD Global's

5
subpoena to ARC for all document requests, 1-26.

6
**ARC's Conclusion**

7
     [ARC's Conclusion]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28