# Exhibit R

**WARREN LEX** LLP

2261 MARKET STREET NO. 606
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964

November 24, 2020

**By Electronic Mail**

Jeffrey R. Bragalone
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201
jbragalone@bcpc-law.com

Re:   HMD Global Oy v. Acacia Research Corporation, No. 20-mc-___ (C.D. California)
      Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas)

Dear Mr. Bragalone:

I write in response to your letter of yesterday. Most of it requires no reply, but I will address your suggestion that HMD Global and ARC "stipulate that the place of compliance for the subpoena be at CCE's Frisco offices, whereby HMD could move in the Eastern District of Texas Court to enforce the ARC subpoena." Unfortunately, this proposal cannot survive the basic rule that "parties cannot stipulate or consent to a federal court's subject matter jurisdiction." *PerDiem Co, LLC v. IndusTrack LLC*, Case No. 15-726, 2016 WL 653424, at *2 (E.D. Tex. Oct. 18, 2016); *see also, e.g.*, *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (because "no action of the parties can confer subject-matter jurisdiction upon a federal court," the "consent of the parties is irrelevant"). We must move in "the court for the district where compliance is required," Fed. R. Civ. P. 45(d)(1)(B)(i), which you agree is the Central District of California. Were we to stipulate otherwise, we would be asking the Eastern District of Texas to act *ultra vires*, which I am confident you agree it would not appreciate.

Finally, you have requested to meet and confer on Wednesday regarding your motion for filing later that day. We are available from 10:00 a.m. to noon CST. Please pick a time during that window and send us dial-in information. Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Matthew S. Warren