~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

**SUR-REPLY IN SUPPORT OF OPPOSITION OF**
**HMD GLOBAL TO CCE'S MOTION TO ENFORCE THE PROTECTIVE ORDER**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# INTRODUCTION

In its opposition brief, HMD Global posed the question before this Court: "does the anodyne language of this Court's form protective order prohibit transmission of *any* confidential information under any version of that order to *any* other court for *any* other purpose?" CCE's reply answers this question—twice, in contradictory ways. CCE's first answer is a flat "yes," relying on what it calls "the straightforward terms" in the text of the form order. But CCE immediately re-answers the same question, differently, by claiming that the *same* form order contains an exception for appeals that it admits is *not* in the text. CCE's dueling answers reveal the rot at the center of its motion: it knows that its reimagination of this Court's form order contradicts years of practice and cannot be correct, but advances this argument anyway, because CCE will do anything to prevent HMD Global from obtaining documents that, given ARC and CCE's resistance to producing them, must devastate CCE's standing to bring its claim.

This Court should not help CCE and ARC conceal these documents, and certainly should not upend decades of practice across thousands of cases to do so. Instead, this Court should put to rest CCE's attempt to radically reimagine this Court's form protective order, and provide clarity to legions of litigants by confirming that its order allows submission of confidential information to other courts, under their own sealing procedures, to advance an action through procedures such as ancillary actions, mandamus petitions, transfers, or appeals.

# ARGUMENT

**I.   CCE Cannot Defend Its Radical Reimagination of This Court's Form Protective Order Without Directly Contradicting Itself, Exposing Fatal Flaws in Its Argument**

As HMD Global explained in its opposition, CCE's radical reimagination of this Court's form protective order would bar *any* submission of *any* confidential information to *any* other

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

court, thus denying parties their substantive rights to pursue ancillary actions, prosecute transferred actions, or file mandamus petitions or appeals. Opp. § I, at 6-9. In response, CCE makes two arguments that directly contradict each other. First, CCE doubles down on its textual interpretation of "the straightforward terms" of Paragraphs 5(g) and 7, and adds new arguments parsing the text of Paragraphs 14 and 16. Reply at 1-3. Assuming the propriety of these late arguments, they share with CCE's original arguments three critical attributes: they depend on language that is word-for-word copied from this Court's form order, governing hundreds of pending cases; they apply equally to all tiers of confidential information, with no variance in treatment across the tiers; and, most importantly, they are all *absolute*, drawing only on those "straightforward terms" and brooking no exceptions of any kind. If these arguments are correct, then no party to any action under this Court's form order can even *file under seal* any confidential information before *any other court* or under *any other caption*, thus barring parties from ancillary actions, transferred cases, mandamus petitions or appeals. *See id.* at 1-3; Opp § I.

This result would be absurd, and CCE knows it. So CCE turns on a dime and makes a directly contrary argument: that its absolutist, textual, exceptionless reimagination of this Court's form order somehow includes an *implied exception* for appeals and mandamus petitions because appellate rules "govern how federal appellate courts handle information disclosed under district court protective orders." Reply at 4. CCE's second argument reveals two fatal flaws in its first. CCE's absolutist, textual, exceptionless reimagination of this Court's form order brooks no exceptions *whatsoever*, and thus cannot be correct if *any* exception exists, which is exactly what CCE admits in its second argument. This Court can stop there, but it gets worse: the criteria CCE claims determine the scope of its implied exception—the other court has rules, and those rules govern how to handle information disclosed under this Court's form order—apply

equally to the Central District of California, which has detailed rules protecting confidential information in just this situation. *See, e.g.*, C.D. Cal. Loc. R. 79-5, 79-5.2.2. Thus, CCE's second argument not only shows the bankruptcy of its first, but also would, if applied to this motion, require the same exception to apply. CCE does not acknowledge any of this, evidently hoping this Court will miss it. The Court should not follow CCE and radically reimagine its form order, but should reaffirm that order as litigants have known and followed it for decades, including both ARC and CCE in previous cases before this Court.[1]

## II. CCE's Radical Reimagination of This Court's Form Protective Order Would Bar HMD Global From Exercising Its Substantive Rights Under Fed. R. Civ. P. 45

As HMD Global explained in its opposition, CCE's reimagination of this Court's form order would bar parties from exercising their substantive rights, including HMD Global's right to discovery under Rule 45. Opp. § I.B, at 9-11. In response, CCE claims that HMD Global should proceed in the Central District of California without filing any public information. Reply at 4. CCE ignores C.D. Cal. Loc. R. 37-2.1, *see* Opp. §I.B, at 9-11, as well as its own insistence on confidentiality over the *contents of the subpoena itself*. Docket No. 70-4. In CCE's conception, HMD Global would be reduced to asking the Central District to compel production of documents it couldn't specify, for reasons it couldn't explain, based on facts it couldn't provide. Such a brief would not provide a fair opportunity for HMD Global to exercise its rights under Rule 45.[2]

---

[1] ARC and CCE's previous behavior confirms their understanding. Before CCE filed its motion, HMD Global cited cases in which ARC and CCE did not object to use of confidential information in ancillary actions, confirming that, until CCE's recent foxhole conversion, its understanding of this Court's order matched HMD Global's. Docket 68-7 at 5-6. In its motion, CCE addressed other examples, but not those involving CCE or ARC. Mot. at 11-12. So HMD Global reminded CCE that, if it or its affiliates "had agreed to the disclosure, CCE would have said so." Opp. at 9; *see id.* at 8-9. CCE again said nothing in its reply. *See generally id.* By repeatedly refusing to address this issue, CCE confesses that HMD Global is correct.

