# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

## MOTION TO COMPEL CCE TO PRODUCE
## DOCUMENTS REGARDING INVALIDITY AND INFRINGEMENT

Defendant HMD Global Oy ("HMD Global") respectfully moves this Court for an order compelling plaintiff Cellular Communications Equipment, LLC ("CCE") to produce documents regarding validity of the patent in suit, and regarding CCE's allegations regarding that patent.

## INTRODUCTION

CCE refused to produce documents that are directly relevant to this action, and that parties before this Court produce routinely.  First, CCE refused to produce *any and all documents regarding validity* of the patent in suit.  CCE raised only one objection:  it "does not believe this category of documents is relevant to any claim or defense since HMD Global has not answered and thus not raised a defense of invalidity."  But HMD Global served detailed invalidity contentions even before it filed its pending motion to dismiss, and the governing Discovery Order specifically states that parties are "not excused from disclosure because there are pending motions to dismiss."  Second, even though this Court entered a protective order governing confidentiality and an addition specifically protecting non-party information, CCE categorically refused to produce *any documents* "that contain confidential information of prior defendants."  But confidentiality cannot bar discovery; if it could, there would be no discovery.  CCE's arguments are specious, and the Court should order it to produce these documents promptly.

## BACKGROUND

**A.     CCE's Complaint and Improper Service**

On March 17, 2020, Cellular Communications Equipment LLC ("CCE") sued HMD Global for infringement of a single patent, U.S. Patent No. 7,218,923.  Docket No. 1.  As CCE acknowledges, HMD Global is a Finnish corporation with headquarters in Finland.  *Id.* ¶ 2.  Nevertheless, on May 20, 2020, CCE purported to serve HMD Global in Florida.  Docket No. 7.  HMD Global moved to dismiss this improper service under Fed. R. Civ. P. 12(b)(2), 12(b)(4),

and 12(b)(5).  Docket No. 8.  On August 10, 2020, after the parties fully briefed this motion, CCE finally effected service on HMD Global through the Hague Convention.  Docket No. 30.  On August 13, the parties jointly moved to withdraw the pending motion and set the deadline to "respond to the Complaint on or before September 21, 2020," but noted that their agreement "shall not affect other deadlines in this action."  *Id.*

**B.**   **HMD Global Serves Detailed Invalidity Contentions**

As required by the Court's scheduling order and the parties' stipulation, Docket Nos. 25, 30, on September 3, HMD Global served detailed invalidity contentions under P.R. 3-3 and accompanying document production under P.R. 3-4, and filed a notice of compliance with this Court the following day.  Docket No. 33.  CCE has never raised any issue regarding the breadth, disclosure, or other sufficiency of HMD Global's invalidity contentions.

**C.**   **HMD Global's Motion to Dismiss**

On September 21, HMD Global moved to dismiss CCE's complaint for lack of standing under Rule 12(b)(1) and 12(b)(6), and for failure to allege indirect infringement under Rule 12(b)(6).  Docket No. 36.  Because it filed a motion to dismiss, HMD Global did not file an answer to CCE's complaint.  Fed. R. Civ. P. 12(a)(4)(A).

**D.**   **CCE Refuses to Produce Relevant Documents to HMD Global**

On August 25, HMD Global sent CCE, under Paragraph 3 of this Court's discovery order, Docket No. 24, a list of documents that CCE should produce.  Declaration of Maissa Chouraki ¶ 2 ("Chouraki Decl.").  This list included the categories HMD Global now moves to compel:

- infringement contentions concerning the '923 patent;
- invalidity contentions and alleged prior art concerning the '923 patent;
- depositions, such as inventor depositions, concerning the '923 patent;
- discovery responses and expert reports concerning the '923 patent; and
- documents concerning non-infringing alternatives to the '923 patent.

*Id.*  On September 1, CCE responded that it would "provide all relevant, non-privileged documents in CCE's possession, custody or control located after a reasonable search, including such documents within the exemplary categories should they exist."  Chouraki Decl. ¶ 3.

### E.    CCE Refuses to Produce Documents Regarding Validity and Infringement

On November 13, HMD Global reminded CCE of the deficiencies in its production, and asked it "to provide a date certain on which CCE will produce these documents, or confirm that none exist."  Chouraki Decl. ¶ 4.  On November 30, CCE stated for the first time that it would not produce *any documents relating to validity* because "CCE does not believe this category of documents is relevant to any claim or defense since HMD has not answered and thus has not raised a defense of invalidity," and further stated that it would "not be producing documents that contain confidential information of prior defendants."  Chouraki Decl. Ex. A. at 1-2.  (Further exhibit citations are to the same declaration.)  Lead and local counsel met and conferred on December 4, and CCE repeated its written views.  The parties agreed they were at an impasse.

## ARGUMENT

### I.    CCE Cannot Withhold Documents Based on a Motion to Dismiss

CCE refuses to produce *any documents regarding invalidity* on the sole ground that they are not "relevant to any claim or defense since HMD has not answered and thus not raised a defense of invalidity."  Ex. A.  CCE cites no case law to support its novel position, which not only contradicts years of practice before this Court, but also directly flouts the "No Excuses" command of this Court's Discovery Order, which states no party is "excused from the requirements of this Discovery Order because," among other things, "it challenges the sufficiency of another party's disclosures" or "because there are pending motions to dismiss, to remand or to change venue."  Docket No. 24 at 10.  *Id.*; *see also, e.g.*, *Butowsky v. Folkenflik*,

Case No. 18-442, 2019 WL 6701629, at *3 (E.D. Tex. January 9, 2019) ("the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss"); *Valenzuela v. Crest-Mex Corp.* Case No. 16-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) ("had the federal rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.") (internal citation omitted). The Court's "No Excuses" rule firmly puts to rest CCE's single attempted excuse here; the Court should order production.

