**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

**DECLARATION OF MAISSA CHOURAKI**
**IN SUPPORT OF MOTION TO COMPEL CCE TO PRODUCE**
**DOCUMENTS REGARDING INVALIDITY AND INFRINGEMENT**

I, Maissa Chouraki, hereby declare under 28 U.S.C. § 1746:

1.      I am an attorney licensed to practice in the State of California, and an associate at the law firm of Warren Lex LLP, counsel for defendant HMD Global Oy.  I have personal knowledge of the matters set forth in this declaration and, if called as a witness, I could and would testify competently to each of them.

2.      On August 25, 2020, HMD Global wrote to CCE that:

As you know formal document requests in patent cases in the Eastern District of Texas are unnecessary.  Rather, the parties are obligated, without request, to disclose all relevant documents and things, under Fed. R. Civ. P. 26 and Local Rule CV-26.  These obligations are further clarified in Paragraph 3 of the Discovery Order, Docket No. 24.

To guide your collection and production of documents in this matter, please find below a list of non-exhaustive, non-exclusive examples of the types of documents that HMD Global expects CCE to produce.  As you know, the following list does not limit or alter CCE's disclosure obligations.

HMD Global's list of types of documents included:

- "Any infringement contentions concerning the Asserted Patent";
- "Any alleged prior art or invalidity contentions concerning the Asserted Patent";

- "Any depositions concerning the Asserted Patent including depositions of any named inventor of the Asserted Patent";
- "Discovery responses and expert reports provided by CCE, or expert reports relating to invalidity provided to CCE, in any prior or ongoing litigation relating to the Asserted Patent"; and
- "Documents relating to non-infringing alternatives to any claim of the Asserted Patent."

3.      On September 1, 2020, CCE responded to HMD Global that it would "provide all relevant, non-privileged documents in CCE's possession, custody or control located after a reasonable search, including such documents within the exemplary categories should they exist."

4.      On November 13, 2020, HMD Global wrote to CCE that "CCE's production remains deficient" regarding at least the categories listed in Paragraph 2, and asked CCE "to provide a date certain on which CCE will produce these documents, or confirm that none exist."

5.      On November 30, 2020, CCE responded to this letter.  Attached hereto as Exhibit A is a true and correct copy of this letter.

6.      On December 4, 2020, lead and local counsel for HMD Global met and conferred with lead and local counsel for CCE regarding these issues and agreed they were at impasse.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 11, 2020, in San Francisco, California.

_____
Maissa Chouraki