~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § | Case No. 2:20-CV-00078-JRG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| HMD GLOBAL OY, | § § | |
| Defendant. | § | |

**RENEWED MOTION TO TRANSFER OF HMD GLOBAL OY
UNDER 28 U.S.C. § 1404 TO THE SOUTHERN DISTRICT OF FLORIDA**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF CONTENTS

**Pages**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.     HMD Global Is a Finnish Corporation with No Connection to This District . . . . . . . . . 1

B.     CCE's Sole Connection to This District Is Litigation . . . . . . . . . . . . . . . . . . . . . . . . 2

C.     Key Non-Party Witnesses Are Located in Miami, Florida . . . . . . . . . . . . . . . . . . . . . 3

   1.     HMD America Maintains Its Headquarters in Miami, Florida . . . . . . . . . . . . . 3

   2.     Other Non-Party Witnesses and Evidence Are Located in Miami, Florida . . . . . 4

D.     Venue Discovery Confirms That CCE and HMD Global Have No Connection Here. . . . 5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.     This Court May Transfer This Action if Another District, Such as the Southern District of Florida, Is Clearly More Convenient Than This One . . . . . . . . . . . . . . . . . . . . . . . . 5

II.     CCE Could Have Brought This Action in the Southern District of Florida . . . . . . . . . . 6

III.     The Private Interest Factors Favor Transfer to the Southern District of Florida . . . . . . . 6

A.     The Relative Ease of Access to Sources of Proof Favors Transfer . . . . . . . . . . 6

B.     The Witness Factors Favor Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C.     No Practical Problems Weigh Against Transfer . . . . . . . . . . . . . . . . . . . . . . . 11

IV.     The Public Interest Factors Also Favor Transfer to the Southern District of Florida . . . 13

A.     Relative Court Congestion Favors Transfer  . . . . . . . . . . . . . . . . . . . . . . . . . . 13

B.     This Dispute Is Local to the Southern District of Florida . . . . . . . . . . . . . . . . . 13

C.     The Remaining Public Interest Factors Are Neutral . . . . . . . . . . . . . . . . . . . . . 15

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

.

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

## TABLE OF AUTHORITIES

*Cases*                                                                    **Pages**

*ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*,
    No. 09-773, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010) . . . . . . . . . . . . . . . . . . . . . . 8

*Alacritech Inc. v. CenturyLink, Inc.*,
    No. 16-693, 2017 WL 4155236 (E.D. Tex. Sept. 19, 2017) . . . . . . . . . . . . . . . . . . . . . . 8

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
    No. 13-507 (E.D. Tex. July 13, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cellular Commc'ns Equip. LLC v. Kyocera Corp., et al.*,
    No. 15-49 (E.D. Tex. Jan. 15, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cellular Commc'ns Equip. LLC v. LG Elecs., Inc. et al.*,
    No. 14-982 (E.D. Tex. Dec. 19, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cellular Commc'ns Equip. LLC v. Pantech Co., Ltd. et al.*,
    No. 15-853 (E.D. Tex. Sept. 14, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cellular Commc'ns Equip. LLC v. Samsung Elecs. Co., Ltd. et al.*,
    No. 14-759 (E.D. Tex. Sept. 15, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14, 15

*Cellular Commc'ns Equip. LLC v. ZTE Corp. et al.*,
    No. 16-476 (E.D. Tex. May 31, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*ContentGuard Holdings, Inc. v. Google, Inc.*,
    No. 14-61, 2014 WL 12771431 (E.D. Tex. Apr. 16, 2014) . . . . . . . . . . . . . . . . . . . . . . 11

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
    321 F.2d 53 (5th Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Intellectual Ventures I LLC v. T-Mobile USA, Inc.*,
    No. 17-577, 2018 WL 4175934 (E.D. Tex. June 29, 2018) . . . . . . . . . . . . 6, 7, 8, 13, 15

*In re Apple, Inc.*,
    581 F. App'x 886, 889 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*In re Apple Inc.*,
    979 F.3d 1132, 2020 WL 6554063 (Fed. Cir. Nov. 9, 2020). . . . . . . . . . . . . . . . . . . . 11

*In re EMC Corp.*,
    501 F. App'x 973, 976 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 11, 13

*In re Google Inc.*,
    No. 17-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) . . . . . . . . . . . . . . . . 10, 11, 12

*In re Hoffman-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Horseshoe Entm't*,
    337 F.3d 429 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

*In re HP Inc.*,
    No. 18-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) . . . . . . . . . . . . . . . . . . . . 10

*In re HP Inc.*,
    No. 20-140, 2020 WL 5523561 (Fed. Cir. Sept. 15, 2020) . . . . . . . . . . . . . . 7, 8, 10, 15

