Exhibit V

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-0078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § | |
| Defendant. | § | |


## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Cellular Communications Equipment LLC ("Plaintiff" or "CCE") provides these objections and responses to Defendant HMD Global Oy's ("Defendant" or "HMD") First Set of Interrogatories (Nos. 1-12).

## PRELIMINARY STATEMENT

CCE has not completed its investigation of the facts related to this case, has not completed discovery, and has not completed preparation for trial. All the answers contained herein are based only upon information and documents that are presently known to CCE. Further discovery and analysis may supply additional facts and/or establish new factual or legal contentions that CCE may assert. CCE will supplement its responses to these interrogatories, if necessary, in accordance with the Federal Rules of Civil Procedure.

These responses are made solely for the purpose of and in relation to the above-referenced action.

## **GENERAL OBJECTIONS**

CCE asserts the following General Objections (the "General Objections") to the Interrogatories, each of which is hereby incorporated by reference into the response to each individual Interrogatory below. From time to time, and for purpose of emphasis, CCE may restate one or more of the general objections as specific objections to individual Interrogatories. Such restatement, or the failure to restate, should not be taken as a waiver of any general objection not restated.

1.    CCE objects to each interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the privilege afforded financial records, the right of privacy of any person or entity, the joint defense privilege, or any other applicable law, rule, privilege, or immunity, in that such material is not properly discoverable. The providing of any information by CCE in response to any Interrogatory is not intended to be, and shall not be deemed to be, a waiver of any applicable privilege or immunity.

2.    CCE objects to each Interrogatory to the extent it seeks to obtain information regarding materials not within CCE's possession, custody or control, because it imposes an obligation on CCE that is not authorized by the Federal Rules of Civil Procedure and is objectionable on that ground.

3.    CCE objects to each Interrogatory to the extent it is not relevant to any party's claim or defense or proportional to the needs of the case.

4.    CCE objects to each Interrogatory to the extent it is inconsistent with or imposes duties and obligations beyond the requirements of the Federal Rules of Civil Procedure, the Local

Rules of Eastern District of Texas, any Court orders, or any other applicable order or appropriate statute, law, rule, order, or procedure.

5.     CCE objects to each Interrogatory to the extent it seeks information more appropriately discoverable through other discovery means, such as interrogatories or the production of documents.

6.     CCE objects to each Interrogatory to the extent it seeks legal conclusions or rebuttal evidence.

7.     CCE objects to each Interrogatory to the extent it seeks expert testimony.

8.     CCE objects to each Interrogatory as overly broad, unduly burdensome, and harassing to the extent it seeks information about which CCE has little or no information that would be more appropriately sought from entities other than CCE, or that is otherwise outside of CCE's possession, custody, or control.

9.     CCE objects to each Interrogatory as overly broad, unduly burdensome, and irrelevant, to the extent it seeks to elicit information regarding unasserted claims of the patents-in-suit.

10.     CCE objects to each Interrogatory to the extent the Interrogatory is vague and ambiguous, or insufficiently precise or clear, so as to allow CCE reasonably to prepare information or documents in response.

11.     CCE incorporates by reference its objections to all of Defendant's written discovery requests, including document requests and/or interrogatories, and CCE objects to each Interrogatory to the extent the topic goes beyond the scope of documents or information CCE has agreed to produce or provide in response to any such written discovery requests, or to the extent the topic is within the scope of CCE's objections to such written discovery requests.

12.     CCE objects to the Interrogatories to the extent they are duplicative of other Interrogatories, or to the extent they seek information duplicative of information Defendant has already acquired or are able to acquire from sources other than CCE, and as such, are overly broad, unduly burdensome, and harassing.

13.     CCE objects to the Interrogatories to the extent they seek information that CCE is not permitted to disclose in accordance with confidentiality agreements or obligations with third parties.

14.     CCE objects to each Interrogatory to the extent it seeks information that is already in Defendant's possession or available in the public domain.

15.     CCE objects to the Interrogatories to the extent they assume facts not in evidence.

16.     CCE objects to the Interrogatories to the extent they seek documents or information not related to U.S. Patent No. 7,218,923 (the "patent-in-suit") or otherwise relevant to the parties' claims and defenses in the Action.

