**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § § | |
| **Plaintiff,** | § § | **Case No. 2:20-CV-0078-JRG** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **HMD GLOBAL OY,** | § § | |
| **Defendant.** | § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HMD'S
<u>MOTION TO COMPEL</u>**

Plaintiff Cellular Communications Equipment LLC ("CCE") files this response in opposition to Defendant HMD Global Oy's ("HMD") Motion to Compel CCE to Produce Documents (Dkt. No. 76) (the "Motion").

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................. 1

    A.   Case Status ................................................................................................ 1

    B.   The Documents That HMD Seeks .......................................................... 2

III.    ARGUMENTS AND AUTHORITY ...................................................................... 3

    A.   CCE Cannot Produce Documents That Do Not Exist. ........................... 3

    B.   CCE Does Not Have Access to the Requested Confidential Documents and Is
         Nevertheless Prohibited from Producing Them. ...................................... 3

    C.   The Court Should Deny HMD's Request for Irrelevant Documents. ...................... 7

IV.     CONCLUSION ................................................................................................. 7

# I.    INTRODUCTION

HMD moves to compel CCE to produce three categories of documents. First, HMD demands that the Court order CCE to produce inventor deposition transcripts that do not exist.

Second, HMD seeks documents containing highly confidential information of its direct competitors that were produced to CCE's outside counsel under the strict limitations of court-ordered protective orders. CCE has never had access to any of these documents. Moreover, requiring production from CCE's outside counsel would violate the protective orders under which those documents—including source code—were produced by HMD's competitors. HMD's Motion addresses neither of these issues and instead misstates the issue as CCE refusing to "produce *any documents* 'that contain confidential information of prior defendants.'" This framing is false; to the extent CCE has documents containing confidential information of prior defendants and can share those documents without violating a protective order, it has done so. Indeed, CCE has produced many such documents.

Third, HMD seeks prior invalidity contentions that are not relevant to any claim or defense in this Action. HMD does not dispute that there is no claim or defense for invalidity in this Action, and the Motion fails to identify any claim or defense to which such documents are relevant. For the following reasons, the Court should deny HMD's motion in its entirety.

# II.    BACKGROUND

## A.  Case Status

CCE filed this Action on March 17, 2020, alleging infringement of U.S. Patent No. 7,218,923. (Dkt. No. 1). On June 10, 2020, HMD filed its first motion to dismiss, alleging insufficient process and insufficient service. (Dkt. No. 8). CCE opposed HMD's first motion to dismiss, in part because CCE timely began effecting service on HMD pursuant to the Hague Convention, as CCE informed HMD before HMD filed its first motion to dismiss. (Dkt. No. 15 at

1

1-3). Nevertheless, HMD delayed until August 12, 2020—*after* the motion was fully briefed—to withdraw its first motion to dismiss. (Dkt. No. 30). When it withdrew the motion, HMD stipulated that it would "respond to the Complaint on or before September 21, 2020." (*Id*. at 2). On September 21, 2020, HMD filed its second motion to dismiss, this time for alleged failure to state a claim and lack of standing. (Dkt. No. 26). Given HMD's serial motions to dismiss, it has not answered CCE's complaint in this matter, and has never asserted any claim or defense related to validity.

### B.  The Documents That HMD Seeks

HMD moves to compel production of three categories of documents. The first is inventor deposition transcripts that do not exist.

The second category are documents to which CCE has never had access. These documents contain confidential, "attorneys' eyes only" information of prior defendants provided only to CCE's outside counsel under the strict provisions of protective orders in prior lawsuits. CCE has asserted the '923 patent in this District eighteen times, including against most handset manufacturers operating in the United States, which are HMD's direct competitors. Bragalone Dec. at ¶ 2. Over the course of these lawsuits, CCE has been represented by numerous outside counsel, including Ward Smith & Hill, PLLC; Nelson Bumgardner Albritton, PC; Bragalone Conroy PC; and Caldwell Cassady & Curry, PC. *Id*. at ¶ 3. Pursuant to protective orders of those lawsuits, previous defendants produced highly confidential information pertaining to their technology and business operations—including source code and sales information—to CCE's outside counsel. *Id*. at ¶ 4. While CCE is aware that outside counsel has received such highly confidential, "attorneys' eyes only" information, CCE has no access to this information and has never been made aware of the specific information provided. Notably, CCE has already produced non-confidential infringement contentions to HMD, including all such contentions from prior cases. But CCE has no access to any infringement contentions that have contained prior

2

defendants' source code, nor to deposition transcripts, discovery responses, expert reports, and sealed filings discussing non-infringing alternatives where those materials contain information designated as "attorneys' eyes only" by prior defendants. *Id*. at ¶ 6.[1]

Although there is no claim or defense for invalidity, the third category of documents that HMD seeks are prior invalidity contentions and alleged prior art concerning the asserted patent.

