IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-0078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § § | |

### DECLARATION OF JEFFREY R. BRAGALONE

I, Jeffrey R. Bragalone, hereby declare as follows:

1. I am an attorney with the law firm of Bragalone Conroy PC in Dallas, Texas. I am lead counsel of record for CCE in the above-referenced matter. I am admitted to practice in the State of Texas and the Eastern District of Texas. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could and would competently testify to the truth of each statement herein.

2. CCE has asserted the '923 patent in this District eighteen times, including against many handset manufacturers operating in the United States. I was counsel of record in many, but not all, of these other cases.

3. Over the course of these eighteen lawsuits, CCE has been represented by numerous outside counsel, including Ward Smith & Hill, PLLC; Nelson Bumgardner Albritton, PC, Bragalone Conroy PC, and Caldwell Cassady & Curry, PC.

4. Pursuant to protective orders entered in the previous matters, prior defendants have produced highly confidential information pertaining to its technology and business

1

operations, including source code and sales information, to CCE's outside counsel. Such documents including such information include: infringement contentions containing prior defendants' source code, deposition transcripts that discuss source code and highly confidential technical and financial information of prior defendants, discovery responses, expert reports, and sealed filings discussing alleged non-infringing alternatives.

5. HTC and ZTE each submitted an expert report in the consolidated Case No. 6:16-cv-363 (E.D. Tex.), both involving non-infringement and non-infringing alternatives of certain patents, including the asserted patent in this Action. Both of those reports analyze source code of a prior defendant, including in the discussion of purported non-infringing alternatives.

6. To the extent that my law firm received proprietary information or source code from a prior defendant, my firm safeguarded the information in accordance with the terms of the applicable protective order, and did not provide CCE with access to any source code or other information designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE." To the best of my knowledge, no other outside counsel for CCE ever provided CCE with access to any source code or other information produced under a prior protective order and designated by a prior defendant as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE."

7. I am generally familiar with the protective orders entered in prior litigation involving the '923 patent. The protective orders that ultimately governed each case contain a term that expressly prohibits outside counsel for CCE from disclosing to another defendant or even outside counsel for another defendant, any information designated by a defendant as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE."[1]

8. For example, the protective order ultimately entered by the court in Case No. 6:13-cv-507 (Dkt. 310) provides in pertinent part that documents produced in that litigation shall be used only in that litigation, and only for the purpose of litigating, defending, or attempting to settle that particular litigation, and a similar term is found in each of the protective orders entered in the other cases, to wit:

> 6. USE OR DISCLOSURE OF PROTECTED INFORMATION
>
> 6.1. Use of Discovery Materials
>
> Documents and things exchanged during this litigation shall only be used in this litigation, and their use shall be governed by this Order. A Receiving Party may use Protected Information that is disclosed or produced by another party or by a third-party in connection with this case only for litigating, defending, or attempting to settle this litigation.

9. Similarly, the protective orders ultimately entered in the other cases provide in pertinent part that documents produced in the litigation may not be disclosed to other Defendants or their counsel unless those Defendants were sued in the same initial case as the Producing Defendant, irrespective of whether the cases were consolidated for purposes of discovery:

---

[1] Although Dkt. No. 115 in the -507 case did not originally include this provision, that protective order was later superseded by Dkt. No. 310, which *does* include the provision that expressly prohibits outside counsel for CCE from disclosing to another defendant or even outside counsel for another defendant, any information designated by a defendant as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE."

6.4. **Disclosure Among Consolidated Cases**

(a) Absent written consent, Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" by a Defendant Producing Party may be disclosed to another Defendant, only to the extent the Receiving Defendant was sued in the same initial case as the Producing Defendant, and only to the extent disclosure is made to the Receiving Defendant's Outside Counsel only. Disclosure of one Defendants' Protected Information may not be disclosed to another Defendant who was not sued in the same initial case as the Producing Defendant, notwithstanding the fact that the Defendants' separate initial cases have been consolidated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2020      /s/ *Jeffrey R. Bragalone*
                                   Jeffrey R. Bragalone