# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-0078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

Pursuant to Patent Rules 3-1 and 3-2 of the Eastern District of Texas, and Paragraph 3(a) of the Court's Discovery Order (Dkt. No. 24) Plaintiff Cellular Communications Equipment LLC ("CCE") serves its First Supplemental Disclosure of Asserted Claims and Infringement Contentions.

The following asserted claims and contentions are based upon CCE's good faith evaluation of information known to CCE at this time based on publicly available information and documents. CCE reserves its right to supplement and/or amend these Asserted Claims and Infringement Contentions in view of information and/or documents that may be obtained during discovery, further investigation, the Court's claim construction ruling, applicable case law and authorities, and/or any other reasons permitted under the Court's Order, the Patent Rules, and the Federal Rules of Civil Procedure. *See Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-CV-01038, 2016 WL 7666160, at *2 (E.D. Tex. Dec. 5, 2016) ("[G]iven Plaintiff's assertion that Defendants have not produced all documents and code reflecting their server architectures, it is unreasonable to

1

expect Plaintiff to draft ICs in great detail … . [C]ontentions should become more detailed with the conclusion of fact discovery and claim construction.").

I.  **P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions**

(a) **Each claim of each patent in suit that is allegedly infringed by each opposing party;**

By making, using, testing, offering for sale, selling, and/or importing any of the Accused Instrumentalities identified in paragraph I(b) below, Defendant directly infringes the following claims of the patent listed below (the "patent-in-suit"). Furthermore, Defendant indirectly infringes the asserted claims of the patent-in-suit. As a specific example, Defendant has, and continues to actively induce its distributors, customers, subsidiaries (including its U.S. subsidiary, HMD America, Inc.), importers, and/or consumers to infringe the asserted claims of the patent-in-suit via the Accused Instrumentalities.

CCE currently asserts all claims charted in Exhibit A, including:

- Claims 1, 2, 3, and 4 of U.S. Patent No. 7,218,923 against Defendant. *See also* Exhibit A, incorporated herein by reference.

(b) **Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;**

The Accused Instrumentalities include each of Defendant's devices with Android version 4.2 or higher. Each Accused Instrumentality results in Defendant's direct and/or indirect infringement of the asserted claims of the patent-in-suit when the Accused Instrumentality sends messages from an application program, such as in the Accused Instrumentalities' "Messaging" app, towards a communication network. The name of each Accused Instrumentality for which CCE is