~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF MOTION TO TRANSFER OF HMD GLOBAL OY UNDER 28 U.S.C. § 1404 TO THE SOUTHERN DISTRICT OF FLORIDA**

# INTRODUCTION

Sixty days of venue discovery have confirmed that the only connection between this action and this district is litigation. Scraping the bottom of the barrel, CCE asserts a connection with this District based on witnesses it admits are irrelevant, are not actually in this District, or it failed to disclose in response to HMD Global—or, in many cases, all three. CCE also submits statistics that support transfer, and decisions by judges not hearing this case that do not matter to the transfer analysis. In the end, nothing CCE submits can change the fact that Miami is the center of CCE's allegations, and a much more convenient venue for this case.

# ARGUMENT

## I.   CCE's Purported "Witnesses" Cannot Affect the Transfer Analysis

Key witnesses at HMD America, HMD Global's primary distributor in the United States, live and work in the Southern District of Florida, and HMD Global's two other U.S. distributors are also in the Southern District. Mot. §§ C, III.B. These witnesses are responsible for testing, sales, and marketing—all subjects central to CCE's allegations that will be important at trial. *Id.* at 3-4, 8-11. Seeking to balance the scales, CCE claims that seven "witnesses" favor this District, but of these seven it disclosed only two under Rule 26, and only *one* before filing its opposition—and he lives in California. Docket No. 77-7. On January 1, after filing its brief, CCE disclosed one other witness, Holly Hernandez. Declaration of Maissa Chouraki, Ex. A. (Further exhibit citations are to the same declaration.) CCE still has not disclosed its other "witnesses," admitting it will not call them at trial and that they are thus irrelevant for transfer.

The Court also cannot consider most of CCE's "witnesses" for a separate reason: they are not within this District. The Court of Appeals recently reaffirmed the long-standing principle that the "comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums," *In re HP Inc.*, 826 F. App'x

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

899, 902 (Fed. Cir. 2020) (quoting *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)), and applied that principle to find the district court "erred" by relying on "Texas residents who reside more than 100 miles outside the Eastern District of Texas"—precisely what CCE asks this Court to do. Opp. at 9-10, 12. HMD Global discussed *In re HP* in its motion, *id.* at 7, 8, 10, 15, but CCE ignores it entirely. For good reason: *In re HP* is fatal to CCE's "witnesses" here.

That leaves only one witness, Holly Hernandez, whom CCE kept secret until filing its opposition.[1] But CCE failed to disclose Ms. Hernandez in response to HMD Global's Interrogatory No. 12, which asked for CCE's "principal place of business, including employees located at that principal place of business and any other costs associated with maintaining that principal place of business." Docket No. 77-24 at 25-26. CCE now claims that "Ms. Hernandez conducts CCE's business in the District," and that a "substantial part of CCE's business in (sic) conducted in this District, including via Ms. Hernandez." Opp. at 11, 14. CCE thus should have disclosed her fees as "costs associated with maintaining that principal place of business" under this interrogatory. Far from harmless, CCE's discovery failure prejudiced HMD Global: had CCE disclosed Ms. Hernandez when it responded to Interrogatory No. 12 on October 28, or supplemented under Rule 26(e) during November or early December, HMD Global could and would have taken Ms. Hernandez's deposition.[2] But CCE improperly blocked this deposition by keeping Ms. Herndandez secret, and thus cannot use her to oppose transfer. *Huawei Techs. Co.*

---

[1] CCE also refers to an agreement with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in Plano, Texas. Opp. at 10. But CCE does not disclose ▮▮▮▮▮▮▮▮▮▮ under Rule 26(a)(1), admitting its irrelevance, and omits uncontested evidence that HMD *America* supervises all U.S. marketing. Docket No. 77-20 at 40:25-41:4. If this agreement's performance in Plano is relevant, equally so is its supervision in Miami, preventing it from moving the transfer-analysis needle.

[2] There would have been plenty to probe in Ms. Hernandez's deposition. Two examples: her LinkedIn page claims no work for CCE, only "Acacia Research." Ex. B. And she claims to work out of "CCE's Frisco location," Docket No. 82-19 ¶ 10, but ultimate parent ARC promised to investors that subsidiaries including CCE would not "hire any employees or enter into any leases," and thus CCE cannot possess the "Frisco location" Ms. Hernandez claims. Ex. C at 17.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*Ltd v. T-Mobile US, Inc.*, No. 16-55, 2017 WL 5165606, at *6-*7 (E.D. Tex. Oct. 15, 2017), *report and recommendation adopted*, 2017 WL 5157687 (E.D. Tex. Nov. 7, 2017).

## II.    The Remaining Private Factors Favor Transfer

### A.    The Relative Ease of Access of Proof Still Favors Transfer

Significant evidence will come from HMD America, which handles U.S. sales, marketing, and testing of the accused products. *See* Mot §§ C, III.A.  CCE asserts that none of this matters, because most production is electronic.[3]  CCE again invites error:  access to proof "is still considered as a factor in the transfer analysis" and "this Court is bound to apply" the law. *Stingray Music USA, Inc. v. Music Choice*, No. 16-964, 2017 WL 1022741, at *3 (E.D. Tex. Mar. 16, 2017).  Venue discovery showed firmly that hard copies of testing agreements and financial statements reside in HMD America's Miami headquarters.  *See* Docket No. 77-25 (Hoyos) at 18:6-10; Docket No. 77-19 (Fryhover) at 67:22-24, 83:1-2, 84:2-4.  Against these specifics CCE can muster only generalities and only through the improper Hernandez declaration, which the law bars CCE from submitting.  Opp. at 8; Docket No. 82-19 ¶ 10.  This factor favors transfer.

