IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 2:20-cv-00078-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**

Plaintiff Cellular Communications Equipment LLC ("CCE") files this sur-reply in opposition to Defendant HMD Global Oy's ("HMD") motion to transfer under 28 U.S.C. § 1404. (Dkt. No. 77) (the "Motion").

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENTS AND AUTHORITIES................................................................... 1

    A. HMD Cannot Ignore the Facts That Doom Its Motion........................................... 1

    B. HMD Cannot Ignore Witnesses Near the Court ...................................................... 3

    C. The Remaining Factors Do Not Favor Transfer ...................................................... 4

III. CONCLUSION........................................................................................................ 5

## I.   INTRODUCTION

HMD's Reply confirms that the facts do not warrant transfer. Yet HMD asks the Court to ignore the facts. The Court should decline this invitation and deny the motion, as HMD fails to show that proceeding in Florida is clearly more convenient.

## II.   ARGUMENTS AND AUTHORITIES

### A.  HMD Cannot Ignore the Facts That Doom Its Motion

HMD misrepresented that CCE does not have "any connection to this District" (Dkt. No. 77 at 1) and that CCE's space is only a "mail drop" (Dkt. No. 50 at 1). But CCE informed HMD long ago that these representations were "unquestionably false" (Dkt. No. 52 at 1 n.1). And the evidence confirms that CCE is a Texas entity and that CCE's business is conducted via its principal place of business in the District.

Because the facts do not fit HMD's incorrect narrative, HMD asks the Court to ignore them. Specifically, HMD advances an incorrect theory that CCE failed to disclose Ms. Hernandez and that, had HMD known of Ms. Hernandez, it would have violated the Rules to depose her. This new position stands in stark contrast with HMD's previous argument that venue discovery would not "make one cent of difference." Dkt. No. 50 at 4; *see also* Ex. A at 2 ("HMD Global does not believe that expedited discovery is necessary regarding our motion to transfer, and that the Court can and should grant our motion based on what we have presented so far.").

CCE was never required to disclose Ms. Hernandez, or any other information, in response to HMD's Section 1404 interrogatories. Unless otherwise ordered, discovery is limited to facts "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Over HMD's objections, the Court ordered limited discovery, allowing CCE—and ***only*** CCE—to conduct transfer-related discovery. *See* Dkt. No. 53. Nevertheless, HMD served two transfer-related interrogatories, but

neither requested the identity of Ms. Hernandez. Dkt. No. 77-24 at Rogs. 11-12. CCE objected to the interrogatories as improper under Rule 26(b)(1), but nevertheless provided a response to avoid dispute. Indeed, even though HMD later misrepresented that CCE "has no personnel in this District," (Dkt. No. 77 at 2), CCE's interrogatory responses informed HMD that CCE "maintains personnel and assets for conducting activities related to CCE's business" in the District. Dkt. No. 77-24 at Rog 11. HMD never sought information related to CCE's disclosed personnel; nor did it even allege that CCE's responses were deficient for not disclosing personnel by name.

Moreover, as the Reply admits, Interrogatory No. 12 sought only CCE's **employees**, and Ms. Hernandez is not a CCE employee. Dkt. No. 82-19 at ¶ 6. HMD is left to argue that CCE should have identified Ms. Hernandez's *fees* (not identity) as somehow responsive as to CCE's costs of maintaining its principal place of business. Dkt. No. 85 at 2. CCE is not obligated to respond to HMD's interrogatories and Ms. Hernandez's identify is nevertheless not responsive.

Even if CCE was obligated to provide Ms. Hernandez's identity under a strained reading of the interrogatories, exclusion of evidence is not warranted here. To exclude, courts consider four factors. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). HMD does not even state the factors for exclusion, much less show them. The first factor is "the importance of the evidence." *Id*. HMD does not dispute the importance of Ms. Hernandez's declaration; indeed, the evidence is highly relevant and directly contradicts HMD's inaccurate assumptions. The second factor is the prejudice to HMD. *Id*. There is no prejudice. Unlike the case HMD cites, discovery is open. HMD may seek Ms. Hernandez's deposition (but, tellingly, has not done so). However, pursuant to Rule 26(b)(1), HMD cannot seek transfer-related deposition testimony from Ms. Hernandez absent Court order. There is no prejudice to HMD for not conducting a deposition that the Rules do not allow. Moreover, HMD previously argued that such

discovery was unnecessary, and confirmed as much by making no attempt to gather information regarding CCE's disclosed personnel, either through additional interrogatories or a Rule 30(b)(6) deposition. The third factor is the possibility of curing prejudice. *Id*. Any prejudice is easily cured: as HMD argued, the Court may review the briefing and then "decide whether it needs additional discovery to make a ruling." Dkt. No. 50 at 6-7. Under the last factor, a court considers "the explanation for the party's failure to disclose." *Magna*, 338, F.3d at 402. As demonstrated above, there is no failure to disclose: CCE had no obligation to respond to HMD's improper interrogatories. And even if it did, Ms. Hernandez's identification was not responsive.

