# EXHIBIT A

WARREN LEX LLP

2261 MARKET STREET NO. 606  TEL +1 (415) 895 2940
SAN FRANCISCO CA 94114        FAX +1 (415) 895 2964

September 28, 2020

**By Electronic Mail**

Jerry D. Tice II
Bragalone Conroy PC
2200 Ross Avenue
Suite 4500W
Dallas, Texas, 75201
cce-service@bcpc-law.com

Re:   Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas)

Dear Jerry:

I write in response to your letter of Sunday afternoon regarding our pending motions.  I will separately address the other discovery issues in your letter, and in response to my letter of September 24, 2020, as those issues are distinct.

1.     **HMD Global's Request for Expedited Discovery Regarding Standing**

Your letter largely ignores our request for expedited discovery regarding standing.  We are not sure why: standing is jurisdictional and standing issues thus precede other issues.  Although HMD Global had a well-founded basis for bringing its motion, and the Court should grant the motion as it stands, we believe CCE also has in its possession, custody and control additional facts relevant to its failed standing in this case.  We have been asking for documents regarding standing since at least my letter of August 18, 2020.  Notably, CCE only produced the license agreement that we discussed in detail in our motion on Thursday, September 17, 2020, just a few days before we filed our motion on Monday, September 21, 2020.  As of this letter, CCE continues to withhold relevant documents without justification, including without limitation CCE's settlement agreement [redacted] among many other things, on September 5, 2017, Acacia Research Corporation filed a Form 8-K with the Securities and Exchange Commission that stated, in part, that "Cellular Communications Equipment LLC and Parthenon Unified Memory Architecture LLC, each a subsidiary of Acacia Research Corporation, entered into an agreement with Apple Inc. to resolve patent litigation.")

Today we served two interrogatories regarding standing, nos. 9 and 10 in the First Set of Interrogatories by HMD Global Oy.  Given the importance of this issue, we request that CCE respond to these two interrogatories by Thursday, October 8.  We also today served a first 30(b)(6) deposition notice of CCE limited to standing, setting this deposition for Friday, October 9.  Please confirm that CCE will respond to these interrogatories as we requested and will appear as noticed for this deposition.

Finally, we were puzzled by your statement that CCE's opposition to our motion to dismiss should await completion of discovery regarding standing.  This request makes no sense:  CCE already has all the facts

Jerry D. Tice II
September 28, 2020

Page 2

regarding standing, so there would be no reason to delay CCE's opposition to our motion even if standing were not a jurisdictional, threshold issue, which it is. If CCE wishes to oppose our motion to dismiss, it must do so in a timely fashion.

**2.       Potential Expedited Discovery Regarding Transfer**

Your letter misstates our view on expedited discovery regarding our transfer motion, so we will state it again: although HMD Global does not believe that expedited discovery is necessary regarding our motion to transfer, and that the Court can and should grant our motion based on what we have presented so far, in response to CCE's request for expedited discovery regarding our transfer motion, we indicated that we would be willing to avoid burdening the Court with motion practice by agreeing to limited expedited discovery applicable to both CCE and HMD Global. Of course, discovery regarding transfer cannot interfere with discovery regarding standing, which must take precedence as a jurisdictional issue. Although a sensible allocation of resources would put standing discovery ahead of transfer discovery, as a compromise and to avoid motion practice, we are willing to do both of them at the same time.

We stand by our previous offer to avoid motion practice by agreeing to expedited discovery regarding transfer, which each side limited to two document requests, two interrogatories and four hours of 30(b)(6) deposition testimony on the issues raised by the pending motion to transfer and declarations in support thereof. These issues are well defined, and further discovery would appear to be solely for the purpose of adding expense to the litigation. In addition, since you have raised the issue, we should confirm that while we can discuss an agreement including interrogatories and a 30(b)(6) notice to HMD Global, we cannot say the same for HMD America, Inc. CCE chose not to include HMD America as a party to this litigation, and that choice has consequences, among them that CCE cannot serve interrogatories on HMD America, but must seek documents or testimony through a subpoena, as we have done with Acacia Research Corporation.

We look forward to further discussions regarding this matter, and we hope that we can reach a reasonable agreement that avoids any motion practice before the Court.

Very Truly Yours,

/s
Jennifer A. Kash