# EXHIBIT E

| | |
|---|---|
| **From:** | Jerry Tice |
| **To:** | Robert Kang; CCE-Service@bcpc-law.com |
| **Cc:** | Deron Dacus; Shannon Dacus; 20-78 |
| **Subject:** | RE: Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas) |
| **Date:** | Monday, November 16, 2020 10:04:09 AM |

Robert and HMD Counsel:

Thank you for the meet and confer last Tuesday to work toward filing a Joint Claim Construction Statement. I write to provide updates on the various proposals discussed during the conference.

**Plain and Ordinary Terms**: Both parties agree that "diverting," "based on the message," "controlling," and "behaves in a predetermined manner" should be given their plain and ordinary meanings. In CCE's P. R. 4-2 Disclosures, CCE proposed including language that "no construction is necessary." CCE understands that HMD does not agree to such language given that *O2 Micro* issues may later arise. As I stressed on the conference, the Court's Rules require HMD to provide all proposed claim constructions for which it is aware now, and HMD cannot use *O2 Micro* as a vehicle to delay claim construction arguments until later stages of the case. CCE has provided detailed infringement contentions in this manner, and HMD has served invalidity contentions. As such, the claim construction issues should be fairly crystalized. CCE expects HMD to comply with the rules, and will object to any attempts by HMD to belatedly submit claim construction arguments that it knows about at this stage of the case. With this in mind, CCE agrees to proposing constructions of "plain and ordinary meaning" for these terms in the parties' joint statement.

**HMD's Proposed Indefiniteness Terms**: HMD proposed that the term "a message of the messages" renders claim 1 indefinite and that the term "the messages" renders term 8 indefinite. Counsel for HMD confirmed on the conference that it is not HMD's position that the "the messages" term renders any other asserted claim indefinite. On the conference, I informed HMD that CCE intends to submit expert analysis in response to HMD's indefiniteness positions. As I explained, P. R. 4-3 requires CCE to serve expert disclosure in compliance with Rule 26(a)(2), and that CCE's expert must understand the basis for HMD's indefinites position before he can provide "a complete statement of all opinions." Nevertheless, HMD did not provide a basis and instead indicated that its indefiniteness positions are "legal issues" in which expert testimony is necessary. To the extent I misunderstood HMD's position or HMD is willing to provide context for the basis of its positions, please let us know. To be clear, CCE is not seeking a full analysis of HMD's position or citations to evidence; CCE merely seeks the reasoning for HMD's position so that it can properly provide any applicable rebuttal opinions. To the extent HMD is unable or unwilling to provide this basis, CCE will seek to supplement its expert's Rule 26(a)(2) disclosure if appropriate.

**"Controlling Entity" Term:** The parties' proposed constructions for this term differ in two respects. First, HMD proposes the term include the phrase "a software component," whereas CCE proposed the phrase "a component." To avoid disputes and reduce the burden on the Court, CCE agrees to including the "software" term for purposes of this case only. Next, HMD proposes using the phrase "a diverting unit" while CCE proposed the phrase "a component that diverts the message." (both parties used the word "the" instead of "a" in their P. R. 4-2 Disclosures, but, as we discussed on the conference, "a" is more appropriate to avoid any potential issues with a lack of an explicit

antecedent basis). CCE does not agree to including the "diverting unit" phrase. Judge Mitchell found it appropriate to construe "diverting unit" in the context of claim 24. *See* CCE v. HTC, CA No. 6:16-CV-363-KNM (April 17, 2018 Order) (construing "diverting unit" as "a component, separate from the controlling entity, that is configured to divert a message to the controlling entity."). As such, CCE does not believe it is appropriate to use that term in the parties' proposed construction. CCE proposes to construe "controlling entity" as "a software component, separate from a component that diverts the message, that is configured to control whether the application program behaves in a predetermined manner." However, CCE is open to considering counterproposals from HMD for this term. Please let us know your thoughts on this.

Best,
**Jerry D. Tice II**
**BRAGALONE CONROY** PC
Direct Dial:  214-785-6693

---

**From:** Jerry Tice <jtice@bcpc-law.com>
**Sent:** Monday, November 9, 2020 8:04 AM
**To:** Robert Kang <kang@warrenlex.com>; CCE-Service@bcpc-law.com
**Cc:** Deron Dacus <ddacus@dacusfirm.com>; Shannon Dacus <sdacus@dacusfirm.com>; 20-78 <20-78@cases.warrenlex.com>
**Subject:** RE: Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas)

That works. Let's use the following dial-in info:

Number: (605) 472-5773
Passcode: 286412

Best,
**Jerry D. Tice II**
**BRAGALONE CONROY** PC
Direct Dial:  214-785-6693

---

**From:** Robert Kang <kang@warrenlex.com>
**Sent:** Friday, November 6, 2020 6:12 PM
**To:** CCE-Service@bcpc-law.com
**Cc:** Deron Dacus <ddacus@dacusfirm.com>; Shannon Dacus <sdacus@dacusfirm.com>; 20-78 <20-78@cases.warrenlex.com>
**Subject:** Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas)

Jerry and CCE counsel:

Thank you for your email proposing to meet and confer on the parties' proposed claim constructions on Tuesday, November 10, at 11 a.m. CST.   Unfortunately, we have a conflict at that time.  Are you available at 1 p.m. CST that day?  If so, can you please circulate a dial-in?  Thank you for your continued time and courtesy in this matter.

Regards,

--
Robert Kang
Partner, Warren Lex LLP
2261 Market Street, No. 606
San Francisco, CA, 94114
<kang@warrenlex.com>
+1 (415) 895-2950