# Exhibit B

**WARREN LEX** LLP

2261 MARKET STREET NO. 606  
SAN FRANCISCO CA 94114  
TEL +1 (415) 895 2940  
FAX +1 (415) 895 2964

December 18, 2020

**By Electronic Mail**

Jerry Tice  
Bragalone Conroy PC  
2200 Ross Avenue  
Suite 4500W  
Dallas, Texas, 75201  
cce-service@bcpc-law.com

Re:   Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas)

Dear Mr. Tice:

As you know, during this morning's deposition of CCE's claim construction expert Anthony DeRosa, Mr. DeRose confirmed several times that claim 1 of the '923 patent is indefinite at least under *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005), which states that "reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2." *Id.* at 1384. Specifically, Mr. DeRosa testified:

> Q.   To determine whether a person has infringed Claim 1 of the '923 patent, one must consider not only the steps of the method being performed but also the apparatus being used to perform that method, correct?
>
> A.   Yes.

DeRosa Rough Tr. at 73:25 to 74:6. Following your examination, which included only leading questions and thus yielded no admissible evidence, Mr. DeRosa reconfirmed his conclusion using different words:

> Q.   In order to determine whether a user sending a particular message from a communication terminal infringes Claim 1, you must examine not only whether or not the device has the capability of diverting a message or not diverting a message, but also whether that capability is enabled; correct?
>
> A.   I mean, I think that's — yes.

*Id.* at 93:19 to 94:2. Mr. DeRosa is correct, for the reasons he explained in his deposition, and claim 1 is indefinite least under *IPXL*. CCE may dismiss this case unilaterally under Fed. R. Civ. P. 41(a)(1)(A)(i); we urge you to do so promptly, rather than continue to advance a case that is ultimately doomed to fail.

Very Truly Yours,

*[signature]*

Matthew S. Warren