[2] Oddly, CCE also claims that "To the extent that HMD believes that an examination of Highly Confidential documents is required, it can stipulate to a transfer of the motion to this

– 3 –

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**IV.     CCE's Arguments About Unrelated Litigation Seek to Distract the Court from HMD Global's Attempt to Obtain Documents Produced Under This Court's Order**

Unable to succeed against HMD Global's actual arguments, CCE attacks a straw man: that HMD Global somehow seeks the right to file confidential information in an unrelated action in Finland.  Reply at 2.  But HMD Global has never sought to file confidential information in *unrelated* actions, domestically or overseas, and seeks only confirmation that this Court's form order does not bar submission of confidential information to other courts, under their own sealing procedures, to advance *this* action through procedures such as ancillary actions, mandamus petitions, transfers, or appeals.  That is precisely what HMD Global would seek from the Central District:  an order compelling document production in response to a subpoena bearing *this* Court's caption for *this* action.  *See* Opp. at 4-5, Exs. B, N.  ARC's production, should it ever occur, would be in this action, and ARC could designate its documents as confidential under this Court's protective order.  Docket No. 31 ¶¶ 20-21.  That production would be the same as any other non-party production under this Court's form protective order, a routine event that is worlds apart (physically and metaphorically) from CCE's hypothetical involving Finland.  Thus CCE's one-float parade of horribles runs out of gas before it starts.[3]

---

Court pursuant to Fed. R. Civ. P. 45(f)," and that HMD Global "avoids discussing Rule 45(f)" in its opposition.  Reply at 1, 4.  But HMD Global explained in its opposition that it "cannot seek to transfer its motion to compel without filing it, and cannot file its motion in the Central District of California without complying with that Court's Rule 37-2.1, which CCE says would violate this Court's protective order."  Opp. at 14 n.5.  CCE's reply did not respond to or address this point.

[3] Similarly, CCE claims that "there is no protective order in place in the new California action that HMD intends to file," but ignores that this Court's order will continue to govern information produced under it just as it always has, and as that Court and parties before it, including CCE and ARC, have repeatedly acknowledged.  *See, e.g.*, *Dell Inc. v. Acacia Research Group, LLC*, Case No. 15-25, Docket No. 15 (C.D. Cal. Oct. 2, 2015), ("On December 4, 2014, the Texas Court entered a Protective Order (Dkt No. 47), which is attached hereto as Exhibit I"); *Cellular Commc'n Equip., LLC v. HTC Corp.*, Case No. 15-2373, Docket No. 1 (S.D. Cal. Oct. 29, 2015) ("information that has been designated Confidential and Highly Confidential pursuant to a Protective Order entered in the Eastern District of Texas in the Underlying Action.").

**IV.    CCE Does Not and Cannot Speak for Non-Parties** ▆▆▆▆

CCE briefly purports to argue on behalf of non-parties ▆▆▆▆ Reply at 5. These arguments are irrelevant, because CCE's absolutist, textual, exceptionless reimagination of this Court's form order applies equally to all tiers of information and provides no greater protection to non-parties. *See supra* § I, Opp. § I.A, Reply at 1-3. These arguments are also improper: counsel for CCE and ARC does not represent ▆▆▆▆ CCE has told ▆▆▆▆ about this issue, and they may appear and assert their own interests. Opp. at 15. They have not.

**V.    CCE Fails to Defend the Rest of Its Arguments, Which are Indefensible**

Notably, CCE's reply fails to defend several of its original arguments, including that the Central District is a sinister jurisdiction to which disclosure "could prove disastrous" (*see* Opp. at 11-12); that HMD Global acted improperly by following that Court's procedures (*see id.*); that anything other than dismissal could moot HMD Global's subpoena (*see id.* at 12-13), or that parties can stipulate to Federal jurisdiction that does not exist (*see id.* at 13-14). CCE does not defend these arguments for good reason: they are indefensible. The Court should ignore them.

## CONCLUSION

For the foregoing reasons and those in its opposition, HMD Global respectfully requests that this Court deny CCE's motion, and confirm that its form protective order allows submission of confidential information to other courts, under their own sealing procedures, to advance this action through procedures such as ancillary actions, mandamus petitions, transfers, or appeals.

Date: December 7, 2020                                Respectfully submitted,

                                                      */s/ Deron R. Dacus*
                                                      Deron R. Dacus
                                                      State Bar No. 00790553
                                                      **The Dacus Firm, P.C.**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

821 ESE Loop 323, Suite 430
Tyler, Texas, 75701
+1 (903) 705-1117
+1 (903) 581-2543 facsimile
ddacus@dacusfirm.com

Matthew S. Warren (California Bar No. 230565)
Jen Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-78@cases.warrenlex.com

*Attorneys for HMD Global Oy*

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel certifies that the Court has previously granted authorization for filing under seal in the protective order governing confidentiality in this matter, Docket Nos. 31, 35.

*/s/ Deron R. Dacus*
Deron R. Dacus

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I certify that on December 7, 2020, I served the foregoing Sur-reply in Support of Opposition of HMD Global to CCE's Motion to Enforce the Protective Order on counsel for plaintiff Cellular Communications Equipment LLC:

>Jeffrey R. Bragalone
>Jerry D. Tice II
>Hunter S. Palmer
>Bragalone Conroy PC
>2200 Ross Avenue
>Suite 4500W
>Dallas, Texas, 75201

by electronic mail to cce-service@bcpc-law.com, the email address designated for service by outside counsel for plaintiff Cellular Communications Equipment LLC under Section 12(c) of the Discovery Order in this case, Docket No. 24.

>*/s/ Deron R. Dacus*
>Deron R. Dacus