## II.     CCE Cannot Withhold Documents Based on Confidentiality Claims

CCE also refuses to produce any documents that "contain confidential information of prior defendants." Ex. A. But this Court and others have repeatedly held that private confidentiality concerns cannot bar production of documents under a suitable protective order. *See, e.g.*, *Tinkers & Chance v. Leapfrog Enter., Inc.* Case No. 05-349, 2006 WL 462601, at *2 (E.D. Tex. Feb. 23, 2006) ("this Court will order the production of all relevant documents and evidence, without regard to any private non-disclosure agreements."); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 623 F. Supp. 2d 798, 838 (S.D. Tex. 2009) ("Confidentiality clauses in private settlement agreements cannot preclude a court-ordered disclosure pursuant to a valid discovery request."); *AMA Discount, Inc. v. Seneca Specialty Insurance Co.*, Case No. 15-2845, 2016 WL 3186493, at *2 (E.D. La. June 8, 2016) (same). If parties could limit discovery by making private agreements, there would be no discovery.

CCE's letter provides an excellent example of why this is so. CCE admits that it has "[d]ocuments relating to non-infringing alternatives," but states that "CCE identified no non-confidential documents related to this category." Ex. A. Thus, in CCE's view, even though CCE has relevant documents regarding this issue, it can withhold them based on its professed

solicitude for the rights of its prior litigation opponents—which is surely news to them—and HMD Global gets nothing. Similarly, CCE's private-confidentiality-wins view would decimate its production of documents directly relating to infringement, validity, claim construction, and damages. *Id.* at 1-2. CCE's private-confidentiality-wins view would allow almost unlimited censorship of any production by any party. It is not and cannot be the law.

Nor does it matter, as CCE mentioned for the first time during the meet-and-confer call, that some documents fall under protective orders in prior cases, or that the defendants in those cases may be competitors to HMD Global. As CCE knows, this Court entered a supplemental protective order governing third-party information, which allows for an "Outside Attorneys' Eyes Only" tier that prevents distribution beyond counsel of record. Docket Nos. 31, 35. CCE can cure any risk to the prior defendants by producing in this tier. *See Allergan v. Teva Pharmaceuticals USA, Inc.*, Case No. 15-1455, 2017 WL 1319555, at *4 (E.D. Tex. April 10, 2017) (ordering third party to produce documents to its competitor because the "Protective Order provides sufficient protection against the prejudicial use of Alcon's confidential, proprietary materials."); *see also AMA Discount, Inc.*, at *2 (finding the confidentiality of documents "can be preserved in this action by an appropriate protective order."); *Williams v. NPC Int'l, Inc.*, 224 F.R.D. 612, 613 (N.D. Miss. 2004) (ordering the production of medical records because the "Stipulated Agreement and Order of Confidentiality that limits disclosure to counsel in this case and only for the purposes of this litigation otherwise protects plaintiffs' personal information in light of HIPAA."). The Court should order production of these materials.

## **CONCLUSION**

For the foregoing reasons, HMD Global respectfully requests that this Court order that CCE cannot withhold from production documents regarding validity, cannot withhold from

production documents based on private claims of confidentiality, and must produce all documents it has withheld on these grounds, including at least infringement contentions concerning the '923 patent, invalidity contentions and alleged prior art concerning the '923 patent, depositions, such as inventor depositions, concerning the '923 patent, discovery responses and expert reports concerning the '923 patent, and documents concerning non-infringing alternatives to the '923 patent.

Date: December 11, 2020

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas, 75701
+1 (903) 705-1117
+1 (903) 581-2543 facsimile
ddacus@dacusfirm.com

Matthew S. Warren (California Bar No. 230565)
Jen Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-78@cases.warrenlex.com

*Attorneys for HMD Global Oy*

**CERTIFICATE OF CONFERENCE**

I certify that on December 4, 2020, Matthew S. Warren and Deron R. Dacus, lead and local counsel for HMD Global Oy, and Jeffrey R. Bragalone, lead and local counsel for Cellular Communications Equipment LLC conducted a telephonic conference regarding the issues raised in this motion as required by this Court's Standing Order Regarding "Meet and Confer" Obligations Relating to Discovery Disputes.  During this call, Cellular Communications Equipment LLC informed HMD Global Oy that it would not produce the categories of documents set forth in this motion for the reasons stated in its letter of November 30, which is attached as Exhibit A to the concurrently filed Declaration of Maissa Chouraki.  The parties agreed that they were at an impasse, leaving open this issue for this Court to resolve, and HMD Global confirmed that it would move to compel on these issues.

*/s/ Deron R. Dacus*
Deron R. Dacus

*/s/ Matthew S. Warren*
Matthew S. Warren

**CERTIFICATE OF SERVICE**

I certify that on December 11, 2020, I filed the foregoing Motion to Compel CCE to Produce Documents Regarding Invalidity and Infringement under Local Rule CV-5(a)(7) and served it on all counsel of record through the Court's electronic filing system.

*/s/ Deron R. Dacus*
Deron R. Dacus