*In re Morgan Stanley*,
    417 Fed. App'x 947 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 11, 13

*In re Radmax, Ltd.*,
    720 F.3d 285 (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Toa Techs., Inc.*,
    543 F. App'x 1006 (Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 13

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*In re Volkswagen AG*,
    371 F.3d 201, 203 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8, 13, 15

*Largan Precision Co. v. Ability Opto-Elecs. Tech. Co.*,
    No. 19-696, 2020 WL 3078042 (E.D. Tex. June 10, 2020) . . . . . . . . . . . . . . . . . . . . . 7

*Mohamed v. Mazda Motor Corp.*,
    90 F. Supp. 2d 757 (E.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
    425 F. Supp. 2d 325 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Orica Explosives Tech., Pty., Ltd. v. Austin Powder Co.*,
    No. 06-450, 2007 WL 1115238 (E.D. Tex. Apr. 13, 2007) . . . . . . . . . . . . . . . . . . . . . . . 8

*RPost Holdings, Inc. v. StrongMail Sys., Inc.*,
    No. 12-515, 2013 WL 4495119 (E.D. Tex. Aug. 19, 2013) . . . . . . . . . . . . . . . . . . . 7, 13

*Seven Networks, LLC v. Google LLC*,
    No. 17-441, 2018 WL 4026760 (E.D. Tex. Aug. 15, 2018) . . . . . . . . . . . . . . . . . . . . . 15

*Shoemake v. Union Pac. R.R. Co.*,
    233 F. Supp. 2d 828 (E.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*TCT Mobile (US) Inc. v. Cellular Commc'ns Equip. LLC*,
    No. 20-702 (C.D. Cal. July 20, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*,
    No. 17-671, 2018 WL 8014281 (E.D. Tex. Sept. 5, 2018) . . . . . . . . . . . . . . . . . . . . . . 13

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## **<u>TABLE OF AUTHORITIES</u>**

| *Statutes and Rules* | **Pages** |
|---|---|
| 28 U.S.C. § 1391(c)(3) | 5 |
| 28 U.S.C. § 1404(a) | 5, 6, 13 |

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

## INTRODUCTION

Sixty days of venue discovery solidified what HMD Global already knew:  the only connection between this action and this district is litigation.  The law says that litigation is not enough, and this Court should transfer this case to a district with a real connection to it, the Southern District of Florida.  Neither plaintiff nor defendant has any connection to this District. In its complaint, plaintiff CCE claims an address in Plano, but its documents claim a different address in Frisco.  Neither address amounts to anything, however, which presumably explains why CCE couldn't tell them apart:  CCE's true place of business is in Orange County, California, home to its corporate parent, Acacia Research Corporation.  CCE admitted in discovery that it has no employees in this District and does nothing here other than rent Potemkin office space. Similarly, defendant HMD Global Oy has no employees in this District and no connection to it.

In contrast, the Southern District of Florida is home to HMD America—a Florida corporation with headquarters and employees in Miami—whose actions and evidence will be essential to CCE's claims and HMD Global's defenses.  HMD America is responsible for importing, testing, and selling accused devices, as well as developing and maintaining relationships ████████████████████████████████████████████████████ ████████████████████  Venue discovery confirmed Miami holds witnesses, evidence, and a local interest in the case.  It is clearly more convenient, and the Court should send this case there.

## BACKGROUND

### A.   HMD Global Is a Finnish Corporation with No Connection to This District

On March 17, 2020, plaintiff Cellular Communications Equipment LLC ("CCE") filed its complaint, naming HMD Global as the sole defendant.  Compl. ¶ 2.  As venue discovery confirmed, HMD Global is Finnish corporation with no place of business in this District, or

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

anywhere else in the United States.  Compl. ¶ 2; *see, e.g.*, Declaration of Maissa Chouraki, Ex. M ¶¶ 3, 5; Ex. Q (Fryhover) at 50:3-8.[1]  Since 2016, HMD Global has been the exclusive licensee of the Nokia brand for mobile devices and accessories.  Ex. M ¶¶ 3, 4.  HMD Global's executives live and work in Europe.  Ex. M ¶ 5; Ex. R (Ekman) at 65:1-22.

## B.    CCE's Sole Connection to This District Is Litigation

Although CCE is incorporated in Texas, it has no personnel in this District and does nothing here beyond litigation.  Instead, CCE's officers and records are in Orange County, California, at the headquarters of its parent, Acacia Research Corporation ("ARC").[2]  ARC and CCE have confirmed this relationship in press releases calling CCE as an "Acacia Subsidiary," Exs. C, D, and, in this action ARC and CCE have worked hand-in-glove to delay production of documents undermining CCE's standing.  Docket No. 70 at 5-6.  CCE identified only one person as "knowledgeable regarding CCE's corporate matters, including the acquisition, technology, and licensing of the patents-in-suit:  Eric Lucas," and listed his address care of CCE's litigation counsel.  Ex. E.  But Mr. Lucas lives and works in Orange County, California, where since 2012 he has been a Senior Vice President at Acacia Research.  Ex. F.

In recent litigation involving CCE, Mr. Lucas signed a declaration stating that he was also "the President" of CCE, and averring that "CCE's principal place of business is located in Frisco, Texas."  *TCT Mobile (US) Inc. v. Cellular Commc'ns Equip. LLC*, No. 20-702, Docket No. 31 ¶ 4 (C.D. Cal. July 20, 2020).  Mr. Lucas' declaration stated that "CCE's principal place

---

[1] Further citations to exhibits are to this declaration.  Exhibits A-L are identical to Exhibits A-L to the Declaration of Gabriel A. Peixoto previously filed with HMD Global's motion to transfer, Docket No. 38-6.  Exhibits M-P are the declarations of Per Ekman, Rex Fryhover, Maurizio Angelone, and Cristina Hoyos, also previously filed at Docket Nos. 38-2, 38-3, 38-4, and 38-5.  Exhibits Q-W result from venue discovery taken since then, including the Court-ordered venue discovery against HMD Global and HMD Global's interrogatories to CCE.

[2] Exs. A, B.  According to its SEC filings, in 2020 ARC moved from Newport Beach to Irvine, California.  Both cities are in Orange County, in the Southern District of California.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

of business" is "6136 Frisco Square Blvd, Ste 400, Frisco, Texas," *id.*, a Regus co-working space (*see* Ex. G) that CCE shares with at least 14 other Acacia subsidiaries.  Ex. H.  Puzzlingly, CCE's complaint in this action, filed well after CCE started using the Frisco mailing address, claims that "CCE is a Texas limited liability company with its principal place of business in Plano, Texas."  *Compare* Compl. ¶ 1 *with* Ex. A.  CCE evidently cannot keep its story straight, which is not too much of a surprise, since CCE admits that no one has ever worked at either location.  In response to an interrogatory seeking historical expenses at CCE's "principal place of business, including employees located at that principal place of business and any other costs associated with maintaining that principal place of business," CCE could identify only "lease payments and typical office supply and services expenses associated with maintaining private office space."  Ex. V.  CCE's officers actually work at its true principal place of business:  its parent ARC, in Orange County, California.  *See* Exs. A, B.  CCE's only conceivable connection to this District is litigation counsel, which is "irrelevant and improper for consideration in determining the question of transfer of venue."  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  In any event, CCE's counsel keep their offices in Dallas, in the Northern District.

## C.     Key Non-Party Witnesses Are Located in Miami, Florida

### 1.     HMD America Maintains Its Headquarters in Miami, Florida

Like many international companies, HMD Global relies upon regional subsidiaries to transact business at a local level.  *See* Ex. R (Ekman) at 10:15-20.  One such regional subsidiary is non-party HMD America, Inc., a Florida corporation which "runs the U.S. operations," *id.* at 20:22.  *See also* Ex. Q (Fryhover) at 15:8-10; 51:10-20.  HMD America has its headquarters at 1200 Brickell Avenue, Suite 510, Miami, Florida.  Ex. S; Ex. Q (Fryhover) at 48:10-11 ("So the hub and the corporate office is hear [sic] in Miami."); Ex. N ¶ 2.  Its operations center on Miami:

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

"Finance in Miami, operations in Miami, technology account management in Miami, marketing in Miami,  Ex. T (Angelone) at 37:18-24.

HMD America imports and sells mobile devices in the United States, and provides in-country support to United States wireless carriers and distributors of Nokia-branded devices. Ex. T (Angelone) at 63:5-16 ("Well, we do obviously the post-sales care which typically involves warranty provision, repair, so any technical support[,] also online technical support that is needed typically for a consumer electronic product like a mobile device."); Ex. Q (Fryhover) at 9:9-16 (                                                                                                          122:21 to 123:12; Ex. U; Ex. N ¶ 6.  HMD America develops and maintains relationships with those carriers and distributors, and also supervises third parties that provide regional services such as testing and marketing.  Ex. Q (Fryhover) at 9:9-16, 115:2-16; 125:15-21 (the "head of marketing for North America, HMD America," Jackie Kates, "is an employee of HMD America in Miami"); Ex. R (Ekman) at 40:20 to 41:4 (HMD Global does not "perform any testing of products in the United States," and "[m]arketing in the U.S. is performed by marketing team of HMD America"); Ex. O ¶ 5.  In short, the only HMD in America is HMD America, and HMD America's headquarters and much of its operations are in Miami.

**2.      Other Non-Party Witnesses and Evidence Are Located in Miami, Florida**

Ex. R (Ekman), 100:15 to 100:20 ("We have three distributors in the U.S. HMD America, Jeg & Sons and Parktel"); Ex. M ¶¶ 7, 9.  HMD America sells devices to one

– 4 –

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

additional distributor, Quality One Wireless, which resells to carrier partners.  Ex. P ¶ 2.

Q1W is also located in Florida.  Ex. Q (Fryhover) at 10:15 to 11:21.

**D.      Venue Discovery Confirms That CCE and HMD Global Have No Connection Here**

On September 28, 2020, HMD Global filed its motion to transfer venue.  Docket No. 38.

CCE filed a motion for expedited venue discovery, Docket No. 43, which this Court granted in

full.  Docket No. 53.  HMD Global also took venue discovery of CCE, including interrogatory

nos. 11 and 12, *see* Ex. V.  As of today, the Court-ordered venue discovery is complete, and

confirms that neither CCE nor HMD Global has any connection to this District.  *See supra.*

## <u>ARGUMENT</u>

**I.      This Court May Transfer This Action if Another District, Such as the Southern
         District of Florida, Is Clearly More Convenient Than This One**

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought

or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  When

a movant "demonstrates that the transferee venue is clearly more convenient," it has "shown

good cause and the district court should therefore grant the transfer."  *In re Volkswagen of

Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *see also, e.g.*, *In re Genentech, Inc.*,

566 F.3d 1338, 1342 (Fed. Cir. 2009).  A "motion to transfer venue *should be granted* if "the

movant demonstrates that the transferee venue is clearly more convenient.""  *In re Toa Techs.,

Inc.*, 543 F. App'x 1006, 1008 (Fed. Cir. 2013) (alteration in original) (quoting *In re Radmax,

Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)) (citing *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197

(Fed. Cir.  2009)).  "The underlying premise of § 1404(a) is that courts should prevent

plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that

are inconvenient under the terms of § 1404(a)."  *In re Volkswagen of Am., Inc.*, 545 F.3d at

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

313.  For this reason, "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d at 314 n.10).

## II.      CCE Could Have Brought This Action in the Southern District of Florida

"The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.'"  *Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 17-577, 2018 WL 4175934, at *1 (E.D. Tex. June 29, 2018) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  HMD Global "is a foreign entity and may be sued in any judicial district." Compl. ¶ 5.  CCE could have brought this action in the Southern District of Florida.

## III.     The Private Interest Factors Favor Transfer to the Southern District of Florida

"Once the initial threshold of proving the proposed transferee district is one where the suit might have properly been brought is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case." *Intellectual Ventures I*, 2018 WL 4175934, at *1 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d at 1198).  "The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Intellectual Ventures I*, 2018 WL 4175934, at *1 (citing *In re Volkswagen AG*, 371 F.3d at 203).  Three factors favor transfer; one is neutral.

### A.      The Relative Ease of Access to Sources of Proof Favors Transfer

"In considering the relative ease of access to proof, a court looks to where documentary

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

evidence, such as documents and physical evidence, is stored." *Intellectual Ventures I*, 2018 WL

4175934, at *2 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d at 316).  "Despite technological

advances in transportation of electronic documents, physical accessibility to sources of proof

continues to be an important private interest factor." *RPost Holdings, Inc. v. StrongMail Sys.*,

*Inc.*, No. 12-515, 2013 WL 4495119, at *2 (E.D. Tex. Aug. 19, 2013) (citing *In re Volkswagen of*

*Am., Inc.*, 545 F.3d at 316; *In re TS Tech USA Corp.*, 551 F.3d at 1321).  "'In patent infringement

cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently,

the place where the defendant's documents are kept weighs in favor of transfer to that location.'"

*In re Genentech, Inc.*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.

Supp. 2d 325, 330 (E.D.N.Y. 2006)).  In this action, "the bulk of the relevant evidence" will

come not only "from the accused infringer" HMD Global, but also from HMD America, which

handles sales, marketing and testing in the United States.  *See supra* § C.  These documents are

at HMD America in Miami.  *See* Ex. W (Hoyos) at 18:6-10 ("Q. When you say the ones that are

in the offices in Miami, do you mean those ones where there are physical copies located in those

offices? A. Correct."); Ex. Q (Fryhover) at 67:22-24 ("All of our physical documents if we have

physical documents are here in the Miami office"), 83:1-2 ("All testing is localized by HMD

America."), 84:2-4 ██████████████████████████████

██████████████████████

    Although CCE has documents in Orange County and HMD Global has documents in

Finland, the Court's "comparison between the transferor and transferee forums is not altered by

the presence of other witnesses and documents in places outside both forums."  *In re HP Inc.*,

No. 20-140, 2020 WL 5523561, at *3 (Fed. Cir. Sept. 15, 2020) (quoting *Largan Precision Co. v.*

*Ability Opto-Elecs. Tech. Co.*, No. 19-696, 2020 WL 3078042, at *5 n.2 (E.D. Tex. June 10,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

2020); *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)).  What matters is that "documents relating to the design, development, marketing, and sales of the accused products were also in the transferee district and elsewhere, but not in the Eastern District of Texas."  *In re HP Inc.*, 2020 WL 5523561, at *1.  Thus, this factor favors transfer.

      **B.**      **The Witness Factors Favor Transfer**

      "Generally, in a venue transfer analysis, the most important factor considered is whether 'key fact witnesses' will be substantially inconvenienced if the court should deny transfer." *Orica Explosives Tech., Pty., Ltd. v. Austin Powder Co.*, No. 06-450, 2007 WL 1115238, at *3 (E.D. Tex. Apr. 13, 2007) (citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000)).  This analysis includes two factors: first, "the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order," *Intellectual Ventures I*, 2018 WL 4175934, at *4 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d at 316), and "the cost of attendance for willing witnesses," including "all potential material and relevant witnesses."  *Intellectual Ventures I*, 2018 WL 4175934, at *4 (citing *Alacritech Inc. v. CenturyLink, Inc.*, No. 16-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017)).  In undertaking this analysis, "the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses." *Orica Explosives*, 2007 WL 1115238, at *3 (citing *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002)), and "[t]his factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue."  *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech, Inc.*, 566 F.3d at 1345)).  Indeed, "the convenience of party witnesses is given little weight." *Intellectual Ventures I*, 2018 WL 4175934, at *4 (citing *ADS Sec. L.P. v. Advanced*

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

*Detection Sec. Servs., Inc.*, No. 09-773, 2010 WL 1170976, at \*4 (W.D. Tex. Mar. 23, 2010)).  In

this case, both witness factors firmly support transfer.  Key non-party witnesses are in Miami,

Florida:



- Rex Fryhover, is "Head of Operations, HMD America."  Ex. Q (Fryhover) at 17:14-17.
  ██████████████████████████████████████████████████████████████
  ████████████████████████████████████████  *Id.* at 16:23 to
  17:3 ("I manage the supply chain to our customers on the different channels and the
  different customers.  I also look at a bit of the strategy behind the supply chain and work
  with our customers on some of those potential opportunities.").  Mr. Fryhover lives in
  Miami and works at HMD America's offices in Miami.  *Id.* 3:20-21; Ex. N  ¶ 9.

- Maurizio Angelone, the Vice President and General Manager of HMD America from its
  incorporation in December 2016 until July ████████████████████████████████████
  ██████████████████████████████████████████████████████████████
  ██████████████████████████  *Id.* at 18:8-14, 46:9-19; Ex. R (Ekman) at 20:18-19
  ("One of the responsibilities of HMD America is to test devices that are sold in the
  U.S.").  ██████████████████████████████████████████████████████

- Cristina Hoyos, "Head of finance for the Americas region," Ex. W (Hoyos) at 9:1, ████
  ██████████████████████████████████████████████████████████  *Id.* at
  12:21 to 13:15; Ex. P ¶¶ 1-4.  Ms. Hoyos also works at HMD America in Miami.  Ex. W
  (Hoyos) 30:3-4 ("I'm located here in Miami.  I go to the office in Miami[.]")

- Rodolfo Forster, the lead for ████████████ until July 2020, has relevant knowledge
  regarding the testing of the accused devices in the United States.  Ex. T (Angelone) at
  46:20-22 ██████████████████████████████████████████████████████
  ████████████████████ 52:11-15 ("The guy in charge at the time was Rodolfo Forster, so
  he was the one that was in charge of ████████████████████████████████████
  ████████████")  Mr. Forster works in HMD America in Miami.  *See id.* at 61:6-23.

- Jackie Kates, the Head of Marketing for HMD Americas has relevant knowledge
  regarding the allegedly infringing marketing of the accused devices.  Ex. Q (Fryhover) at
  125:15-18.  Ms. Kates works in HMD America's offices in Miami.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ Ex. R (Ekman) at 100:15-20; Exs. M ¶ 9, I, J.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████████████████████████████████████

███████████████████████████████████████████████

███ Where third-party "information would likely be in the transferee venue" and "only the transferee venue can compel those companies to provide documentary evidence and trial and deposition testimony without requiring any travel," there is "no basis to discount these entities just because individual employees were not identified." *In re HP Inc.*, 2020 WL 5523561, at *3 (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009)); *see also, e.g.*, *In re Toa Techs., Inc.*, 543 F. App'x at 1009 (transferee jurisdiction could compel witnesses "to appear for both deposition and trial"). In contrast, CCE has disclosed no witnesses in this District and admits that it employs no one here. *See* Exs. E, V; *see supra* § B.

This factor would favor transfer even under circumstances more favorable to CCE. *See, e.g.*, *In re Toyota Motor Corp.*, 747 F.3d at 1340 (transferring where "[n]o non-party witnesses have been identified as being within the Eastern District of Texas," but "a number of witnesses in the Eastern District of Michigan have knowledge potentially relevant to infringement and validity issues, even if it is not possible at present to specify further just how material their testimony might be to the yet-undeveloped issues in the case"); *In re Google Inc.*, No. 17-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017) (transferring when plaintiff had "a single employee currently residing in the Eastern District of Texas"). The Court's "comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." *In re HP Inc.*, 2020 WL 5523561, at *3; *see also, e.g.*, *In re HP Inc.*, 2018 WL 4692486, at *3. Again, what matters is that "no employee responsible for such activity works in the Eastern District of Texas." *In re HP Inc.*, 2020 WL 5523561, at *1; *see also, e.g.*, *In re HP Inc.*, 2018 WL 4692486, at *1-*3 (several third parties in

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

the transferee district "were identified as having potentially relevant information, while no party

identified a third party witness in the Eastern District of Texas."). "The convenience of the

witnesses is probably the single most important factor in a transfer analysis." *In re Google Inc.*,

2017 WL 977038, at *3 (quoting *In re Genentech, Inc.*, 566 F.3d at 1343). "[I]n a case featuring

most witnesses and evidence closer to the transferee venue with few or no convenience factors

favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re

Nintendo Co., Ltd.*, 589 F.3d at 1198 (collecting cases). This is just such a case.

### C.    No Practical Problems Weigh Against Transfer

"Practical problems include those that are rationally based on judicial economy.

Particularly, the existence of duplicative suits involving the same or similar issues may create

practical difficulties that will weigh heavily in favor or against transfer." *ContentGuard*

*Holdings, Inc. v. Google, Inc.*, No. 14-61, 2014 WL 12771431, at *5 (E.D. Tex. Apr. 16, 2014)

(internal quotation marks and citation omitted). "But judicial economy is just one relevant

consideration in determining how administration of the court system would best be served in

deciding a transfer motion." *In re Apple, Inc.*, 581 F. App'x at 889 (citing *Van Dusen v. Barrack*

376 U.S. 612, 626-27 (1964)). "'The proper administration of justice may be to transfer to the

far more convenient venue even when the trial court has some familiarity with a matter from

prior litigation.'" *In re Apple, Inc.*, 581 F. App'x at 889 (quoting *In re Morgan Stanley*, 417 Fed.

App'x 947, 949 (Fed. Cir. 2011)).[3]  Although CCE sued a number of defendants in this District

---

[3] Although several motions are pending before this Court, they do not affect this analysis
because "motions to transfer venue are to be decided based on the situation which existed when
suit was instituted," *In re HP Inc.*, 2020 WL 5523561, at *3 (quoting *In re EMC Corp.*, 501 F.
App'x 973, 976 (Fed. Cir. 2013)) (alterations and internal quotation marks omitted).  In addition,
"once a party files a transfer motion, disposition of that motion should take top priority in the
case," and events after a motion to transfer cannot affect the analysis for this reason as well.  *In
re Apple Inc.*, 979 F.3d 1132, 2020 WL 6554063, at *3 (Fed. Cir. Nov. 9, 2020) (citing *In re
Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003)).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

in 2014, none of those actions concerned claims 1-4 or 8, which CCE asserts in this action.  In the prior actions, CCE not only asserted different claims, but also leveled a different theory of infringement against different defendants.  For example, in *Cellular Commc'ns Equip. LLC v. HTC Corp.*, CCE alleged that the "Android OS contains a diverting unit (e.g. the Telephony Manager) that is part of the Application Framework of the operating system."  No. 13-507, Docket No. 437-4 at 2-3 (E.D. Tex. July 13, 2015).  In its infringement contentions against HMD Global, however, CCE takes a different tack, asserting that "the sendRawPdu() method" performs the "diverting" of "a message of the messages to a controlling entity residing in the communication terminal" of the asserted claims.  Ex. K at 12.

Likewise, although other Courts in this District have presided over previous actions regarding not-presently-asserted claims of the '923 patent, this Court had only brief occasion to consider them: of the 15 actions CCE previously filed in this District on the '923 patent, six were transferred to this Court's docket for only several months, during which time this Court had just two opportunities to make substantive rulings; in both cases, it adopted Magistrate Judge Mitchell's report and recommendations in full.  *See Cellular Commc'ns Equip. LLC v. Samsung Elecs. Co., Ltd. et al*, Case No. 14-759, Docket Nos. 93, 110; *Cellular Commc'ns Equip. LLC v. HTC Corp.*, Case No. 13-507, Docket Nos. 413, 454.  Any knowledge of the patent on the part of other judicial officers in the District is irrelevant to the transfer analysis.  *See In re Google Inc*., 2017 WL 977038, at *2 (finding "untenable" any reliance on "'institutional knowledge' gained through previous, related litigation" in the same District but before a different Court).

CCE chose to assert new claims against HMD Global, and level a new theory of infringement.  In making this choice, CCE also made it unlikely that any experience in this Court

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

or this District would provide judicial economy in resolving this action.  This factor is neutral, as no practical problems weigh against transfer.

## IV.    The Public Interest Factors Also Favor Transfer to the Southern District of Florida

"The public interest factors include: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'"  *RPost Holdings*, 2013 WL 4495119, at \*2 (quoting *In re Nintendo Co., Ltd.*, 589 F.3d at 1198; citing *In re Genentech, Inc.*, 566 F.3d at 1342; *In re TS Tech USA Corp.*, 551 F.3d at 1319; *In re Volkswagen of Am., Inc.*, 545 F.3d at 315).  The first two factors favor transfer; the second two are neutral.

### A.    Relative Court Congestion Favors Transfer

"In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved."  *RPost Holdings*, 2013 WL 4495119, at \*5 (citing *In re Genentech, Inc.*, 566 F.3d at 1347).  Courts routinely rely on the Civil Statistical Tables For The Federal Judiciary in comparing times to trial.  *See, e.g.*, *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, No. 17-671, 2018 WL 8014281, at \*4 (E.D. Tex. Sept. 5, 2018).  Here, these statistics favor transfer: this District takes an average of 17.7 months from filing to trial, while the Southern District takes only 16.0 months.  Ex. L, Administrative Office, United States Courts, U.S. District Courts, Combined Civil and Criminal Federal Court Management Statistics (June 30, 2020) at 1 (Eastern District of Texas), and 2 (Southern District of Florida).

### B.    This Dispute Is Local to the Southern District of Florida

"There can be little doubt that" a district court "has a local interest in the disposition of any case involving a resident corporate party."  *Intellectual Ventures I*, 2018 WL 4175934, at \*9.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Here, that district court is the Southern District of Florida, home to HMD America, a Florida

corporation with its headquarters in ███████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████ Ex. R (Ekman) at 47:6-9 ("The

HMD America's technical account managers are responsible for testing and verification as well

as issue management for U.S. devices."); Ex. T (Angelone) at 37:10-16; Ex. O ¶ 5.  The local

interest in this case is therefore in Miami.  *See id.* at 37:18-24.

      CCE alleges that HMD Global "markets smartphones" (Compl. ¶ 6), ██████████

███████████████████████████████████████ Ex. Q (Fryhover) at 124:11 to 125:1.

CCE alleges that HMD Global "sells and offers to sell products and services throughout Texas,

including in this judicial district" (Compl. ¶ 2), ████████████████████████████████

██████████████████████████████ Ex. R (Ekman) at 46:19-21.  For these reasons as

well, the local interest in this case is in Miami.  Finally, CCE's own conduct confirms the

importance of HMD America to the case.  In May 2020, CCE attempted to serve HMD Global in

the United States by delivering papers to an HMD America employee in HMD America's only

offices, located in Miami.  Docket No. 7.[4]

---

[4] CCE's conduct in prior litigations further confirms its own belief that United States
subsidiaries have relevant information in patent infringement suits.  For years, CCE routinely
joined as defendants the roughly equivalent U.S. subsidiaries of groups it targeted with
infringement suits.  E.g., *Cellular Commc'ns Equip. LLC v. Kyocera Corp., et al.*, Case No.
15-49, Docket No. 1, (E.D. Tex. Jan. 15, 2015) (designating Kyocera Corporation, a Japanese
company, and two of its United States subsidiaries, collectively, "Kyocera."); *Cellular
Commc'ns Equip. LLC v. Pantech Co., Ltd. et al.*, Case No. 15-853, Docket No. 2, (E.D. Tex.
Sept. 14, 2015) (designating Pantech Co., Ltd., a South Korean company, and its United States
subsidiary, collectively, "Pantech"); *Cellular Commc'ns Equip. LLC v. LG Elecs., Inc. et al.*,
Case No. 14-982, Docket No. 1, (E.D. Tex. Dec. 19, 2014) (designating LG Electronics, Inc. a
South Korean company, and its United States subsidiaries, collectively, "LG"); *Cellular
Commc'ns Equip. LLC v. Samsung Elecs. Co., Ltd. et al.*, Case No. 14-759, Docket No. 1 (E.D.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## C.    The Remaining Public Interest Factors Are Neutral

As this Court has recognized in previous infringement cases, there are no conflict-of-law issues, and both courts are equally familiar with patent law.  *See, e.g.*, *Seven Networks, LLC v. Google LLC*, No. 17-441, 2018 WL 4026760, at *14 (E.D. Tex. Aug. 15, 2018); *Intellectual Ventures I LLC*, 2018 WL 4175934, at *9.  Thus, the remaining public interest factors are neutral.

## CONCLUSION

"Fifth Circuit law requires that when a movant clearly demonstrates that a transfer is for the convenience of parties and witnesses, and in the interest of justice, the district court should grant transfer."  *In re HP Inc.*, 2020 WL 5523561, at *2 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d at 315) (alterations and internal quotation marks omitted).  In this action, three of the four private factors, including the critical witness factors, favor transfer to the Southern District of Florida.  The fourth private factor is neutral.  Two of the public interest factors favor transfer, while two are neutral.  In total, five factors favor transfer, and three are neutral.  HMD Global has "clearly demonstrate[d] that a transfer is for the convenience of parties and witnesses, and in the interest of justice."  *In re HP Inc.*, 2020 WL 5523561, at *2.  The Court should grant HMD Global's motion and transfer this action to the Southern District of Florida.

Date:  December 14, 2020

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**

---

Tex. Sept. 15, 2014) (designating Samsung Electronics Co., Ltd. a South Korean company, and two of its United States subsidiaries, collectively, "Samsung").  In these and other cases, CCE argued that United States subsidiary companies participated in the alleged infringement, and were properly joined because "[q]uestions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, ZTE mobile devices." *Cellular Commc'ns Equip. LLC v. ZTE Corp. et al.*, Case No. 16-476, Docket No. 1 ¶ 70; *Cellular Commc'ns Equip. LLC v. Samsung Elecs. Co, Ltd.*, Case No. 14-759, Docket No. 1 ¶ 82 (E.D. Tex. Sept. 15, 2014).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

821 ESE Loop 323, Suite 430
Tyler, Texas, 75701
+1 (903) 705-1117
+1 (903) 581-2543 facsimile
ddacus@dacusfirm.com

Matthew S. Warren (California Bar No. 230565)
Jen Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-78@cases.warrenlex.com

*Attorneys for HMD Global Oy*

## CERTIFICATE OF CONFERENCE

I certify that on December 14, 2020, Matthew S. Warren, Jennifer A. Kash, and Deron Dacus, counsel for HMD Global Oy and Jeffrey R. Bragalone, Jerry D. Tice, and Hunter S. Palmer, counsel for Cellular Communications Equipment LLC conducted a telephonic conference regarding the above motion.  During this call, Cellular Communications Equipment LLC informed HMD Global Oy that it would oppose its Renewed Motion to Transfer of HMD Global Oy Under 28 U.S.C. § 1404 to the Southern District of Florida, and the parties agreed that they were at an impasse, leaving open this issue for this Court to resolve.

*/s/ Deron R. Dacus*
Deron R. Dacus

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**CERTIFICATE OF AUTHORIZATION TO SEAL**

Under Local Rule CV-5, the undersigned counsel certifies that the Court has previously granted authorization for filing under seal in the protective order governing confidentiality in this matter, Docket Nos. 31, 35.

*/s/ Deron R. Dacus*
Deron R. Dacus


**CERTIFICATE OF SERVICE**

I certify that on December 14, 2020, I served the foregoing Renewed Motion to Transfer of HMD Global Oy Under 28 U.S.C. § 1404 to the Southern District of Florida on counsel for plaintiff Cellular Communications Equipment LLC:

Jeffrey R. Bragalone
Jerry D. Tice II
Hunter S. Palmer
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201

by electronic mail to cce-service@bcpc-law.com, the email address designated for service by outside counsel for plaintiff Cellular Communications Equipment LLC under Section 12(c) of the Discovery Order in this case, Docket No. 24.

*/s/ Ashley Shultz*
Ashley Shultz