17.     Any statement by CCE that it will respond to the Interrogatories, or will otherwise provide information in response to the Interrogatories, does not constitute an admission by CCE that it agrees with any characterization, definition, or assumption contained in the Interrogatories, or as to any issue whatsoever.

18.     To the extent Defendant appropriately limits the scope of the Interrogatories for which it seeks information, CCE will seek documents and information that are responsive to the Interrogatories. CCE has responded and objected to Defendant's Interrogatories based upon its best, good faith understanding and interpretation of each Interrogatory therein. Accordingly, if Defendant subsequently asserts a different interpretation than that presently understood by CCE,

or if other information becomes available to CCE, CCE reserves the right to supplement or amend these responses and objections.

19.    CCE objects to the following definitions set forth in Defendant's Notice:

a.    "CCE" – CCE objects to Defendant's definition of "CCE" to the extent that it includes things that are not in CCE's custody, possession, or control. CCE further objects to Defendant's definition of CCE to the extent that it assumes legal conclusions regarding connections and control between CCE and any of its parent or affiliate entities. CCE further objects to Defendant's definition of CCE to the extent that it conflates the term CCE with any other entity.

b.    "affiliates" – CCE objects to Defendant's definition of "other CCE litigation" to the extent that assumes legal conclusions regarding connections and control between CCE and any of its parent or affiliate entities. CCE further objects to this definition to the extent it seeks information that is not within CCE's possession, custody, or control.

c.    "related application" – CCE objects to Defendant's definition of "related application." The term "related," which is in both the term and application, is vague. CCE further objects to interrogatories that incorporate this term to the extent it is irrelevant to any party's claim or defense.

d.    "prior patent owner" – CCE objects to Defendant's definition of "prior patent owner" to the extent the term encompasses information that is not within CCE's possession, custody, or control.

e.    "document" – CCE objects to Defendant's definition of "document" to the extent that it is not consistent with the Federal Rules of Civil Procedure.

20.     CCE objects to Defendant's "instructions" to the extent they seek to impose any obligation beyond what is required by the Federal Rules of Civil Procedure.

21.     CCE incorporates the foregoing General Objections and limitations into each of the following specific responses, which responses are made subject to, and without waiver of, those General Objections and limitations.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

For each of Exhibits A-N of HMD Global's disclosure under Patent Rule 3-3, identify each limitation of each asserted claim that you contend is not anticipated or rendered obvious by the reference or references described in the exhibit, and describe the complete basis for your contention that the limitation is not anticipated or rendered obvious.

**Response:** CCE incorporates by reference each of the foregoing General Objections as if fully set forth herein. CCE objects to this interrogatory as compound and containing multiple subparts in violation of Federal Rule of Civil Procedure 33. Each of the 14 exhibits referenced in this interrogatory contains distinct anticipation and obviousness allegations involving numerous references. For example, Exhibit A of HMD's P.R. 3-3 disclosures contains 14 invalidity theories spanning 8 alleged prior art references. At a minimum, the analysis of each invalidity theory reference is a separate inquiry that involves distinct factual analysis. Thus, "Interrogatory No. 1" constitutes over 100 separate interrogatories and exceeds the number of interrogatories allowed by the Discovery Order.

CCE further objects to this interrogatory as improperly seeking to analyze the validity of the asserted claims on a limitation-by-limitation basis. Claims are judge as a whole. Whether an individual limitation is anticipated or obvious is inapt to the question of whether the claim as a

whole is anticipated or obvious. Further, the interrogatory is vague and ambiguous in what it means for a limitation to be obvious.

CCE further objects to this interrogatory as it improperly seeks to shift the burden of demonstrating validity to CCE. The United States Patent and Trademark Office determined that the '923 patent was valid and enforceable. As such, the '923 patent carries a presumption of validity that can only be overcome by clear and convincing evidence. Thus, it is Defendant's obligation to show the claims as a whole are anticipated or obvious, not CCE's burden to show they are not invalid. CCE further objects to this interrogatory to the extent that it purports to require CCE to marshal all of its available proof or to limit the evidence that may be presented at trial. Specifically, this interrogatory asks for "the complete basis" of CCE's response to Defendant's invalidity claims. CCE further objects to this interrogatory to the extent that it seeks information that is protected from disclosure by attorney-client privilege and/or the work product doctrine, such as CCE's legal arguments. CCE objects to this interrogatory to the extent it seeks premature disclosure of expert opinion. The Docket Control Order sets April 8, 2021, as the deadline for rebuttal expert testimony. At this time, Defendant has made no claim or defense alleging that the '923 patent is invalid. Until it does, this interrogatory not only seeks premature disclosure of expert opinion, but also seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving the foregoing specific and general objections, CCE contends that each of the asserted claims is valid. CCE further refers Defendant to its expert disclosures, which will be made in accordance with the schedule governing this case and are incorporated by reference.

**Interrogatory No. 2:**

For each claim of the asserted patent, identify any prior art that anyone other than HMD Global has asserted could invalidate the claim under 35 U.S.C. § 101, § 102, § 103, § 112, or any other basis for invalidity, identify the person or persons who made this assertion and the context in which they did so, and, if you contend that the claim is valid despite the assertion, explain in detail all legal and factual bases for your contention.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory to the extent it purports to require CCE to answer on behalf of any entity or person other than Cellular Communication Equipment LLC.

CCE objects to this interrogatory as overly broad and unduly burdensome as it requires CCE to review all prior communications and litigations regarding the '923 patent to an unreasonable degree. CCE further objects to this interrogatory as vague and ambiguous to the extent that it is unlimited in time and scope; the phrases "any prior art" and "anyone other than HMD" are undefined and unlimited. CCE objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information not relevant to a claim or defense asserted in this litigation. Specifically, this interrogatory seeks, without limitation, identification of "any prior art," and thus, on its face, seeks information that is irrelevant to this lawsuit or any party's claims. CCE objects to this interrogatory to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent infringement and validity, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. CCE objects to this interrogatory as compound and containing multiple subparts in violation of Federal Rule of Civil Procedure 33. Specifically, this interrogatory asks for prior art asserted

against each claim in the '923 under multiple law provisions; as each of the requested laws will result in different assertions of prior art, each reference under each law is a distinct subpart. This interrogatory should be counted as a separate interrogatory for each subpart. CCE objects to this interrogatory as unduly burdensome to the extent that it seeks information equally available to HMD; prior art asserted against the '923 patent is publicly available in the patent's file history, as well as in the records of prior lawsuits. To the extent that this interrogatory seeks information regarding CCE's pre-suit investigation, CCE objects that this interrogatory is premature and not appropriate, if ever, until after a resolution of the case on the merits. CCE further objects to this interrogatory for seeking information that is not relevant to any party's claim or defense. The '923 patent is presumed valid, and the burden of establishing invalidity in this matter rests on HMD. HMD has made no claim or defense alleging that the '923 patent is invalid. Therefore, information sought by this interrogatory is irrelevant and unreasonably burdensome.

CCE further objects to this interrogatory as it improperly seeks to shift the burden of demonstrating validity to CCE. The United States Patent and Trademark Office determined that the '923 patent was valid and enforceable. As such, the '923 patent carries a presumption of validity that can only be overcome by clear and convincing evidence. Thus, it is Defendant's obligation to show the claims as a whole are anticipated or obvious, not CCE's burden to show they are not invalid. CCE further objects to this interrogatory to the extent that it purports to require CCE to marshal all of its available proof or to limit the evidence that may be presented at trial. CCE further objects to this interrogatory to the extent that it seeks information that is protected from disclosure by attorney-client privilege and/or the work product doctrine, such as CCE's legal arguments. CCE objects to this interrogatory to the extent it seeks premature disclosure of expert opinion. The Docket Control Order sets April 8, 2021, as the deadline for rebuttal expert testimony.

At this time, Defendant has made no claim or defense alleging that the '923 patent is invalid. Until it does, this interrogatory not only seeks premature disclosure of expert opinion, but also seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving the foregoing specific and general objections, CCE responds that pursuant to Rule 33(d) information responsive to the non-objectionable portions of this interrogatory may be determined from the following materials: (1) documents and references identified in the patents-in-suit and their file histories (*see* CCE_HMD_000001-000213), (2) invalidity contentions served by Defendants in this action, and (3) petitions for inter partes review filed against the patents-in-suit, including IPR2014-01133, IPR2015-00011, and IPR2015-01927, which are publicly available.

CCE'S identification of information herein is not an admission that any such information qualifies as "prior art" under applicable provisions of the United States Code.

CCE further states that discovery is ongoing, and it reserves the right to supplement and revise its answer.

**Interrogatory No. 3:**

If you contend that there are any secondary considerations or objective indicia of nonobviousness that the Court should consider in determining the validity of the asserted claims of the asserted patent, identify for each claim each secondary consideration or objective indicia of nonobviousness, and describe in detail your contentions as to why each such secondary consideration or objective indicia of nonobviousness demonstrates obviousness or non-obviousness.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth

herein. CCE objects to this interrogatory to the extent that it seeks privileged information, documents, or communications regarding CCE's legal arguments that are protected from disclosure by attorney-client privilege and/or the work product doctrine. CCE objects to this interrogatory as prematurely seeking information that is the subject of expert discovery and reporting. CCE further objects to this interrogatory to the extent that it purports to require CCE to marshal all of its available proof or to limit the evidence that may be presented at trial. Specifically, this interrogatory asks to "describe in detail" multiple aspects of CCE's potential legal arguments regarding nonobviousness. CCE further objects to this interrogatory for seeking information that is not relevant to any party's claim or defense. The '923 patent is presumed valid, and the burden of establishing invalidity in this matter rests on HMD. HMD has made no claim or defense alleging that the '923 patent is invalid. Therefore, information sought by this interrogatory is irrelevant and unreasonably burdensome.

Subject to and without waiving the foregoing specific and general objections, CCE refers to and incorporates by reference its response to Interrogatory No. 1. Further, CCE responds that the patented inventions of the '923 patent has enjoyed great commercial success as evidenced by the popularity of the accused devices, the prevalence, adoption, use, and popularity of the '923 patents technique for preventing nefarious applications from generating unwanted charges, the popularity of the Android operating system and applications pre-loaded on the accused products, such as the Messaging app, and the recognition by the cellular industry in taking a license to the '923 patent. Further, of the patented inventions of the '923 patent in the Android operating system appears to have been linked to nefarious applications at the time. Collectively this evidences commercial success, long-felt need, prior failed attempts, and copying. CCE further responds that pursuant to Rule 33(d) information responsive to the non-objectionable portions of this

interrogatory may be determined from the following materials: the prior agreements involving the '923 patent (*see* CCE_HMD_000657-001355 and CCE_HMD_001440-001500) and the industry problems faced prior to the release of Android OS v4.2 (*see* CCE_HMD_001671-001682). Plaintiff further directs Defendant to CCE's Complaint, its P.R. 3-1 and 3-2 Disclosures, its Initial and Additional Disclosures, and any amendments thereto, which are hereby incorporated by reference. CCE further refers Defendant to its expert disclosures, which will be made in accordance with the schedule governing this case and are incorporated by reference herein. CCE further states that discovery is ongoing, and it reserves the right to supplement and revise its answer.

**Interrogatory No. 4:**

Describe in detail any valuations of or attempts to value the asserted patent or any portfolio containing the asserted patent, including without limitation any studies, analyses, reports or memoranda in your possession relating to the value of the asserted patent or portfolio containing the asserted patent.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this interrogatory seeks "any" valuations or attempts to value, without limit to the party performing the valuation or the time period in which the valuation took place. Valuations that are not proximate to the time of the hypothetical negotiation are not proportional to the needs of the case. CCE further objects to his interrogatory to the extent that it seeks information that is not within CCE's possession, custody, or control. CCE objects to this interrogatory to the extent it purports to require CCE to answer on behalf of any entity or person other than Cellular Communication Equipment LLC. CCE objects

to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information not relevant to a claim or defense asserted in this litigation. Specifically, this interrogatory seeks valuations of entire portfolios that include patents not at issue in this litigation. CCE objects to this interrogatory to the extent that it seeks privileged information, documents, or communications regarding CCE's legal arguments that are protected from disclosure by attorney-client privilege and/or the work product doctrine. To the extent that this interrogatory seeks information regarding CCE's pre-suit investigation, CCE objects that this interrogatory is premature and not appropriate, if ever, until after a resolution of the case on the merits.

Subject to and without waiving the foregoing specific and general objections, CCE responds that pursuant to Rule 33(d) information responsive to the non-objectionable portions of this interrogatory may be determined from the following materials: CCE_HMD_000214-001670. CCE directs Defendant to CCE's Complaint, its P.R. 3-1 and 3-2 Disclosures, its Initial and Additional Disclosures, and any amendments thereto, which are hereby incorporated by reference. CCE further refers Defendant to its expert disclosures, which will be made in accordance with the schedule governing this case and are incorporated by reference herein. CCE further states that discovery is ongoing, and it reserves the right to supplement and revise its answer.

**Interrogatory No. 5:**

Identify each offer made by you or your predecessors in interest, including any prior patent owner, regarding the licensing or sale of the asserted patent, whether individually or in combination with any other patents, including, without limitation, identifying the name of the entity; the date of each offer; the price or royalty rate offered; the terms or basis on which such proposed price or royalty rate was calculated; any other consideration or value to be paid or given

by such third party in exchange for the license or sale; and any documents and things regarding any such offer to license or sell, including any executed licenses or agreements.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is unlimited in time and scope. Specifically, this interrogatory seeks every offer involving the '923, without limit to the party performing the offer or the time period in which the offer took place. Offers that are not proximate to the time of the hypothetical negotiation are not proportional to the needs of the case. CCE further objects to his interrogatory to the extent that it seeks information that is not within CCE's possession, custody, or control. CCE objects to this interrogatory to the extent it purports to require CCE to answer on behalf of any entity or person other than Cellular Communication Equipment LLC. CCE objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information not relevant to a claim or defense asserted in this litigation. Specifically, this interrogatory seeks offers of entire portfolios that include patents not at issue in this litigation. CCE objects to this interrogatory to the extent that it seeks privileged information, documents, or communications regarding CCE's legal arguments that are protected from disclosure by attorney-client privilege and/or the work product doctrine. CCE objects to this interrogatory to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing specific and general objections, CCE responds that pursuant to Rule 33(d) information responsive to the non-objectionable portions of this interrogatory may be determined from the following materials: CCE_HMD_000214-001670.

CCE further states that discovery is ongoing, and it reserves the right to supplement and revise its answer.

**<u>Interrogatory No. 6:</u>**

Separately for each asserted claim you contend has been willfully infringed by HMD Global, describe the complete basis for your contention that HMD Global's alleged infringement has been or is willful and entitles you to an award of enhanced damages, including stating the date and manner in which you contend HMD Global was first notified or became aware that it was allegedly infringing the asserted patent, the allegedly infringing activity, the complete basis for any contention by you that HMD Global's allegedly infringing activity represents an egregious case of misconduct beyond typical infringement of the asserted patent, and identify all documents and things supporting your contention.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information not relevant to a claim or defense asserted in this litigation. CCE objects to this interrogatory to the extent that it purports to require CCE to marshal all of its available proof or to limit the evidence that may be presented at trial. Specifically, this interrogatory asks for "the complete basis" of multiple aspects of CCE's willful infringement contention, including "all documents and things supporting" the contention. CCE objects to this interrogatory to the extent that it seeks privileged information, documents, or communications regarding CCE's legal arguments that are protected from disclosure by attorney-client privilege and/or the work product doctrine. To the extent that this interrogatory seeks information regarding CCE's pre-suit

investigation, CCE objects that this interrogatory is premature and not appropriate, if ever, until after a resolution of the case on the merits.

Subject to and without waiving the foregoing specific and general objections, CCE states that Defendant claims to have been aware of the '923 patent and its infringement prior to service of the complaint. *See* Dkt. Nos. 8, 16. Despite this, Defendant has continued to willfully infringe the '923 patent and has yet to even allege that the '923 patent is invalid or not infringed. CCE further directs Defendant to CCE's Complaint and any amendments thereto. CCE further refers Defendant to its expert disclosures, which will be made in accordance with the schedule governing this case and shall be incorporated by reference herein. CCE further states that discovery is ongoing, and it reserves the right to supplement and revise its answer.

**Interrogatory No. 7:**

Identify and describe all facts relating to harm that you intend to rely on in support of your claim for damages as a result of the accused products' alleged infringement, including any and all facts supporting your reasonable royalty calculation.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as premature as discovery is ongoing and CCE has not had the opportunity to complete its investigation. CCE objects to this interrogatory as prematurely seeking information that is the subject of expert discovery and reporting. CCE objects to this interrogatory to the extent that it purports to require CCE to marshal all of its available proof or to limit the evidence that may be presented at trial. CCE objects to this interrogatory as calling for information protected from disclosure under the attorney-client privilege, common interest privilege, work product doctrine, or any other applicable privilege and/or exemption. In particular

the analysis of the underlying facts and communications regarding such analysis are protected by the work product doctrine and/or the attorney-client privilege. CCE objects to this interrogatory as overly broad, unduly burdensome, and intended to annoy or harass in that it calls for CCE to identify "all facts relating to harm."

Subject to and without waiving the foregoing specific and general objections, CCE seeks damages under 35 U.S.C. § 284 adequate to compensate for the Defendant's infringement of the claims of the patents-in-suit, no less than a reasonable royalty, together with interest and costs. CCE also seeks up to treble damages for willful infringement. CCE also seeks a finding that this is an exceptional case requiring Defendant to pay the costs of this action and attorneys' fees under 35 U.S.C. § 285. CCE will rely on a damages expert and will provide Expert Disclosures in accordance with the Court's Docket Control Order. CCE incorporates any Expert Disclosures herein.

Specifically, the full calculation of CCE's damages depends, in part, on financial information from Defendant, including but not limited to costs, gross sales, net sales, profits, and projected profits figures for the accused products. Upon receipt of the necessary information from Defendant and in accordance with Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4) and the scheduling order issued by the Court, CCE and its expert(s) will further disclose and supplement CCE's damages calculation. CCE reserves the right to seek enhanced damages under 35 U.S.C. § 284, separate damage awards for infringement—including but not limited to inducing infringement—injunctive relief, and any other relief the Court deems just and equitable. CCE further reserves the right to seek its court costs from Defendant.

Subject to the foregoing, CCE's damages claim may be measured by a reasonable royalty applied to Defendant's infringing sales representing the amount that would have been arrived at in

a hypothetical negotiation between a willing patent owner (such as CCE) and a willing potential user of the patented technology as of the date infringement began. CCE's testifying expert witness on damages may base his or her opinions in part upon one or more of the factors outlined in Georgia-Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116 (S.D.N.Y. 1970), including:

1.      The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.

2.      The rates paid by the licensee for the use of other patents comparable to the patent in suit.

3.      The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

4.      The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5.      The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

6.      The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7.      The duration of the patent and the term of the license.

8.      The established profitability of the product made under the patent; its commercial success; and its current popularity.

9.      The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10.     The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11.     The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12.     The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13.     The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14.     The opinion testimony of qualified inventors.

15.     The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee – who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patent invention – would have been willing to pay as a royalty and yet be able to make reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

In addition, other damages theories may be utilized by CCE and its experts, including, but not limited to, lost profits, the cost savings method, the analytical approach, the use of surveys, regression analysis, inclusion of potential convoyed sales, and other economic tools and theories that support damages analysis in this case, as appropriate. Further, CCE seeks damages, according to the statute, 35 U.S. Code § 286, six years prior to the filing of this lawsuit at the latest, through expiration of the patents-in-suit. In addition, CCE may rely on licenses, settlement agreements, and other technological licenses in determining damages in this case.

Because CCE's damages are the subject of expert testimony, only CCE's expert will have knowledge of CCE's complete damages theory, methodologies, and expert opinions.

The full extent of CCE's damages will be further disclosed and supplemented upon receipt of relevant information from Defendant, and in accordance with Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4) and the scheduling order issued by the Court.

In addition, CCE directs Defendant to CCE's live Complaints, its P.R. 3-1 & 3-2 Disclosures, its Initial Disclosures and Additional Disclosures and any amendments thereto, which are hereby incorporated by reference. CCE refers to and incorporates by reference its forthcoming expert disclosures addressing infringement of the asserted claims, the validity of the patent-in-suit, and damages (and any amendments or supplements thereto), together with the evidence and documents identified therein.

CCE further states that discovery is ongoing, and it reserves the right to supplement and revise its answer.

**Interrogatory No. 8:**

Describe in detail all facts concerning the actual or potential financial or non-financial interests of any person in the outcome of this litigation including the amount or percentage of such interests, and the relationship between you and each person with such an interest.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information not relevant to a claim or defense asserted in this litigation. Whether a non-party who is not expected to testify has an "interest" in the outcome of the litigation is not reasonably calculated to lead to the discovery of admissible evidence. CCE further objects to this interrogatory to the extent that it seeks privileged information, such as the details of its attorney-client relationship. CCE objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome. The interrogatory seeks information about "actual or *potential* financial or non-financial interests"; the scope of this interrogatory is so broad that it includes information that CCE could not be reasonably expected to possess. CCE further objects to his interrogatory to the extent that it seeks information that is not within CCE's possession, custody, or control. Specifically, this interrogatory seeks information on the interests of "any person," without limit to the person or the scope of the "interest." CCE further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information not relevant to a claim or defense asserted in this litigation.

Subject to and without waiving the foregoing specific and general objections, CCE states that the parties to the suit have an actual interest in the outcome of the litigation. CCE further responds that pursuant to Rule 33(d) information responsive to the non-objectionable portions of

this interrogatory may be determined from the following materials: the Complaint (Dkt. No. 1), CCE's Corporate Disclosure Statement (Dkt. No. 2), CCE_HMD_001501-001670.

**Interrogatory No. 9:**

Identify all agreements, proposals to agree, discussions regarding actual or potential agreements or communications related to any rights, title, or interest in the asserted patent, related patents, or any other CCE patent directed at similar subject matter, including assignments, trust documents, legal pleadings, licenses, offers to license, presentations, settlement agreements, covenants not to sue, and agreements or offers relating to any absolute, contingent, potential or any other right to a share in any recovery you may obtain in connection with the asserted patent, related patents, or any other CCE patent directed at similar subject matter, describe in detail the circumstances of each agreement or offer, including the dates, parties, instrumentalities, terms, proposed consideration, and/or agreed consideration of such agreements, and identify the three persons most knowledgeable about each agreement or offer.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent that it is not limited in time or scope. CCE further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information not relevant to a claim or defense asserted in this litigation. Specifically, this interrogatory seeks documents related to "related patents or any other CCE patent directed at similar subject matter; i.e. patents other than the single patent at issue in this litigation. CCE objects to this interrogatory as compound and containing multiple subparts in violation of Federal Rule of Civil Procedure 33. Specifically, this interrogatory asks for multiple categories of documents and communications for each of three

categories: the asserted patent, related patents, or "any other CCE patent directed at similar subject matter." This interrogatory therefore comprises multiple subparts and should be counted as a separate interrogatory for each subpart. CCE objects to this interrogatory to the extent that it seeks privileged information, documents, or communications; internal communications regarding patent licenses, should they exist, are protected from disclosure by attorney-client privilege and/or the work product doctrine. To the extent that this interrogatory seeks information regarding CCE's pre-suit investigation, CCE objects that this interrogatory is premature and not appropriate, if ever, until after a resolution of the case on the merits.

Subject to and without waiving the foregoing specific and general objections, CCE responds that pursuant to Rule 33(d) information responsive to the non-objectionable portions of this interrogatory may be determined from the following materials: CCE_HMD_000214-001670. CCE further states that discovery is ongoing, and it reserves the right to supplement and revise its answer.

**Interrogatory No. 10:**

Describe in detail your relationship with Acacia Research Corporation ("ARC") and Acacia Research Group LLC ("AR"), including identifying all agreements and communications between CCE and ARC or AR, all actual or financial interests of ARC or AR in CCE, and identify the three human beings most knowledgeable about the relationship between CCE, ARC, and AR.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the topic seeks information not relevant to a claim or defense asserted in this litigation. The relationship between CCE and ARC

or AR is not relevant to any asserted claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. CCE further objects to his interrogatory to the extent that it seeks information that is not within CCE's possession, custody, or control. CCE objects to this interrogatory to the extent it purports to require CCE to answer on behalf of any entity or person other than Cellular Communication Equipment LLC. CCE objects to this interrogatory as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the topic seeks information not relevant to a claim or defense asserted in this litigation. Specifically, by seeking "all agreements and communications," the interrogatory includes information that may be irrelevant to the current litigation.

Subject to and without waiving the foregoing specific and general objections, CCE responds that pursuant to Rule 33(d) information responsive to the non-objectionable portions of this interrogatory may be determined from the following materials: the Complaint (Dkt. No. 1), CCE's Corporate Disclosure Statement (Dkt. No. 2).

**Interrogatory No. 11:**

Identify and provide the location of CCE's operations and assets, including without limitation its personnel, employees, management board, business activities, legal counsel, facilities, real estate, leases, and service contracts.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the topic seeks information not relevant to a claim or defense asserted in this litigation. Specifically, the interrogatory seeks detailed information about CCE's business that is irrelevant to the patent-in-suit or any other claim

or defense in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. CCE further objects to the words/phrases "personnel," "operations and assets" and "business activities" as vague and ambiguous.

Subject to and without waiving the foregoing specific and general objections, CCE responds as follows: CCE maintains its principal place of business at 6136 Frisco Square Blvd. Suite 400, Frisco, TX 75034. At that location, CCE maintains personnel and assets for conducting activities related to CCE's business. CCE further states that discovery is ongoing, and it reserves the right to supplement and revise its answer.

**Interrogatory No. 12:**

Identify CCE's principal place of business for each month since January 1, 2014, and describe in detail all monthly expenses related to that principal place of business, including employees located at that principal place of business and any other costs associated with maintaining that principal place of business.

**Response:** In addition to the foregoing General Objections, CCE incorporates by reference each of its specific objections and responses to each of the preceding topics as if fully set forth herein. CCE objects to this interrogatory as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case to the extent that the topic seeks information not relevant to a claim or defense asserted in this litigation. The cost and location of CCE's principal place of business have no bearing on HMD's infringement of the '923 patent or any associated defense. Detailed information about CCE's principal place of business is unrelated to any claim or defense in this litigation. CCE objects to the timeframe of "since January 1, 2014" as overbroad and unduly burdensome, and neither relevant nor proportional to the needs of the case. The January 2014 date has no relevance to HMD's infringement of the '923 patent or any associated defense.

Further, the interrogatory asks for "all monthly expenses" related to CCE's principal place of business; this request is extremely burdensome, as it requires CCE to collect and present all expenses for the last six years, without limiting the request to expenses that might be relevant to the current litigation.

Subject to and without waiving the foregoing specific and general objections, CCE responds as follows: CCE maintains its principal place of business at 6136 Frisco Square Blvd. Suite 400, Frisco, TX 75034. CCE's principal place of business is a private office space. The expenses for the office space include lease payments and typical office supply and services expenses associated with maintaining private office space. CCE previously maintained a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

Dated: October 28, 2020                    Respectfully submitted,


                                           By: /s/ Jeffrey R. Bragalone
                                           Jeffrey R. Bragalone (lead attorney)
                                           Texas Bar No. 02855775
                                           Jonathan H. Rastegar
                                           Texas Bar No. 24064043
                                           Jerry D. Tice II
                                           Texas Bar No. 24093263
                                           Hunter S. Palmer
                                           Texas Bar No. 24080748

                                           **BRAGALONE CONROY PC**
                                           2200 Ross Avenue
                                           Suite 4500W
                                           Dallas, TX 75201
                                           Tel: (214) 785-6670
                                           Fax: (214) 785-6680
                                           jbragalone@bcpc-law.com
                                           jrastegar@bcpc-law.com
                                           jtice@bcpc-law.com
                                           hpalmer@bcpc-law.com

                                           Attorneys for CCE
                                           **CELLULAR COMMUNICATIONS
                                           EQUIPMENT LLC**


## CERTIFICATE OF SERVICE

I certify that on October 28, 2020, the foregoing document was served on Defendant's attorneys of record by way of electronic mail.


                                           By: /s/ Jeffrey R. Bragalone