### III.    ARGUMENTS AND AUTHORITY

#### A.  CCE Cannot Produce Documents That Do Not Exist.

The first category of documents that HMD seeks are deposition transcripts of the inventors of the asserted patent. CCE is not withholding these documents: CCE performed a search and was unable to locate any such documents. Moreover, CCE is unaware of any prior deposition of any inventor of the asserted patent, and HMD makes no assertion to the contrary. As such, the Court should deny HMD's motion with respect to this category. *See Dortch v. Wells Fargo Bank, N.A.*, No. 4:18-CV-00452, 2020 WL 1289431, at *8 (E.D. Tex. Mar. 18, 2020) ("the Court cannot compel documents that do not exist.").

#### B.  CCE Does Not Have Access to the Requested Confidential Documents and Is Nevertheless Prohibited from Producing Them.

CCE cannot produce the confidential documents of the second category because CCE does not maintain possession, custody, or control of those documents. Pursuant to the protective orders in the prior lawsuits, CCE cannot access the documents; CCE cannot view the documents; CCE cannot be apprised of the highly confidential, "attorneys' eyes only" information within the documents; and CCE cannot require its outside counsel to violate those protective orders to share the highly confidential information of HMD's competitors. HMD argues that the prior protective

---

[1] While CCE does not have any of these highly confidential documents, some may be in CCE's outside counsel's prior litigation files.

orders do not "matter" because of the protections of Court's Protective Orders in this Action. Motion at 5. But the prior protective orders *do* matter, and they soundly reject HMD's argument.

Prior protective orders address this exact circumstance, and prohibit sharing information in the manner that HMD seeks. Even within a single, consolidated matter, the protective orders expressly prohibit CCE from sharing highly confidential, "attorneys' eyes only" information produced by one defendant with outside counsel for another defendant "who was not sued in the same initial case as the Producing Defendant, notwithstanding the fact that the Defendants' separate initial cases have been consolidated."[2] Moreover, the protective orders are still binding.[3] Thus, the prior protective orders explicitly prohibit sharing confidential information of one defendant with outside counsel for another defendant, even if shared pursuant to protective order.

There are many reasons why the prior protective orders do—and should—preclude such later production. While the prior defendants were required to produce documents in response to CCE's patent infringement claims, they certainly did not agree that their most proprietary information could be exposed to a competitor long after the conclusion of the litigation, and in a situation where none of those parties are notified nor have any opportunity to object to such a disclosure. It would undermine a fundamental tenet of patent litigation in this District if defendants believed protective orders could simply be ignored years after the conclusion of a lawsuit.

HMD provides no argument or authority for the proposition that CCE may be compelled to produce documents to which it has never had access. Nor does it provide any argument or

---

[2] Bragalone Dec. ¶¶ 7-9; *See also CCE v. HTC Corp., et al.*, C.A. No. 6:13-cv-363, Dkt. No. 11 at ¶ 6.4 (E.D. Tex. Dec. 14, 2014); *CCE v. LG Elec., et al.*, C.A. No. 6:16-cv-365, Dkt. No. 6 at ¶ 6.4 (E.D. Tex. April 25, 2016); *CCE v. HTC Corp., et al.*, C.A. 6:13-cv-375, Dkt. No. 5 at ¶ 6.4 (E.D. Tex. April 25, 2016); *CCE v. HTC Corp., et al.*, C.A. 6:13-cv-507, Dkt. No. 310 at ¶ 6.4 (December 10, 2014); *CCE v. Samsung Elec. Co., Ltd., et al.*, C.A. 6:14-cv-759, Dkt. No. 74 at ¶ 6.4.

[3] Each of the foregoing protective orders cited in footnote two contains Paragraph ¶ 8.3, which states that the order remains binding after the conclusion of the case.

authority that CCE may direct its outside counsel to violate explicit restrictions of protective orders. Instead, HMD ignores these critical issues and misstates the dispute as CCE "refus[ing] to produce any documents that 'contain confidential information of prior defendants'" because of "private confidentiality concerns." Motion at 4. HMD incorrectly implies that CCE has entered into private side agreements to shield discoverable information from HMD. This is simply false. Contrary to HMD's allegation, CCE is not withholding any document on the basis of a so-called "private confidentiality" arrangement.

What HMD appears to seek is that the Court order, without a subpoena issued to outside counsel, that the numerous law firms that previously represented CCE as outside counsel must turn over highly confidential, "attorneys' eyes only" information maintained in their files. The Court should deny this request (or a request for CCE to produce the documents) because production of such documents to HMD would violate protective orders entered in previous lawsuits. Indeed, were the Court to compel production, CCE and its outside counsel would be forced to choose which court order to violate. "Courts generally respect one another's protective orders." *See, e.g.*, *California Land Valley Co. v. Ross Sys., Inc.*, No. 1:11-CV-01362-AWI, 2013 WL 1819909, at *1 (E.D. Cal. Apr. 30, 2013). As such, courts should not compel production of documents that would result in a protective order violation. *See Convolve, Inc. v. Dell Inc., et al.*, C.A. No. 2:08-CV-244-CE, (E.D. Tex. Feb. 23, 2011) (declining to compel production of information covered by a protective order in another matter); *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 947 (N.D. Tex. 2017) (the prior protective order "clearly states its continuing effect after termination and its near-absolute prohibition on disclosing or using Protected Material outside of the [prior suit]. This Court will not take the extraordinary step of modifying or terminating this order."); *Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335 (D.D.C. 1991) ("the

court will not require the production of documents which contain information that has been deemed confidential pursuant to [a protective order in another matter]"); *Horton ex rel. Estate of Sago v. Pobjecky*, No. 12-C-7784, 2013 WL 12447089, at *2 (N.D. Ill. Sept. 13, 2013) (declining to "to permit discovery in a case to go forward . . . [when] the state court has specifically ordered that certain pieces of evidence should be subject to a protective order"); *Dart Indus., Inc. v. Liquid Nitrogen Processing Corp. of Cal.*, 50 F.R.D. 286, 291–92 (D. Del. 1970) (limiting production of documents to "those not covered by any protective order of the Illinois District Court"); *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 384 (D. Del. 2009) ("this Court is without authority to alter the Protective Order entered by another court by ordering production of any documents within the scope of the Protective Order"). The protective orders of the prior cases prohibit CCE or its outside counsel from disclosing confidential information of prior defendants produced under protective order. As such the Court should deny HMD's Motion to compel the sensitive information.

In its Motion, HMD discusses an "excellent example" relating to non-infringing alternatives. Motion at 4. While CCE agrees that this is indeed an excellent example, it demonstrates why CCE should *not* be compelled to produce the documents, as such a production would disclose prior defendants HTC's and ZTE's *source code* to HMD. Bragalone Dec. at ¶ 5. It would indeed be "news" to HTC and ZTE that CCE's outside counsel violated commitments to abide by the terms of protective orders entered by courts in this District by disclosing to a competitor and/or its counsel documents that include their source code. *See* Motion at 4. Indeed, when discussing the purported non-infringing alternatives and its underlying source code in papers filed with the trial court, ZTE filed all references to the purported non-infringing alternatives under seal. *See* No. 6:16-cv-363, Dkt. No. 107 (E.D. Tex. June 25, 2018). For these reasons, the

protective order in this case does not permit HMD to have access to highly confidential information of its competitors merely because it was produced in prior litigation. Requiring CCE to produce such information would violate the terms of existing protective orders, and improperly jeopardize the highly confidential information and source code of HMD's direct competitors, none of whom have been afforded any notice of HMD's demands for their proprietary information.

### C. The Court Should Deny HMD's Request for Irrelevant Documents.

The third category of documents that HMD seeks are documents related to invalidity. But there is no claim or defense in this matter regarding invalidity, and HMD is unable to identify one. CCE is only required to provide information that is "relevant to the ***pleaded*** claims or defenses." Dkt. No. 24 at ¶ 3(b) (emphasis added). Nevertheless, HMD insists that the Discovery Order's "No Excuses" provisions somehow expands CCE's discovery obligations beyond the plain language of the order. But the "No Excuses" provision provides only that a "party is not excused from ***the requirements of the Discovery Order***...." Dkt. No. 23 at ¶ 10 (emphasis added). And the Discovery Order does not require CCE to produce documents that are irrelevant to any plead claim or defense. As such, the Court should deny production of this category.

HMD's arguments with respect to this third category are red herrings. CCE is not withholding any documents based on HMD's pending motions to dismiss or transfer venue or a claimed insufficiency of HMD's disclosures. Nor does CCE allege that discovery should be stayed pending the foregoing. CCE is simply adhering to the plain terms of the Court's Discovery Order. To date, HMD has chosen not to raise any defense of patent invalidity. Instead, it chose to file serial motions to dismiss, and cannot now complain of the direct consequences of its own choices.

## IV.    CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety.

Dated: December 28, 2020

Respectfully submitted,

By: /s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice II
Texas Bar No. 24093263
Hunter S. Palmer
Texas Bar No. 24080748

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com
hpalmer@bcpc-law.com

Attorneys for Plaintiff
**CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

8

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 28, 2020.

By: *<u>/s/ Jerry D. Tice II</u>*
Jerry D. Tice II