### C.    No Practical Problem Outweighs the Witness Factors

Although CCE has previously litigated the '923 patent, its prior actions omitted the claims asserted here, relied on a different theory of infringement.  Mot. § III.C.  CCE admits as much in its opposition, but argues that its new theory of infringement is not *really* different because both its old and new theories attack the "Android OS."  Opp. at 6.  But that field is breathtakingly broad, and if any assertion against "Android OS" is the same, then the concept of difference would be meaningless.  CCE mentions two recent cases, Opp. at 7, but those settled before the Court resolved any disputes.  CCE next argues that the "knowledge" of a Magistrate

---

[3] CCE also notes that HMD Global cooperatively made source code available in this District, and asks the Court to hold HMD Global's minimization of travel against it.  Opp. at 8. The Court should decline this invitation under any circumstances, let alone a pandemic.

– 3 –

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Judge *not* hearing this case is "is attributed [to] the Court," Opp. at 5, inviting the Court to make an error of law under *In re Google Inc.*, which found "untenable" any reliance on "'institutional knowledge' gained through previous, related litigation" in the same District but before a different Court. Case No. 17-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017); *see* Mot. at 12. As a result, this Court is not "very familiar with the only asserted patent and the related technology," as required by the cases CCE cites. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 n.3 (Fed. Cir. 2010); *see Norman IP Holdings, LLC v. Casio Computer Co., Ltd.,* Case No. 09-270, 2010 WL 4238879, *6 (E.D. Tex. 2010); *Lonestar Inventions, L.P. v. Sony Elecs. Inc.*, Case No. 10-588, 2011 WL 3880550, at *4 (E.D. Tex. Aug. 29, 2011); Opp. at 3-5.

Finally, CCE tries to reset the clock at the filing of HMD Global's renewed motion to transfer. Opp. at 6. CCE again invites an error of law. HMD Global filed its original motion to transfer promptly after CCE completed Hague Convention service, on September 22, 2020. Docket No. 38. CCE sought delay and venue discovery, which HMD Global opposed. Docket Nos. 43, 50, 52. The Court granted CCE's motion, and HMD Global provided discovery while CCE waited to file its opposition. Docket No. 53. At the conclusion of venue discovery, HMD Global substituted a renewed motion to transfer including facts gathered through intervening discovery. Under these circumstances, it would be a grave injustice and legal error for the Court to charge HMD Global with delay it opposed and CCE championed. This factor is neutral.

## V. The Public Interest Factors Favor Transfer

### A. CCE's Congestion Arguments Favor Transfer

Using the most recent statistics, HMD Global showed that the Southern District is less congested than this District. Mot. § IV.A. In response, CCE suggests looking back one more year. Opp. at 13. But that year was an anomaly: for four of the last five years, the Southern District has been consistently less congested. Docket No. 77-14. Cherry-picking aside, CCE's

– 4 –

suggestion of looking further back actually favors transfer. Similarly, CCE cites *LBS Innovations, LLC v. Apple* for the proposition that "[p]atent cases tend to be longer than other civil cases." Opp. at 13 (citing 2020 WL 923887, at *6 (E.D. Tex. Feb. 26, 2020)). Again, CCE's argument favors transfer here. *LBS Innovation* found time-to-trial *shorter* in this District than the proposed transferee district, and noted the length of patent cases as an exacerbating factor. *Id.* Here, where time-to-trial is shorter in Miami, any exacerbation favors transfer there.

### B. This Dispute is Local to the Southern District of Florida, not this District

The Southern District of Florida has a strong interest in this case, as HMD America runs marketing and testing of the accused devices from Miami. Mot. § C.1. In response, CCE admits that "HMD America sells the Accused Devices and performs 'regional' marketing in the United States," but tries to imply that "regional" means less than the entire United States. Opp. at 14-15. But as CCE knows from venue discovery, the "region" for which HMD America is responsible is the entire United States, *e.g.*, Docket No. 77-20 at 20:20-24, 46:19-21, and HMD America's employees responsible for testing and marketing are in Miami. *Id.* at 20:16-24. Against all this evidence, tested by 60 days of venue discovery, CCE offers again only the testimony of Ms. Hernandez, barred from consideration by CCE's improper failure to disclose her in discovery. Opp. at 14; Docket No. 82-19 ¶ 10. This factor favors transfer.

### CONCLUSION

For the reasons explained above and in HMD Global's motion to transfer, the Court should transfer this action to the Southern District of Florida.

Date: January 4, 2021

Respectfully submitted,

/s/ Deron R. Dacus
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas, 75701

– 5 –

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

+1 (903) 705-1117
+1 (903) 581-2543 facsimile
ddacus@dacusfirm.com

Matthew S. Warren (California Bar No. 230565)
Jennifer A. Kash (California Bar No. 203679)
Erika Warren (California Bar No. 295570)
**Warren Lex LLP**
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
20-78@cases.warrenlex.com

*Attorneys for HMD Global Oy*

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel certifies that the Court has previously granted authorization for filing under seal in the protective order governing confidentiality in this matter, Docket Nos. 31, 35.

*/s/ Deron R. Dacus*
Deron R. Dacus

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I certify that on January 4, 2021, I served the foregoing Reply in Support of Motion to Transfer Under 28 U.S.C. § 1404 to the Southern District of Florida on counsel for plaintiff Cellular Communications Equipment LLC:

   Jeffrey R. Bragalone
   Jerry D. Tice II
   Hunter S. Palmer
   Bragalone Conroy PC
   2200 Ross Avenue
   Suite 4500W
   Dallas, Texas, 75201

by electronic mail to cce-service@bcpc-law.com, the email address designated for service by outside counsel for plaintiff Cellular Communications Equipment LLC under Section 12(c) of the Discovery Order in this case, Docket No. 24.

   /s/ Ashley Shultz
   Ashley Shultz