### B. HMD Cannot Ignore Witnesses Near the Court

CCE identified numerous witnesses, many of which came to light during venue discovery. Opp. at 8-12. HMD does not dispute that these witnesses have relevant information. Instead, HMD asks the Court to ignore them. Even though Fifth Circuit law governs, HMD quotes *In re HP Inc.*, 826 F. App'x 899 (Fed. Cir. 2020), an unpublished, non-binding opinion applying Eleventh Circuit law, for the incorrect proposition that the Court may only consider witnesses in the District. Although CCE demonstrated that there are two distinct witness factors (Opp. at 8-9), HMD refuses to consider the two factors separately, as the law requires. For the unwilling witness factor, even *In re HP* recognizes that the Court may compel Texas witnesses outside of the District to appear. 826 F. App'x at 902-903; *see also Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636-JRG, at *5 (E.D. Tex. May 22, 2018) (recognizing the Court's subpoena power over Houston residents). Similarly, under the "willing witnesses" factor, "the court should consider ***all*** potential material and relevant witnesses," not only those within the District. *Id*. (emphasis added); *see also Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, No. 2:19-CV-00265-JRG, 2020 WL 6479562, at *5 (E.D. Tex. Sept. 30, 2020) (same).

HMD next urges the Court to ignore witnesses because they are "not disclosed" and, according to HMD, cannot attend trial. But they are not undisclosed: each witness is a non-party and HMD is aware of their relevance to this matter. Moreover, HMD's argument is belied by its own prior position. Ex. B (There is no requirement for HMD to "amend its initial disclosures to include individuals of whom CCE is already aware. We know of no authority requiring a party to add specific individuals to its initial disclosures, or indeed the purpose for doing so.").

Lastly, HMD argues that the Court should disregard ███████████ located in the District, because it is supervised by HMD America. But the Court should not ignore Texas witnesses merely because there may be other witnesses in Florida. Moreover, HMD's "supervision" argument is suspect, given that ████████████████████████████ ████████████████████ Dkt. No. 82-12.

### C. The Remaining Factors Do Not Favor Transfer

**Localized Interest**: This Action involves two parties. HMD resides in Finland, while CCE is a Texas entity with its principal place of business in the District. Ms. Hernandez's declaration explains CCE's ties to the District but so does additional evidence. *See, e.g.*, Dkt. No. 1; Dkt. No. 77-24 at Rogs. 11-12. Thus, with or without Ms. Hernandez's declaration, CCE's deep connection to the District must be considered.

Moreover, HMD again reverts to HMD America's testing and marketing, without disputing that testing ████████████████████████████████████████████████ in the District. The Reply also makes a puzzling claim that CCE implies that HMD America's region is less than the entire United States. Reply at 5. But as CCE stated, it is ***because*** the HMD America region includes the entire United States that HMD's attempt to ascribe a local interest to Florida only is tenuous. Opp. at 14-15.

4

**Practical Problems**: HMD's Reply ignores Judge Gilstrap's prior substantive rulings, including adopting a construction of the only disputed term in this Action. Instead it again argues that Magistrate Judge Mitchell's extensive knowledge should not be considered. But while the Reply discusses the relevance of knowledge of a separate ***district court*** judge, it ignores law recognizing the relevance of knowledge of a Court's ***magistrate*** judge. *See* Opp. at 5.

It cannot be correct that the Court should disregard the fact that HMD withdrew its motion. Under this theory, a party could move to transfer at the beginning of a case, immediately withdraw the motion, and then refile the motion at trial. Moreover, even if HMD is afforded the date of its first motion to transfer, HMD filed that motion nearly six months after the complaint and nearly three months after its first serial motion to dismiss, all of which created significant delay.

HMD splits hairs in advancing an argument that one of CCE's non-confidential prior preliminary infringement contentions has one slight difference from the non-confidential contentions in this case. While CCE cannot discuss the final prior contentions, there is no question that there is significant overlap in the technology of all eighteen cases. HMD admitted as much when it moved to compel production of the prior infringement contentions. *See* Dkt. No. 76 at 6.

**Sources of Proof**: HMD can only show that this factor favors transfer if Ms. Hernandez's entire declaration is improperly ignored. As noted above, HMD's argument is unfounded.

**Court Congestion**: In its Reply, HMD ignores that its delay (whether it is nine months or over six months) weighs against transfer under this factor. *See* Opp. at 13; Reply at 4-5. Moreover, HMD fails to distinguish *LBS Innovation*: patent cases tend to be longer, regardless of the comparison of courts' overall statistics for civil cases.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny HMD's motion to transfer venue.

|  |  |
|---|---|
| Dated: January 11, 2021 | Respectfully submitted,<br><br>/s/ *Jeffrey R. Bragalone*<br>Jeffrey R. Bragalone (lead attorney)<br>Texas Bar No. 02855775<br>Jonathan H. Rastegar<br>Texas Bar No. 24064043<br>Jerry D. Tice II<br>Texas Bar No. 24093263<br>Hunter S. Palmer<br>Texas Bar No. 24080748<br><br>**BRAGALONE CONROY PC**<br>2200 Ross Avenue<br>Suite 4500W<br>Dallas, TX 75201<br>Tel: (214) 785-6670<br>Fax: (214) 785-6680<br>jbragalone@bcpc-law.com<br>jrastegar@bcpc-law.com<br>jtice@bcpc-law.com<br>hpalmer@bcpc-law.com<br><br>Attorneys for Plaintiff<br>**CELLULAR COMMUNICATIONS EQUIPMENT LLC** |

## CERTIFICATE OF SERVICE

I certify that on January 11, 2021, I served the foregoing on counsel for Defendant HMD Global Oy by email pursuant to Section 12(c) of the Discovery Order (Dkt. No. 24).

/s/ *Serrena Meyer*
Serrena Meyer

## CERTIFICATE OF AUTHORIZATION TO SEAL

Under Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. No. 31) entered in this case on August 14, 2020.

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone
